IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JAN 3 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GOUGLE, INC.               ) <br>       Plaintiff,      ) <br>                        ) <br> vs.                        ) <br> CENTRAL MFG. INC. a/k/a ) <br> CENTRAL MFG. CO., a/k/a ) <br> CENTRAL MFG. CO.(INC)., ) <br> a/k/a CENTRAL MANUFACTURING ) <br> COMPANY, INC. and a/k/a ) <br> CENTRAL MFG. CO. OF ILLINOIS; ) <br> and STEALTH INDUSTRIES, INC. ) <br> a/k/a RENTAMARK and a/k/a ) <br> RENTAMARK.COM,       ) <br>       Defendants.     ) | Case No: 07-cv-385 <br><br> Judge Kendall <br><br> Magistrate Judge Cole |

**MOTION TO SUSPEND PENDING THE TRADEMARK
TRIAL AND APPEAL BOARD'S DECISION ON THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Leo Stoller and requests that this Court suspend this proceeding pending the resolution of the Defendant's Motion for Summary Judgment which has been filed in the Trademark Trial & Appeal Board and has been pending for over a year and a half. The Plaintiff's entire case is predicated on its alleged rights in a Federal Trademark Registration for the trademark Google.

The District Court proceeding (Complaint) currently filed by the Plaintiff cannot be used to short-circuit established administrative procedures, such as those set up in the Patent and Trademark Office to determine the validity of federal trademark registrations. As the U.S. Supreme Court has stated:

> [T]he declaratory judgment procedure will not be used to preempt
> and prejudge issues that are committed for initial decision to an
> administrative body or special tribunal any more than it will be
> used as a substitute for statutory methods of review . . .
> Responsibility for effective functioning of the administrative process
> cannot be thus transferred from the bodies in which Congress has

placed it to the courts[1].

Since Congress has granted the power to register trademarks to the United States Patent and Trademark Office (PTO), federal courts have no jurisdiction over administrative registration proceedings except the appellate jurisdiction expressly granted by statute. So an applicant whose mark is opposed before the Trademark Board, or a registrant who mark is attacked for cancellation before the Trademark Board, cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts. Where an administrative proceeding is already under way, the courts should not short-cut the proceeding by way of entertaining a suit for declaratory judgment. As the Second Circuit said, "The Declaratory Judgment Act may not be used simply to remove a controversy from a forum where it properly belongs." Under this rule, it has been said: "The Court will not, by declaratory judgment, intercede gratuitously in the unfinished and pending administrative proceedings[2]."

Judge Schmetterer in the last hearing provided that Google must answer Stoller's motion for summary judgment at the Trademark Trial & Appeal Board by including in the order, attached hereto, the following language upon the request of Leo Stoller in open court,

---

1. Public Service Comm'n v. Wycoff Co., 344 U.S> 237, 97 L. Ed. 291, 73 W. Ct. 236 (1952). See Englishtown Sportswear Ltd. v. Tuttle, 547 F. Supp. 700, 216 U.S.P.Q. 486 (S.D.N.Y. 1982)(a court that bypasses the administrative system of the PTO impairs expeditious resolution and forfeits administrative expertise.)

2. Goya Foods, Inc. v. Tropicana Products, Inc., 666 F. Supp. 585, 4 U.S.P.Q.2d 1893 (S.D.N.Y. 1987), modified, LEXIS slip op. (S.D.N.Y. 1987), rev'd on other grounds, 846 F.2d 848, 6 U.S.P.Q.2d 1950 (2d cir. 1988) (Applicant-defendant in previously-filed TTAB opposition proceeding in the PTO filed a declaratory judgment suit in federal court seeking a declaratory of non-infringement. Suit must be dismissed or stayed pending resolution of the PTO opposition. Citing treatise, held that: (1) filing of an opposition does not per se create a reasonable apprehension of being sued for trademark infringement; (2) the Declaratory Judgment Act cannot be used to unnecessarily disrupt administrative proceedings pending in the PTO. The court of appeals reversed the denial of a motion to amend the complaint to state other acts giving rise to a reasonable apprehension of suit. The court of appeals held that if the amended complaint was sufficient, the suit should go forward and not be automatically dismissed because of deference to the pending opposition in the PTO.).

"that Google must take the necessary and appropriate action in the Trademark Trial and Appeal Board" referring to Google having to respond to Stoller's motion for summary judgment.

Google's entire District Court case is predicated on its trademark rights in and to the mark Google. When the TTAB cancels Google's trademark, this case before this Court collapses. It is for that reason that the Supreme Court has provided that District Court proceedings cannot short-circuit pending administrative remedies.

WHEREFORE, Leo Stoller prays that this Court suspend this case pending the resolution of Stoller's Motion for Summary Judgment pending at the Trademark Trial & Appeal Board.

*Leo Stoller*, pro se
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  January 30, 2007

## Certificate of Mailing

I hereby certify that this motion is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_____
Leo Stoller
Date: January 30, 2007

## Certificate of Service

I hereby certify that the foregoing is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

_____
Leo Stoller
Date: 1/30/07

C:\MARKS42\GOOGLE4.MOT