IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 0 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GOULE, INC. ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 07-cv-385 |
| CENTRAL MFG. INC. a/k/a ) | |
| CENTRAL MFG. CO., a/k/a ) | Judge Kendall |
| CENTRAL MFG. CO.(INC)., ) | |
| a/k/a CENTRAL MANUFACTURING ) | Magistrate Judge Cole |
| COMPANY, INC. and a/k/a ) | |
| CENTRAL MFG. CO. OF ILLINOIS; ) | |
| and STEALTH INDUSTRIES, INC. ) | |
| a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO INTERVENE

NOW COMES Leo Stoller and moves this Court for intervention as of right pursuant to Rule 24(a)(2), Fed. R. Civ. P and/or pursuant to Rule 24(b), Fed. R. Civ. P. See Rule 24, Fed. R. Civ. P.; *Grutter v. Bollinger*. 188 F.3d 394 (6th Cir. 1999); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997).

## BACKGROUND

Leo Stoller was the sole shareholder and sole employee of Central Mfg. Co., Inc., a Delaware corporation, and Stealth Industries, Inc., a Delaware corporation. The two named defendants in this case. Leo Stoller, on behalf of Central Mfg. Co., brought a petition to cancel Google Inc.'s Federal Trademark Registration, Google, on the grounds that it has become generic and/or descriptive of the services that are covered under Google, Inc.'s Federal Trademark Registration.

Leo Stoller engaged Google, Inc., pursuant to Federal Rules of Evidence 408, in an attempt to settle the registerability controversy that existed as between the parties. The email correspondence that was submitted to Google, Inc. in settlement negotiations, which was

clearly marked non-discoverable, submitted under Federal Rules of Evidence 408, is being used by the Plaintiffs as the predicate act for the civil RICO violations alleged in Google, Inc.'s Complaint.

In December of 2005, Leo Stoller filed a Chapter 13 bankruptcy which was converted to a Chapter 7 on August 31, 2006. Leo Stoller's corporations, Central Mfg. Co., Inc. and Stealth Industries, Inc.; the shares of which became part of Stoller's bankruptcy when the said bankruptcy was converted to a Chapter 7.

Google, Inc. had petitioned the Bankruptcy Court Judge Jack Schmetterer to Lift the Automatic Stay in order to sue Leo Stoller and Central Mfg. Co., Inc. and Stealth Industries, Inc. Judge Schmetterer issued an Order releasing the stay so that Google, Inc. could sue Leo Stoller. See attached true and correct copy of Judge Schmetterer's January 18, 2007 Order.

Google, Inc. considered Stoller an indispensable party[1], however, when Google filed its District Court action, it only sued Central Mfg. Co., Inc. and Stealth Industries, Inc.

Judge Schmetterer found in his September 1, 2006, converting Leo Stoller Chapter 13 to a Chapter 7 that Leo Stoller's corporate entities were so intertwined with Stoller as to be indistinguishable.

Movant, Leo Stoller, seeks to intervene pursuant to Rule 24, Fed. R. Civ. P.

## ARGUMENT

Rule 24(a)(2), Fed. R. Civ. P. provides that upon timely application, anyone shall be permitted to intervene in an action as of right when the applicant claims as interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

---

1. In the following hearings that took place in Case No. 05-6047 before Judge Schmetterer on August 23, 2006, August 31, 2006, September 14, 2006, October 5, 2006, October 19, 2006, November 9, 2006, December 5, 2006, December 12, 2006, December 19, 2006, and January 4, 2007, et al., Google, Inc.'s lawyers argued that Stoller was an indispensable party and that the stay of his bankruptcy had to be lifted in order to sue Stoller and his corporate entities.

Persons seeking to intervene as a matter of right under Rule 24(a)(2) must establish the following four elements: (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Movants here can meet each of those four elements.

### TIMELINESS

The Movant has met the timely standard, in that he moved for intervention within a few days after the filing of the Complaint. There has been no prejudice to the other parties.

### SUBSTANTIAL INTEREST

Leo Stoller was the sole shareholder and was the party that Google, Inc. has alleged is responsible for all of the acts committed in Google's federal lawsuit. Stoller was the party that filed a petition for cancellation of the said Google registration. Leo Stoller was the party that communicated with Michael Zeller, lead counsel for Google, Inc. in an attempt to negotiate the settlement of the registerability issue. Leo Stoller is the party who claimed rights in and to the Google trademark.

There is no question that Leo Stoller has a specific legal or equitable interest, or the interest needed to establish standing in federal court. See generally, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

### IMPAIRMENT

To satisfy the "impairment" element, a would-be intervenor must show only that it is possible that his interest will be impaired if intervention is denied. *Grutter*, 188 F.3d at 399. This element is easily met here because without Leo Stoller as a party defendant, the corporate defendants will be unable to properly make their defense because Leo Stoller, who is the sole employee, is the corporate defendant's only witness. Judge Schmetterer stated that Leo Stoller and his two corporate entities are so intertwined as to be one.

### ADEQUATE REPRESENTATION

To satisfy the element of inadequate representation, proposed intervenors need not show that the representation of their interests will be inadequate, only that there is a potential

for inadequate representation and/or that the existing parties will not make the same arguments as the proposed interveners. *Grutter*, 188 F.3d at 400. The showing required is minimal. *Id.*. Again, this element is easily met here. The corporate defendants, Central Mfg. Co., Inc. and Stealth Industries, Inc., cannot receive any adequate representation without Leo Stoller, the prime actor in this case. Again, Judge Schmetterer found that Leo Stoller and his corporations are intertwined.

### ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION UNDER RULE 24(b)

Rule 24(b) states that upon timely application, anyone may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." As shown above, this motion is timely. Moreover, Movant's defense is that it does not violate any provision of the United States Constitution or federal law.

In a motion pursuant to Rule 24(b), the court may consider other equitable factors like undue delay, prejudice to the original parties, and other relevant factors. *Miller*, 103 F.3d at 1248. Here, this litigation is in an early stage, and the inclusion of those whose interests are in the law being upheld to its fullest extent will only sharpen and clarify the issues for the court. Accordingly, permissive intervention should be granted.

### CONCLUSION

For the foregoing reasons, the Motion to Intervene should be granted.

*Leo Stoller*

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  February 6, 2007

### Certificate of Mailing

I hereby certify that this motion is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_/s/ Leo Stoller_
Leo Stoller
Date: February 6, 2007


### Certificate of Service

I hereby certify that the foregoing is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

_/s/ Leo Stoller_
Leo Stoller
Date: 02-06-07

C:\MARKS42\GOOGLE5.MOT

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>LEO STOLLER,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-64075<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: January 18, 2007<br>Hearing Time: 11:00 a.m. |

### ORDER GRANTING MOTION FOR ORDER DECLARING PROPOSED SUIT TO BE OUTSIDE SCOPE OF STAY OR, IN THE ALTERNATIVE, MODIFYING STAY [DOCKET NO. 113]

Google Inc. ("Google") having filed its Motion for Order Declaring Proposed Suit to be Outside Scope of Stay or, In the Alternative, Modifying Stay (the "Motion") on August 18, 2006, and hearings having been held on the Motion on August 23, 2006, August 31, 2006, September 14, 2006, October 5, 2006, October 19, 2006, November 9, 2006, December 5, 2006, December 12, 2006, December 19, 2006, and January 4, 2007 and Google having entered into a compromise with the Chapter 7 trustee appointed in this case concerning the relief sought in the Motion as to the estate and entities owned or controlled by the estate, which compromise has been approved by a separate Order of this Court entered on December 5, 2006 (such Order and the Settlement Agreement it approved being the "Settlement Order"), and the Debtor having objected to the Motion which objection the Court overruled in open court on January 4, 2007, and the Court having made, on the record at the January 4, 2007 hearing, findings of fact and conclusions of law, and the Court having found that there is cause to grant Google relief from the automatic stay,

IT IS HEREBY ORDERED that Google is granted relief from the automatic stay so that it may take the actions, including filing an action against the Debtor in the United States District

Court, described in the Motion and any ancillary, necessary, or appropriate actions in connection therewith. *[handwritten: in that Court or is the Thinkland Third Appeal bound on both.]*

IT IS FURTHER ORDERED that Google shall take no action to collect a monetary judgment against Leo Stoller personally without obtaining prior leave of this Court; provided however that if this case is dismissed or if Leo Stoller has been denied a discharge under 11 U.S.C. §727 then Google shall not have to obtain leave before collecting any judgment it obtains against Leo Stoller.

IT IS FURTHER ORDERED that the relief granted herein pertains only to Leo Stoller personally and nothing herein amends or supersedes the provisions of the Settlement Order.

_____
United States Bankruptcy Judge

JAN 18 2007