# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GOOGLE INC.,** | Civil Action No. 07 CV 385 |
| Plaintiff, | Hon. Virginia M. Kendall |
| v. | |
| **CENTRAL MFG. INC. a/k/a CENTRAL MFG. CO., a/k/a CENTRAL MFG. CO. INC.), a/k/a CENTRAL MANUFACTURING COMPANY, INC. and a/k/a CENTRAL MFG. CO. OF ILLINOIS; and STEALTH INDUSTRIES, INC. a/k/a RENTAMARK and a/k/a RENTAMARK.COM,** | |
| | Hearing Date: February 20, 2007 |
| Defendants. | Hearing Time: 9:00 a.m. |

**TRUSTEE'S OMNIBUS RESPONSE IN OPPOSITION TO MOTIONS OF DEBTOR LEO STOLLER TO: (I) INTERVENE; (II) INTERPLEAD; (III) SUSPEND PROCEEDING FOR SIXTY DAYS TO RETAIN COUNSEL FOR DEFENDANTS; (IV) SUSPEND PENDING APPEAL TO LIFT AUTOMATIC STAY FOR GOOGLE TO SUE THE DEBTOR; AND (V) SUSPEND PENDING TRADEMARK TRIAL AND APPEAL BOARD'S DECISION FOR DEFENDANTS' MOTION FOR SUMMARY <u>JUDGMENT AND JOINDER OF RESPONSES BY GOOGLE, INC.</u>**

Richard M. Fogel, not individually, but as chapter 7 trustee ("Trustee") of the bankruptcy estate of Leo Stoller ("Debtor"), joins in the responses of Google, Inc. to the five motions of the Debtor now pending before this Court in the captioned case and submits the following as his omnibus response in opposition to the Debtor's motions now pending before this Court in the captioned case:

## BACKGROUND

On December 20, 2005 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 13 of title 11 of the U.S. Bankruptcy Code ("Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy

{5814 RESP A0160312.DOC 2}

Court"), styled *In re Stoller*, Case No. 05-64075. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on September 1, 2006. The Trustee was duly appointed on September 6, 2006 by the U.S. Trustee for Region 11 to administer the Debtor's estate (the "Estate").

The property of the Debtor's Estate includes, *inter alia*, the Debtor's "stock and interests incorporated and unincorporated businesses," including, but not limited to, the Debtor's wholly-owned interest in: (a) Central Manufacturing, Co. (Inc.) a/k/a Central Mfg. Co. of Illinois; (b) Central Mfg. Inc. a/k/a Central Mfg. Co. (Inc); (c) Stealth Industries, Inc. a/k/a Rentamark and a/k/a Rentamark.com; (d) USA Sports Co. Inc.; (e) Sentra Industries, Inc.; and (f) S Industries, Inc., as well as potential other businesses or assumed names (collectively, "Wholly-Owned Corporations").

To date, the Debtor, as sole shareholder of each of the Wholly-Owned Corporations, has failed to produce records that would support compliance with corporate formalities. The Debtor has advised the Trustee that, with the exception of Central Mfg Co. (Inc), the Wholly-Owned Corporations are Delaware Corporations for which he has paid annual franchise fees in order maintain good standing and for which the Debtor has no records. Upon information and belief, Central Mfg. Co. is either an assumed name for a wholly-owned corporation of the Debtor or the Debtor's sole proprietorship, on behalf of which the Trustee is authorized to act

The Debtor, individually, together with, or through one or more of the Wholly-Owned Corporations, has been and is party to multiple cases in various forums, including the U.S. District Court for the Northern District of Illinois and the U.S. Patent and Trademarks Office before the Trademark Trial and Appeal Board, as well as adversary proceedings in the Bankruptcy Court (collectively, "Litigation"). In certain instances, parties to the Litigation have

raised a question about the legitimacy of the corporate structure and veil in light of the Debtor's failure to maintain corporate formalities.

On or about September 26, 2006, the Bankruptcy Court entered its *Findings of Fact and Conclusions of Law on Motion of Pure Fishing to Convert to Chapter 7*, in which it, *inter alia*, concludes that the Debtor failed to properly maintain records related to his businesses, including financial records, corporate minutes and books, and any other documents that would evidence ownership or income.

On October 5, 2006, the Bankruptcy Court entered its *Order Authorizing the Trustee to Act on Behalf of Debtor's Wholly-Owned Corporations and Related Relief* ("10/5/06 Order"), which order granted the Trustee authority to act on behalf of each of the Debtor's Wholly-Owned Corporations solely in the Trustee's capacity of sole shareholder of each respective corporation. Since the entry of and pursuant to the 10/5/06 Order, the Trustee, in his capacity as sole shareholder of the Wholly-Owned Corporations, has entered into various settlement agreements with certain parties to the Litigation with the Debtor and/or the Wholly-Owned Corporations whereby the Trustee has negotiated a release of claims against the Debtor's Estate and cessation of the respective Litigation in exchange for the Wholly-Owned Corporations execution of covenants not to sue or other injunctive relief in favor of the parties to the Litigation.

Also since the entry of the 10/5/06 Order, the Debtor has, through written and oral motions, sought relief in the Bankruptcy Court for authorization to retain counsel for the purpose of representing certain of the Wholly-Owned Corporations in various Litigation and/or to declare that the Trustee has failed to properly administer the Debtor's Estate. On each occasion, the

Bankruptcy Court has denied the Debtor's requested relief and/or admonished the Debtor for his continued spurious litigation and unwillingness to cooperate with the Trustee.

## ALL OF DEBTOR'S MOTIONS SHOULD BE DENIED

Effective as of his appointment, the Trustee is the authorized representative of the Debtor's Estate. 11 U.S.C. § 323. As such, the Trustee, in his capacity of sole shareholder of the Wholly-Owned Corporations, has standing, as well as express Bankruptcy Court authority, to act on behalf of the Defendants. It is the Debtor's duty and responsibility to cooperate with the Trustee in the administration of the Debtor's bankruptcy case. 11 U.S.C § 521 (3),(4). The Debtor's efforts to circumvent the Trustee's authority and administration of the Debtor's bankruptcy case through motions before this Court are improper. Further, only the Bankruptcy Court has jurisdiction over the Debtor's Estate and property of the Debtor's estate. 28 U.S.C. § 157. Because the Debtor's interests in the Wholly-Owned Corporations are property of the Debtor's estate, only the Trustee may take action on behalf of such Wholly-Owned Corporations, including the Defendants. As such, the Debtor's requests before this Court to intervene and/or interplead on behalf of the Defendants and to seek leave to retain counsel on behalf of the Defendants are not properly before this Court and should be denied accordingly.

With respect to the Debtor's motions to suspend the captioned case, the Trustee submits that such requested relief is moot and, as such, unnecessary. The Trustee and Google entered into a settlement agreement whereby Google has agreed to release its claims against the Trustee and the Debtor's estate in exchange for the Trustee's agreement to enter into a permanent injunction on behalf of the Defendants in favor of Google. The Bankruptcy Court has approved the terms of the settlement agreement. Google and the Trustee intend to file their joint motion

for entry of the permanent injunction with the Court this week.  As such, any relief sought by the Debtor was mooted by the terms of the settlement agreement and should be denied accordingly.

Finally, it should be noted that the Trustee, among others, has on numerous occasions endeavored to explain to the Debtor his duties, responsibilities, and options with respect to the administration of his bankruptcy case and the Estate.  Notwithstanding the Trustee's efforts, as well as numerous admonishments by the Bankruptcy Court and this Court, the Debtor has elected to continue his spurious motion and appellate practice in complete disregard for the rules of civil and bankruptcy procedure, as well as the rules of the various courts.  The Debtor's tendency to seek repeated adjournments of court hearings and to file frivolous papers and requests for relief are a burden not only on this Court, but also the parties, the Trustee, the Debtor's creditors, the Estate, and justice.

For the reasons and authority cited herein, the Debtor's motions should be denied outright and without further hearing or briefing.

                                     Respectfully submitted,

                                     Richard M. Fogel, not individually, but as chapter 7 trustee for the bankruptcy estate of Leo Stoller

Dated: February 12, 2007            By:   */s/ Janice A. Alwin*
                                                       One of his attorneys

Janice A. Alwin (IL ARDC 6277043)
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 276-1323
Fax: (312) 275-0571
email: jalwin@shawgussis.com

## CERTIFICATE OF SERVICE

Janice A. Alwin certifies that service of the above and foregoing notice and attached pleadings was accomplished upon the following parties by U.S. Mail, proper postage pre-paid, and electronic mail on this 12th day of February, 2007.

/s/ Janice A. Alwin

Leo Stoller
7115 West North Ave #272
Oak Park, IL 60302
Email: Ldms4@hotmail.com

Steve Wolfe
Office of the U.S. Trustee, Region 11
227 W. Monroe St. Suite 3350
Chicago, IL 60606
Email: Steve.G.Wolfe@usdoj.gov

Michael T. Zeller
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Email: michaelzeller@quinnemanuel.com

William J. Barrett
BARACK, FERRAZZANO, KIRSCHBAUM,
 PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
Email: William.Barrett@bfkpn.com