IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOOGLE INC., ) | |
| ) | Civil Action No. 07 CV 385 |
| Plaintiff, ) | |
| ) | Hon. Virginia M. Kendall |
| vs. ) | |
| ) | |
| CENTRAL MFG. INC. a/k/a CENTRAL ) | Hearing Date: February 20, 2007 |
| MFG. CO., a/k/a CENTRAL MFG. CO. ) | Hearing Time: 9 a.m. |
| (INC.), a/k/a CENTRAL ) | |
| MANUFACTURING COMPANY, INC. ) | |
| and a/k/a CENTRAL MFG. CO. OF ) | |
| ILLINOIS; and STEALTH INDUSTRIES, ) | |
| INC. a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |

### GOOGLE INC.'S OPPOSITION TO DEBTOR LEO STOLLER'S MOTION TO SUSPEND PENDING THE TRADEMARK TRIAL AND APPEAL BOARD'S DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Google Inc. ("Google"), by its attorneys, respectfully submits this Opposition to Debtor Leo Stoller's Motion to Suspend this suit pending the Trademark Trial and Appeal Board's ("TTAB") decision on Defendant's Motion For Summary Judgment.

Debtor's Motion fails for three separate reasons. <u>First</u>, Debtor is not a party to this action and thus has no right to seek a stay or any other relief. Nor, as shown in Google's combined Opposition to Debtor's other motions, can Debtor intervene because, among other things, he lacks standing. As a result, the Court should deny Debtor's stay motion for this reason alone.

<u>Second</u>, Debtor argues that Defendant Central Mfg.'s frivolous filings before TTAB warrant a stay here because, purportedly, "District Court proceedings cannot short-circuit pending administrative proceedings." . Mot. at 3. Even if the legal and factual issues were identical in the two proceedings -- which they are not as shown below -- Debtor's argument is contrary to law. It is TTAB that stays its proceedings pending the resolution of District Court actions, not the other way around. <u>Townley Clothes, Inc. v. Goldring, Inc.</u>, 100 U.S.P.Q. 57, 58 (Comm'r of Patents 1953) ("it is deemed the sounder practice to suspend the [TTAB] proceedings pending termination of the Court action."); <u>see</u> <u>also</u> <u>Farah v. Topiclear Beauty</u>

Products, Inc., 2003 WL 22022077, at *4-5 (T.T.A.B. Aug. 21, 2003); The Other Telephone Co., 181 U.S.P.Q. 779 (Comm'r of Patents 1974), 781-82; 37 C.F.R. § 2.117(a) ("Ordinarily, the Board will suspend proceedings in the case before it if the final determination of the [District Court] proceeding will have a bearing on the issues before the Board.").

The reason for this practice is that District Court decisions are binding on the TTAB, but TTAB decisions are not binding on District Courts. The Other Telephone Co., 181 U.S.P.Q. at 781-82. District Courts, in fact, repeatedly have declined to dismiss or stay civil actions merely because a party[1] initiates proceedings in TTAB. TE-TA-MA Truth Foundation--Family of URI, Inc. v. World Church of the Creator, 297 F. 3d 662, 665-666 (7th Cir. 2002) (refusing to defer to the PTO on whether a mark was generic); see also Goya Foods, Inc. v. Tropicana Products, Inc., 846 F. 2d 848, 852 (2d Cir. 1988) (district courts review PTO determinations *de novo* under 15 U.S.C. § 1071(b)); Nancy Ann Storybook Dolls v. Dollcraft Co., 197 F. 2d 293, 295-296 (9th Cir. 1952) (no requirement that aggrieved party proceed before the PTO before suing in District Court); E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 468 (E.D. Cal. 1994) (denying motion to stay judicial proceedings in deference to on-going TTAB proceedings because, among other things, TTAB record is "not binding on the district court"); Tuvache, Inc. v. Emilio Pucci Perfumes Internat'l, 263 F. Supp. 104, 106-07 (S.D.N.Y. 1967) (denying application for stay pending TTAB determination); 3 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, at § 32:48 (4th ed. 2003).

In arguing otherwise, Debtor relies on inapposite cases or else misstates their holdings. He misrepresents in the text of his motion that the District Court's opinion in Goya Foods, Inc. v. Tropicana Products, Inc., 666 F. Supp. 585 (S.D.N.Y. 1987), is a "Second Circuit" decision and then, in a footnote, asserts that the Second Circuit reversed the District Court on grounds other than the District Court's refusal to hear a case pending resolution of a TTAB proceeding. Motion at 2 & n.2. In reality, the Second Circuit reversed the District Court precisely because the refusal to proceed with the action pending TTAB's disposition was improper. Goya Foods, 846 F. 2d at 854 ("[d]elaying consideration of Goya's claim pending the outcome of the TTAB proceedings

---

[1] Debtor is neither a party to this action nor a party to the proceedings before TTAB. The TTAB proceeding was instituted solely in the name of Defendant Central Mfg. See Declaration of Michael T. Zeller, dated February 12, 2007 and filed concurrently herewith ("Zeller Decl."), Exhs. 9 & 10.

undercuts the purpose of declaratory relief by forcing Goya either to abandon use of trademarks it has used for more than a decade or to 'persist in piling up potential damages.").

Debtor's other citations to authority are even more spurious. Referencing <u>Public Service Comm'n v. Wycoff Co.</u>, 344 U.S. 237 (1952), and <u>Englishtown Sportswear Ltd. v. Tuttle</u>, 547 F. Supp. 700 (S.D.N.Y. 1982), Debtor argues that parties "cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts." Google's action in this Court is neither one for declaratory relief nor one seeking adjudication of Google's registrations, so Debtor's confused arguments are beside the point.[2] Moreover, <u>Public Service Comm'n v. Wycoff Co.</u> had nothing to do with TTAB proceedings. It instead involved an attempt to seek declaratory relief in federal court that was only to guard against the possibility that a state agency, the Utah Public Service Commission, would attempt to prevent complainant from operating under its certificate from the Interstate Commerce Commission. 344 U.S. at 244-246.[3] Debtor sweepingly cites <u>Englishtown Sportswear</u> for the proposition that "a court that bypasses the administrative system of the PTO impairs expeditious resolution and forfeits administrative expertise." Motion at 2 n. 1. That case, however, only involved a petition to enjoin an adverse party's *attorney* from *appearing before the PTO* on behalf of the adverse party, which the court

---

[2] Not only does the present suit seek no determination of registrability, but even if it did federal courts are *statutorily* vested with original jurisdiction to make such determinations (and not with just appellate jurisdiction over TTAB proceedings as Debtor erroneously suggests). 15 U.S.C. § 1119 (courts have concurrent authority with the Trademark Office to cancel or otherwise determine the rights of trademark registrations); <u>Informix Software Inc. v. Oracle Corp.</u>, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996) (Lanham Act "provides for concurrent jurisdiction in this Court and the Trademark Trial and Appeal Board over the cancellation of trademarks"); <u>W & G Tennessee Imports, Inc. v. Esselte Pendaflex Corp.</u>, 769 F. Supp. 264, 266 (M.D. Tenn. 1991) ("This Court, along with the TTAB, has concurrent jurisdiction over registration and cancellation of trademarks under 15 U.S.C.A. § 1119.").

[3] Furthermore, a party is required to exhaust its administrative remedies only when it is mandated by statute or agency rule; a plaintiff need not exhaust remedies that are merely optional. <u>Darby v. Cisneros</u>, 509 U.S. 137, 143 (1993). Courts have rejected the proposition that a plaintiff must exhaust its remedies in TTAB before proceeding with a civil action. See, e.g., <u>Goya Foods</u>, 846 F.2d at 851-52 ("[i]n significant respects th[e] basic framework of federal trademark registration differs from those in which the doctrine of primary jurisdiction applies."; "[W]e are not dealing here with a regulated industry in which policy determinations are calculated and rates are fixed in order to calibrate carefully an economic actor's position within a market under agency control, and the PTO's decision to permit, deny, or cancel registration is not the type of agency action that secures [u]niformity and consistency in the regulation of business entrusted to a particular agency." (quotation marks omitted)); <u>E. & J. Gallo Winery</u>, 899 F. Supp. at 467-68.

sensibly said was an issue that should be brought before the PTO. 547 F. Supp. at 703. The decision therefore does not assist Debtor's argument here.

Third, because this action involves issues which cannot, and will not, be resolved by TTAB, a decision by TTAB in Defendant's proceedings there could have no effect on this action. Debtor asserts that "[w]hen the TTAB cancels Google's trademark, this case before this Court collapses." Mot. at 3. Debtor offers no support for his assertion, and that is for good reason. Defendant Central Mfg.'s remaining proceeding in TTAB seeking to cancel one of Google's trademark registrations is wholly frivolous.[4] But even if the TTAB proceedings resulted in cancellation, it would in no way affect Google's claims here. This suit is not predicated on Google's rights to its registrations, nor even a suit claiming infringement of Google's trademark rights. Rather, this suit is based on *Defendants'* fraudulent assertion of rights and their unlawful threats and acts of extortion against Google.[5] Indeed, TTAB lacks jurisdiction to address matters other than whether a party has the right to maintain a federal trademark registration,[6] so it is without authority to rule on Google's allegations of false advertising, racketeering and unfair competition in this suit. Moreover, even if (contrary to fact) this case depended in some way upon Google's own trademark rights, the existence or non-existence of a registration is not dispositive of whether a party has enforceable rights to a mark. Not only does Google have numerous other registrations that are not the subject of any TTAB proceeding by Defendants, but Google is always free to establish common law trademark rights in the absence of a registration. E. & J. Gallo Winery, 899 F. Supp. at 468.

Also false, and quite irrelevant, is Debtor's only other contention in his Motion. According to Debtor, the Bankruptcy Court supposedly required "that Google must answer Stoller's motion for summary judgment at the Trademark Trial & Appeal Board" by ordering

---

[4] As discussed in Google's Combined Opposition to Debtor's other motions: (1) Debtor has *no* proof of Defendants' claimed rights to the "Google" mark; and (2) TTAB already found that Defendants' first proceeding which opposed a Google trademark application on the grounds that Defendant Central Mfg. allegedly had rights to the "Google" mark were "baseless" and dismissed the proceeding as a sanction. Zeller Dec., Exhs. 2 at pp.14-16; & 12 at pp. 8-15.

[5] See Google's Complaint, ¶¶ 14-63, attached as Exhibit 22 to the Zeller Decl.

[6] Goya Foods, 846 F. 2d at 852-853; see also Person's Co. v. Christman, 900 F.2d 1565, 1570-1571 (Fed. Cir. 1990) ("The Board's function is to determine whether there is a right to secure or maintain a registration."); Paramount Pictures Corp. v. White, 31 USPQ 2d 1768, 1771 n.5 (T.T.A.B. 1994) ("The Board has no jurisdiction over claims of trademark infringement and unfair competition. The proper forum for such claims is a civil action.").

"'that Google *must* take the necessary and appropriate action in the Trademark Trial and Appeal Board' *referring to Google having to respond to Stoller's motion for summary judgment*." Motion at 2-3 (emphases added). The Orders of the Bankruptcy Court neither compel Google to file anything in TTAB nor even contain the quote fabricated by Debtor. As the Bankruptcy Court's Order of January 18, 2007 states on its face, Google was "granted relief from the automatic stay so that it *may* take the actions, including filing an action against the Debtor in the United States District Court, described in the Motion and any ancilliary, necessary, or appropriate actions in connection therewith in that Court *or* in the Trademark Trial and Appeal Board *or* both."[7] Thus, far from containing the terms that Debtor claims to be quoting, the Bankruptcy Court's Order is permissive and does not mandate that Google undertake actions in TTAB. As is obvious, the Bankruptcy Court was making clear in granting Google's motion for relief from the automatic stay that, notwithstanding the bankruptcy stay, Google has the right to litigate, whether in the Courts or TTAB or both, as it considers appropriate. Debtor's argument is not only unsupported by the record, but is inexplicable. He understandably gives no explanation as to why a Bankruptcy Court adjudicating Debtor's insolvency would *require* Google to file papers with TTAB, let alone *require* Google to respond to a motion that Google had already responded to,[8] in a TTAB proceeding that the Bankruptcy Court had authorized the Trustee to dismiss pursuant to the Settlement Agreement between Google and Defendants that was approved by Bankruptcy Court's December 5, 2006 Order.[9] Indeed, because the Petitioner and the movant in the TTAB proceeding was Defendant Central Mfg., not Debtor,[10] Debtor is not a party to the TTAB proceedings and thus he has no motion for summary judgment pending there either.

---

[7]  Zeller Dec., Exh. 21 (Emphases added.).
[8]  Not only had Google responded to that summary judgment motion, including by seeking to have it stricken for violation of Federal Rule of Civil Procedure 56(a), but Google had moved to dismiss the TTAB proceeding based upon its prior findings in its July 14, 2006 Order that Defendant's claims of rights to the GOOGLE mark were "baseless" and made for the improper purpose of seeking to harass Google into paying money. Zeller Dec., Exh. 22.
[9]  Zeller Dec., Exh. 6.
[10]  Zeller Dec., Exh. 9.

**Conclusion**

For the foregoing reasons, Google respectfully requests that the Court deny Mr. Stoller's Motion to Suspend Pending The Trademark Trial And Appeal Board's Decision On The Defendant's Motion For Summary Judgment.

DATED: February 12, 2007

Respectfully submitted,

GOOGLE INC.

By: s/ William J. Barrett
    One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
 PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 629 5170
(312) 984-3150 (fax)

Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

      I, William J. Barrett, certify that I caused to be served on the parties on the following Service List, manner of service and date as indicated below, a copy of the foregoing **GOOGLE INC.'S OPPOSITION TO DEBTOR LEO STOLLER'S MOTION TO SUSPEND PENDING THE TRADEMARK TRIAL AND APPEAL BOARD'S DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

                                      /s/ William J. Barrett
                                      William J. Barrett

## SERVICE LIST

Mr. Leo Stoller
7115 W. North Ave., #272
Oak Park, IL 6030
*Via email to ldms4@hotmail.com*
*(Served via email transmission and overnight delivery on February 12, 2007)*


Richard M. Fogel
Janice Alwin
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
*(Served via messenger delivery on February 13, 2007)*

401889-1