**EXHIBIT 7**

Dockets.Justia.com

## AGREEMENT

This Agreement ("Agreement") is made and entered into this __ day of December, 2006, by and between, on the one hand, Google Inc. ("Google" or "Plaintiff") and, on the other hand, by Central Mfg. Inc., also known without limitation as Central Mfg. Co., Central Mfg. Co. (Inc.), Central Manufacturing Company, Inc. and/or Central Mfg. Co. of Illinois (collectively, "Central Mfg.") and Stealth Industries, Inc., also known without limitation as Rentamark and/or Rentamark.com ("Stealth") (collectively, Central Mfg. and Stealth are the "Entity Defendants"). Each of the foregoing is a "Party" and together are the "Parties."

WHEREAS, on or about December 23, 2005, Leo Stoller ("Stoller") filed in the United States Bankruptcy Court for the Northern District of Illinois a Petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code, in the matter encaptioned *In re Leo Stoller*, Case No. 05 B 64075 (hereinafter, the "Bankruptcy Proceeding");

WHEREAS, on or about August 31, 2006, the United States Bankruptcy Court for the Northern District of Illinois converted the Bankruptcy Proceeding to one under Chapter 7 of the United States Bankruptcy Code, and Richard M. Fogel was subsequently duly appointed Chapter 7 Trustee of the bankruptcy estate of Leo Stoller (hereinafter, the "Trustee");

WHEREAS, on or about October 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois entered in the Bankruptcy Proceeding an Order granting the Trustee authority to act on behalf of Stoller's entities in the capacity as sole shareholder, including without limitation as the sole shareholder of the Entity Defendants;

WHEREAS, there is now pending in the Bankruptcy Proceeding a motion by Google requesting that the Court declare that its anticipated lawsuit against the Entity Defendants and against Leo Stoller individually (hereinafter, "Stoller") is outside the scope of the automatic stay under Section 362(d) of the United States Bankruptcy Code (11 U.S.C. § 362(d) or, in the alternative, that the Court modify the stay for cause to allow Google to proceed with its contemplated action (hereinafter, the "Bankruptcy Motion");

WHEREAS, in connection with the Bankruptcy Motion, Google has provided the Entity Defendants with a Complaint that Google seeks and intends to file against the Entity Defendants and against Stoller alleging claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* and for unfair competition (hereinafter, the "Complaint");

WHEREAS, on or about March 1, 2006, Central Mfg. purported to institute with the Trademark Trial and Appeal Board ("TTAB") Opposition No. 91170256 involving

EXHIBIT 7

Google's Application Serial No. 76314811 (hereinafter, the "Opposition"), which Opposition was subsequently dismissed by TTAB by Order dated July 30, 2006;

WHEREAS, on or about October 4, 2006, the United States Court of Appeals for the Federal Circuit dismissed for lack of jurisdiction a Notice of Appeal that Stoller had purported to file in connection with the Opposition, which dismissal is the subject of a currently pending motion for reconsideration purportedly filed by Stoller individually;

WHEREAS, on or about May 8, 2006, Central Mfg. purported to institute with TTAB Cancellation No. 92045778 involving Google's Registration No. 2806075 (hereinafter, the "Cancellation Proceeding"), which proceeding remains pending and is the subject of a pending Motion to Dismiss by Google;

WHEREAS, on or about June 11, 2006, Central Mfg. purported to file an Intent-to-Use Application for the mark GOOGLE with the United States Trademark Office that is pending as S/N 78905472 (hereinafter, the "ITU Application"); and

WHEREAS, the Parties wish to resolve the foregoing matters on the terms set forth and described herein.

NOW, THEREFORE, in consideration of the mutual promises, covenants, conditions, terms, representations and warranties set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

## ARTICLE 1.
## DEFINITIONS

1.1.   "Affiliates" of any person, entity or Party means any and all corporations, proprietorships, partnerships and business entities that, directly or indirectly, have control over, are under common control with, or are subject to control by, such person, entity or Party.   Without limiting the generality of the foregoing, each of the entities, proprietorships, d/b/a's and/or other businesses listed in Exhibit B hereto shall be deemed an Affiliate of Central Mfg. and Stealth for purposes of this Agreement.

1.2.   "Agreement" means this Agreement, as amended from time to time in accordance with its terms.

1.3.   "Google" or "Plaintiff" means Google Inc. and its officers, directors, employees, representatives and agents, and its Affiliates.

1.4.   "Entity Defendants" and/or "Entity Defendant" means Central Mfg., Stealth and each of their respective Affiliates.

1.5.   "GOOGLE Mark" includes any and all marks, trade names, terms, words, designs and designations that embody, incorporate or include GOOGLE, whether in whole or in part and regardless of what other terms are included therewith, or that are

EXHIBIT  7

confusingly similar to or dilute GOOGLE. In addition, "GOOGLE Mark" includes any and all applications for registration and registrations in connection therewith and includes any and all trademark, service mark, trade name, trade dress, design, publicity and all other rights and interests of any kind associated therewith, however denominated, and any portion thereof, including without limitation any and all such rights arising by contract, statute, common law or otherwise.

1.6.    "Additional Mark(s)" means any and all marks, trade names, terms, words, designs and designations other than the GOOGLE Mark that have been, are or shall be in the future owned or used by Google and/or the subject of any application for registration or registration by Google. Furthermore, "Additional Mark(s)" includes any and all marks, trade names, terms, words, designs and designations that embody, incorporate or include the Additional Mark(s), whether in whole or in part and regardless of what other terms are included therewith, or that are confusingly similar to or dilute such Additional Mark(s).

1.7.    "Proceeding" means any lawsuit, action, application or proceeding of any kind with any court, tribunal or agency, whether judicial, administrative or otherwise, and includes without limitation any application for registration.

1.8.    "Entity Defendants' Web Sites" means any web pages within the control of any Entity Defendant.

## ARTICLE 2.
## AGREEMENTS AND REPRESENTATIONS

2.1.    Permanent Injunction and Final Judgment. The Entity Defendants agree, warrant and covenant that none of them shall oppose the Bankruptcy Motion. Concurrent with the execution of this Agreement, the Entity Defendants shall execute and return promptly to Google's counsel of record the Permanent Injunction and Final Judgment attached hereto as Exhibit A and incorporated herein by this reference. Service of the Complaint upon the Entity Defendants may be effectuated by delivery of a copy of the Complaint and summons upon the Trustee. After the Complaint is filed and delivered to the Trustee, Google will submit the fully executed Permanent Injunction and Final Judgment to the Court for entry. Should the Court, for any reason, decline to enter the Permanent Injunction and Final Judgment as an order and judgment of the Court, this Agreement shall be void and have no binding effect upon any Party hereto. In the event that the Court enters the Permanent Injunction and Final Judgment as an order and judgment of the Court, the date of such entry shall be the "Effective Date" of this Agreement as that term is used herein.

2.2.    The Entity Defendants' Lack of Rights. In addition to acknowledging that the Permanent Injunction and Final Judgment attached hereto as Exhibit A shall be binding upon them as a Court decree upon its entry by the Court, the Entity Defendants represent that the matters set forth in paragraph 4 of the Permanent Injunction and Final Judgment are accurate and warrant and covenant that they shall comply with and abide by

EXHIBIT    7

the terms of the Permanent Injunction and Final Judgment as though such terms are set forth herein at length. Without limiting the generality of the foregoing, no Entity Defendant shall make any statement or representation or do any act which may be taken to indicate that it has any right, title or interest in, any ownership of, or any right or ability to use, license, sell, transfer or alienate the GOOGLE Mark. In addition, and without limiting the generality of the foregoing, the Entity Defendants represent that they have no right, title or interest in any trademark, service mark, trade name or designation of origin that is used or has been used by Google as of and/or up through the Effective Date.

2.3.   No Other Proceedings and No Assignment.   Each Entity Defendant represents, warrants and covenants to Google that, as of the Effective Date, it has not filed or commenced any Proceeding relating to Google, including without limitation to the GOOGLE mark or any Additional Mark(s), except for the Opposition, the Cancellation Proceeding and the ITU Application as identified above. . Each Entity Defendant further represents, warrants and covenants that, as of the Effective Date, it has not assigned or transferred, or purported to assign or transfer, to any third party any claim, application or other matter, or any portion of any claim, application or other matter, against or otherwise relating to Google, including without limitation to the GOOGLE Mark and/or the Additional Mark(s).

2.4.   Forbearance Relating to the GOOGLE Mark.   Each Entity Defendant represents, warrants and covenants that it will forever refrain and forbear from commencing, instituting, filing, maintaining or prosecuting any Proceeding relating to the GOOGLE mark. Without limiting the generality of their other obligations set forth in this Article 2 and the Permanent Injunction and Final Judgment, each Entity Defendant specifically agrees and covenants not to contest the validity and/or enforceability of Google's GOOGLE Mark and not to assert that any person or entity has rights in the GOOGLE mark that are superior to Google's rights.

2.5.   Proceedings Involving Additional Mark(s).   Each Entity Defendant agrees, represents and covenants that it shall not assert any right to any Additional Mark(s), or file, commence or initiate any Proceeding relating to any Additional Mark(s), without first complying with the requirements of this Section 2.5. As a precondition to and before filing any such Proceeding, the Entity Defendants shall submit for decision by an arbitrator, and shall serve upon Google, a statement and all evidence alleged to support the claim of any Entity Defendant to have right, title or interest in or to such Additional Mark(s). The arbitrator shall determined whether any Entity Defendant has made a sufficient and credible threshold showing of rights such that a Proceeding by such Entity Defendant is justifiable under the facts and applicable law. The arbitration will be conducted in accordance with the then-existing commercial arbitration rules of the American Arbitration Association ("AAA"). The arbitration will be conducted before one arbitrator to be selected as agreed upon by the Parties or, if no such agreement is reached, then as provided in the AAA rules. The Entity Defendants shall solely bear the cost of the arbitrator's fees and expenses. In the event that the arbitrator determines that an Entity Defendant has made a sufficient and credible threshold showing, such Enity Defendant may proceed with its contemplated Proceeding, although such determination

{5814 SET A0149764.DOC 2}
20056/1972141.2

4 of 9

EXHIBIT    7

by the arbitrator shall not be binding on Google in any Proceeding and shall not be admissible for any purpose in any Proceeding (except to establish compliance with the requirements of this Section 2.5). In the event that the arbitrator determines that the Entity Defendants have failed to make a sufficient and credible threshold showing, the Entity Defendants shall (a) forever refrain and forbear from commencing, instituting, filing, maintaining or prosecuting any Proceeding relating to the Additional Mark(s) that were the subject of the arbitrator's decision, and (b) reimburse Google for all of its attorney's fees and expenses, including without limitation any expert fees, that Google incurred in connection with the arbitration.

2.6.    Complete Defense. From and after the Effective Date of this Agreement, any violation of Section 2.4 or 2.5 of this Agreement will be deemed a full and complete defense to any Proceeding brought against Google and may be pled as such.

2.7.    Discontinuance of Entity Defendants' Proceedings. Within three (3) court days of the Effective Date as described in Section 2.1 above, the Entity Defendants shall: (a) dismiss with prejudice the Cancellation Proceeding by filing with TTAB an executed Dismissal With Prejudice in the form attached hereto as Exhibit B and incorporated herein by this reference; (b) abandon the ITU Application by filing with the Trademark Office an executed Notice of Abandonment in the form attached hereto as Exhibit C; and (c) withdraw any Notice of Appeal filed with the Federal Circuit in their names or on their behalf in the form attached hereto as Exhibit D and shall thereafter treat the dismissal of the Opposition by TTAB and the dismissal of the appeal therefrom by the United States Court of Appeals for the Federal Circuit as final and conclusive and shall not file any further notice(s) of appeal from, or seek in any manner any review or reconsideration of, TTAB's dismissal of the Opposition. At the Entity Defendants' option, the Entity Defendants alternatively may provide to Google's counsel the executed forms attached as Exhibits B, C and D hereto concurrently with their execution of this Agreement, and Google's counsel shall ensure the filing of the executed Exhibits in the event (and only in the event) that the Court enters the Permanent Injunction and Final Judgment as an order and judgment of the Court. In the event that any of the actions described in this Section is insufficient to discontinue the Cancellation Proceeding, the Opposition (including all appeals therefrom and review thereof) and/or the ITU Application, the Entity Defendants represent, warrant and covenant that they shall take any and all further steps necessary to effectuate the final and complete termination of each such proceeding.

2.8.    Relief. The Entity Defendants agree that Google has no adequate remedy at law for any breach or violation of the Permanent Injunction and Final Judgment or Sections 2.4, 2.5 and 2.7 above by any Entity Defendant. Accordingly, each Entity Defendant agrees that Google shall be entitled to Court orders mandating specific performance and/or injunctive relief in the event of any such breach or violation by any Entity Defendant without any showing of irreparable harm or the inadequacy of any remedy at law. This right of specific performance and injunctive relief is in addition to any and all other legal and equitable remedies that Google may have for such breach or violation. Neither the foregoing nor anything else contained in this Agreement shall

{5814 SET A0149764.DOC 2}
20036/1372141.2

5 of 9

EXHIBIT    7

subject the Trustee, his agents or his attorneys to any claim for monetary damages for breach of any provision of this Agreement.

2.9.  Costs and Fees.  As between Google and the Entity Defendants, each Party to this Agreement shall bear its own costs and fees, including without limitation its attorney's and expert fees, in connection with the Complaint, the Bankruptcy Motion, the Opposition, the Cancellation Proceeding and the ITU Application.  Neither this Section nor anything else in this Agreement shall operate to preclude, restrict or limit Google from seeking reimbursement of its fees and costs or any other monetary or equitable relief from any person or entity not a party to this Agreement, including without limitation Stoller individually.

2.10.  Authority.  Each Party represents and warrants to each other Party that (a) such Party has the full authority and capacity to make the representations, covenants and promises set forth in this Agreement and (b) each signatory has authority to bind the Party on behalf of whom such signatory is executing this Agreement.

## ARTICLE 3
## RELEASES

3.1.  Voidability.  The Entity Defendants acknowledge and understand that Google, in entering into this Agreement, is materially relying upon the accuracy of the Entity Defendants' representations, covenants and promises set forth in Article 2 of this Agreement.  Accordingly, the Entity Defendants acknowledge and agree that, should Google discover after the execution of this Agreement that said representations in Article 2 are or were inaccurate in any respect or should any Entity Defendant fail to comply with any obligation set forth in Article 2 above, Google may, at its sole and exclusive election, treat Section 2.1 above and Section 3.2 below as null and void and seek to recover any and all damages, of any and all types permitted by law, including without limitation for recovery of its past attorney's fees.  Furthermore, in the event that any Entity Defendant in the future asserts any claim against Google, the release set forth in Section 3.2 shall be voidable at Google's sole election and discretion, and neither the release set forth in Section 3.2 nor anything else in this Agreement or the Permanent Injunction and Final Judgment shall be deemed to limit, restrict or preclude Google from asserting any defense or claim, including without limitation the claims set forth in the Complaint, or seeking any and all damages, of any and all types, including without limitation for its past attorney's fees, in connection therewith.  Notwithstanding the foregoing, if any claim asserted by any Entity Defendant against Google in the future is not or was not expressly authorized by the Trustee in writing, then the release set forth in Section 3.2 shall not be voidable to the extent (and only to the extent) that it applies to the Trustee or to the estate then in control of the Trustee (and only if and to the extent then in the control of the Trustee).

3.2.  Release by Google.  Subject to Section 2.7 and Section 3.1 of this Agreement, and except for the rights, duties, liabilities, and obligations arising out of this

EXHIBIT    7

Agreement and the Permanent Injunction and Final Judgment, Google hereby releases and discharges Stoller's bankruptcy estate and the Trustee as the representative of Stoller's bankruptcy estate from any and all claims, demands, causes of action, obligations, damages and liabilities arising out of the claims set forth in the Complaint through, and only through, the Effective Date of this Agreement. Neither the release in this Section 3.2 nor anything in this Agreement applies to Stoller individually, including for acts and/or omissions by Stoller in his capacity as an officer, director, shareholder, agent or representative of any Entity Defendant. Without limiting the generality of the foregoing sentence, neither this Section 3.2 nor anything else in this Agreement shall apply to, release, limit or waive any and all claims, demands, causes of action, obligations, damages and liabilities that Google has against Stoller individually, including without limitation for acts and/or omissions by Stoller in his capacity as an officer, director, shareholder, agent or representative of any Entity Defendant.

3.3.    Release by Entity Defendants.  The Entity Defendants hereby release and discharge Google from any and all claims, demands, causes of action, obligations, damages and liabilities, of whatever kind and nature at law, equity or otherwise, known or unknown, arising from, in connection with or based in any manner upon any trademark, service mark, trade name or designation of origin that Defendants purport to own or purport to otherwise have any right, title or interest in, from the beginning of time through the Effective Date of this Agreement. The Entity Defendants, and each of them, hereby acknowledge that they are familiar with California Civil Code § 1542 and that they hereby waive the protection of California Civil Code § 1542 with respect to their release set forth in this Section 3.3. California Civil Code § 1542 provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

The Entity Defendants each waive and relinquish any right or benefit which they have or may have under California Civil Code § 1542 and under any comparable statute or common law rule in any other jurisdiction with respect to their release set forth in this Section 3.3.

3.4.    No Right or License.  Nothing in this Agreement confers, or shall be deemed to confer, any right or license to use Google's GOOGLE mark, its Additional Mark(s) or any of Google's other intellectual property rights in any manner. Nothing in this Agreement otherwise waives, relinquishes, limits or compromises any such rights of Google.

EXHIBIT    7

## ARTICLE 4
### MISCELLANEOUS

4.1.    Amendment.    This Agreement may be amended, modified or supplemented, but only in writing signed by all of the Parties affected by the amendment.

4.2.    Counterparts.    This Agreement may be executed in any number of counterparts by the Parties, and when each Party has signed and delivered at least one such counterpart to the other Party, each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement that shall be binding and effective as to all Parties as set forth herein.  For the purposes of this Agreement, a facsimile signature will be deemed effective and binding as against the Party executing the facsimile signature.

4.3.    Headings.    The headings preceding the text of Articles and Sections of this Agreement are for convenience only and shall not be deemed part of this Agreement.

4.4.    Fees.    The prevailing party in any action or motion brought to enforce or interpret this Agreement or the Permanent Injunction and Final Judgment shall be entitled to an award of attorney's fees and costs, including expert fees, actually incurred in connection with such action or motion.

4.5.    Relationship.    There is no joint venture, partnership, employment, agency or fiduciary relationship between Google, on the one hand, and the Entity Defendants, on the other hand.  Nothing contained in this Agreement shall be construed to imply any such relationship.

4.6.    Third Party Beneficiaries.    This Agreement is for the benefit of the Parties hereto and their respective Affiliates and, except as otherwise expressly stated herein, no provision of this Agreement shall be deemed to confer upon third parties any remedy, claim, liability, reimbursement, claim of action, defense or other right in excess of those existing without reference to this Agreement.

4.7.    Term.    The term of this Agreement is perpetual.

4.8.    Severability.    Any part of this Agreement which may be deemed unenforceable or invalid shall not affect the enforceability or validity of the remaining parts of this Agreement, but shall be deemed severed from the remaining parts which shall remain in full force and effect.

4.9.    Affiliates.    This Agreement shall be binding upon the Parties and each and all of their respective successors, assigns, and representatives, including any corporate parent and corporate subsidiaries and Affiliates, and any of their officers, directors, agents, employees and representatives in their capacity as officers, directors, agents, employees and representatives.

EXHIBIT

4.10. <u>Entire Understanding</u>.    This Agreement represents the entire understanding and agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous negotiations, representations and agreements made by and between the Parties with respect thereto.    Each Party acknowledges that: (a) prior to signing this Agreement, such Party has carefully read and reviewed with its or his attorneys, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement, (b) no other Party, nor any agent or attorney of any other Party, has made any promise, representation, or warranty whatever, express or implied, not contained herein, concerning the subject matter hereof, to induce such Party to execute this Agreement, and (c) such Party has not executed this Agreement in reliance on any such promise, representation, or warranty not contained herein.

4.11. <u>Construction</u>. Ambiguities, inconsistencies, or conflicts in this Agreement shall not be construed against the drafter of the language but will be resolved by applying the most reasonable interpretation under the circumstances, giving full consideration to the Parties' intentions at the time this Agreement is entered into.  Where the context of this Agreement requires, singular terms shall be considered plural, and plural terms shall be considered singular.

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures contained below:

**Google Inc.**

_____

Title:_____

Dated:_____

**Central Mfg. Inc., by and through The Trustee, Not Individually, But Pursuant To Court Order Granting Him Authority To Act On Its Behalf**

Title: _____

Dated: 12/06/06

**Stealth Industries, Inc., by and through The Trustee, Not Individually, But Pursuant To Court Order Granting Him Authority To Act On Its Behalf**

Title: _____

Dated: 12/06/06

{5814 SET A0149764.DOC 2}
20056/1972141.2

9 of 9

64

EXHIBIT 7

# Exhibit A

Document1

EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOOGLE INC.,                                     )
                                                 )    Civil Action No. _____
                 Plaintiff,                      )
                                                 )
        vs.                                      )
                                                 )
CENTRAL MFG. INC. a/k/a CENTRAL                  )
MFG. CO., a/k/a CENTRAL MFG. CO.                 )
(INC.), a/k/a CENTRAL                            )
MANUFACTURING COMPANY, INC.                      )
and a/k/a CENTRAL MFG. CO. OF                    )
ILLINOIS; and STEALTH INDUSTRIES,               )
INC. a/k/a RENTAMARK and a/k/a                   )
RENTAMARK.COM,                                   )
                                                 )
                 Defendants.                     )

**PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO**

**DEFENDANTS CENTRAL MFG. INC. AND STEALTH INDUSTRIES, INC.**

66

EXHIBIT 7

This Stipulated Permanent Injunction and Final Judgment is entered into, on the one hand, by Plaintiff Google Inc. ("Google") and, on the other hand, by Defendant Central Mfg. Inc., also known without limitation as Central Mfg. Co., Central Mfg. Co. (Inc.), Central Manufacturing Company, Inc. and/or Central Mfg. Co. of Illinois (collectively, "Central Mfg."), and Defendant Stealth Industries, Inc., also known without limitation as Rentamark and/or Rentamark.com ("Stealth") (collectively, Central Mfg. and Stealth are the "Entity Defendants"). The parties, by and through their undersigned counsel of record having stipulated to the entry of the following Stipulated Permanent Injunction and Final Judgment, and good cause appearing for the entry thereof:

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 18 U.S.C. § 1964(c) and principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), as well as personal jurisdiction over the Entity Defendants.

2.    The Entity Defendants have been duly served with the summons and Complaint in this matter.

3.    By Order dated October 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, duly granted Richard M. Fogel, not individually but as Chapter 7 Trustee of the bankruptcy estate of Leo Stoller (the "Trustee"), all right and authority to act on behalf of the Entity Defendants in connection with the matters that are the subject of this Stipulated Permanent Injunction and Final Judgment. By Order dated December 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, granted the Trustee's motion modifying the automatic stay and approving a Settlement Agreement by and between Google and the Entity Defendants, through the Trustee in his capacity as sole shareholder of the Entity Defendants, that included the terms of this Stipulated Permanent Injunction and Final Judgment.

4.    Judgment is hereby entered in favor of Plaintiff Google, and against each of the Entity Defendants, on Plaintiff Google's claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* and for unfair competition.

5.    The Entity Defendants admit each and every fact alleged in the Complaint. Without limiting the generality of the foregoing, each of the Entity Defendants admits and represents:

1

EXHIBIT 7

(a)    None of the Entity Defendants has any right, title or interest of any kind in the GOOGLE mark or in any mark, trade name or designation that is confusingly similar or dilutes to the GOOGLE mark;

(b)    None of the Entity Defendants has any right or lawful ability to license, or offer for licensing, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with any goods, services or commercial activities; and

(c)    None of the Entity Defendants has any right or lawful ability to hold themselves out as or to identify themselves as any business entity of any kind using, in whole or in part and regardless of what other terms may be included, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes, the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES."

6.    Each of the Entity Defendants, as well as their officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries and affiliates and all those acting on their behalf or in concert or participation with them, shall be and hereby are, effective immediately, permanently enjoined from engaging in any of the following acts:

(a)    claiming in any advertising, promotion or other materials, including without limitation on any web site, any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b)    instituting, filing or maintaining, or threatening to institute, file or maintain, any application, registration, suit, action, proceeding or any other matter with any Court, with the United States Trademark Office, with the United States Trademark Trial and Appeal Board or with any other judicial or administrative body that asserts any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(c)    holding themselves out as or identifying themselves in any manner as any business entity of any kind using, whether in whole or in part and regardless of what other terms

2

68

may be included, the GOOGLE mark or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES";

(d)    licensing, offering to license, assigning or offering to assign or claiming the ability to license or assign any mark, term, word or designation that embodies, incorporates or uses, in whole or in part and regardless of what other terms may be included, the GOOGLE mark or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark;

(e)    interfering with, including without limitation by demanding in any manner any payment or other consideration of any kind for, Plaintiff's use, whether past, current or future, of any mark, name or designation embodying, incorporating or using, in whole or in part and regardless of what other terms may be included, Plaintiff's GOOGLE mark;

(f)    using the GOOGLE mark, whether in whole or in part and regardless of what other terms may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with the sale, offering for sale, licensing, offering for license, importation, transfer, distribution, display, marketing, advertisement or promotion of any goods, services or commercial activity of any Defendant;

(g)    engaging in acts of unfair competition or passing off with respect to Plaintiff Google;

(h)    assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

7.    Each party to this Permanent Injunction and Final Judgment shall bear its respective attorney's fees, costs and expenses incurred in this action; provided, however, that in any proceeding or on any motion to interpret and/or enforce this Permanent Injunction and Final Judgment the prevailing party shall be entitled to an award of reasonable attorney's fees and expenses, including any expert fees.

8.    The Entity Defendants hereby waive any further findings of fact and conclusions of law in connection with this Permanent Injunction and Final Judgment and all right to appeal therefrom. It is the intention of the parties hereto that this Permanent Injunction and Final Judgment be afforded full collateral estoppel and res judicata effect as against the Entity Defendants and shall be enforceable as such. The Entity Defendants further hereby waive in this

3

EXHIBIT

proceeding, including without limitation in any proceedings brought to enforce and/or interpret this Permanent Injunction and Final Judgment, and in any future proceedings between the parties any and all defenses and/or claims that could have been asserted by the Entity Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's GOOGLE mark is invalid and/or unenforceable and/or that any person or entity other than Plaintiff has superior rights to the GOOGLE mark. Without limiting the generality of the foregoing, in the event that Plaintiff brings any proceeding to enforce this Permanent Injunction and Final Judgment, no Entity Defendant shall be entitled to assert, and each Entity Defendant hereby waives any right to assert, any defense or contention other than that he or it has complied or substantially complied in good faith with the terms of this Permanent Injunction and Final Judgment.

9.    Nothing in this Judgment is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Google's claims, rights or remedies against defendant Leo Stoller, including without limitation for his acts and/or omissions as an officer, director, shareholder, representative or agent of Defendants, or other person or entity other than Central Mfg. and Stealth in connection with this action or otherwise.

4

70

EXHIBIT

10.    This Court shall retain jurisdiction for the purposes of enforcing and/or interpreting this Permanent Injunction and Final Judgment to determine any issues which may arise concerning this Permanent Injunction and Final Judgment.

### IT IS SO STIPULATED.

DATED: _____, 2006          GOOGLE INC.

By:_____
    One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000
Fax: (213) 443-3100

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
  PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 629-5170
Fax: (312) 984-3150

DATED: _____, 2006          CENTRAL MFG. INC. and STEALTH
INDUSTRIES, INC., by and through Richard M.
Fogel, not individually but as Chapter 7 Trustee
acting as their Sole Shareholder

By:_____
One of The Trustee's Attorneys

Janice Alwin (ARDC No. 6277043)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
  & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1323
Fax: (312) 275-0571

### IT IS SO ORDERED.

DATED: _____, 2006          _____
                                    United States District Judge

5

EXHIBIT

**Exhibit B**

Document1

EXHIBIT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of:

Registration No.      2806075
For the Mark:         GOOGLE
Publication Date:     December 4, 2001

Cancellation No. 92045778

CENTRAL MFG. CO. (INC.),

     *Petitioner,*

   v.

GOOGLE INC.,

     *Respondent.*

**AGREED DISMISSAL OF PETITION
FOR CANCELLATION WITH
PREJUDICE**

Commissioner of Trademarks
P.O. Box 1451
Arlington, Virginia 22313-1451

20056/1969046.1

73

EXHIBIT

With the consent of Registrant/Respondent, Petitioner, by and through Richard M. Fogel, not individually but as Chapter 7 Trustee duly authorized by Order of the United States Bankruptcy Court of the Northern District of Illinois to act on behalf of Petitioner herein (see attached), hereby withdraws and dismisses with prejudice the Petition for Cancellation in this proceeding. All pending motions are hereby withdrawn and deemed moot.

Respectfully submitted,

On Behalf of Registrant Google Inc.:

By:_____

Michael T. Zeller
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000
Fax: (213) 443-3100

Authorized Representative for Petitioner:

By:_____

Richard M. Fogel, not individually but as Chapter 7 Trustee
SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1334
Fax: (312) 275-0578

Dated: October ___, 2006

20056/1969046.1                    1                    DISMISSAL WITH PREJUDICE

# Exhibit C

Document1

EXHIBIT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : | CENTRAL MFG. CO | ) |
| | | | ) |
| Serial No. | : | 78/905472 | ) |
| | | | ) |
| Filed | : | June 11, 2006 | ) |
| | | | ) |
| Mark: | : | GOOGLE | ) |
| | | | ) |
| Examining | | Not Assigned | ) |
| Attorney | : | | ) |
| | | | ) |
| | | | ) |

### WITHDRAWAL OF APPLICATION

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA
22313-1451

Dear Sir:

    Applicant Central Mfg. Co., by and through Richard M. Fogel, not individually but as Chapter 7 Trustee duly authorized by Order of the United States Bankruptcy Court of the Northern District of Illinois to act on behalf of Central Mfg. Co. (see attached), hereby withdraws and abandons its Intent-to-Use Application for GOOGLE, filed on June 11, 2006 and pending as S/N 78905472.

                  Very truly yours,

                  Richard M. Fogel, not individually but as Chapter 7
                  Trustee on behalf of Applicant
                  SHAW GUSSIS FISHMAN GLANTZ WOLFSON
                  & TOWBIN LLC
                  321 N. Clark Street, Suite 800
                  Chicago, Illinois 60610
                  Tel.: (312) 276-1334
                  Fax: (312) 275-0578

20056/1969108.1

EXHIBIT 7

# Exhibit D

Document1

EXHIBIT

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

2006-1534

IN RE LEO STOLLER

Appeal from United States Patent and Trademark Office,
Trademark Trial and Appeal Board

CENTRAL MFG.'S WITHDRAWAL OF APPEAL AS TO
TTAB'S DISMISSAL OF OPPOSITION NO. 91170256

Central Mfg. Co. (Inc.), the named Opposer in Opposition No. 91170256, by and through

Richard M. Fogel, Chapter 7 Trustee duly authorized by Order of the United States Bankruptcy

Court of the Northern District of Illinois to act on behalf thereof (see attached), hereby

withdraws the Notice of Appeal, purportedly filed by Leo Stoller on August 17, 2006, with

respect to TTAB's Order of July 30, 2006 dismissing Opposition No. 91170256.

Respectfully submitted,

Richard M. Fogel, not individually but as
Chapter 7 Trustee
SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1334
Fax: (312) 275-0578

20056/1972273.1

78

EXHIBIT

**Exhibit E**

Document1

EXHIBIT

Exhibit E

Association Network Management
Americans for the Enforcement of Attorney Ethics
Americans for the Enforcement of Judicial Ethics
Americans for the Enforcement of Intellectual Property Rights
S. Industries
Sentra Industries
Sentra Sporting USA Co.
The American Association of Premium Incentive, Travel Suppliers & Agents
The National Veterinarian Service Association
The American Recreational Tennis Association
The American Recreational Golf Association
The National Association of Traveling Nurses
The American Sports Association
The U.S. Hardware Industry Association
The National Physician's Association
The National Secretarial Association
The National Optometry Association
The National Accounting Association
The American Society of Podiatrists & Chiropractors
Medical Associations
The National Association of Dentistry
The National Association of Alternative Medicine
USA Sports Co. Inc.
USA Sports Network Association

20056/1967833.1

EXHIBIT