**EXHIBIT 8**

Dockets.Justia.com

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| APPLICANT: | GOOGLE, INC. | **TTAB** |
| OPPOSER: | CENTRAL MFG. CO. (INC.) | |
| APPLICATION SN: | 76-314,811 | |
| TRADEMARK: | GOOGLE | |
| INT. CL. NO: | 28 | |
| FILED: | September 18, 2001 | |

March 1, 2006

03-01-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt #11

Ms. Jean Brown
Board Administrator Attorney
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, Virginia 22313-1451
703 308-9300

Dear Ms. Jean Brown:

In the instant case, we appreciate your serving upon the Applicant, the Opposer's Notice of Opposition.

This Notice of Opposition was sent by **Express Mail No: EQ 014137445 US** with the U.S. Postal Service in an express mail envelope.

Most Cordially,

Leo Stoller  President
CENTRAL MFG. CO., (INC.), Opposer
Email - Leo@rentamark.com
Trademark & Licensing Dept.
P.O. Box 35189
Chicago, Illinois 60707-0189
773-283-3880  Fax 708/283-0083

Dated: March 1, 2006

81                                EXHIBIT   8

USPTO. ESTTA. Receipt                                           Page 1 of 2

 United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | biz alerts | News | Help 

### *Electronic System for Trademark Trials and Appeals*

# Receipt

**Your submission has been received by the USPTO.**
**The content of your submission is listed below.**
**You may print a copy of this receipt for your records.**

ESTTA Tracking number: **ESTTA55062**
Filing date: **11/27/2005**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Applicant: | **GOOGLE INC.** |
| Application Serial Number: | **76314811** |
| Application Filing Date: | **09/18/2001** |
| Mark: | **GOOGLE** |
| Date of Publication | **11/01/2005** |

### First 90 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, Central Mfg. Co. (Inc), P.O. Box 35189, Chicago, IL 60707-0189, UNITED STATES, a Corporation, organized under the laws of Delaware, respectfully requests that it be granted a 90-day extension of time to file a notice of opposition against the above-identified mark for cause shown.

Potential opposer believes that good cause is established for this request by:

- The potential opposer needs additional time to investigate the claim

The time within which to file a notice of opposition is set to expire on 12/01/2005. Central Mfg. Co. (Inc) respectfully requests that the time period within which to file an opposition be extended until 03/01/2006.

Respectfully submitted,
/Leo Stoller/
11/27/2005
**Leo Stoller**
**President/CEO**
**Central Mfg. Co. (Inc)**

P.O. Box 35189
Chicago, IL 60707-0189
UNITED STATES
ldms4@hotmail.com
ldms4@hotmail.com

**Return to ESTTA home page   Start another ESTTA filing**

| HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

EXHIBIT 8

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

CENTRAL MFG. CO. (INC.),
(a Delaware Corporation)
P.O. Box 35189
Chicago, Illinois 60707-0189

        Opposer,

v.

GOOGLE, INC.
(a Delaware corporation)
1600 Amphitheatre Parkway
Building 41
Mountain View, CA 94043

        Applicant.

| | |
|---|---|
| Trademark: | **GOOGLE** |
| Application SN: | 76-314,811 |
| Int. Class No: | 28 |
| Filed: | September 18, 2001 |
| Published: | November 1, 2005 |

TTAB/FEE
(IN TRIPLICATE)

03/09/2006 GTHOMAS2 00000028 76314811
01 FC:6402           300.00 OP

## NOTICE OF OPPOSITION

    1.    In the matter of first use Application SN: 76-314,811, for the mark **GOOGLE**, in International Class 28 for **toys and sporting equipment, namely plastic exercise balls**, the Opposer states as follows:

    2.    The Opposer has standing and has filed a valid intent to use application for the mark **GOOGLE** in International Class 28 for **sporting goods**.

    3.    The Opposer sent correspondence to Google, Inc. on *November 29, 2005*. A true and correct copy is attached hereto.

    4.    The Opposer sent correspondence to Applicant's counsel, **Michael T. Zeller, Esq.** on *January 26, 2006* and *January 29, 2006*. Applicant's counsel responded to Opposer's correspondence on *January 26, 2006, January 27, 2006* and *February 17, 2006*. See true and correct copies attached hereto.

    5.    The trademark proposed for registration by the Applicant, namely **GOOGLE**, is applied to similar goods as those sold by Opposer and so nearly resemble the Opposer's mark

EXHIBIT 8

as to be likely to confuse therewith and mistake therefore.

6. The Applicant's mark **GOOGLE** is identical to Opposer's *GOOGLE* mark so as to cause confusion and lead to deception as to the origin of Applicant's goods bearing the Applicant's mark.

7. If the Applicant is permitted to use and register **GOOGLE** for its goods, as specified in the application herein opposed, confusion in trade resulting in damage and injury to the Opposer would be caused and would result by reason of the similarity between the Applicant's mark and the Opposer's mark. Persons familiar with Opposer's mark *GOOGLE* would be likely to buy Applicant's goods as and for a service sold by the Opposer. Any such confusion in trade inevitably would result in loss of sales to the Opposer. Furthermore, any defect, objection or fault found with Applicant's goods marketed under its **GOOGLE** mark would necessarily reflect upon and seriously injure the reputation which the Opposer has established for its products merchandised under its *GOOGLE* marks for over 20 years.

8. If the Applicant were granted the registration herein opposed, it would thereby obtain at least a *prima facie* exclusive right to the use of its mark. Such registration would be a source of damage and injury to the Opposer.

9. The Opposer, located in Chicago, Illinois, believes that it will be damaged by registration of the mark **GOOGLE** shown in Application SN 76-314,811 and hereby opposes same. The Opposer engages in an aggressive licensing program of the mark **GOOGLE**, as well known to the Applicant.

10. The Opposer offers its *GOOGLE* mark to license on a wide variety of collateral merchandise.

11. If the Applicant is permitted to register the mark, and thereby, the *prima facie* exclusive right to use in commerce the mark **GOOGLE** on the goods licensed and sold by the Opposer, confusion is likely to result from any concurrent use of Opposer's mark **GOOGLE** and that of the Applicant's alleged mark **GOOGLE**, all to the great detriment of Opposer.

12. Purchasers are likely to consider the goods of the Applicant sold under the mark **GOOGLE** as emanating from the Opposer, and purchase such goods as those of the Opposer, resulting in loss of sales to Opposer.