# EXHIBIT 9

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

**TTAB**

CENTRAL MFG. CO. (Inc)
(Delaware Corporation)
**Petitioner/Opposer**

Vs.   CANCELLATION NO. 92045778

GOOGLE INC.

Registrant/Applicant.

## 528 MOTION FOR SUMMARY JUDGMENT

NOW COMES the Petitioner and moves under Fed. R. Civ. P 56 for the Board to grant Petitioner's motion for summary judgment. The summary judgment is supported by the Petitioner's deceleration. There are no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. See for example Sweats Fashions Inc. v. Pannill Knitting Co., 833 F. ed 1560, 4USPQ2d 1793 (Fed. Cir 1987). Celotex Corp. v. Catrett, 477 U.S 317 (1986)

Petitioner's Motion for Summary Judgment is timely See 37 CFR 2.127(e)(1)  See also TBMP Section 310.01 (Notification to Parties of Proceeding).

The purpose of the this motion is judicial economy, that is, to avoid an unnecessary trial where there is no genuine issue of material fact and more evidence than is already available in connection with the summary judgment motion could not reasonably be expected to change the result in the case. See Pure Gold, Inc., v. Syntex (U.S.A.) Inc., 221 USPTO 151 (TTAB), aff'd 739 F.2d 624, 222 USQP 741 (Fed. Cir. 1984).

05-19-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #72
EXHIBIT 9

1. This motion for summary judgment is for cancellation of the United States **Trademark** Registration No. *2,806,075* brought by **CENTRAL MFG. CO, ("Petitioner"). The subject** registration is for the purported trademark "Google (the mark) owned by Respondent, GOOGLE, INC. ("Respondent.").

2. In the matter of Registration No. 2,806,075, for the mark **GOOGLE,** in International Class 42 for **computer services, namely, providing software interfaces available over a network in order to create a personalized on-line information service; extraction** and **retrieval of information** and **data mining by means of global computer networks; creating indexes of information, indexes of web sites and indexes of other information sources in connection with global computer networks; providing information from searchable indexes and databases of information, including test, electronic documents, databases, graphics and audio visual information, by means of global computer information networks, or more commonly know as an internet search engine.**

## STANDING

3, Pursuant to 37 C.F.R. §2.111(b), the Petitioner asserts that it has standing to file this Petition for Cancellation proceeding because the Petitioner asserts that it will be damaged by the Registration sought to be cancelled. The petitioner asserts common law rights in and to the mark Google for use and trademark licensing on a broad range of products and services. The Petitioner has also filed a Notice of Opposition number 91170256 to Respondent's pending trademark Application SN: 76-314,811 for the mark GO OGLE.

4. The Petitioner holds Common Law rights in and to the mark GO OGLE for use on sporting goods products and offers the mark GOOGLE for trademark license to third parties. The Petitioner asserts that it will be damaged by the continued registration of the mark GOOGLE.

## GROUNDS FOR CANCELLATION AND FOR GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT

5. As specifically amended by the Trademark Law Revision Act of 1988, §14 of the Trademark Act provides for the cancellation of a registration of a mark at any time if the mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered. 15 U.S.C. §1064(3).

6. The Respondent, GOOGLE, INC., is the leading computer Internet search engine. The Respondent's mark GOOGLE has become a generic term for the goods and/or services provided by the Respondent. See true and correct copies of dictionary definitions of the GOOGLE mark. The GOOGLE mark has become a "verb".

7. Respondent's mark, GOOGLE, is now included in the dictionary as a "verb"/ The Trademark Trial and Appeal Board has held that material obtained through computerized text search are competent evidence to show that a mark has become "generic" and or "descriptive" under Trademark Act Section 2(f) and/or 2(e)(1) 15 U.S.C. Section 1052(e)(1). In re National Data Corp. 222, USPQ 515, 517, n.3(TTAB 1984). See true and correct copies of the attached "google" search. Where in the Petitioner merely typed into the google search engines "google is a verb" on May 15, 2006. The evidence is overwhelming that the mark google has become "generic". Google is now a "verb" which is "generic" for searching on the Internet. Google's own lawyers attempted to get the dictionary publishers to change the lexicon as they saw the google mark becoming "generic" but to no avail see attached documents.

8. Respondent's GOOGLE mark has become generic term for the goods and/or services covered under the registered mark sought to be canceled see attached "google" search documents.

9. Respondent has attempted to perpetrate a fraud on the public by having its representatives contact dictionaries in order to change the lexicon. See attached true and correct copies of documents.

10. Respondent's representatives have written letters to companies that print dictionaries and other sources in an attempt to unlawfully persuade the said companies and/or individuals not to use the word GOOGLE as a generic term.

11. The rights to a trademark can be lost through abandonment, improper licensing or assignment, or genericity. GOOGLE Trademark rights have been lost through genericity. Google's trademark originally distinctive has become generic over time, thereby losing its trademark protectionKellogg Co. v. National Biscuit Co., 305 U.S. 111 (1938). A word will be considered generic when, in the minds of a substantial majority of the public, the word denotes a broad genus or type of product and not a specific source or manufacturer. So, for example, the term "thermos" has become a generic term and is no longer entitled to trademark protection. Although it once denoted a specific manufacturer, the term now stands for the general type of product. Similarly, both "aspirin" and "cellophane" have been held to be generic. Bayer Co. v. United Drug Co., 272 F.505 (S.D.N.Y. 1921). In deciding whether a term is generic, courts will often look to dictionary definitions, the use of the term in newspapers and magazines. The evidence supplied by the Petitioner attached here to is conclusive beyond a doubt that the mark "google" has become generic and is no longer entitled to Federal Trademark Registration. WHEREFORE the Petitioner prays that the Board Cancel Google's Trademark Registration No. 2,806,075.

RESPECTFULLY SUBMITTED,

/Leo Stoller/
Leo Stoller, President
CENTRAL MFG. CO., Petitioner
7115 W. North Avenue #272
Oak Park, Illinois 60302
(773) 589-0340

Date: May 15, 2006

### Certificate of On-Line Filing

I hereby certify that on May 15, 2006, this paper is being filed online in this case with the Trademark Trial and Appeal Board.

/Leo Stoller/

### Certificate of Service

I hereby certify that on May 15, 2006 a copy of the foregoing was sent by First Class mail with the U.S. Postal Service in an envelope addressed to:

Google, Inc.
Building 14
1600 Amphitheatre Parkway
Mountain View, Ca 94043

/Leo Stoller/
Date: May 15, 2006

EXHIBIT 9