**EXHIBIT 10**

Dockets.Justia.com

**TTAB**

# IN THE UNITED STATES PATENT AND TRADEMARK
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

CENTRAL MFG. CO. (INC.),
(a Delaware Corporation)
7115 W. North Avenue #272
Oak Park, Illinois 60302

        Petitioner,

        v.

GOOGLE, INC.
(a Delaware corporation)
1600 Amphitheatre Parkway
Building 41
Mountain View, CA 94043

        Respondent.

TTAB / FEE
(IN TRIPLICATE)

| | |
|---|---|
| Trademark: | **GOOGLE** |
| Registration No: | 2,806,075 |
| Int. Class No: | 42 |
| Filed: | September 16, 1999 |
| Published: | December 4, 2001 |

75978469

05/04/2006 GTHOMAS2 00000030 2806075
01 FC:6401        300.00 OP

## PETITION FOR CANCELLATION

1. This is a proceeding for cancellation of the United States Trademark Registration No. 2,806,075 brought by CENTRAL MFG. CO, ("Petitioner"). The subject registration is for the purported trademark "Google" (the mark) owned by Respondent, GOOGLE, INC. ("Respondent.").

2. In the matter of Registration No. 2,806,075, for the mark **GOOGLE**, in International Class 42 for **computer services, namely, providing software interfaces available over a network in order to create a personalized on-line information service; extraction and retrieval of information and data mining by means of global computer networks; creating indexes of information, indexes of web sites and indexes of other information sources in connection with global computer networks; providing information from searchable indexes and databases of information, including test, electronic documents, databases, graphics and audio visual information, by means of global computer information networks**, the Petitioner states as follows:

05-01-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #3:

91     EXHIBIT     10

## STANDING

3. Pursuant to 37 C.F.R. §2.111(b), the Petitioner asserts that it has standing to file this Petition for Cancellation proceeding because the Petitioner asserts that it will be damaged by the Registration sought to be cancelled. The Petitioner has filed Notice of Opposition number 91170256 to Respondent's pending trademark Application SN: 76-314,811 for the mark GOOGLE.

4. The Petitioner holds Common Law rights in and to the mark GOOGLE for use on sporting goods products and offers the mark GOOGLE for trademark license to third parties. The Petitioner asserts that it will be damaged by registration of the mark GOOGLE. See attached true and correct copies of correspondence from GOOGLE's attorneys to the Petitioner.

## GROUNDS FOR CANCELLATION

5. As specifically amended by the Trademark Law Revision Act of 1988, §14 of the Trademark Act provides for the cancellation of a registration of a mark at any time if the mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered ... 15 U.S.C. §1064(3).

6. The Respondent, GOOGLE, INC., is the leading computer internet search engine. The Respondent's mark GOOGLE has become a generic term for the goods and/or services provided by the Respondent. See true and correct copies of dictionary definitions of the GOOGLE mark. **EXH A.**

7. Respondent's mark, GOOGLE, is now included in the dictionary. **EXH 1**

8. Respondent's GOOGLE mark has become generic term for the goods and/or services covered under the registered mark. **EXH 2**

9. Respondent has attempted to perpetrate a fraud on the public by having its representatives contact dictionaries in order to change the lexicon.

10. Respondent's representatives have written letters to companies that print dictionaries and other sources in an attempt to unlawfully persuade the said companies and/or individuals not to use the word GOOGLE as a generic term. Such conduct represents a

knowing and willful fraud perpetrated by the Respondent on the American public in order to change the lexicon which now includes Google as a generic term. **EXH 2.b**

11. Respondent has abandoned its GOOGLE mark through a program of naked licensing. **EXH 3**

12. The Respondent has abandoned its GOOGLE mark through a process of mutilation of the GOOGLE mark. See attached true and correct copies of GOOGLE's program for mutilating its Federal Trademark Registration. **EXH 4**

13. The Respondent has abandoned its GOOGLE mark through a process of allowing third parties to mutilate its trademark. See attached true and correct copies of third party mutilation. **EXH 5**

14. Respondent has abandoned its mark because its mark fails to function as a mark and/or is purely ornamental. See attached true and correct copies of Respondent's depictions of its ornamental mark.

15. The Petitioner licenses and/or offers to license the mark GOOGLE.

16. The Respondent's mark, **GOOGLE**, is likely to cause confusion, mistake or deception in the buying public or cause the public to believe that there is a connection between the parties, or a sponsorship of Respondent's goods by Petitioner.

17. Respondent's mark **GOOGLE**, when used on or in connection with the goods of the Respondent, is descriptive or deceptively misdescriptive of the goods.

18. Upon information and belief, said application was obtained fraudulently in that the formal application papers filed by Respondent, under notice of §1001 of Title 18 of the United States Code stated that Respondent had a valid first use date. Said statement was false. Said false statement was made with the knowledge and belief that it was false, with the intent to induce authorized agents of the U.S. Patent and Trademark Office to grant said registration in that the Respondent, at the time it filed its said application and declaration were in fact an invalid first use date.

19. Upon information and belief, said application was obtained *fraudulently* in that the formal application papers filed by Respondent, under notice of §1001 of Title 18 of the United States Code stated that Respondent had a valid first use in commerce when Respondent

filed its Trademark application on *September 16, 1999*. Respondent had no valid first use in commerce on the date asserted in the said application.

20. Upon information and belief, the Respondent has no evidence to establish a valid first use date.

21. Upon information and belief, the Respondent has no evidence to establish a valid first use in commerce date.

22. Respondent's use application was a fraud in that Respondent had no use on some or all of the said goods listed therein bearing the mark **GOOGLE** on the first use date, as well known to the Respondent.

23. Respondent's said first use statement was a false statement and was made with the knowledge and belief that it was *false*, with the intent to induce authorized agents of the U.S. Patent and Trademark Office to grant said registration as well known to the Respondent.

24. Upon information and belief, said first use of the mark **GOOGLE** on the goods in question, was made by an authorized agent of Respondent with the knowledge and belief that said statements was false. Said false statements were made with the intent to induce authorized agents of the U.S. Patent and Trademark Office to grant said registration.

25. Respondent's mark **GOOGLE** was not applied for according to its correct type[1], as shown in its said application.

26. Upon information and belief, the Respondent was not the owner of the mark for which the registration is requested[2].

27. Upon information and belief, Respondent's first use application was signed with the knowledge that another party had a right to use the mark in commerce on the same or similar goods.

---

1. See §108 of the TMEP, page 100-5, Registration As Correct Type of Mark - It is important that a mark be registered according to its correct type, if it is not, the registration may be subject to cancellation. *See National Trailways Bus System v. Trailway Van Lines, Inc.*, 222 F. Supp 143, 139 USPQ 54 (E.D.N.Y. 1963), and 269 F. Supp. 352, 155 USPQ 507 (E.D.N.Y. 1965).

2. See *Huang v. Tzu Wei Chen Food Co. Ltd.*, 849 F.2d 1458, 7 USPQ2d 1335 (Fed. Cir. 1988). See TMEP §§706.01 and 802.06 §1 of the Trademark Act 15 U.S.C. §1051.

EXHIBIT 10

28. Concurrent use of the mark GOOGLE by the Respondent and *GOOGLE* by the Petitioner results in irreparable damage to Petitioner's marketing and/or Trademark Licensing Program, reputation and goodwill.

29. Upon information and belief, Respondent's first use application was signed with the knowledge that another party had a right to use the mark in commerce.

30. Respondent's mark GOOGLE will likely result in financial injury and damage to the Petitioner in its business and in its enjoyment of its established rights in and to its said mark *GOOGLE*.

**WHEREFORE**, Petitioner prays that Respondent's Registration No. 2,806,075, for the trademark GOOGLE be cancelled, and that this Petition for Cancellation be sustained in favor of the Petitioner and that the Petitioner is entitled to judgment.

Petitioner hereby gives notice under Rule of Practice that after hearing and in any appeal on this cancellation proceeding, it will rely on its large family of *GOOGLE* registrations and applications incorporated herein and all of the goods and services listed and covered thereunder, in support of this Petition for Cancellation.

The Petitioner prays for such other and further relief as may be deemed by the Director of Patents and Trademarks to be just and proper.

Enclosed is $300.00.

Respectfully submitted,

*[signature]*

Leo Stoller
CENTRAL MFG. CO., Petitioner
Trademark & Licensing Dept.
7115 W. North Avenue #272
Oak Park, Illinois 60302
(773) 589-0340  FAX: (773) 589-0915

Dated: April 18, 2006

EXHIBIT 10