**EXHIBIT 12**

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Baxley

Mailed: July 30, 2006

Opposition No. 91170256

Central Mfg. Co. (Inc.)

v.

Google Inc.

**By the Trademark Trial and Appeal Board:**

Involved application Serial No. 76314811 was published for opposition on November 1, 2005.

Opposer Central Mfg. Co. (Inc.) filed a request to extend time to oppose by ninety days on November 27, 2005, which the Board granted on November 28, 2005. By such extension, opposer was allowed until March 1, 2006 to file a notice of opposition. Opposer filed a notice of opposition on March 1, 2006, and the Board issued a notice instituting this proceeding on April 8, 2006.

In an order signed by the Chief Administrative Trademark Judge on July 14, 2006, all extensions of time filed during and since November 2005 by Leo Stoller and the entities controlled by him, including opposer, were vacated as a sanction. See attached Order.

Accordingly, the extension of time to oppose the involved application that the Board granted on November 28,

2005 is vacated, and the notice of opposition is thus untimely. Based on the foregoing, the above-captioned opposition is dismissed.[1]

Application Serial No. 76314811 will proceed to issuance of a registration certificate in due course.

---

[1] All pending motions in this proceeding are moot.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

July 14, 2006

Leo Stoller
7115 W. North Avenue #272
Oak Park, Illinois  60302

Dear Mr. Stoller:

By order dated March 28, 2006, you were informed that the United States Patent and Trademark Office (USPTO) was considering imposing sanctions against you under 37 C.F.R. §10.18(c),[1] and you were allowed thirty days in which to show cause why sanctions should not be imposed. On April 26, 2006, after an extension of time to respond was granted, you filed your response to the order to show cause.

## BACKGROUND

**Summary of the March 28, 2006 show cause order**

The show cause order noted that you and entities you control filed more than 1100 requests for extension of time to file notices of opposition between November 2005 and March 2006. The order noted, further, that the sheer number of such filings by one person is unprecedented and raises serious questions about whether the filings were undertaken for an improper purpose in violation of 37 C.F.R. § 10.18(b)(2), such as for harassment or unnecessary delay of the targeted applications.

The show cause order made reference to the numerous sanctions imposed on you, over many years, in past TTAB proceedings as evidence of your pattern of misconduct and abuse of the TTAB's

---

[1] The authority to impose sanctions under 37 C.F.R. §10.18(c) has been delegated to the Chief Administrative Trademark Judge from the General Counsel under authority delegated to him by the Under Secretary of Commerce and Director of the United States Patent and Trademark Office.

processes.[2] The show cause order alluded also to your conduct in Federal court proceedings that resulted in negative comment, chastisement, and the imposition of sanctions. In light of your well-documented history, it was concluded that you most likely had an improper purpose in filing such an extraordinary number of extensions of time to oppose.

You were instructed specifically that your response to the show cause order include, for each of the marks for which you requested an extension of time to file an opposition, evidence

---

[2] In particular, the following cases were cited in the show cause order: *S. Indus. v. Lamb-Weston, Inc.*, 45 USPQ2d 1293 (TTAB 1997) (submission of fraudulent certificate of mailing and certificate of service); *S Indus. v. S&W Sign Co.*, Opp. No. 91102907 (Dec. 16, 1999) (fraudulent allegations of ongoing settlement negotiations; allegations of non-receipt of papers found not credible); *Central Mfg. Inc. v. Third Millennium Technology, Inc.*, 61 USPQ2d 1210 (TTAB 2001) (submission of false statements in order to secure extension of time to oppose); *S Indus., Inc. v. Casablanca Indus., Inc.*, Canc. No. 92024330 (Oct. 3, 2000) (dilatory tactics throughout proceeding); *Central Mfg., Inc. v. Flex-Coil Ltd.*, Opp. No. 91117069 (Feb. 19, 2002) ("opposer's representative has filed … numerous papers [for] the sole purpose of harassing applicant, apparently until it capitulates"); *Bacu USA Safety, Inc. v. Central Mfg. Co.*, Canc. No. 92032631 (Jul 24, 2003) ("respondent has … failed to show cause why sanctions should not be imposed on it for filing the groundless Rule 11 motion, [and] has … compounded its wrong by filing a groundless motion for reconsideration"); *S Indus. v. JL Audio, Inc.*, Opp. No. 91110672 (May 13, 2003) (finding opposers' claim "without exception, completely devoid of merit"; opposers engaged in "a pattern of voluminous and piece-meal motion practice against which [they] were warned"); *Central Mfg. Co. V. Astec Indus., Inc.*, Opp. No. 91116821 (Sept. 3, 2003) (judgment entered against opposer for filing abusive Rule 11 motions); *Central Mfg. Co. V. Medtronic Sofamor Danek, Inc.*, Opp. Nos. 91154585, 91154617 (Feb. 19, 2004) (sanctions imposed for filing meritless motions for the purpose of harassment and delay); *Central Mfg. Co. v. Premium Prods. Co.*, Opp. No. 91159950 (Sep. 29, 2004) (sanctions granted for opposer's bad faith omission of date from metered mail); *Leo Stoller v. Northern Telepresence Corp.*, Opp. No. 91162195 (Feb. 11, 2005) (Board found that opposer had submitted untimely extensions of time to oppose notwithstanding use of certificates of mailing and declarations to the contrary; opposition dismissed); *Bacu USA Safety, Inc. v. S Indus., Inc.*, Opp. No. 91108769 (Aug. 14, 2002) ("applicant's pattern of behavior … reveals a deliberate strategy of delay, evasion and harassment …, implied threats to the Commissioner, and … a direct violation of a Board order").

that supports a claim that you may be damaged by registration of the mark.

Finally, you were informed that the sanctions being considered included terminating or vacating any extension of time to oppose found to have been filed in violation of the applicable rules, restriction of your right to appear before the USPTO on your own behalf or as an officer, director, or partner of any entity you control, and/or restriction of your right to request extensions of time to oppose on behalf of yourself or any entity you control.

**Summary of Response**

Your four-page response, to which you attached many pages of exhibits, consists of quotations from the show cause order, citation to certain cases to which you were a party and in which no sanctions were imposed on you, coupled with a request that the USPTO not impose any sanctions based on your past practices before the TTAB and other tribunals, and general comments concerning your basis for filing the numerous requests for extensions of time to oppose, without mention of any particular request.

*References to Other Proceedings*

In asking that the USPTO not sanction you for your past conduct in TTAB cases and the cases in other tribunals, you point out that the Executive Committee for the federal judicial district of the Northern District of Illinois issued you a citation on December 15, 2005, allowing you time to show cause why "reasonable and necessary restraints" should not be imposed upon you in view of your activities in the lawsuits brought by you or your wholly-owned companies, before the Court. The Executive Committee quoted Judge Coar in *Central Mfg. Co. v. Brett*,[3] 78 USPQ2d 1662, 1664 (N.D. Ill. 2005) as follows:

> Indeed, as several judges (including this one) have previously noted, Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation ... Plaintiff and one or more of his corporate entities have been involved in at least 49 cases

---

[3] The Executive Committee referenced the case as: Case No. 04 C 3049, *Stealth Ind. Inc. v. George Brett & Brett*.

3

116

EXHIBIT 12

in this district alone. Of these, at least 47 purport to involve trademark infringement ... No court has ever found infringement in any trademark allegedly held by Stoller or his related companies in any reported opinion.

You also noted that, after filing your response, the Executive Committee ruled, without further explanation, as follows:

The Executive Committee of the Northern District of Illinois has considered your response to the citation issued to you on December 15, 2005. After discussion, the Committee will take no further action in this matter.

You then referred to an order in *Leo Stoller d/b/a Central Mfg. Co. v. WFJM Enterprises, Inc.*, Opposition No. 91155814 (TTAB May 5, 2004), in which the TTAB denied, as premature, a motion to impose sanctions on you.

Finally, in asking that the USPTO not sanction you for your past conduct, you refer to the "*S Industries v. Genie Door*"[4] case wherein the now Chief Judge of the Northern District of Illinois declined, eight years ago, to impose sanctions stating, in part, "the court, however, cannot base its decision to award fees on the plaintiff's conduct in other cases with other defendants."[5]

### *Comments Regarding Current Extension Requests*

You assert that none of the extensions that you have filed on your own behalf or on behalf of entities you control was made for any improper purpose or for harassment or delay. The show cause order specifically required you to provide, for each of the marks for which you have requested an extension of time to oppose, evidence supporting a claim that you may be damaged by registration of the mark. In response, you assert that you have met the standard for filing an extension of time to oppose, because all such extension requests "are not based upon the potential opposer being damaged by a registration, but are based upon the potential opposer merely having an opportunity to

---

[4] The copy of the order provided with your response did not include the caption of the case. It appears that the correct designation of the case is *S Industries, Inc. v. GMI Holdings, Inc.*, Case No. 96 C 2232 (N.D. Ill. 1998).

[5] While the Court did not award fees to defendant (GMI), the Court did award costs to defendant.

investigate the facts, obtain documentation, and to enable the potential opposer to consider its position with regard to potential opposition of an application." You did not provide information regarding any specific steps you have taken with regard to any application for which you have obtained an extension of time to conduct such an investigation.

With respect to the requirement that you support your claim of damage, you state that, through entities which you control, you "hold rights to over 100 Federal Trademark Registrations" and hold "Common Law rights to several thousand trademarks and slogans which can be found at www.rentamark.com." You submitted, as exhibits, excerpts from the referenced website, including a "list of emarks" to which you claim rights. You state that, for each extension filed, you relied on common law rights to a trademark that was, in your opinion, confusingly similar to the applicant's mark.[6]

In requesting that you not be sanctioned, you ask that the USPTO merely give you "… some direction to keep Leo Stoller on a proper course…."

**Activities Since Issuance of the Show Cause Order**

Since the date of the show cause order, you have filed requests for extension of time to oppose against more than 400 additional applications, bringing the total since November 2005 to over 1800, as compared to only six you filed in the five-month period between June and October 2005. In particular, USPTO records show that during the past year you have filed requests for extension of time to oppose as follows:

| | |
|---|---|
| June 2005 | 1 |
| September 2005 | 3 |
| October 2005 | 2 |
| November 2005 | 47 |
| December 2005 | 238 |

---

[6] "For each of the extensions that Leo Stoller filed, Leo Stoller held Common Law rights to a trademark that was in Leo Stoller's opinion, confusingly similar to the *potential opposer's* mark." (Emphasis added.) It is assumed that your reference to "potential opposer's mark" was intended, rather, as a reference to the marks against which you filed the extension requests.

| | |
|---|---|
| January 2006 | 188 |
| February 2006 | 151 |
| March 2006 | 717 |
| April 2006 | 423 |
| May 2006 | 63 |
| Total | 1,833 |

In your response to the show cause order, you stated that you had ceased filing extensions of time to oppose in those cases in which you would have relied on your alleged common law rights. It appears that you have done so.

Since the issuance of the order to show cause, you have contacted directly at least some of the applicants whose applications are the subjects of your requests to extend time to oppose. The TTAB has received informal complaints, formal requests for reconsideration of certain, specific extension requests, and at least one objection to the granting of any more extension requests. The nature of your contact, according to the applicant for application Serial No. 76616350, was "a large package of materials requesting money" in exchange for settlement.[7] Apart from their substantive content, your contact letters request that the receiving applicant consent to an additional 90-day extension of time to oppose, further informing the addressee that such consent will be assumed if you do not hear from the applicant by a date certain and that you will file a "stipulated" request for an additional 90-day extension.[8]

## APPLICABLE RULES

---

[7] Contacting your potential adversary is not *per se* prohibited conduct. Indeed, many potential opposers do so in order to explore the possibility of initiating good faith, bilateral settlement discussion. Inasmuch as the substance of your contact is being addressed separately in connection with the requests being filed by the applicants who have taken formal steps to seek redress, the USPTO will not discuss in detail the "large package of materials" and other features of the contact letter.

[8] Under TTAB rules, you would not be permitted an additional 90-day extension after receiving a first 90-day extension. "After receiving one or two extensions of time totaling ninety days, a person may file one final request for an extension of time for an additional sixty days....No further extensions of time to file an opposition will be granted under any circumstances." Trademark Rule 2.102(c)(3); 37 C.F.R. §2.102(c)(3).

6

119

EXHIBIT

Trademark Rule 2.102 provides, in relevant part, for the filing of requests to extend the time to oppose as follows:

> (a) Any person who believes that ... it would be damaged by the registration of a mark on the Principal Register may file ... a written request ... to extend the time for filing an opposition. ... Electronic signatures pursuant to § 2.193(c)(1)(iii) are required for electronically filed extension requests.
>
> (c) .... Requests to extend the time for filing an opposition must be filed as follows:
>
>> (1) A person may file a first request for either a thirty-day extension of time, which will be granted upon request, or a ninety-day extension of time, which will be granted only for good cause shown.

Trademark Rule 2.193(c)(2) provides in relevant part as follows:

> The presentation to the Office (whether by signing, filing, submitting, or later advocating) of any document by a party, whether a practitioner or non-practitioner, constitutes a certification under § 10.18(b) of this chapter. Violations of § 10.18(b)(2) of this chapter by a party, whether a practitioner or non-practitioner, may result in the imposition of sanctions under § 10.18(c) of this chapter.

Patent and Trademark Office Rule 10.18 provides as follows:

> (b) By presenting to the Office (whether by signing, filing, submitting, or later advocating) any paper, the party presenting such paper, whether a practitioner or non-practitioner, is certifying that—
>
>> (2) To the best of the party's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that— (i) The paper is not being presented for any improper purpose, such as to harass someone or to cause unnecessary delay or needless increase in the cost of prosecution before the Office; (ii) The claims and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal

7

of existing law or the establishment of new law; (iii) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (iv) The denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on a lack of information or belief.

(c) Violations of paragraph (b)(1) of this section by a practitioner or non-practitioner may jeopardize the validity of the application or document, or the validity or enforceability of any patent, trademark registration, or certificate resulting therefrom. Violations of any of paragraphs (b)(2)(i) through (iv) of this section are, after notice and reasonable opportunity to respond, subject to such sanctions as deemed appropriate by the Commissioner, or the Commissioner's designee, which may include, but are not limited to, any combination of-

> (1) Holding certain facts to have been established;
>
> (2) Returning papers;
>
> (3) Precluding a party from filing a paper, or presenting or contesting an issue;
>
> (4) Imposing a monetary sanction;
>
> ...
>
> (6) Terminating the proceedings in the Patent and Trademark Office.

### DISCUSSION

Your assertion that you have met the standard for filing requests for extension of time to oppose and that you need not submit evidence supporting a claim that you may be damaged by registration of the marks in the subject applications amounts to a failure to respond meaningfully to the show cause order. While an unchallenged request for extension of time to oppose, when accompanied by a minimal statement of good cause, is rarely

8

denied,[9] your filing of more than 1100 requests for extension of time to oppose within the few months preceding the date of the show cause order suggested a serious violation of your responsibilities as a party before the USPTO. The show cause order thus required you to demonstrate more than what might have been required in the ordinary case to support a single request for extension of time. In particular, you were required to demonstrate that the extension requests were not filed for improper purposes but, instead, were based on cognizable rights you may have arising under the Trademark Act.

Addressing directly the issue of your belief that you will be damaged, you indicate that you own over 100 federal registrations for trademarks and that you have common law rights in several thousand trademarks and slogans, referring to your website and attaching pages from your website to your response. Your submissions do not substantiate your rights in any of the claimed marks, let alone support a colorable claim of damage. For example, you did not submit copies of the registration certificates of the registered trademarks you claim to own. Nor did you even clearly identify your registered trademarks and the goods and services for which they are registered.

In support of your claim of damage to your purported common law trademarks, you provided a listing of your claimed trademarks, running to almost 150 pages (50 terms listed on each page). The listing was derived from your website and includes nothing more than the listing of the marks themselves. You submitted no evidence of products or services bearing these alleged marks, no evidence that you have sold any products or services under these marks, and no evidence of your advertising of goods or services with these marks.

At your website, you offer to "RENT-A-FAMOUS slogan" and offer "Famous Trademarks for Rent On-Line." Your website states that you "control over 10,000 famous trademarks…." Nonetheless, the exhibits from your website do not demonstrate your offering for sale any goods or services, other than the "rental" of the marks themselves, nor do the website exhibits demonstrate the use of any of the asserted terms as trademarks. These excerpts from your website, rather than evidencing support of any purported claim for damage, reinforce the conclusion that you are holding up thousands of applications in an attempt to coerce applicants

---

[9] *But see*, TBMP § 210, 211 (2d ed. rev. 2004)(regarding requests by applicants that the TTAB reconsider granted requests for extensions of time to oppose or deny subsequent requests).

9

to license, *i.e.*, "rent," trademarks to which you have not demonstrated any proprietary right. *Cf. Central Mfg. Co. v. Brett*, 78 USPQ2d 1662, 1675 (N.D. Ill. 2005) ("Leo Stoller and his companies present paradigmatic examples of litigants in the business of bringing oppressive litigation designed to extract settlement.")

Finally, in requesting that the USPTO not sanction you for your past conduct, you reference in your response two court cases and a single TTAB case in which sanctions were not imposed on you. Although these other tribunals have for various reasons declined to impose sanctions, their decisions also contain findings supporting the conclusion that your recent activities in the TTAB are not isolated or anomalous, but rather reflect a pattern of harassing behavior. The rationales used by those other tribunals for declining to impose sanctions do not apply here, where the behavior is of such a systematic nature as to raise the potential cost of seeking a trademark for the public generally.

**DETERMINATION**

Your filing of an extraordinary number of requests for extension of time to oppose, particularly in light of your past behavior before the TTAB and the courts, constitutes a violation of your responsibilities under Patent and Trademark Rule 10.18(b). That rule provides that, by filing a paper (including the extension requests at issue here), you represent, among other things, that "[t]he paper is not being presented for any improper purpose, such as to harass someone or to cause unnecessary delay or needless increase in the cost of prosecution before the Office" and that "[t]he claims and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Patent and Trademark Rule 10.18(b)(2).

Extensions of time to oppose are granted *ex parte*, typically upon a minimal showing of good cause. Nonetheless, the requirements for an extension of time to oppose are clear: "Any person *who believes that he, she or it would be damaged by the registration of a mark* ... may file in the Office a written request ... to extend the time for filing an opposition." Trademark Rule 2.102(a) (emphasis added). Thus, while the potential opposer's showing

10

123

need not be extensive and the TTAB's examination of extension requests is usually cursory, Trademark Rule 2.102 and Patent and Trademark Rule 10.18 require that all requests for extension of time be based on a good faith belief that the potential opposer would be damaged by the potential registration.

The show cause order invited you to demonstrate that your filing of each of the extraordinary number of requests for extension of time to oppose was not improper. ("Any such showing should include evidence that supports a claim that you may be damaged by the registration of each of the marks for which an extension of time to oppose has been filed.") While extensions of time to investigate potential claims are common, the potential opposer must still hold some reasonable belief that it would be damaged by registration of the mark in question. Notwithstanding the opportunity offered to you to demonstrate such a belief, you have declined to make any such showing.

Any impropriety with respect to the letters you have sent to applicants against whose applications you have filed requests to extend time to oppose is not now under review. Nonetheless, the manner in which you request "consent" for prospective further requests to extend time to oppose, such consent being necessary under Trademark Rule 2.102(c)(3), is indicative of your motivation in filing the requests to extend time to oppose that are now under scrutiny. Specifically, your intimation that the individual applicant's consent is presumed if you do not receive an objection is in contradiction of your actual knowledge that any such consent must be explicit. See *Central Manufacturing, Inc. v. Third Millennium Technology, Inc.*, 61 USPQ2d 1210 (TTAB 2001) (misrepresenting that applicant has "agreed" to the third and fourth requests to extend time to oppose). Thus, your contact letters, providing misinformation as to the requirements for the final extension request permitted under Trademark Rule 2.102(c)(3), support the finding that the extension requests at issue here were filed for improper purposes, specifically "…to obtain additional time to harass applicant, to obtain unwarranted extensions of the opposition period, and to waste resources of applicant and the Board." *Id.* at 1216.

In view thereof, it is determined that you have not made a showing that you have a colorable claim of damage justifying the extension requests filed during the period in question and have failed to establish good cause for filing such requests. It is determined, further, that you filed the extension requests for improper purposes, namely, to harass the applicants to pay you to

11

avoid litigation or to license one of the marks in which you assert a baseless claim of rights. Your misuse of the TTAB's procedures dictates that the USPTO impose on you an appropriate sanction.

**Sanctions Imposed**

In deciding what sanctions to impose, the USPTO considered the egregious nature and extent of your recent misconduct, including the impact of the misconduct on TTAB proceedings. You have been granted 90-day extensions of time to oppose more than 1800 applications. The effect has been to delay by at least three months the issuance of trademark registrations for each of those applications. In addition, the TTAB has had to divert significant resources to answering telephone inquiries from applicants or their representatives concerning your numerous filings. And the applicants against whom you have filed requests for extension of time to oppose have begun to submit formal objections that the TTAB must decide.

Also, the USPTO found it reasonable and proper to consider your recent misconduct in the context of your well-documented pattern of misconduct during many years of litigation before the TTAB and the courts as set out in the show cause order, which included the sampling of TTAB cases in which sanctions were imposed against you[10] and the case in the Northern District of Illinois.[11] Cf. C.

---

[10] Indeed, irregularities with respect to your filing of requests to extend time to oppose have been considered previously. *See, for example, Stoller v. Northern Telepresence Corp.*, 152 Fed. Appx. 923, 2005 WL 2813750 (Fed. Cir. 2005), affirming the TTAB's decision denying as untimely your request(s). *See also Central Manufacturing, Inc. v. Third Millennium Technology, Inc.*, 61 USPQ2d 1210 (TTAB 2001), imposing a sanction, for a period of one year, which required the actual signature of the adverse party for any request to extend time to oppose filed by you in which it was alleged that such request was being sought on consent, or had been agreed to, or in which there was any allegation of any type of settlement discussion. This sanction was imposed because the TTAB found that the applicant had not "agreed" to the extension requests, that the parties were not engaged in bilateral settlement discussions, and that applicant had not invited opposer to proffer a settlement agreement, all determinations being contrary to your proffered reasons for seeking the extensions at issue therein. The TTAB further found that you "filed papers based on false statements and material misrepresentations and, moreover, … engaged in a pattern of submitting such filings to this Board."

12

Wright & A. Miller, 5A Fed. Prac. & Pro. Civ.3d § 1336.1 (2006) (appropriate to consider prior behavior in other cases when exercising a court's inherent authority); Fed. R. Civ. P. 11, Advisory Committee's Note (1993) (same consideration appropriate under Rule 11). While the USPTO has considered findings made by other tribunals, the pattern of activities in the TTAB alone justify the sanctions imposed below.

The following sanctions are, therefore, hereby imposed:

### Grant of Extension Requests Vacated

The approval of each request for extension of time to oppose that you have filed since November 2005 is hereby vacated.[12]

### Two-Year Prohibition On Filing Extension Requests

You are hereby prohibited for a period of TWO YEARS from the date of this order from filing, on your own behalf or as an officer, director, or partner of any entity you control, any request for extension of time to oppose under Trademark Rule 2.102. This two-year prohibition applies whether or not you are represented by an attorney.

### Requirement Of Attorney Representation For Any Future Extension Requests

You are PERMANENTLY prohibited from appearing before the USPTO on your own behalf or as an officer, director, or partner of any

---

[11] In contrast to the two cited orders of the Northern District of Illinois in which the Executive Committee and the Court declined to impose sanctions, that court has chastised and sanctioned you numerous times. See, e.g., S Industries, Inc. v. JL Audio, Inc., 29 F. Supp.2d 878 (N.D. Ill. 1998) ("This has not been a good year for Plaintiff in the Northern District of Illinois, but, then again, Plaintiff has not been a good litigant."), referencing several other cases before the Court that had been decided against you. See also Central Mfg. Co. v. Pure Fishing, Inc., 2005 WL 3090998 (N.D. Ill. 2005) (and cases cited therein), in which the court imposed the sanction of dismissing plaintiff's claim and granting defendant's counterclaims to cancel registrations you own and for declaratory and injunctive relief. (The Pure Fishing case is suspended pending resolution of your petition in bankruptcy.)

[12] Extension requests granted more than 90 days ago have now expired. This sanction is, thus, moot with respect to such requests. But, if you have filed a notice of opposition against any of the involved marks, such notice of opposition is rendered untimely by this sanction, and any such opposition shall be dismissed.

13

EXHIBIT

entity you control for the purpose of filing any request to extend time to file a notice of opposition or any paper associated therewith. Any such future request must be filed by an attorney, who will be bound to act in accordance with USPTO Rule 10.18(b).

**Request For "Direction"**

Finally, you requested "direction" in how to proceed before the TTAB. As a frequent party to proceedings before the TTAB during the past ten years, you have been informed repeatedly about how the TTAB expects proceedings to be conducted. In the past, you have often ignored the direction given you by the TTAB, in the form of information or reprimand, or have found a way to side step such direction with improper or bad faith conduct.

The USPTO provides information to parties and the public electronically in a user-friendly format. The Trademark Act, the rules of practice in matters before the TTAB, The Trademark Trial and Appeal Board Manual of Procedure (2d ed. rev. 2004), and answers to frequently asked questions are all available for viewing and downloading at www.uspto.gov. While an individual may represent himself or herself (or a business in which he or she is an officer or partner) before the USPTO, see Patent and Trademark Rule 10.14(e), the TTAB "strongly recommend[s]" that a party be represented by an "attorney familiar with trademark law." TBMP §114.01 (2d ed. rev. 2004). Those who choose to represent themselves occasionally call the TTAB with questions and are provided procedural information. Overall, after being directed to the TBMP, they abide by the rules. Thus, there is no reason for the USPTO to conclude that the explanations provided in the TBMP are too complicated for *pro se* litigants, particularly for ones with an extensive history of practice before the TTAB.

Consequently, the TTAB's "direction" to you will remain the same that it has been for many years and the same as that given to other litigants representing themselves: engage an experienced trademark lawyer. Failing that, read and follow the applicable statute, rules, and cases and consult the TBMP for guidance.

**Potential for Imposition of Broader Sanctions**

The applicable rules permit broader sanctions. For instance, the USPTO considered whether to bar you permanently from filing

14

extension requests or to require that you be represented by an
attorney with respect to any future Board matter, not just
requests for extensions of time to oppose. At this time, the
USPTO has restricted the sanctions imposed herein to those
closely related to your recent misconduct and, it believes, the
minimum necessary to prevent such misconduct in the future.
Nonetheless, the question of broader sanctions will be revisited
if you commit further improprieties in proceedings before the
TTAB.


So ordered.


/signed/

J. David Sams
Chief Administrative Trademark Judge
Trademark Trial and Appeal Board
United States Patent and Trademark Office

15

128                              EXHIBIT