**EXHIBIT 16**

Dockets.Justia.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 3 0 2006
KENNETH S. GARDNER, CLERK
PS REP. - SJ

In re    Chapter 7
LEO STOLLER,                                    Case No. 05-64075
          Debtor,                               Hon. Jack B. Schmetterer
                                                Monday, Oct. 30, 2006
                                                10:00AM

NOTICE OF MOTION AND HEARING

The Debtor ("Debtor"), files and notices its emergency motion for hearing before Judge Jack B. Schmetterer at 9:30, Monday Oct. 30. 2006 in the court occupied by him_____ 682 .

Leo Stoller
7115 West North Avenue #272
Oak Park, Illinois 60302

NOTICE OF SERVICE

I certify that the following were served via fax and/or email on Sunday Oct. 29, 2006

addressed to:

Janice A. Alwin (6277043)
   Rick Fogel
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
   321 North Clark Street, Suite 800
   Chicago, IL 60610
   Tel: (312) 276-1323
   Fax: (312) 275-0571
   email: jalwin@shawgussis.com
   Chapter 7 Trustee

   Richard N. Golding Esq.
   500 North Dearborn St.
   Second Floor

1

185                    EXHIBIT

Chicago, Illinois 60610

Sara E. Lorber Esq
Seyforth Shaw LLP
131 South Dearborn
Chicago, Illinois 60606
Counsel for Pure Fishing Inc.

Melvin J. Kaplan Esq.
14 E. Jackson
Suite 1200
Chicago, Illinois 60604

**186**

EXHIBIT

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re    Chapter 7
LEO STOLLER,
                Debtor.

Case No. 05-64075
Hon. Jack B. Schmetterer

EMERGENCY MOTION *To File An appeal for*

NOW COMES Leo Stoller ("Debtor"), and requests that this Court enter an order

stating that the trustee has abandoned the intellectual property and/or trademarks of the estate

and other relief and Debtor states as follows:

INTRODUCTION

1.    The Debtor Leo Stoller filed a personal chapter 13 in December of 2005. On August

31, 2006, the court converted Leo Stoller to a chapter 7.  A trustee was appointed.

On Oct. 15, 2006 the court entered an order authorizing the trustee to act on behalf

of each of the debtors wholly owned corporations in the capacity of sole shareholder

of each respective corporation.

2.    The Debtor was in the business of licensing trademarks and litigating to protect

those trademarks.  The Debtor has over 30 pending Oppositions and Petition to

1

187

EXHIBIT

attached, on Oct. 4, 2006 canceling the Debtors STEALTH trademarks and issuing a sanction against the debtor declaring the debtor a vexatious litigator, assisting attorneys fees against the debtor which may amount to over $700,000.00 The Debtor and his corporations should be allowed to appeal this order and have the Debtor's corporation represented by counsel. The Debtor has requested permission from the trustee to permit the Debtor's trademark attorney's file a notice of appeal on behalf of the Debtor and the Debtor's wholly owned corporations. The Trustee has refused to give the Debtor permission despite the fact that the cost of the appeal would not be born by the Debtor's estate. Dispite the fact that a reversal of the said decision would be an asset of the estate and will result in a large financial payment to the estate.

5.    This motion is an emergency motion because the Notice of Appeal must be filed in the Pure Fishing case before Nov. 3, 2006. The trustee prevention of the debtor from having its trademark attorney represent the debtor corporations in an appeal prevents the debtor from realizing the full value of its assets and permits a appeal able judgment to stand, which would not otherwise stand. assessing the Debtor $700,000 in additional attorney fees, canceling 35 STEALTH Federal Trademarks. declaring the debtor a vexatious litigator and barring the Debtor from the filing of any lawsuits.

6. The Debtor has waived it right to discharge and the debtor must be permitted under the circumstances to realizing the full value of its assets in order to satisfy the creditors.

**188**

WHEREFORE, the Debtor prays, that the court issue an order that the Trustee has abandoned the intellectual property and/or trademarks of the Debtors estate and that they are as a result of abandonment no longer property of the estate and they revert to Leo Stoller.

Secondly, that the court enter an order permitting Leo Stoller to litigating at the Trademark Trial and Appeal Board on behalf of his corporations to protect his trademarks.

Thirdly, that the court enter an order permitting Leo Stoller to retain counsel to represent the debtors corporations in the pending district court cases and Appeals cases in which Leo Stoller and/or his corporations are involved, without any attorney fees being assed to the estate in order for the debtor to realize the full value of its assets. That the court permit the Debtor to retain counsel in order to file its appeal in the Pure Fishing Inc., Case No. 05-CV 00725 on behalf of Debtor's corporations. That the Trustee not be permitted to interfere in all of the Debtors currently filed legal proceedings involving the trademark of the debtor.

/Leo Stoller/

Leo Stoller

7115 West North Avenue #272

Oak Park, Illinois 60302

NOTICE OF SERVICE

I certify that the following were served   via fax and/or   email on Sunday   Oct. 29, 2006

EXHIBIT

addressed to:

    Janice A. Alwin (6277043)
      Rick Fogel
Shaw Gussis Fishman Glantz
    Wolfson & Towbin LLC
    321 North Clark Street, Suite 800
    Chicago, IL 60610
    Tel: (312) 276-1323
    Fax: (312) 275-0571
    email: jalwin@shawgussis.com
    Chapter 7 Trustee

    Richard N. Golding Esq.
    500 North Dearborn St.
    Second Floor
    Chicago, Illinois 60610


    Sara E. Lorber Esq
    Seyforth Shaw LLP
    131 South Dearborn
    Chicago, Illinois 60606
    Counsel for Pure Fishing Inc.

    Melvin J. Kaplan Esq.
    14 E. Jackson
    Suite 1200
    Chicago, Illinois 60604

/Leo Stoller/   Oct 29, 2006

## Stoller Bankruptcy Trustee Willing to Dismiss Pending Proceedings

The Chapter 7 Trustee for the estate of Leo Stoller (see ____, postings ____ and ____) has sent the following e-mail to me, indicating his willingness to dismiss without prejudice pending proceedings involving the mark STEALTH. He would also consider resolution of proceedings involving other marks asserted by Stoller. The Trustee's message is set forth below.



Dear Mr. Welch:

By Order of the U.S. Bankruptcy Court for the Northern District of Illinois effective September 1, 2006, I have been appointed the chapter 7 trustee in connection with the administration of the estate of Leo Stoller. This authority vests in me the ability to begin, maintain, terminate, or settle any pending proceeding that involves Mr. Stoller or any of his proprietorship entities. By further Order of the Court effective October 5, 2006 that authority has been extended to include actions as sole share holder of all corporate entities owned or controlled by Mr. Stoller. Mr. Stoller has thus been relieved of his ability to act as a representative of his corporations or proprietorships, including the filing of or response to any motions in any pending trademark opposition or cancellation proceedings.

I have reviewed what information has been provided regarding any business activity that would give rise to potential trademark rights, whether registered or at common law. I have also reviewed the district court's Judgment dated October 4, 2006 in connection with Central Mfg. Co. v. Pure Fishing, Inc., No. 05 C 00725 (N.D. Ill.) which cancelled a number of STEALTH-based trademark registrations.

EXHIBIT

In connection with any trademark opposition or cancellation that was pending on
or before September 1, 2006, you may announce in the TTABlog that I would
generally consider any reasonable Agreed Motion to Dismiss Without Prejudice such
a proceeding that involved any of the STEALTH trademark rights asserted by Mr.
Stoller or one of his corporate entities. I would also agree to consider, on a case-
by-case basis, oppositions or cancellation proceedings that involved other
trademark rights asserted by Mr. Stoller following a reasonable investigation into
the basis for the proceeding.


Richard M. Fogel

(Not individually but as chapter 7 trustee in the estate of Leo Stoller)

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

321 N. Clark Street, Suite 800

Chicago, IL 60610

Direct dial: (312) 276-1334

Direct fax: (312) 275-0578


         The Order authorizing the Trustee to act on behalf of Stoller's
wholly-owned companies may be found ____. It would probably be wise to include
a copy of that Order as an exhibit to any stipulated dismissal paper.

         In two STEALTH oppositions, the applicants have already filed
papers signed by the Trustee, to effect dismissal of the oppositions without
prejudice.

In *Central Mfg. Co. v. Pocekovic*, Opposition No. 91164582, the parties filed an
"Agreed Motion to Dismiss" (____), and the Board accordingly dismissed the
proceeding without prejudice (____).

In *Central Mfg. Co. v. Premium Prods., Inc.*, Opposition No. 91159950, the parties
filed a "Stipulated Dismissal without Prejudice" (____). [Under Rule 41(a)(1), FRCP,
this stipulated dismissal is effective immediately, even without Board action. I
think this is the better of the two approaches]. TTAB dismissal ____.


## 192

EXHIBIT

**Text Copyright John L. Welch 2006.**

193

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA104313**

Filing date: **10/16/2006**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91159950 |
| Party | Defendant<br>PREMIUM PRODUCTS, INC.<br>PREMIUM PRODUCTS, INC.<br>P.O. Box 444<br>Mount Vernon, VA 22121 |
| Correspondence Address | H. JAY SPIEGEL<br>H. JAY SPIEGEL &amp; ASSOCIATES<br>PO BOX 11<br>MOUNT VERNON, VA 22121 |
| Submission | Other Motions/Papers |
| Filer's Name | H. Jay Spiegel |
| Filer's e-mail | jayspiegel@aol.com |
| Signature | /H. Jay Spiegel/ |
| Date | 10/16/2006 |
| Attachments | groundzerostealth.stipofdismissal.certofservice.101606.pdf ( 1 page )(25218 bytes ) |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

CENTRAL MFG. CO.
P.O. Box 35189
Chicago, IL  60707-0189

            Opposer,

v.

PREMIUM PRODUCTS, INC.
(a Virginia Corporation)
P.O. Box 11
Mount Vernon, VA  22121

            Applicant.

Trademark:    GROUND ZERO STEALTH

Application SN:    76/505,385

Int. Class No.:    28

Filed:    April 1, 2003

Published:    November 25, 2003

Opposition No.:    91159950

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of a STIPULATED DISMISSAL WITHOUT PREJUDICE,

electronically filed using the TTAB ESTTA System on October 15, 2006, was served by First Class

Mail, postage prepaid, this 16th day of October, 2006, on the following Opposer:

CENTRAL MFG. CO.
c/o Richard M. Fogel, Esquire
Chapter 7 Trustee of the
    Bankruptcy Estate of Leo Stoller
Shaw Gussis Fishman Glantz
    Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60610.

DATED:  October 16, 2006

Respectfully submitted,

H. JAY SPIEGEL & ASSOCIATES

H. Jay Spiegel
Attorney for Applicant
Registration No. 30,722

H. JAY SPIEGEL & ASSOCIATES
P.O. Box 11
Mount Vernon, Virginia  22121
(703) 619-0101 - Phone
(703) 619-0110 - Facsimile

195

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number: **ESTTA104110**

Filing date: **10/13/2006**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91164582 |
| Party | Defendant<br>Pocekovic, Jovan<br>Pocekovic, Jovan<br>3815 West 11th. Avenue CAX<br>Vancouver, V6R 2K8 |
| Correspondence Address | JOVAN POCEKOVIC<br>3815 WEST 11TH AVENUE<br>VANCOUVER, CANADA V6R 2K8<br>. DA |
| Submission | Other Motions/Papers |
| Filer's Name | Lance G. Johnson |
| Filer's e-mail | ljohnson@roylance.com, usdocketing@roylance.com, john@stealthvodka.com, rfogel@shawgussis.com |
| Signature | /LanceJohnson/ |
| Date | 10/13/2006 |
| Attachments | Dismissal order- Stealth Vodka.pdf ( 1 page )(7787 bytes )<br>Order converting case and appointing trustee.pdf ( 1 page )(42831 bytes )<br>Trustee letter of appointment.pdf ( 1 page )(30533 bytes )<br>Trustee acts for corps.pdf ( 1 page )(25169 bytes ) |

EXHIBIT    F

IN THE U.S. PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEALS BOARD

Leo Stoller                          ]
Central Mfg. Co.,                    ]
                    Opposers        ]          Opposition No. 91164582
        v.                           ]
                                     ]
Jovan Pocekovic,                     ]
                    Applicant        ]

## AGREED MOTION TO DISMISS

October 12, 2006

Applicant and the trustee in bankruptcy for Opposers Leo Stoller and Central Mfg. Co. (see attached) hereby agree to dismiss the above-identified opposition without prejudice. All pending motions are hereby withdrawn and deemed moot.

On Behalf of Applicant:

/LanceJohnson/
Lance G. Johnson
*Roylance, Abrams, Berdo & Goodman, LLP*
*1300 19th Street, NW Suite 600*
*Washington, DC 20036*
*Tel: 202-659 9076*
*Fax: 202-659 9076*
*LJohnson@Roylance.com*

Authorized Representative for Opposers:

/Richard Fogel/
Richard M. Fogel
(Not individually, but as chapter 7 trustee for the bankruptcy estate of Leo Stoller)
*Shaw, Gussis, Fishman, Glantz & Towbin, LLC*
*321 North Clark Street, Suite 800*
*Chicago, IL 60610*
*Tel: (312) 276-1334*
*Fax: (312) 275-0578*
*RFogel@ShawGussis.com*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )    Case No. 05 B 64075
                                          )    Chapter 13
LEO STOLLER,                              )
                                          )    Honorable Jack B. Schmetterer
          Debtor.                         )
                                          )
                                          )
                                          )

ORDER CONVERTING CHAPTER 13
CASE TO A CASE UNDER CHAPTER 7

This matter having been presented to the Court upon the Motion (the "Motion") to

Convert Chapter 13 Case to Chapter 7 and for Immediate Appointment of Trustee filed on March

15, 2006, by Pure Fishing, Inc. ("PFI"), and the Court having conducted a hearing on the Motion

and having concluded at the end of that hearing, pursuant to comments which shall be amplified

by further findings of fact and conclusions of law, that sufficient cause exists to grant the relief

requested in the Motion;

   NOW THEREFORE, the Court does hereby ORDER that:

   1.    Pursuant to 11 U.S.C. § 1307(c), the Motion is granted and the captioned case

hereby is converted from a proceeding under Chapter 13 of the Bankruptcy Code to a proceeding

under Chapter 7 of the Bankruptcy Code, *nunc pro tunc* August 31, 2006;

   2.    Pursuant to 11 U.S.C. § 701, the United States Trustee shall appoint an interim

trustee in this case.

*3. This order is effective immediately*

ENTERED

SEP 0 1 2006

JACK B. SCHMETTERER BANKRUPTCY JUDGE
Honorable Jack B. Schmetterer

CH2_20191264_1

EXHIBIT



**U. S. Department of Justice**

United States Trustee

*Northern District of Illinois*

227 West Monroe Street                    312 886-578
Suite 3350                                     FAX / 312 886-578
Chicago, Illinois 60606

September 5, 2006

Richard M. Fogel, Esq.
Shaw, Gussis et al
321 North Clark Street
Suite 800
Chicago, IL  60610

Re:    Leo Stoller
       Case number 05 B 64075

Dear Mr. Fogel:

The above captioned case converted from Chapter 13 to Chapter 7 of the Bankruptcy Code on September 1, 2006 and you are appointed to serve as trustee in this matter. Bond is fixed and approved as the blanket bond.

If you reject this appointment you must notify the court and this office within five (5) days of the receipt of this letter. Otherwise you will be deemed to have accepted the appointment.

Sincerely,

WILLIAM T. NEARY
United States Trustee

Rejected:

_____
Signature

_____
Date

199

EXHIBIT ___8

05-64075;153.1;Motion to Authorize;Proposed Order and Minute Order Entered: 9/26/2006 3:21:30 PM by:Janice Alwin Page 1 of 2

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| **LEO STOLLER,** | Case No. 05-64075 |
| Debtor. | Hon. Jack B. Schmetterer |
| | Hearing Date: October 5, 2006 |
| | Hearing Time: 10:30 a.m. |

### ORDER AUTHORIZING THE TRUSTEE TO ACT ON BEHALF OF DEBTOR'S WHOLLY-OWNED CORPORATIONS AND RELATED RELIEF

Upon consideration of the application (the "Motion") of Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Leo Stoller (the "Debtor"), for the entry of an order authorizing the Trustee to act on behalf of the Debtor's Wholly-Owned Corporations (as defined in the Motion) solely in the Trustee's capacity as the sole shareholder of such corporations; due and proper notice of the Motion having been given; and the Court being otherwise fully advised in the premises; its is hereby

ORDERED:

1.      Notice of the Motion as provided for therein is sufficient and further notice is waived.

2.      The Trustee is authorized to act on behalf of each of the Wholly-Owned Corporations in the capacity of sole shareholder of each respective corporation as set forth in the Motion.

Dated: _10/5/06_      ENTER

Bankruptcy Judge

OCT 0 5 2006

980 ORD A014386 l.DOC}                    **200**                    EXHIBIT

MU

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Central Mfg. Co., et al.

                Plaintiff,

v.

                                        Case No.: 1:05-CV-00725
                                        Honorable George W. Lindberg

Pure Fishing, Inc., et al.

                Defendant

## ~~PROPOSED~~ FINAL JUDGMENT

    Having considered Defs.' Motion to Lift Stay and Enter Final Judgment, the Court hereby enters this final judgment in accordance with Fed. R. Civ. P. 54, 55(b), and 58.

    IT IS ORDERED that final judgment is hereby entered in favor of Defendants / Counter-Plaintiffs on counterclaims I-IV against Central Mfg. Co., Leo Stoller an individual doing business as Central Mfg. Co. doing business as S. Industries Inc. doing business as Terminator doing business as Stealth doing business as Rentamark doing business as Rentamark.Com doing business as Stealth Sports and Marine doing business as Association Network Management doing business as USA Sports Co. Inc. doing business as Stealth Industries, Inc. doing business as Central Mfg Inc. doing business as S Industries doing business as Sentra Industries Inc.

    IT IS FURTHER ORDERED that this case is "exceptional" under 15 U.S.C. § 1117(a). Counter-Defendants are jointly and severally responsible, and shall pay the Defendants'/Counter-Plaintiffs' costs, charges and disbursements, including a reasonable attorneys' fees, incurred in this action. Defendants / Counter-Plaintiffs shall file the information required by Fed. R. Civ. P. 54(d)(2) in support of its fee award within fourteen (14) days after the date of this Order. Defendants / Counter-Plaintiffs shall file a bill of costs and disbursements on the form provided by the clerk pursuant to Fed. R. Civ. P. 54(d), no later than ten (10) days after the date of this Order.

EXHIBIT

IT IS FURTHER ORDERED that US Trademark Registration No. 1,766,806 and the STEALTH mark for fishing bobbers are lapsed, invalid, abandoned, unenforceable, and forfeit under federal and common laws.

IT IS FURTHER ORDERED that US Trademark Registration No. 1,766,806 and each of the "Stealth" trademark registrations listed in the Complaint are canceled.

IT IS FURTHER ORDERED that there is no reasonable likelihood of confusion between Plaintiff's STEALTH marks and the SPIDERWIRE STEALTH mark as used by Defendants.

IT IS FURTHER ORDERED that Counter-Defendants, whether or not registered with the State of Illinois, are vexatious litigants and are barred from instituting any lawsuit or trademark opposition without prior leave of this Court pursuant to this Court's authority under the All Writs Act 28 U.S. C. § 1651(a).

IT IS FURTHER ORDERED that Counter-Defendants are liable for the judgment in *S Industries, Inc. v. Centra 2000, Inc.*, 1998 U.S. Dist. LEXIS 10649, 1998 WL 395161 (N.D. Ill. 1998) so as to allow execution of that judgment against such trademark registrations, goodwill, and associated license assets, including US trademark registration nos. 1,332,378 and 1,766,806 and all other trademark registrations at a value of $245 for each (sanctions of October 12, 2005 hearing) in partial satisfaction of that judgment.

IT IS FURTHER ORDERED that Counter-Defendants are enjoined from dissipating, transferring, assigning, liquidating, or otherwise removing the trademark assets of Plaintiffs and Counter-Defendants to another person or entity without prior notification and approval of this Court.

Dated: 10/4/06

Lindberg, J.
U.S. District Court Judge

