IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOGLE INC., ) | |
| ) | Civil Action No. 07 CV 385 |
| Plaintiff, ) | |
| ) | Hon. Virginia M. Kendall |
| vs. ) | |
| ) | Hearing Date: February 20, 2007 |
| CENTRAL MFG. INC. a/k/a CENTRAL ) | Hearing Time: 9 a.m. |
| MFG. CO., a/k/a CENTRAL MFG. CO. ) | |
| (INC.), a/k/a CENTRAL ) | |
| MANUFACTURING COMPANY, INC. ) | |
| and a/k/a CENTRAL MFG. CO. OF ) | |
| ILLINOIS; and STEALTH INDUSTRIES, ) | |
| INC. a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR ENTRY
## OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT

Plaintiff Google Inc. ("Google"), by its attorneys, and defendants Central Mfg. Inc. and Stealth Industries, by and through Richard M. Fogel, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Leo Stoller, respectfully request that the Court enter the Stipulated Permanent Injunction and Final Judgment (the "Injunction and Final Judgment") agreed to by the parties in complete and final resolution of this action and approved by the United States Bankruptcy Court for the Northern District of Illinois.

### Background of Settlement

Defendants to this action are two corporate entities, Central Mfg. Inc. ("Central Mfg.") and Stealth Industries, Inc. ("Stealth"). (Central Mfg. and Stealth are, collectively, "Defendants"). Defendants' former principal, Leo Stoller ("Debtor"), filed Chapter 13 bankruptcy proceedings on December 20, 2005.[1] Subsequently, on August 31, 2006, the Bankruptcy Court converted Debtor's bankruptcy proceedings to ones under Chapter 7 for, among other reasons, Debtor's failure to maintain any books or records (including for the

---

[1] Declaration of Michael T. Zeller, dated February 12, 2007 and filed concurrently herewith ("Zeller Dec."), Exh. 3.

Defendants and other entities in which he claimed an interest) and his failures to disclose assets.[2] By Order dated October 5, 2006, the Bankruptcy Court duly authorized the Trustee to act on behalf of the Defendants.[3] Moreover, since the time of the Chapter 7 conversion, the Bankruptcy Court specifically has rejected, twice, Debtor's requests to represent Defendants in legal proceedings.[4]

As set forth in its Complaint and discussed in Google's separate Memorandum in Support of the Joint Motion, this action stems from these corporate Defendants' pattern of fraudulent acts that targeted Google for extortion and, in the process, cost Google hundreds of thousands of dollars in damage -- damage that continues to this day.  Google and the Trustee negotiated a Settlement Agreement that, if implemented as described below, resolves Google's claims against the Defendants (the "Settlement Agreement").[5]  The Bankruptcy Court approved the parties' Settlement Agreement by Order dated December 5, 2006 (the "Settlement Order").[6]  The Bankruptcy Court thus authorized the Trustee to enter into the Settlement Agreement, which includes the Injunction and Final Judgment, and found that the Settlement Agreement was in the best interests of the estate.[7]  Moreover, in so ruling, the Bankruptcy Court also rejected Debtor's belated objections to the Settlement Agreement.[8]

The Settlement Agreement is contingent upon, among other things, the discontinuance of various proceedings that Defendant Central Mfg. had brought against Google, including through entry of the Injunction and Final Judgment in this action.[9]  If the Injunction and Final Judgment is entered so as to ensure a complete termination of the proceedings that Defendant Central Mfg. brought against Google and to ensure that Google is protected against further repetition of

---

[2]  Zeller Dec., Exh. 2.
[3]  Zeller Dec., Exh. 1.
[4]  Zeller Dec., Exhs. 4, 5, 16, 17.
[5]  A copy of the Settlement Agreement is Exhibit 7 to the Zeller Dec.
[6]  Zeller Dec., Exh. 6.
[7]  Zeller Dec., Exh. 7.
[8]  Zeller Dec., Exhs. 6, 18.
[9]  The Stipulated Permanent Injunction and Final Judgment is being lodged concurrently herewith.  A copy of the Stipulated Permanent Injunction and Final Judgment is also Exhibit A to the Settlement Agreement.  The agreed-upon discontinuances of the proceedings before the Trademark Office are attached as Exhibits B - D of the Settlement Agreement.

Defendants' misconduct, Google has agreed to release its monetary claims against the Defendants and the Debtor's bankruptcy estate.[10]

## Grounds For This Motion

"There is no question that fostering settlement is an important Article III function" of the federal courts. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998). See also Uhl v. Thoroughbred Technology and Telecommunications, Inc., 309 F.3d 978, 986 (7th Cir. 2002) (applying principle that "[f]ederal courts favor settlement" to limit scope of review of class action settlements); Goodman v. Epstein, 582 F.2d 388, 403 (7th Cir. 1978) (settlement of claims "is recognized as essential to the continued functioning of our judicial system."); Clarion Corp. v. American Home Products Corp., 494 F.2d 860, 861 (7th Cir. 1974) ("Compromises of disputed claims are favored by the courts."); Porsche Cars North America, Inc. v. Manny's Porshop, Inc., 972 F. Supp. 1128, 1132 (N.D. Ill. 1997) ("there is a strong public policy in favor of voluntary settlements."); B.H. v. Ryder, 856 F.Supp. 1285, 1290 (N.D. Ill. 1994) ("There is a strong public policy in favor of settlements, and the efforts of judges to promote settlement are among the most important functions they perform."); United States v. Bliss, 133 F.R.D. 559, 567 (E.D. Mo. 1990) ("The courts have long recognized that public policy favors settlements as a cost-efficient and convenient means of resolving disputes and conserving judicial resources.").

This policy favoring settlement extends to the entry of consent decrees and injunctions in furtherance of the parties' voluntary agreements.  As the Supreme Court has stated, District Courts may properly enter a consent decree where it (1) "spring[s] from and serve[s] to resolve a dispute within the courts' subject-matter jurisdiction"; (2) "come[s] within the general scope of the case made by the pleadings"; and (3) furthers the objectives upon which the complaint was based.  Local No. 93, Int'l Ass'n of Firefighters v. Cleveland, 478 U.S. 501, 525-26, 106 S. Ct. 3063, 3077 (1986).  "However, in addition to the law which forms the basis of the claim, the parties' consent animates the legal force of a consent decree.  Therefore, a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial."  Id.  As one Court of Appeals has stated, "the parties enjoy wide latitude in terms of what they may agree to by consent decree and have sanctioned by a court."  Conservation Law Foundation of New England, Inc. v. Franklin, 989

---

[10]   Zeller Dec., Exh. 7 at pp. 6-7 (Article 3).

F.2d 54, 59 (1st Cir. 1993); see also Bliss, 133 F.R.D. at 567 ("Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved.").

    Both the Trustee and Google respectfully submit that the Injunction and Final Judgment amply meets these standards. As noted, an essential condition for the effectiveness of the Settlement Agreement, including Google's releases of its monetary claims against Defendants, is entry of the Injunction and Final Judgment. Unless and until that condition is satisfied, Google's claims against these corporate Defendants will remain. If not resolved, and regardless of where they would have to be litigated, these claims will constitute a burden to the bankruptcy estate in the hands of the Trustee; will inevitably diminish the funds available to other creditors for disbursement by the Trustee; and will require the expenditure of scarce judicial resources, either in this Court, the Bankruptcy Court or both. These are, of course, among the reasons the Bankruptcy Court approved the Trustee's settlement with Google as being in the best interests of the estate. Entry of the Injunction and Final Judgment will result in a resolution, and complete release, of Google's monetary claims against Defendants in accordance with the Settlement Agreement's terms while also providing Google with the injunctive relief that it needs to bring a full resolution to the proceedings that Defendants brought against Google and to avoid further, protracted litigation that will burden Google and the judicial system. Thus, the Injunction and Final Judgment comes within the general scope of the case as reflected by the pleadings, and its entry would further the objectives upon which the complaint was based. Because the Complaint alleges federal claims within the Court's federal question jurisdiction and a pendent state law claim within the Court's supplemental jurisdiction, the Injunction and Final Judgment springs from and serves to resolve a dispute within its subject matter jurisdiction. Finally, the resolution here is fair and reasonable, as both Google and the Trustee jointly submit and as the Bankruptcy Court found.

    Google and the Trustee respectfully request that the Court enter the Injunction and Final Judgment.

### **Entry Of The Injunction And Final Judgment Need Not, And Should Not, Await Adjudication of Debtor's Alleged Appeal Of The Settlement Order**

    Although Debtor has purported to appeal the Bankruptcy Court's Settlement Order, Google and the Trustee respectfully submit that neither that appeal, nor any other appeal by

Debtor, warrants delay of the entry of the Injunction and Final Judgment here. Both the law and practical considerations support this.

<u>First</u>, as shown in the Oppositions to Debtor's pending Motions submitted by Google and the Trustee, Debtor here is not the lawful representative of Defendants. To the contrary, the Bankruptcy Court vested the Trustee with authority over the Defendants and has specifically *rejected* Debtor's requests that he be allowed to act on behalf of these Defendants in legal proceedings. He also lacks standing to intervene or otherwise participate in these proceedings as an individual because he has not shown, and cannot show, a direct, legally protectible interest in this case. Under these circumstances, Debtor's separate appeal of the Settlement Order should not be afforded consideration here.

<u>Second</u>, even if he had standing in this litigation (which he does not), Debtor did not obtain an order staying the Bankruptcy Court's Settlement Order pending appeal or post a supersedeas bond.[11] The Trustee and Google therefore are entitled to proceed to implement the Settlement Agreement, including the Injunction and Final Judgment that is part of it, pursuant to the Bankruptcy Court's Settlement Order. "[T]he filing of a petition to review an order of a bankruptcy judge . . . does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay." <u>Country Fairways, Inc. v. Mottaz</u>, 539 F.2d 637, 641 (7th Cir. 1976).[12] This rule equally applies to Bankruptcy Court Orders approving settlement agreements. "Absent a stay of the bankruptcy court's order [approving settlement], the parties [are] free to effectuate the settlement." <u>In re Fraidin</u>, 124 Fed. Appx. 212, 213 (4th Cir. 2005). Indeed, a bankruptcy Trustee "is expected and encouraged to proceed with

---

[11] Zeller Dec., Exh. 6. In fact, Debtor has not obtained a stay of any Order entered by the Bankruptcy Court. <u>Id., Exhs. 6, 17.</u>

[12] In particular, the Settlement Agreement, if implemented by entry of the Injunction and Final Judgment, will result not only in a release by Google running to Defendants, but also terminate proceedings instituted by Defendant Central Mfg. and resolve any future claims that Defendants might assert. <u>E.g.</u>, Zeller Dec., Exh. 7 at § 2.5. Because "the settlement of a cause of action held by the estate is plainly the equivalent of a sale of that claim" under 11 U.S.C. § 363(b) (<u>In re Telesphere Communication, Inc.</u>, 179 B.R. 554, 552 n. 7 (N.D. Ill. 1994), a stay pending appeal must be obtained to challenge the transaction on appeal. 11 U.S.C. § 363(m); <u>In re Sax</u>, 796 F.2d 994, 997-98 (7th Cir. 1986) ("§ 363(m) and the cases interpreting it have clearly held that a stay [of an order pending appeal] is necessary to challenge a bankruptcy sale under § 363(b)."); <u>see also In re Commercial Loan Corp.</u>, 316 B.R. 690, 697 n.5 (Bkrtcy. N.D.Ill. 2004) (settlement of claim is equivalent to sale for purposes of 11 U.S.C. § 363(b)); <u>In re Bridge Information Systems, Inc.</u>, 293 B.R. 479, 486 (Bkrtcy. E.D. Mo. 2003 (same).

administration of the estate after the entry and during the appeal of an order of adjudication" where no stay pending appeal has been obtained. In re Christian & Porter Aluminum Co., 584 F.2d 326, 334 (9th Cir. 1978). See also In re Monson, 87 B.R. 577, 587 (Bankr. W.D. Mo. 1988) (same).

Independently, the Bankruptcy Court's Settlement Order lifted the automatic stay under 11 U.S.C. § 362(d). As a result, as to Defendants here, "[t]o the extent the stay is terminated by the [bankruptcy] court as to a particular creditor, that creditor may proceed to collect on his or her debt. Even if an appeal is filed, the creditor may proceed. . . . The only way the debtor can avoid this situation is by obtaining a stay pending appeal. F.R.B.P. 8005." In re Strawberry Square Associates, 152 B.R. 699, 701 (E.D.N.Y. 1993). Or, as one Court of Appeals put it, where a party merely appeals a Bankruptcy Court order lifting the automatic stay without also obtaining a stay of that order pending appeal, the Bankruptcy Court's order becomes "final" and "'returns the parties to the legal relationships that existed before the stay became operative.'" In re Kahihikolo, 807 F.2d 1540, 1543 (11th Cir. 1987) (quoting In re Winslow, 39 B.R. 869, 871 (Bankr. N.D. Ga. 1984)).

Debtor's purported appeal from the Settlement Agreement therefore does not, under the law, justify delaying entry of the Injunction and Final Judgment here. To the contrary, doing so would run counter to established legal principles. Waiting until resolution of the appeal also would effectively grant a *de facto* stay of the Bankruptcy Court's Settlement Order without Debtor's having satisfied the requirements for a stay pending appeal. In order to obtain a stay of a Bankruptcy Court order pending appeal, the moving party must demonstrate: (1) a "substantial showing of likelihood of success" on the merits of the appeal (and "not merely the possibility of success"); (2) irreparable harm if the stay is denied; (3) no substantial harm will be suffered by others if the stay is granted; and (4) there will be no harm to the public interest by granting the stay. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300-01 (7th Cir. 1997).

Debtor here failed to seek any stay from the Bankruptcy Court in the first instance and has proffered no basis for why he failed to do so, which alone would deny him any entitlement to a stay of the Settlement Order pending appeal. Fed. R. Bankr. P. 8005 (requiring motion for stay pending appeal be made in the first instance to Bankruptcy Court; motion may be made to District Court upon showing of why the relief was not obtained from Bankruptcy Court). Debtor here also has submitted no evidence to meet any of the substantive requirements for a stay

pending appeal, let alone all of them. Most tellingly, far from making a "substantial showing" of likelihood of success on the merits of his alleged appeal, Debtor has made no showing at all on this score. Nor could he, especially in light of the wide latitude afforded Bankruptcy Courts in approving settlements. "Because the bankruptcy judge is 'uniquely positioned to consider the equities and reasonableness of a particular compromise,' [this court on appellate review] will not reverse that determination unless the bankruptcy judge abused his discretion." In re Energy Cooperative Inc., 886 F.2d 921, 926 (7th Cir. 1989) (quoting In re American Reserve Corp., 841 F.2d 159 (7th Cir. 1987) (quotation marks and other citations omitted) and In re Patel, 43 B.R. 500, 505 N.D. Ill. 1984)). Debtor's inability to prove a substantial showing of likelihood of success on his ostensible appeal in itself would bar a stay of the Settlement Order pending appeal. See In re Forty-Eight Insulations, Inc., 115 F.3d at 1304 (affirming denial of stay pending appeal on this ground alone); In re Uvaydov, 354 B.R. 620, 624 (E.D.N.Y. 2006) ("Failure to satisfy any one of these criteria for a stay pending appeal dooms the request.") (citing EPlus, Inc. v. Katz (In re Metiom, Inc.), 318 B.R. 263, 271 (S.D.N.Y. 2004)).

     Third, significant practical considerations counsel against delaying the entry of the Injunction and Final Judgment until resolution of Debtor's appeal from the Settlement Order. Google has filed claims in excess of $250,000 against Defendants that still pend in the Bankruptcy Court.[13] Google's release of such monetary claims against Defendants will be effective only upon full implementation of the Settlement Agreement that was approved by the Bankruptcy Court's Settlement Order, including the entry of the Injunction and Final Judgment here. Meanwhile, the timing of a resolution of the appeal from the Settlement Order currently before the District Court is uncertain, and the timing of any resolution of Debtor's inevitable appeal to the Seventh Circuit is even more uncertain. Waiting until the appeal on the Settlement Order is decided would, as a practical matter, likely require Google to pursue its monetary claims in the Bankruptcy Court in the meantime -- a result that would deny both the Trustee and Google the benefit of their bargain in the Settlement Agreement, would diminish any money available for distribution to other creditors in the Bankruptcy Court proceedings and impose otherwise unnecessary burden on the Bankruptcy Court, the Trustee and Google alike. Indeed, these are the types of practical difficulties that the law seeks to avoid by, as shown above, permitting free

---

[13]   Zeller Dec., Exh. 19.

implementation of Bankruptcy Court Orders pending appeal unless a stay is obtained or a bond is posted.

Furthermore, a delay in entry of the Injunction and Final Judgment would create increased monetary exposure to Defendants and greater damage to Google. The Injunction and Final Judgment is an indispensable component of the Settlement Agreement's mechanisms for bringing a conclusive end to the various spurious proceedings that Defendants brought against Google and for ensuring against the repetition of such misconduct. For example, as shown in Google's separate Memorandum, Debtor falsely and without authorization continues to purportedly represent Defendant Central Mfg. in cancellation proceedings that it had instituted in the Trademark Trial and Appeal Board ("TTAB") against Google. (Unlike in the Courts, in TTAB proceedings one need not be a lawyer in order to represent an entity.[14]) Debtor's filings in the TTAB proceedings, unlawfully made on behalf of Defendants here, continue unabated even now and thus continue to impose expense and burden on Google. The clarity of the Injunction and Final Judgment -- which will be conclusively binding in TTAB proceedings on Defendants[15] -- is therefore necessary to ensure a full and complete termination of those proceedings, and delay in entry of the Injunction and Final Judgment would allow further damage to Google through the expense and burden of continued litigation. Worse yet, delaying entry of the Injunction and Final Judgment would effectively give Debtor the benefit of a stay of the Bankruptcy Court's Settlement Order pending appeal without having to post a bond that would protect Google in the event that the stay was erroneously permitted and that would give Google recourse for further harm caused by any such delay.

## Conclusion

For each of the foregoing reasons, plaintiff Google and defendants Central Mfg. Inc. and Stealth Industries, by and through Richard M. Fogel, not individually but as Chapter 7 Trustee, respectfully request that the Court enter the Stipulated Permanent Injunction and Final Judgment.

---

[14] Trademark Trial and Appeal Board Manual of Procedure, § 114.01, at 100-39, 100-41.

[15] E.g., The Other Telephone Co. v. Connecticut Nat'l Telephone Co., 181 U.S.P.Q. 779, 781-82 (Comm'r of Patents 1974) (noting that District Court adjudications are "binding" on TTAB, whereas TTAB decisions are not binding on District Courts). Further authorities and discussion on this subject are set forth in Google's Opposition to Stoller's Motion to Suspend Pending the Trademark Trial and Appeal Board's Decision on Defendant's Motion for Summary Judgment.

DATED:  February 12, 2007       Respectfully submitted,

                                GOOGLE INC.

                                By:  s/ William J. Barrett_____
                                   One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
  PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 629 5170
(312) 984-3150 (fax)

                                CENTRAL MFG. INC. AND STEALTH
                                INDUSTRIES

                                By: s/ Janice Alwin_____
                                   By and For The Trustee

Richard M. Fogel, Esq. (ARDC No. 3127114)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
  & TOWBIN LLC
321 North Clark Street, Ste. 800
Chicago, Illinois 60610

Not Individually but as Chapter 7 Trustee

Janice Alwin, Esq. (ARDC No. 6277043)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
  & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Counsel for Trustee

## CERTIFICATE OF SERVICE

      I, William J. Barrett, certify that I caused to be served on the parties on the following Service List, manner of service and date as indicated below, a copy of the foregoing: **(1) NOTICE OF JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT and (2) JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT**.

                                                s/ William J. Barrett
                                                William J. Barrett

## SERVICE LIST

Leo Stoller
7115 W. North Avene
Oak Park, Illinois 60302
*Via e-mail to ldms4@hotmail.com*
(*Served via email transmission on February 12, 2007 and overnight delivery on February 13, 2007*)

Richard M. Fogel, Esq.
Janice Alwin
SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC
321 North Clark Street, Ste. 800
Chicago, Illinois 60610
(*Served via messenger delivery on February 13, 2007*)