IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOGLE INC., ) | Civil Action No. 07 CV 385 |
| Plaintiff, ) | |
| ) | Hon. Virginia M. Kendall |
| vs. ) | |
| ) | Presentment Date: February 20, 2007 |
| CENTRAL MFG. INC. a/k/a CENTRAL ) | Presentment Time: 9 a.m. |
| MFG. CO., a/k/a CENTRAL MFG. CO. ) | |
| (INC.), a/k/a CENTRAL ) | |
| MANUFACTURING COMPANY, INC. ) | |
| and a/k/a CENTRAL MFG. CO. OF ) | |
| ILLINOIS; and STEALTH INDUSTRIES, ) | |
| INC. a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bar of the State of Illinois, New York and California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff Google Inc. ("Google"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of the Order and Statement dated November 16, 2005 issued by this Court, the Honorable George W. Lindberg presiding, in *Central Mfg. Co., et al. v. Pure Fishing Inc., et al.*, No. 05 C 00725.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2007, at Los Angeles, California.

*/s/ Michael T. Zeller*
Michael T. Zeller

20056/2057352.1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 2.5
Eastern Division

Central Mfg. Co., et al.
                            Plaintiff,

v.                                          Case No.: 1:05−cv−00725
                                          Honorable George W. Lindberg

Pure Fishing, Inc., et al.
                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 16, 2005:

      MINUTE entry before Judge George W. Lindberg : Plaintiff's case is dismissed with prejudice and a default judgment is entered against each of the counter−defendantsMailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Order Form (01/2005)   Case 1:05-cv-00725   Document 185-2   Filed 11/16/2005   Page 1 of 6

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 725 | DATE | 11/16/2005 |
| CASE TITLE | Central Mfg. Co. vs. Pure Fishing, Inc., et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff's case is dismissed with prejudice and a default judgment is entered against each of the counter-defendants.

■ [ For further details see text below.]                                                   Docketing to mail notices.

### STATEMENT

This case is a striking example of gross misconduct by counter-defendant and plaintiff's principle, Leo Stoller, and his counsel, Peter Woods. Their conduct constitutes a flagrant contempt for this Court and mandates the harsh sanctions of dismissal of this case with prejudice as to plaintiff and entry of default judgment as to each counter-defendant.

I.   **Factual Background**

Leo Stoller, a counter-defendant and purported sole shareholder of plaintiff Central Mfg. Co. and each of the counter-defendants, is a frequent litigant within this district.[1] Mr. Stoller, a non-lawyer, has earned a reputation for initiating spurious and vexatious federal litigation. *See e.g. Central Mfg. Co. et al. v. Brett*, 2005 WL 2445898 (N.D. Ill. Sept. 30, 2005) (Coar, J.) ("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp. 2d 796 (N.D. Ill. 1998) (Castillo, J.) (Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996) (Shadur, J.) (Stoller "appears to have entered into a new industry – that of instituting federal litigation."). Additionally, Mr. Stoller or his entities have been ordered to pay their opponent's attorneys' fees in at least seven reported cases. *See e.g. Central Mfg. Co. et al. v. Brett*, 2005 WL 2445898 (N.D. Ill. Sept. 30, 2005) (Coar, J.); *S Indus., Inc. v. Ecolab Inc.*, 1999 WL 162785 (N.D. Ill. Mar.16, 1999) (Gottschall, J.); *S Indus., Inc. v. Stone Age Equip., Inc.*, 12 F. Supp. 2d 796, 798-99, 819-20 (N.D. Ill.1998) (Castillo, J.); *S Indus., Inc. v. Centra 2000, Inc.*, 1998 WL 157067 (N.D. Ill. Mar.31, 1998) (Lindberg, J.), *aff'd by* 249 F.3d 625, 627-29 (7th Cir. 2001); *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 991 F.Supp. 1012 (N.D. Ill.1998) (Andersen, J.);

---

1. Since 1988, Leo Stoller, individually or through one of his many wholly-owned corporate entities, has been involved in at least 49 cases in the Northern District of Illinois.

3                                                                                                EXHIBIT 1

## STATEMENT

*S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 17 F.Supp.2d 775 (N.D. Ill.1998) (Andersen, J.); *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 1998 WL 641347 (N.D. Ill. Sept. 10, 1998) (Andersen, J.); *S Indus., Inc. v. Kimberly-Clark Corp.*, 1996 WL 388427 (N.D. Ill. July 9, 1996) (Shadur, J.); *S Indus., Inc. v. Hobbico, Inc.*, 940 F.Supp. 210, 212 (N.D.Ill.1996) (Shadur, J.).

In keeping with Mr. Stoller's reputation, his actions in the instant litigation have been vexatious and sanctionable. As background, a brief explanation of Mr. Stoller's "business" is necessary. For more than a decade, Mr. Stoller has been creating and operating various wholly-owned corporate entities including, *inter alia*, S. Industries, Inc., Central Manufacturing Co., Central Manufacturing Inc., Sentra Industries, Inc., Stealth Industries, Inc., and Rentamark.com. Mr. Stoller admits that he is the chief operating officer, president, and where applicable, sole shareholder for each of these corporate entities. Individually and through these wholly-owned entities, Mr. Stoller applies for and has obtained trademark registrations for hundreds of words and phrases including the term "Stealth," which is at issue in the instant case. As part of his "business," Mr. Stoller issues cease and desist letters to companies that market products bearing some version of the names and terms he has purportedly trademarked. In those letters, Mr. Stoller threatens to file an infringement action unless the targeted companies pay him a licensing fees for the use of the allegedly trademarked terms.

In the mid and late 1990s, Mr. Stoller initiated a number of infringement lawsuits on behalf of S. Industries, Inc., stating that he and/or S. Industries Inc. owned the exclusive rights to various trademarks, including ones for the term "Stealth." As discussed above, many of those suits were unsuccessful and resulted in the imposition of sanctions against S. Industries, Inc. and Mr. Stoller. Seemingly to avoid possible forfeiture of one or more of the trademark registrations to judgments creditors of S. Industries, Inc., Mr. Stoller purportedly transferred S. Industries Inc.'s rights in those marks to Central Mfg. Co.

Thereafter, Mr. Stoller began a new round of infringement lawsuits on behalf of Central Mfg. Co., the new alleged owner of exclusive title for various "Stealth" marks. *See e.g. Central Mfg. Co. et al. v. Brett*, 2005 WL 2445898 (N.D. Ill. Sept. 30, 2005) (Coar, J.). Mr. Stoller and Central Mfg. Co. initiated the instant trademark infringement action on February 4, 2005. Throughout the initial complaint, Central Mfg. Co. maintained that it was a Delaware Corporation. Mr. Stoller and Central Mfg. Co. also stated that they held the rights to the federal trademark registrations for the term "Stealth," which served as the sole basis for their complaint. Plaintiffs also included, as exhibits to the complaint, copies of trademark registration forms indicating that Central Mfg. Co. held sole title to the disputed "Stealth" trademarks.

Subsequently, Central Mfg. Co. and Mr. Stoller retained additional counsel who filed their appearances on May 19, 2005 and filed an amended complaint on May 24, 2005. Therein, Mr. Stoller removed himself as a named plaintiff and Central Mfg. Co. continued to maintain that it was a Delaware corporation and held sole title to the disputed "Stealth" trademarks. During that same week, Mr. Stoller and his additional attorneys filed a motion with Judge Hart stating that Central Mfg. Co. was a d/b/a of Central Mfg. Inc. *See Columbia Pictures Industries, Inc. v. Stoller et al.*, 05 C 2052. In response to the amended complaint, defendants filed a number of counterclaims, naming Mr. Stoller and various of his wholly-owned corporate entities as counter-defendants. Defendants also filed a motion to dismiss, challenging the legitimacy and corporate status of Central Mfg. Co. In response to defendant's motion to dismiss, Central Mfg. Co. admitted that, contrary to the statements in its initial and amended complaints, it was not a Delaware corporation. In fact, Central Mfg. Co. was not an independent corporate entity. Instead, for the first time in this litigation, Central Mfg. Co. stated that it was a d/b/a/ for Central Mfg. Inc., a Delaware corporation, that was not named in the instant lawsuit. On September 27, 2005, this Court dismissed plaintiff's amended complaint without prejudice.

Prior to a ruling on the motion to dismiss, plaintiff's additional counsel moved to withdraw as counsel for Central Mfg. Co., Mr. Stoller and a number of the corporate counter-defendants, stating that they were no longer being paid and that their continued representation of those parties would violate Illinois Rules of

05C725 Central Mfg. Co. vs. Pure Fishing, Inc., et al     Page 2 of 6

4                                                                                    EXHIBIT  1

Case 1:05-cv-00725   Document 185-2   Filed 11/16/2005   Page 3 of 6

## STATEMENT

Professional Conduct 3.1, 3.2 and 3.3(a)(1) and (a)(12).[2] Mr. Woods did not move to withdraw his appearance on behalf of Central Mfg. Co. The Court scheduled an October 12, 2005 hearing on the motion to withdraw. A few hours before the hearing, plaintiff's additional counsel filed a motion for leave to file a second amended complaint. In light of the allegations in plaintiff's additional counsel's motion to withdraw and because Mr. Woods had an appearance on file for Central Mfg. Co., the Court granted the motion to withdraw on October 12, 2005, and gave the corporate counter-defendants until November 2, 2005 to obtain new counsel. The Court reserved ruling on plaintiff's motion for leave to file a second amended complaint and ordered Mr. Woods to either certify that the allegations in the proposed second amended complaint complied with Federal Rule of Civil Procedure ("Rule") 11, or withdraw the proposed second amended complaint by October 21, 2005.

Thereafter, the Court began to uncover some of the egregious conduct of Mr. Stoller, individually and on behalf of his corporate entities, and Mr. Woods. The Court held a hearing on November 9, 2005. At the hearing, Mr. Woods admitted to the following conduct:

(1) providing Mr. Stoller with oral authorization to sign his name to pleadings filed with the Court;

(2) authorizing Mr. Stoller to sign his name to a motion to compel that lacked any evidentiary support and accused this Court of "being an integral part of [a scheme] to defraud the Federal Court and to defraud Leo Stoller out of his valuable trademarks," and accused defense counsel of "concocting [a] scheme in order to defraud the counter-defendants out of $100,000 and 30 Federal Trademarks," "tortiously interfer[ing] with Leo Stoller's business banking relationship," and designing "a scheme to purchases a fee award merely for the purpose of asserting a non-meritorious counterclaim;"

(3) authorizing Mr. Stoller to sign his name to the February 4, 2005 attorney appearance form on behalf of Central Mfg. Co. that failed to include his ARDC number;

(4) authorizing Mr. Stoller to sign his name to the February 4, 2005 complaint that repeatedly stated that Central Mfg. Co. is a Delaware corporation, when reasonable inquires as required by Rule 11 would have disclosed that Central Mfg. Co. was not an independent legal entity;

(5) authorizing Mr. Stoller to sign his name to an October 28, 2005 attorney appearance form that failed to include his ARDC number and purported to be on behalf of Central Mfg. Co., after all parties to the case had previously agreed that Central Mfg. Co. was not an independent legal entity;

(6) authorizing Mr. Stoller to sign his name to an October 28, 2005 attorney appearance form on behalf of various corporate counter-defendants without verifying whether those counter-defendants were independent legal entities; and

(7) authorizing Mr. Stoller to sign his name to a Rule 11 Certification, dated October 21, 2005, certifying that the proposed second amended complaint complied with Rule 11.

At the hearing, Mr. Woods also stated that the allegations and information in the above referenced filings came directly from Mr. Stoller. Mr. Stoller provided Mr. Woods with the information included in the above referenced motion to compel and erroneously represented that each of the counter-defendants listed on Mr. Woods' October 28, 2005 appearance form were independent legal entities. Additionally, although not

---

2. Rule 3.1 provides, in pertinent part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law." Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Rule 3.3(a)(1) provides that a lawyer shall not "make a statement of material fact or law to a tribunal which the later knows or reasonably should know is false." Rule 3.3(a)(12) provides that a lawyer shall not "fail to use reasonable efforts to restrain and prevent a client from doing those things that the lawyer ought not to do."

05C725 Central Mfg. Co. vs. Pure Fishing, Inc., et al    Page 3 of 6

5

EXHIBIT 1

Case 1:05-cv-00725   Document 185-2   Filed 11/16/2005   Page 4 of 6

## STATEMENT

specifically confirmed on the record, it appears that Mr. Stoller may have drafted a number of the pleadings to which he affixed Mr. Woods' name. Furthermore, Mr. Stoller also filed baseless *pro se* motions in his capacity as a counter-defendant. Most notably, Mr. Stoller filed meritless motions to disqualify this Court and defense counsel. Despite repeated admonishments by this Court that he was not an attorney and could not represent his corporate entities, Mr. Stoller also filed a pleading on behalf of his corporate counter-defendants.

### II.     Legal Analysis

#### A.     Conduct of the Corporate Counter-defendants

It is well settled that corporate entities cannot appear before the court *pro se*. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir.1985). On October 27, 2005, the Court ordered that any corporate counter-defendant that did not have an attorney appearance on file by November 2, 2005 would be defaulted. The next day, Mr. Woods authorized Mr. Stoller to sign his name to and file an attorney appearance on behalf of all of the corporate counter-defendant. That appearance form clearly violates Rule 11(a). Rule 11(a) requires that "[e]very pleading, written motion, and other paper **shall be signed by at least one attorney**." *Fed.R.Civ.P.* 11 (emphasis added). In order to comply with Rule 11, Mr. Woods must personally sign each paper filed with the Court and cannot authorize Mr. Stoller to sign his name to pleadings submitted on behalf of the corporate counter-defendant. *See Dillard v. Washington*, 1996 WL 616664 (N.D. Ill. Oct. 21, 1996) (dismissing a complaint pursuant to Rule 11 because the plaintiff failed to personally sign it).

The appearance form also fails to comply with Rule 11(b). Mr Woods admitted that he did not verify that each of the counter-defendants listed on the appearance form were independent legal entities. In fact, a number of those entities, most notable Central Mfg. Co., are not legal entities. Further, authorizing the filing on an attorney appearance form on behalf of non-existent corporate entities clearly prejudiced defendants by needlessly increasing the cost of discovery and hampering defendants' ability to identify the true parties in interest in Counterclaim IV. Therefore, because the attorney appearance form filed on behalf of the corporate counter-defendants violates Rule 11(a) and (b), it is stricken. Additionally, the corporate counter-defendants will not be allowed leave to file an additional attorney appearance form. Based on the admissions of Mr. Woods, he is not qualified to represent the corporate counter-defendants in this litigation, and the counter-defendants cannot represent themselves. Accordingly, default judgment is entered as to each of the corporate counter-defendants for failure to obtain competent representation, despite ample opportunity to do so.

#### B.     The Conduct of Mr. Woods and Mr. Stoller, Individually and on Behalf of Central Mfg. Co.

Next, the Court addresses the conduct of Mr. Woods and Mr. Stoller, individually and on behalf of Central Mfg. Co. The Court has the inherent authority to dismissed plaintiff's complaint with prejudice and enter a default judgment against Mr. Stoller to rectify abuses to the judicial process. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). This power is governed by the necessary control a court must have over its docket and includes the imposition of the sanction of dismissal with prejudice. *Id.* As the Seventh Circuit has recognized, "there are species of misconduct that place too high a burden . . . for a court to allow a case to continue." *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993). Dismissal with prejudice is a harsh sanction, however "the most severe sanction in the spectrum of sanctions provided by statute or rule must be available . . . not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Additionally, the Court need not explore the appropriateness of a lesser sanction if the circumstances justify dismissal of the action with prejudice.

05C725 Central Mfg. Co. vs. Pure Fishing, Inc., et al       Page 4 of 6

6

EXHIBIT  1

| STATEMENT |
|---|

*Dotson*, 321 F.3d at 667.

In deciding what measure of sanction to impose, this court must consider the "egregiousness of the conduct in question in relation to all aspects of the judicial process." *Barnhill*, 11 F.3d at 1368. Further, "[m]isconduct may exhibit such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *Dotson*, 321 F.3d at 668.

Since the inception of this case, Mr. Woods and Mr. Stoller, individually and on behalf of Central Mfg. Co, have repeatedly violated the Federal Rules of Evidence. For example, Mr. Woods stated that he did not personally sign the original attorney appearance or complaint filed on behalf of Central Mfg. Co. Rather, in violation of Rule 11, Mr. Woods authorized Mr. Stoller to sign his name to those documents, without provided any indication to the Court or opposing counsel that Mr. Woods had not personally signed them. Mr. Woods also did not personally sign the Rule 11 certification ordered by the Court, within the deadline for doing so.

Next, Mr. Woods and Central Mfg. Co., through Mr. Stoller, violated Rule 11(b) by maintaining that Central Mfg. Co. was a Delaware corporation. Contrary to the statements in Central Mfg. Co.'s initial and amended complaints, it is not an independent legal entity and is not incorporated under the laws of Delaware. Central Mfg. Co. filed an amended complaint with this Court on May 26, 2005 stating that it was a Delaware corporation, while almost simultaneously filing a motion before Judge Hart stating that Central Mfg. Co. was a d/b/a for Central Mfg. Inc. *See Columbia Pictures Industries, Inc. v. Stoller et al.*, 05 C 2052. Plaintiff, through Mr. Stoller, filed this case under a false name. Since the inception of this case, and unquestionably prior to filing the amended complaint, Mr. Stoller knew that he had not incorporated Central Mfg. Co. However, Mr. Stoller likely attempted to conceal this fact from the Court because the trademark registrations that are the basis for the infringement claims, state that Central Mfg. Co., not Central Mfg. Inc., owns sole title to the disputed marks. The conduct of Central Mfg. Co., through Mr. Stoller, is akin to the conduct in *Dotson*. 321 F.3d 663. In *Dotson*, the Seventh Circuit upheld the dismissal of a plaintiff's case with prejudice as a sanction for filing suit under a false name. *Id.* at 668. Accordingly, Central Mfg. Co. and Mr. Stoller deserve the same sanction for filing suit on half of a false corporation.

Mr. Stoller and Mr. Woods have also displayed an appalling lack of regard for this court and a lack of respect for the judicial process. As stated above, Mr. Stoller likely engaged in the unauthorized practice of law by indiscriminately placing his signature and that of Mr. Woods on meritless and untrue pleadings. Specifically, Mr. Stoller accused this Court and opposing counsel of participated in a scheme to defraud the federal courts and others and of engaging in unprofessional and unethical conduct. To the contrary, Mr. Stoller and Mr. Woods are the only ones who have engaged in unprofessional and unethical conduct in this case. Additionally, despite more than ample time, Mr. Woods and Mr. Stoller failed to remedy inconsistencies between the proposed second amended complaint and Exhibit 2 attached thereto. Specifically, Mr. Woods and Mr. Stoller failed to reconcile the statements in the proposed second amended complaint that Central Mfg. Inc. owns title to the disputed marks, and the trademark registrations in Exhibit 2, which clearly state that title lies solely with Central Mfg. Co.

Mr. Stoller appears to believe that this Court exists to serve his selfish interests and to promote his questionable business, rather than to serve the interests of justice. Mr. Stoller is wrong and must be sanctioned in the only manner that will deprive him of the very process he has sought to manipulate and pervert. In light of the above mentioned egregious conduct and flagrant contempt of court, to allow Mr. Stoller and his wholly owned entities to continue to "invoke the judicial mechanism for [their] own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *Dotson*, 321 F.3d at 668. Accordingly, under the Court's inherent power, plaintiff's case is dismissed with prejudice and a default judgment is entered against Mr.

05C725 Central Mfg. Co. vs. Pure Fishing, Inc., et al        Page 5 of 6

7

EXHIBIT   1

| STATEMENT |
|---|
| Stoller in his capacity as a counter-defendant.<br><br>**III.    Conclusion**<br><br>    For the foregoing reasons and pursuant to the Court's inherent power, plaintiff's case is dismissed with prejudice and a default judgment is entered against each of the counter-defendants. All other pending motions are moot. Any sanction motions pursuant to Rule 11 for conduct addressed in this order must be filed by November 30, 2005. It is so ordered. |

05C725 Central Mfg. Co. vs. Pure Fishing, Inc., et al        Page 6 of 6

EXHIBIT 1

**CERTIFICATE OF SERVICE**

      I, William J. Barrett, certify that I caused to be served on the parties on the following Service List, manner of service and date as indicated below, a copy of the foregoing **SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER**.

                                            /s/ William J. Barrett
                                               William J. Barrett

**SERVICE LIST**

Mr. Leo Stoller
7115 W. North Ave., #272
Oak Park, IL 6030
*Via email to ldms4@hotmail.com*
*(Served via email transmission and overnight delivery on February 13, 2007)*


Richard M. Fogel
Janice Alwin
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
*(Served via messenger delivery on February 13, 2007)*

402069-1