## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

J N

FEB 1 8 2007

FEB 16 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GOOGLE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTRAL MFG. INC. a/k/a | ) |
| CENTRAL MFG. CO., a/k/a | ) |
| CENTRAL MFG. CO.(INC)., | ) |
| a/k/a CENTRAL MANUFACTURING | ) |
| COMPANY, INC. and a/k/a | ) |
| CENTRAL MFG. CO. OF ILLINOIS; | ) |
| and STEALTH INDUSTRIES, INC. | ) |
| a/k/a RENTAMARK and a/k/a | ) |
| RENTAMARK.COM, | ) |
| | ) |
| Defendants. | ) |

Case No: 07-CV-385

Judge Kendall

Magistrate Judge Cole

## NOTICE OF FILING

TO:    Michael T. Zeller
        Quinn, Emanuel, Urquhart,
          Oliver & Hedges, LLP.
        865 S. Figueroa Street, 10th Floor
        Los Angeles, California 90017

        William J. Barrett
        Barack, Ferrazzano, Kirschbaum,
          Perlman & Nagelberg, LLP.
        333 W. Wacker Drive, Suite 2700
        Chicago, Illinois 60606

Richard M. Fogel, Trustee
Janice A. Alwin
Shaw, Gussis, Fishman, Glantz,
Wolfson & Towbin LLC.
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

        PLEASE TAKE NOTICE that on the **16th day of February, 2007**, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Objection To Joint Motion For Entry Of Stipulated Permanent Injunction And Final Judgment**, a copy of which is attached hereto.

        I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this _16th_ day of February, 2007, with proper postage prepaid.

Leo Stoller, *pro se*
7115 W. North Avenue
Oak Park, Illinois 60302
(773) 551-4827
Email: ldms4@hotmail.com

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

*FILED*

*FEB 16 2007*
*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

GOOGLE, INC. )
)
Plaintiff, )
)
vs. )
) Case No: 07-CV-385
CENTRAL MFG. INC. a/k/a )
CENTRAL MFG. CO., a/k/a ) Hon. Virginia M. Kendall
CENTRAL MFG. CO.(INC).., )
a/k/a CENTRAL MANUFACTURING ) Magistrate Judge Cole
COMPANY, INC. and a/k/a )
CENTRAL MFG. CO. OF ILLINOIS; )
and STEALTH INDUSTRIES, INC. )
a/k/a RENTAMARK and a/k/a )
RENTAMARK.COM, )
)
Defendants. )

## OBJECTION TO JOINT MOTION FOR ENTRY
## OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT

NOW COMES Leo Stoller, a necessary party, who has filed a Motion to Intervene, and states as follows:

Stoller objects to the Stipulated Permanent Injunction and Final Judgment being entered into by this Court which was agreed to by the Chapter 7 Trustee, Richard Fogel and Google, Inc.

### Background

Leo Stoller has been engaged in the business of acquiring trademarks and trademark licensing for 30 years. Leo Stoller has operated his business through several corporate entities, Central Mfg. Inc. and Stealth Industries, Inc., both Delaware corporations.

In December of 2005, Leo Stoller and his corporate entities, as a result of their policing efforts of their federally registered trademarks, were facing a half a dozen District Court cases which Leo Stoller and his corporations were unable to properly defend all at the same time. As a result, Leo Stoller filed a Chapter 13 bankruptcy in December of 2005. Shortly thereafter, Stoller had claims in his Chapter 13 bankruptcy of $65,000. See a true and correct copy of the Chapter 13 final report and account.

Stoller's Chapter 13 was converted to a Chapter 7 on August 31, 2006. Richard Fogel was appointed the Chapter 7 Trustee on September 5, 2006. Since Richard Fogel's appointment as Chapter 7 Trustee, he has refused as of this date, to investigate any of the bankruptcy claims filed against Leo Stoller's Estate. The Chapter 7 Trustee has moved to quash the discovery requests that Leo Stoller as Debtor made to the Claimants in order to establish the validity of said bankruptcy claims. As a direct result of Richard Fogel's negligence and abuse of his Chapter 7 Trustee status, he has refused to defend the corporations and the corporate assets and trademarks of the Estate of Leo Stoller.

For example, the Trustee has entered into an irresponsible agreement with Pure Fishing, Inc. consenting to a $950,000 judgment against Leo Stoller's corporations rather than defending them. $750,000 of the $950,000 was attributed to an attorney fee award leveled against Central Mfg. Inc. and Stealth Industries, Inc. The Trustee did not bother to contest one fee entry submitted despite the fact that Pure Fishing, Inc. had employed two separate law firms, Banner & Witcoff, an Illinois firm, and Roylance, Abrams, Berdo & Goodman, LLP., a Washington DC firm. Both firms billed their client, Pure Fishing, for the same motions and were present before Judge Lindberg in Court. Lance Johnson, an attorney for Pure Fishing from the law firm of Roylance, Abrams, et. al., flew into Chicago and billed Pure Fishing over $400,000 for the identical work that was performed by the local law firm of Banner & Witcoff. All of those attorneys' fees are lawfully objectionable pursuant to the *Continental* case, the controlling attorney fee case written by Judge Grady. Judge Grady strictly provided that law firms cannot hire multiple firms, legions of lawyers to bill for the identical work when there is a local law firm capable of handling the work. Notwithstanding these fundamental principals for objecting to fee awards, the Trustee Richard Fogel failed to perform his ordinary due diligence and breached his responsibility as a trustee by entering into a $950,000 consent judgment with Pure Fishing. See Claim No. 12 in the amount of $969,751.81. In addition, Richard Fogel has acknowledged that Pure Fishing's Claim No. 8 for $740,315.36 is a duplicative claim on Stoller's claim registry. Richard Fogel refuses as of this date to remove a duplicate and/or fraudulent bankruptcy claim of $740,315.36. Richard Fogel has acted in

violation of his duties to protect the assets of the Estate of Leo Stoller for the beneficial interest of the creditors. Upon information and belief, Richard Fogel, does not like Leo Stoller's business of engaging in trademark litigation and wants to make sure, in collaboration with certain of Leo Stoller's creditors, Pure Fishing, Inc. and Google, Inc., that Leo Stoller will never be able to be in the business of policing his trademarks, in violation of Stoller's due process and equal rights protection under the 5th and 14th Amendments of the U.S. Constitution.

### Stipulated Permanent Injunction and Agreed Final Judgment Is A Sham

Leo Stoller respectfully asserts that the stipulated permanent injunction and agreed final judgment is a sham on this Court, as well known to the Trustee Richard Fogel and to Michael Zeller, attorney for Google, Inc. The Civil RICO action filed by Google, Inc. is frivolous on its face and will not stand the light of day once the Defendants are able to make their case before this Court. The civil RICO action by Google was filed in retaliation for Stoller filing a petition for cancellation proceeding.

### §32:52 - Threat Or Filing of PTO Inter Partes Challenge

The threat or actual filing of an opposition or cancellation proceeding against plaintiff's trademark registration in the Patent and Trademark Office is not, per se, regarded as sufficient to create an "actual controversy". *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 88 USPQ 145 (7th Cir. 1950), cert. denied., 340 F.S. 954, 95 L. Ed. 687, 71 S. Ct. 573, 88 USPQ 569 (1951) (opposition proceeding filed against plaintiff); *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 136 USPQ 610 (2d Cir. 1963) (opposition filed against plaintiff in Puerto Rico). For example, in a case where the declaratory judgment plaintiff had received a letter from non-competitor defendant who claimed a likelihood of confusion between the marks and threatened the filing of an opposition before the TTAB, the court dismissed for lack of jurisdiction, saying: "It is the Court's opinion that these facts, at most, gave the plaintiffs a real and reasonable apprehension of drawn-out warfare in the trenches of the PTO. That, of course, is an insufficient basis for a declaratory judgment. *Circuit City Stores v. Speedy Car-X*. 35 USPQ2d 1703, 1995 WL 568818 (E.D. Va. 1995) ("If there is a polestar to this inquiry, it is that a party cannot claim to have acquired a reasonable apprehension of litigation merely

because the defendant commenced an opposition proceeding in the Patent and Trademark Office. *Progressive Apparel Group v. Anheuser-Busch, Inc.*, 38 USPQ2d1057, 1996 WL 50227 (S.D.N.Y. 1996).

## Current RICO Action Is A Sham

The Plaintiff and counsel for the Plaintiff, Michael Zeller, and the Trustee Richard Fogel, are well aware that a District Court action such as the one filed by Google, Inc. cannot be used to short-circuit the Patent and Trademark Office administrative proceedings when one party seeks to bring a District Court case in order to avoid a Trademark Trial & Appeal Board decision on a pending motion for summary judgment. Stoller has filed a pending motion for summary judgment and a petition to cancel Google, Inc.'s federal trademark registration. Judge Schmetterer has issued an order permitting Google to file their response to Stoller's motion for summary judgment at the Patent and Trademark Office. Google, Inc. filed their frivolous RICO action in a direct attempt to short-circuit the Trademark Trial & Appeal Board from granting summary judgment against them and cancelling Google's federal trademark registration which has become generic and/or descriptive of its services listed under its registration. Google's federal trademark registration, the term Google, has been included in the dictionary for several years now, and as such, the dictionary definition of the term google provides irrefutable evidence of the fact that Google's federal registration is now generic and the TTAB will cancel it.

## Stoller Has Objected To The Trustee Entering Into
## Any Settlement Agreement With Google In This Case

Stoller currently has pending Appeals to disqualify Richard Fogel, the Chapter 7 Trustee; appeals to object to Google's settlement agreement. Stoller asserts that this Court does not have jurisdiction over whether it can entertain Google's joint motion for entry of stipulated permanent injunction and final judgment. Stoller has filed a motion before Judge Schmetterer which was heard on February 15, 2007. See attached true and correct copy. Stoller was seeking to receive permission to have outside counsel to represent his corporations in this civil RICO action filed by Google. Judge Schmetterer denied Stoller's motion. Stoller has appealed Judge Schmetterer's decision directly to the 7th Circuit Court of Appeals. See

attached true and correct copy of said appeal.

### Plaintiff's Memorandum In Support Of Joint Motion For
### Entry Of Stipulated Permanent Injunction And Final Judgment Is Without Merit

Google's memorandum in support of their joint motion for entry of stipulated permanent injunction and final judgment is without merit. Leo Stoller and his corporations have been engaged in the lawful enterprise and trademark business for 30 years. In order to protect a trademark licensing company's trademarks, it involves the process of litigation, without which a party would not have any trademarks to license. The essence of the Plaintiff's argument is that Leo Stoller and his companies are somehow unworthy for this Court to protect Stoller's due process and equal protection rights under the 5th and 14th amendments of the United States Constitution. Under the Plaintiff's theory of depriving a party of its due process and equal protection rights, this Court would not be able to exercise any jurisdiction over terrorists, drug dealers, and murders. The Defendants are not charged with any criminal violations. Under the Plaintiff's theory of the case, in arguendo, an alleged criminal or drug dealer would not be entitled to any defense under the law. The Defendants have not engaged in any unlawful or criminal activity nonetheless.

Furthermore, the Judicial Executive Committee of the Northern District of Illinois has recently reviewed the entire filing history of litigant, Leo Stoller, "who has filed at least 49 lawsuits in this Court, individually or through one of his many wholly-owned corporations." Chief Judge Charles Kocoras issued a rule to show cause and a citation against Leo Stoller. See attached true and correct copy. The Executive Committee's rule to show to cause to Stoller was issued in order for Leo Stoller to justify his entire history of trademark litigation before this Court before the Court would "impose reasonable and necessary restraints upon Mr. Stoller's ability to file civil cases in this District." After the Executive Committee for the Northern District of Illinois reviewed Stoller's entire filing history, they issued a decision permitting Mr. Stoller to continue to policy and protect his trademarks. See attached true and correct copy.

As a result, any allegations and/or assertions and/or references to any cases that the Plaintiff would like to cite before this Court in order to justify their theory that Leo Stoller is a vexatious litigant or somehow unworthy to be before this Court, is totally without merit. In

particular, the *George Brett* case, is up on appeal, and the *Pure Fishing* case is up on appeal.

Stoller also and attaches hereto and incorporates herein his brief in response to the Executive Committee's rule to show cause and realleges and incorporates the arguments contained therein.

WHEREFORE, Leo Stoller prays that this Court deny Plaintiff's Joint Motion For Entry Of Stipulated Permanent Injunction And Final Judgment.

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  February 16, 2007

## Certificate of Mailing

I hereby certify that this motion is being
hand-delivered in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_____
Leo Stoller
Date: February 16, 2007

## Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

_____
Leo Stoller
Date: _2-16-07_

C:\MARKS4\GOOGLE.MOT

# Northern District of Illinois
# Claims Register

## 05-64075 Leo Stoller CASE CONVERTED on 09/01/2006

**Honorable Judge:** Jack B. Schmetterer          **Chapter:** 7

**Office:** Chicago                               **Last Date to file claims:** 12/20/2006

**Trustee:** Richard M Fogel                      **Last Date to file (Govt):** 12/20/2006

| | | |
|---|---|---|
| *Creditor:* # 10561302 | **Claim No: 1** | *Status:* |
| Portfolio Recovery Associates, LLC | *Filed:* 01/13/2006 | *Filed by:* CR |
| PO Box 41067 | *Entered:* 01/13/2006 | *Entered by:* Garcia, Dolores |
| Norfolk, Va 23541 | | *Modified:* |

Unsecured claimed:  $400.00

**Total**      **claimed: $400.00**

*History:*

| 1-1 | 01/13/2006 Claim #1 filed by Portfolio Recovery Associates, LLC , total amount claimed: $400 (Garcia, Dolores) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* # 10543184 | **Claim No: 2** | *Status:* |
| Counsel Press | *Filed:* 01/19/2006 | *Filed by:* AT |
| C/O Teller, Levit, et al | *Entered:* 01/19/2006 | *Entered by:* Posen, Kevin |
| 11 E. Adams, 8th Floor | | *Modified:* |
| Chicago, IL 60603 | | |

Unsecured claimed:  $11439.57

**Total**      **claimed: $11439.57**

*History:*

| 2-1 | 01/19/2006 Claim #2 filed by Counsel Press , total amount claimed: $11439.57 (Posen, Kevin) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* # 10601427 | **Claim No: 3** | *Status:* |
| Benjamin, Berneman and Brom, LLC | *Filed:* 02/16/2006 | *Filed by:* CR |
| 175 W. Jackson, Ste. 1600 | *Entered:* 02/16/2006 | *Entered by:* Berneman, Beverly |
| Chicago, IL 60604 | | *Modified:* |

Unsecured claimed: $20826.40

**Total    claimed: $20826.40**

*History:*

3-1    02/16/2006 Claim #3 filed by Benjamin, Berneman and Brom, LLC , total amount claimed: $20826.4
           (Berneman, Beverly)

*Description:*

*Remarks:*

---

*Creditor:* # 10601452           **Claim No: 4**              *Status:*
Querrey & Harrow, Ltd.           *Filed:*   02/16/2006        *Filed by:* CR
175 W. Jackson, Ste. 1600        *Entered:* 02/16/2006        *Entered by:* Benjamin, Robert
Chicago, IL 60604                                             *Modified:*

   Unsecured claimed: $25382.40

**Total     claimed: $25382.40**

*History:*

4-1    02/16/2006 Claim #4 filed by Querrey & Harrow, Ltd. , total amount claimed: $25382.4 (Benjamin,
           Robert)

*Description:*

*Remarks:*

---

*Creditor:* # 10610239           **Claim No: 5**              *Status:*
ASSET ACCEPTANCE LLC             *Filed:*   02/23/2006        *Filed by:* CR
PROVIDIAN                        *Entered:* 02/23/2006        *Entered by:* Elliott, Christina
PO BOX 2036                                                  *Modified:*
WARREN MI 48090

   Unsecured claimed: $1296.04

**Total     claimed: $1296.04**

*History:*

5-1    02/23/2006 Claim #5 filed by ASSET ACCEPTANCE LLC , total amount claimed: $1296.04 (Elliott,
           Christina)

*Description:*

*Remarks:*

---

*Creditor:* # 10647980           **Claim No: 6**              *Status:*
Illinois Department of Revenue   *Filed:*   03/17/2006        *Filed by:* CR
Bankruptcy Section               *Entered:* 03/17/2006        *Entered by:* Horton, Patience
100 W Randolph St., Level 7-400                              *Modified:*

Chicago IL 60601

Priority claimed: $317.91

**Total    claimed: $317.91**

*History:*

   6-1    03/17/2006 Claim #6 filed by Illinois Department of Revenue , total amount claimed: $317.91 (Horton, Patience)

*Description:*

*Remarks:*

---

| *Creditor:* # 10659981 | **Claim No: 7** | *Status:* |
| LVNV Funding LLC its successors and assigns | *Filed:*    03/24/2006 | *Filed by:* CR |
| as assignee of Citibank NA | *Entered:* 03/24/2006 | *Entered by:* Gaines, Susan |
| c/o Resurgent Capital Services | | *Modified:* |
| PO Box 10587 | | |
| Greenville, SC 29603-0587 | | |

Unsecured claimed: $2070.02

**Total    claimed: $2070.02**

*History:*

   7-1    03/24/2006 Claim #7 filed by LVNV Funding LLC its successors and assigns , total amount claimed: $2070.02 (Gaines, Susan)

*Description:*

*Remarks:*

---

| *Creditor:* # 10669986 | **Claim No: 8** | *Status:* |
| Pure Fishing, Inc. | *Filed:*    03/30/2006 | *Filed by:* CR |
| c/o Lance Johnson | *Entered:* 03/30/2006 | *Entered by:* Lauter, Richard |
| Roylance, Abrams, Berdo & Goodman, LLP | | *Modified:* |
| 1300 19th Street, N.W. Suite 600 | | |
| Washington, D.C. 20036 | | |

Unsecured claimed: $740315.36

**Total    claimed: $740315.36**

*History:*

   8-1    03/30/2006 Claim #8 filed by Pure Fishing, Inc. , total amount claimed: $740315.36 (Lauter, Richard)

*Description:*

*Remarks:*

---

| *Creditor:* # 10605699 | **Claim No: 9** | *Status:* |
| Lance Construction Co., Inc. | *Filed:*    03/30/2006 | *Filed by:* CR |
| Lance Johnson | *Entered:* 03/31/2006 | *Entered by:* Henley, Mary |
| 323 Hillcrest Drive | | *Modified:* |

Algonquin, IL 60102

Unsecured claimed: $3275.00

**Total    claimed: $3275.00**

History:

9-1    03/30/2006 Claim #9 filed by Lance Construction Co., Inc. , total amount claimed: $3275 (Henley, Mary)

Description:

Remarks:

---

Creditor: # 10688087
B-Real, LLC/Chase Bank USA, N.A.
Mail Stop 550
2101 Fourth Ave., Suite 1030
Seattle, WA, 98121

| | |
|---|---|
| Claim No: 10 | Status: |
| Filed:    04/10/2006 | Filed by: CR |
| Entered: 04/10/2006 | Entered by: Kane, Steven |
| | Modified: |

Unsecured claimed: $215.48

**Total    claimed: $215.48**

History:

10-1    04/10/2006 Claim #10 filed by B-Real, LLC/Chase Bank USA, N.A. , total amount claimed: $215.48 (Kane, Steven)

Description:

Remarks:

---

Creditor: # 11050675
Google Inc.
c/o Michael Zeller
Quinn Emanuel et al
865 South Figueroa St, 10th Fl
Los Angeles, CA 90017

| | |
|---|---|
| Claim No: 11 | Status: |
| Filed:    12/07/2006 | Filed by: CR |
| Entered: 12/07/2006 | Entered by: Barrett, William |
| Amended By Claim No: 11 | Modified: |

Priority claimed: $250000.00

**Total    claimed: $250000.00**

History:

◑ 11-1    12/07/2006 Claim #11 filed by Google Inc. , total amount claimed: $250000 (Barrett, William)
◑ 11-2    12/20/2006 Amended Claim #11 filed by Google Inc. , total amount claimed: $250000 (Barrett, William)

Description:

Remarks:

---

*Creditor:* # 10669986
Pure Fishing, Inc.
c/o Lance Johnson
Roylance, Abrams, Berdo & Goodman,
LLP
1300 19th Street, N.W. Suite 600
Washington, D.C. 20036

**Claim No: 12**
*Filed:*    12/19/2006
*Entered:* 12/19/2006

*Status:*
*Filed by:* CR
*Entered by:* Factor, William
*Modified:*

Unsecured claimed: $969751.81
**Total**      **claimed: $969751.81**

*History:*

🔾 12-1    12/19/2006 Claim #12 filed by Pure Fishing, Inc. , total amount claimed: $969751.81 (Factor, William)

*Description:*

*Remarks:*

---

*Creditor:* # 11071324
Wendy Morgan
Law Offices of Wendy R. Morgan
1845 East Rand Rd
Arlington Heights, Il. 60004-4356

**Claim No: 13**
*Filed:*    12/19/2006
*Entered:* 12/19/2006

*Status:*
*Filed by:* AT
*Entered by:* Mosberg, Clay
*Modified:*

Unsecured claimed: $150000.00
**Total**      **claimed: $150000.00**

*History:*

🔾 13-1    12/19/2006 Claim #13 filed by Wendy Morgan , total amount claimed: $150000 (Mosberg, Clay)

*Description:*

*Remarks:*

---

*Creditor:* # 11071324
Wendy Morgan
Law Offices of Wendy R. Morgan
1845 East Rand Rd
Arlington Heights, Il. 60004-4356

**Claim No: 14**
*Filed:*    12/19/2006
*Entered:* 12/19/2006

*Status:*
*Filed by:* AT
*Entered by:* Mosberg, Clay
*Modified:*

Unsecured claimed: $30000.00
**Total**      **claimed: $30000.00**

*History:*

🔾 14-1    12/19/2006 Claim #14 filed by Wendy Morgan , total amount claimed: $30000 (Mosberg, Clay)

*Description:*

*Remarks:*

---

*Creditor:* # 11071324
Wendy Morgan
Law Offices of Wendy R. Morgan
1845 East Rand Rd

**Claim No: 15**
*Filed:*    12/19/2006
*Entered:* 12/19/2006

*Status:*
*Filed by:* CR
*Entered by:* Mosberg, Clay
*Modified:*

Arlington Heights, Il. 60004-4356

Unknown claimed: $50000.00

**Total    claimed: $50000.00**

*History:*

🟢 15-1    12/19/2006 Claim #15 filed by Wendy Morgan , total amount claimed: $50000 (Mosberg, Clay)

*Description:*

*Remarks:*

---

*Creditor:* # 11074648          **Claim No: 16**          *Status:*
Lancope, Inc.  History          *Filed:*    12/20/2006          *Filed by:* CR
Bryan G Harrison, ESQ          *Entered:* 12/20/2006          *Entered by:* Nylen, Sven
1600 Atlanta Financial Center                    *Modified:*
3343 Peachtree Road NE
Atlanta, GA 30326-1044

**Total claimed:**

*History:*

🟢 16-1    12/20/2006 Claim #16 filed by Lancope, Inc. , total amount claimed: $0 (Nylen, Sven)

*Description:*

*Remarks:* (16-1) SEE EXHIBIT A

---

*Creditor:* # 11073980          **Claim No: 17**          *Status:*
Pure Fishing, Inc. **(ADMINISTRATIVE)**  *Filed:*    12/20/2006          *Filed by:* AT
c/o Lance Johnson          *Entered:* 12/20/2006          *Entered by:* Lorber, Sara
Roylance, Abrams, Berdo & Goodman                    *Modified:*
1300 19th St., NW Suite 600
Washington, D.C. 20036

Admin claimed: $131760.00

**Total    claimed: $131760.00**

*History:*

🟢 17-1    12/20/2006 Claim #17 filed by Pure Fishing, Inc. , total amount claimed: $131760 (Lorber, Sara)

*Description:*

*Remarks:*

---

*Creditor:* # 11076084          **Claim No: 18**          *Status:*
GoDaddy Software, Inc          *Filed:*    12/21/2006          *Filed by:* CR
Gallagher & Kennedy, P.A.          *Entered:* 12/22/2006          *Entered by:* Henley, Mary
Attn: Joseph E Cotterman                    *Modified:*

2575 East Camelback Road,
Phoenix, AZ 85016

**Total claimed:**

*History:*
- **18-1**    12/21/2006 Claim #18 filed by GoDaddy Software, Inc , total amount claimed: $0 (Henley, Mary)

*Description:* (18-1) Unliquidated

*Remarks:*

---

*Creditor:* # 11082709
C. William Michaels
1579 Dellsway Road
Baltimore, MD 21286

**Claim No: 19**
*Filed:*    12/27/2006
*Entered:* 12/28/2006

*Status:*
*Filed by:* CR
*Entered by:* Henley, Mary
*Modified:*

Unsecured claimed: $2065.00

**Total    claimed: $2065.00**

*History:*
- **19-1**    12/27/2006 Claim #19 filed by C. William Michaels , total amount claimed: $2065 (Henley, Mary)

*Description:*

*Remarks:*

---

# Claims Register Summary

**Case Name:** Leo Stoller
**Case Number:** 05-64075
**Chapter:** 7
**Date Filed:** 12/20/2005
**Total Number Of Claims:** 19

|  | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $1957037.08 |  |
| **Secured** |  |  |
| **Priority** | $250317.91 |  |
| **Unknown** | $50000.00 |  |
| **Administrative** | $131760.00 |  |
| **Total** | $2389114.99 | $0.00 |

---

# PACER Service Center

## Transaction Receipt

01/05/2007 11:47:23

Illinois Northern Bankruptcy Live System - Modify the description fo...    https://ecf.ilnb.uscourts.gov/cgi-bin/SearchClaims.pl?951934451

| PACER Login: | it0085 | Client Code: | |
|---|---|---|---|
| Description: | Claims Register | Search Criteria: | 05-64075 Filed or Entered From: 9/7/2005 Filed or Entered To: 1/5/2007 |
| Billable Pages: | 2 | Cost: | 0.16 |

# UNITED STATS BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:                                    Case:  05 B 64075


Leo Stoller                          )
                                     )
                                     )
                                     )
                                     )
                                     )
                                     )
                                     )    Judge:  Jack B. Schmetterer
                                     )
        Debtor                       )
                                     )


## DISCHARGE OF TRUSTEE


**It is ordered that Tom Vaughn, Chapter 13 Standing Trustee, is discharged as trustee and released from all liability in this case, and trustee's surety is also released and discharged.**


Dated: 02/08/07                              For the Court



                                             KENNETH S. GARDNER

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISIO

IN RE:
  LEO STOLLER

CASE NO. 05 B 64075

CHAPTER 13

JUDGE: JACK B SCHMETTERER

     Debtor
 SSN XXX-XX-7972

---

TRUSTEE'S FINAL REPORT AND ACCOUNT

---

The case was filed on 12/20/2005 and was not confirmed.

The case was converted to chapter 7 without confirmation 09/01/2006.

| CREDITOR NAME | CLASS | CLAIM AMOUNT | INTEREST PAID | PRINCIPAL PAID |
|---|---|---|---|---|
| BRETT BROTHERS INC | NOTICE ONLY | NOT FILED | .00 | .00 |
| COUNSEL PRESS | UNSECURED | 11439.57 | .00 | .00 |
| HI TEC SPORTS USA | NOTICE ONLY | NOT FILED | .00 | .00 |
| QUERREY & HARROW | UNSECURED | 25382.40 | .00 | .00 |
| NEWDEA INC | NOTICE ONLY | NOT FILED | .00 | .00 |
| PURE FISHING | UNSECURED | .00 | .00 | .00 |
| PORTFOLIO RECOVERY ASSOC | UNSECURED | 400.00 | .00 | .00 |
| BENJAMIN BERNEMAN & BROM | UNSECURED | 20826.40 | .00 | .00 |
| LANCE JOHNSON | UNSECURED | 3275.00 | .00 | .00 |
| ASSET ACCEPTANCE LLC | UNSECURED | 1296.04 | .00 | .00 |
| ILLINOIS DEPT OF REVENUE | PRIORITY | 317.91 | .00 | .00 |
| RESURGENT CAPITAL SERVIC | UNSECURED | 2070.02 | .00 | .00 |
| WEINBERG RICHMOND LLP | ATTORNEY | .00 | .00 | .00 |
| B-LINE | UNSECURED | 215.48 | .00 | .00 |
| RICHARD M FOGEL | ADMINISTRATIV | NOT FILED | .00 | .00 |
| MELVIN J KAPLAN | DEBTOR ATTY | .00 | | .00 |
| TOM VAUGHN | TRUSTEE | | | .00 |
| DEBTOR REFUND | REFUND | | | .00 |

     Summary of Receipts and Disbursements:

| | RECEIPTS | DISBURSEMENTS |
|---|---|---|
| TRUSTEE | .00 | |
| PRIORITY | | .00 |
| SECURED | | .00 |
| UNSECURED | | .00 |
| ADMINISTRATIVE | | .00 |
| TRUSTEE COMPENSATION | | .00 |
| DEBTOR REFUND | | .00 |
| TOTALS | .00 | .00 |

Based on the above information, the Trustee requests the court enter an order discharging the Trustee, releasing the Trustee's surety from any further liability related to the above proceedings.

/s/ Tom Vaughn

Dated: 02/08/07

TOM VAUGHN
CHAPTER 13 TRUSTEE

PAGE  2
CASE NO. 05 B 64075 LEO STOLLER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILE**

In the Matter of                                    )
LEO  STOLLER                                        )
                                                    )        (Before the Executive Committee)

## C I T A T I O N

IT APPEARING THAT at its December 8, 2005 meeting, the Executive Committee for the Northern District

of Illinois reviewed the filing history of litigant Leo Stoller, who has filed at least 49 lawsuits in this Court, individually

or through one of his many wholly-owned corporations, and

IT FURTHER APPEARING THAT The docket for 04 C 3049, *Stealth Ind Inc v. George Brett & Brett, et al,*

assigned to Judge David H Coar, lists Leo Stoller as counter defendant, an individual doing business as:

| | | |
|---|---|---|
| Central Mfg. Co. | S. Industries, Inc. | Terminator |
| Stealth | Rentamark | Rentamark.Com |
| Stealth Sports and Marine | Association Network Mgt. | USA Sports Co. Inc. |
| Stealth Industries, Inc. | Central Mfg Inc. | S. Industries |
| Sentra Industries Inc. | | |

IT FURTHER APPEARING THAT in his Memorandum Opinion and Order in 04 C 3049, Judge Coar wrote:

Indeed, as several judges (including this one) have previously noted, Stoller appears to be
running an industry that produces often spurious, vexatious, and harassing federal litigation. .
. . Plaintiff and one or more of his corporate entities have been involved in at least 49 cases in
this district alone. Of these, at least 47 purport to involve trademark infringement. . . . No court
has ever found infringement of any trademark allegedly held by Stoller or his related companies
in any reported opinion.

IT IS HEREBY ORDERED THAT the Executive Committee, in its capacity as the supervisor of the

assignment of cases, has directed that Leo Stoller inform this court, within thirty (30) days of receipt of this

Citation, of any claim by him why the Executive Committee should not impose reasonable and necessary

restraints upon Mr. Stoller's ability to file civil cases in this District.

I hereby attest and certify on 12/22/05
that the foregoing document is a full, true and
correct copy of the original on file in my
office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

By_____ Deputy

DATED:  December **15**, 2005

ENTER:
FOR THE EXECUTIVE COMMITTEE

Charles P. Kocoras

Chief Judge

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of            )
                            )
LEO STOLLER                 )

## EXECUTIVE COMMITTEE ORDER

IT APPEARING THAT on December 15, 2005, a Citation was issued to Leo Stoller, directing him to show cause, within 30 days of receipt of the Citation, why the Executive Committee should not impose reasonable and necessary restraints upon Mr. Stoller's ability to file civil cases in this District, and

IT FURTHER APPEARING THAT a United States Post Office return receipt indicates that Leo Stoller received the Citation on December 27, 2005, and

IT FURTHER APPEARING THAT on January 13, 2006, Leo Stoller submitted a request for an extension of time to retain counsel in order to file a formal response to the Citation, and

IT FURTHER APPEARING THAT the Executive Committee has approved Mr. Stoller's request for an extension of time, now therefore

IT IS HEREBY ORDERED THAT Leo Stoller is granted a 30-day extension of time to file a response to the Citation, and

IT IS FURTHER ORDERED THAT Leo Stoller's response to Citation is due by February 27, 2006

ENTER:

**FOR THE EXECUTIVE COMMITTEE**

_Charles P. Kocoras_
Chief Judge

Dated at Chicago, Illinois this **24th** day of January, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of                    )
                                    )
LEO STOLLER                         )

(BEFORE THE EXECUTIVE COMMITTEE)

**RESPONSE TO CITATION**

This matter is before the Executive Committee pursuant to the

Committee's Citation In the Matter of LEO STOLLER, dated December 22, 2005,

and subsequent extension of time to file by February 27, 2006. The Committee

noted Stoller and his corporate entities have filed at least 49 cases in the United

States District Court for the Northern District of Illinois. The Committee also

noted that some judges were of the opinion that Stoller might have filed cases

which were spurious, vexatious or harassing and directed him to show cause as

to why his future access to the Court should not be restrained.

The corporate entities identified in the citation are considered separate

legal entities which cannot appear pro se or through Leo Stoller in the United

States District Court. Those entities, therefore, respond through undersigned

counsel. For the purpose of responding to the Citation only, the text herein refers

to Stoller as the trademark owner and litigant. This is not intended to disregard

the separate identities of the entities themselves or Stoller as the owner of the

entities rather than the trademarks. Rather it acknowledges the extent to which

actions initiated on behalf of the corporate litigants would involve Stoller's

information and beliefs regarding infringement and avoids the complexity of

breaking each discussion down by reference to different parties in interest. The specific language in the Citation directs only Mr. Stoller to respond. However, this response assumes the Executive Committee anticipated its actions would apply to Mr. Stoller and the separate corporate entities he owns. Therefore, the response contains a primary statement and a separate statement from Leo Stoller in his individual capacity.

## RESPONSE FOR THE CORPORATE ENTITIES.

### Introduction

The Committee and the Court are right to control the nature, type, and number of cases filed by any litigant. However, such restraints should be imposed reasonably and only for an appropriate reason. De Long v. Hennessey 912 F.2d 1144, 1147 (C.A.9 (Cal.),1990) (citing Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989) (noting that restrictions must be carefully tailored to circumstances)). Enjoining future litigation is an extreme remedy and should be used only in exigent circumstances, as to not infringe upon the litigator's right to court access. In re Powell 851 F.2d 427, 431, 271 U.S.App.D.C. 172, 176 (C.A.D.C.,1988) (citing In re Oliver, 682 F.2d 443, 445 (3d Cir.1982)).

The Citation appears to condemn Stoller's entire filing history as though every case Stoller filed was baseless. Yet, analysis of the docket history and the opinions does not support that conclusion. Viewed individually the cases Stoller filed were often consistent with legitimate trademark litigation and have a solid basis in the law. Cases are vexatious at their inception when they are brought without reasonable or probable cause. The fact that a case is ultimately

unsuccessful does not make it vexatious in retrospect. When Stoller's perception that his rights were infringed had a basis in law or fact his decision to litigate should not be view as spurious, vexatious, or harassing because he did not prevail.

It is noteworthy that several of the opinions addressing Stoller's litigation practices directed comments at failures to comply with procedural requirements. While Stoller may share some responsibility for the mishandling of some of these cases, the committee should consider the fact that Stoller is not an attorney. Therefore, to the extent practicable, the events that predicated Stoller's lawsuits and the circumstances surrounding resolution should be examined to determine whether the cases were initiated in bad faith.

A history showing numerous filings for infringement of intellectual property rights could indicate a frivolous litigant, but it could just as easily indicate a popular, successful, or valuable intellectual property right that is frequently infringed. The fact that many infringers don't understand the implications of intellectual property rights or refuse to recognize them means that resort to litigation is frequently necessary. The defendants in these litigations will frequently alleged the lawsuit is harassment even when the underlying rights are incontestable, the infringement is obvious, and recognition of those rights would be apparent to one trained in the law. See Laurence R. Helfer, <u>World Music on a U.S. Stage: A Berne/TRIPS and Economic Analysis of the Fairness in Music Licensing Act</u>, 80 B.U.L. Rev. 93, 118 (2000) (Noting how defendants in routine copyright infringement actions alleged harassment by copyright holders and

performing rights societies). Litigation in these instances provides the learning curve necessary for settlement, generally as a result of the defendant's receipt of advice from an attorney who may also be getting familiar with the appropriate law.

Stoller and/or Stoller entities have been identified as having filed 49 lawsuits over a period of approximately 13 years. While numerous, this is not extraordinary when compared to the number of cases filed by holders of important or popular intellectual property rights. Id. Moreover, the fact that these cases resulted in settlement and licensing rather than findings of infringement and the issuance of injunctive relief is not unusual. See An Empirical Analysis of Intellectual Property Litigation: Some Preliminary Results. 41 Houston L.Rev. 749 (2004). (Noting that the number of intellectual property cases ending in termination rather than trial had increased over the last twenty-five years and trials represent a very small percentage of case resolutions.). Not only is licensing an accepted practice in trademark exploitation, the value of a license to a trademark holder is often the basis for calculating damages in an infringement action. Sands, Taylor & Wood v. Quaker Oats, 34 F.3d 1340, 1350 (7th Cir. 1994). (Citing Ramada Inns, Inc. v. Gadsden Motel Co., 804 F.2d 1562, 1565 (11th Cir. 1986)).

The recognized tension in intellectual property exist because the protected right is more valuable if it is more widely used. But widespread use of the property where the owner fails to appropriately protect the property can diminish and even jeopardize the owner's rights in the underlying intellectual property.

Silverman v. CBS, Inc., 870 F.2d 40, 48 (2d Cir. 1989) (where the court noted

that the mere filing of an infringement action was not sufficient to prevent

abandonment of the trademark). See also, Sands, Taylor & Wood Company v.

Quaker Oats Company, 978 F.2d 947, 956 (7th Cir. 1992) (The court noted

unsuccessful efforts to license the trademark to another were sufficient evidence

of use to overcome abandonment.)[1]

Stoller's lawsuits follow the pattern of many intellectual property litigations.

The actual number of cases should, therefore, be of less concern. Otherwise the

Citation could be read to suggest that an intellectual property holder who

discovers 20 acts of infringement in one year must select certain infringers to

pursue and let others continue to act in violation of the law. Thus, an appropriate

examination of Stoller's litigation history should evaluate more than just the

number of filings and their outcomes. It should investigate whether Stoller had

valid trademark rights to protect; whether the defendants' use of the trademark

was likely to cause consumer confusion and thereby appear to have infringed

that right; and whether resort to litigation before the Court was warranted.

**Stoller is the Owner of Valid Trademarks.**

There is little to no dispute as to whether Stoller entities are the owner of

the trademarks at the base of the litigations at issue in the Citation.[2]  Indeed, the

---

[1] Lisa Bannon, Toys: Barrister Barbie? Mattel Plays Rough, Wall Street Journal, January 6, 1998 (reprinted October 18, 2003, www.s-t.com/daily/01-98/01-09-98/b02li044.htm) (Noting analysts who have indicated that trademark holders must police infringements because it is easy to lose it if infringements are allowed). See also George Dent, Lawyers and Trust in Business Alliances, 58 BUS. LAW. 45, 62 (2002) (noting that "[b]ecause in-house lawyers have only one client, they may be even more risk- averse than the more diversified outside counsel")

[2] In fact the trademarks are held by entities owned and controlled by Mr. Stoller. Since the Citation appears to be against Stoller individually this response refers to him as the owner for the purpose of examining his role with respect to the various litigations.

6

Northern District Court recognized the Stealth trademark had "created a distinctive designation of the origin of products on which it has place and is widely recognized by the public." S Industries, Inc. v. World of Weapons, 1997 Lexis 643 (N.D. Ill., 1997).

As the owner of a trademark, Stoller has the right to use the mark to indicate himself or his companies as the source of a product or service. State of Idaho Potato Com'n v. G & T Terminal Packaging, Inc. 425 F.3d 708, 715 (C.A.9 (Idaho),2005) He may also license that right to another entity in the same or a related product or service area. McCarthy on Trademarks and Unfair Competition § 18:1 (4th ed. 2005), AmCan Enterprises, Inc. v. Renzi, 32 F.3d 233, *235 (C.A.7 (Ill.),1994) [3]. As a licensor, Stoller is entitled to protect the rights that are the subject of the license agreement in the same way he would if he were the actual source of the product or service that is the subject of the license agreement. Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc., 911 F.2d 1548, 16 U.S.P.Q.2d 1194 (11th Cir. 1990), on remand, 28 U.S.P.Q.2d 1545 (N.D. Ga. 1993), aff'd, 44 F.3d 925, 33 U.S.P.Q.2d 1606 (11th Cir. 1995), cert. denied, 516 U.S. 1045, 133 L. Ed. 2d 661, 116 S. Ct. 705 (1996). See also Weight Watchers of Quebec, Ltd. v. Weight Watchers International, Inc., 398 F. Supp. 1047, 188 U.S.P.Q. 16 (E.D.N.Y. 1975) (there is an implied obligation of

---

[3] Licensing the use of a trademark to related and unrelated products and services is not uncommon. Consider such trademarks as Disney, which licenses products and services for all ages including audio-visual, apparel, radio, travel, food products, video arcades and games, sporting goods, watches and fast food just to name a few. Nike is best known for shoes, but also licenses the production of prescription eye wear, watches, apparel, portable audio equipment, hockey skates, and equipment for virtually every popular sport.

Exact details of events surrounding these twenty-seven cases cannot be extracted from the brief docket history.  However, settlement is not the usual resolution of baseless litigation.  While the majority of these cases provide no admission of liability, they simultaneously provide no support for a conclusion that Stoller filed frivolous claims.  Only one docket sheet, of the thirty-two sheets reviewed, contained reference to a motion for attorneys' fees or sanctions.

The case history reveals several cases in which Stoller was not successful.  However, it must be pointed out that the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case.  <u>Christiansburg Garment Co. v. Equal Employment Opportunity Commission</u> 434 U.S. 412, 421, 98 S.Ct. 694, 700 (U.S.S.C., 1978).  Moreover, the negative result in some of these cases appears to be a function of Stoller's choice of counsel rather than a lack of substantive or factual merit in the claims.

In <u>S Industries v. World of Weapons</u>, the defendant was dismissed for lack of jurisdiction.  In his opinion, Judge Kocoras noted the incontestability of Stoller's trademark.  He went on to say:

> The 'Stealth' trademark is currently being licensed for use on a line of target rifles and guns, and the registration for the 'Stealth' mark has not been cancelled or abandoned by S Industries.  The 'Stealth' mark has also created a distinctive designation of the origin of products on which it has [been] place[d] and is widely recognized by the public.
> Despite S Industries' use of and rights to the mark 'Stealth', the name 'Stealth' has recently been place on a line of blowguns manufactured by defendant World of Weapons . . .

1997 U.S. Dist. Lexis 643 (N.D. Ill. 1997).

9

Notwithstanding the apparently solid basis for a case of infringement, Judge Kocoras properly dismissed the defendant because plaintiff "did not cite either the Illinois long-arm statute or any case law from Illinois state courts, the Northern District of Illinois, or the Seventh Circuit" to support its claim that the court had jurisdiction over the defendant. While upholding the defendant's dismissal in Illinois, however, Judge Kocoras noted that plaintiff was not barred from pursuing claims against the defendant in another forum.

Two points can be extracted from this opinion. First, the court acknowledged the legitimacy of Stoller's trademark rights and at least intimated that the trademark might have been infringed. Viewing Stoller as a trademark holder, not an attorney, it appears his claim was brought with a good faith belief that his rights were being infringed. Second, it also appears Stoller's claim against this defendant failed not for lack of merit, but as a result of the representation he received. On its face this claim was not frivolous, vexatious, nor filed with intent to harass. Indeed, from the perspective of a trademark holder, while Judge Kocoras was absolutely correct in his ruling, Stoller appears to have been compromised by a procedural failing beyond his control.

There are other cases, which may have suffered from similar problems in that Stoller, as a layman untrained in the law would have believed his case was meritorious to be presented. In S Industries v. Hobbico, Stoller pursued defendants for use of the Stealth trademark on fishing tackle. At the time Stoller had an incontestable trademark for Stealth as applied to games, toys, and sporting goods and also for boats. Here again Judge Shadur was correct in

good faith on the licensor to protect the licensed mark from infringement).[4] Therefore, whether the trademark indicates Stoller as the source or one of his licensees as the source of a product or service is immaterial. His right to pursue infringing use is the same. Id.

Moreover, Stoller has an obligation to pursue activities that may constitute infringement once he becomes aware that such activities are occurring. Id. Failure to protect a trademark can result in the loss of the rights stop infringement through acquiescence or loss of the mark itself through abandonment.

## Review of the Cases Indicates Probable Infringement in Some Cases and a Lack of Bad Faith in Others.

The early cases the Committee references date back to approximately 1993. Recreating a precise history of the events that precipitated each case would be difficult. However, information gleaned from the procedural history supports a conclusion that some defendants recognized their potential exposure for infringement or other violation of trademark laws. A review of thirty-two docket sheets for Stoller litigations reveals settlement in at least fifteen cases.[5] Three of these settled cases also resulted in entry of judgments. At least one included an award of attorney's fees for Mr. Stoller and one made specific reference to a license agreement. The docket sheets for at least twelve other cases indicate dismissal without specific reference to settlement. These cases were voluntarily dismissed with parties bearing their own costs.

---

[4] See Restatement 3d Unfair Competition Section 33 (1995) (noting actions for infringement must be brought by the licensor).
[5] These are cases where the docket entry actually states "settlement" in the entry. Other docket entries stated cases were dismissed by agreement or voluntarily dismissed with or without prejudice but did not specifically use the term settlement.

10

noting the specific enumeration of products covered by Stoller's trademarks did not include fishing bobbers. Yet, it is conceivable that a trademark covering boats and sporting goods could include fishing tackle.[6] Moreover, the critical inquiry in an infringement action is likelihood of consumer confusion. See <u>Sands, Taylor & Wood v. Quaker Oats</u>, 978 F.2d at 957.

In <u>Sands</u> the court said "[t]he 'keystone' of trademark infringement is 'likelihood of confusion' as to source, affiliation, connection or sponsorship of goods or services among the relevant class of customers and *potential customers*." <u>Id</u>. (emphasis added). The court noted the rationale for protecting against confusion for potential customers was aimed at protecting the mark holder in markets where it might reasonably be expected to expand in the future. <u>Id</u>. at 958.

In the <u>Hobbico</u> case, Judge Shadur used his opinion from <u>S Industries, Inc. v. Kimberly-Clark</u> as an overlay for his opinion in the latter case. 1996 U.S. Dist. Lexis 9567 (N.D. Ill. 1996). Judge Shadur may have been duly outraged by the way this case was presented in light of its timing with respect to the <u>Kimberly-Clark</u> litigation. Moreover, Judge Shadur was correct in his application of the law in so much as Stoller's registrations in the Stealth trademark would apply only to products indicated in the registration or products closely related to those

---

[6] Consider Bass Pro Shops which has grown from a fishing tackle store to an entity selling everything from bobbers to boats under the Bass Pro trademark.

products. However, the <u>Hobbico</u> litigation when viewed on its own factual basis does not immediately leap forward as a facially frivolous claim.[7]

It is not the intent here to question the final decision in either case. However, the law in the 7th Circuit under <u>Sands</u> does not make Stoller's initial position in <u>Hobbico</u> appear so outrageous as to be obviously frivolous. Fishing tackle is a type of sporting good and it is sold in at least one example under a trademark that is used on boats and other sporting goods. Reasons why the <u>Hobbico</u> litigation should not have been pursued could easily require a finer understanding of the law than Stoller himself possessed. Here again, though the case did not prevail, it is not clear the litigation was initially instituted as a result of bad faith on Stoller's part.

In <u>S Industries v. Centra 2000,</u> the court easily granted summary judgment against Stoller in part because Stoller's attorney filed a responsive pleading that "fail[ed] to satisfy the requirements of Rule 12(N)(3)(a). 1998 U.S. Dist. LEXIS 4682. Similarly the thorough opinion by Judge Andersen in <u>S Industries v. Diamond</u> noted that the complaint was "poorly drafted". 991 F. Supp. 1012,1024 (N.D. Ill, 1998). In <u>S Industries v. Diamond</u>, for many errors the Court found in Stoller's pleading it cited similar errors made by parties in other cases. While this is devastating for Stoller's position in that case, it indicates that Stoller was not alone in having made these types of allegations. It was incumbent on Stoller's attorney to research this prior law and appropriately advise him about the wisdom

---

[7] The Kimberly-Clark litigation involved a tenuous claim by S Industries with respect to the markets and products involved. The Hobbico litigation had facts which were quite different and arguably stronger for S Industries.

12

of proceeding in all of these cases. Yet the Citation at issue is directed at Stoller the individual not to Stoller as a practicing attorney.

### An Appropriate Remedy Should Not Generalize All of Stoller's Lawsuits Into the Single Category of Baseless Litigation.

The Citation notes that in 47 cases of alleged infringement there was no finding of actual infringement. While that is true, the record does not support a conclusion that Stoller has filed 47 vexatious litigations. As noted the expected outcome in most litigation would be settlement without a finding of liability. Further, licensing is the goal or result in most intellectual property cases which do not involve overt attempts to pass off bootleg merchandise. A legitimate response to the Citation cannot ignore the issues raised by the court in several opinions which indicate that some of Stoller's lawsuits have been misguided. On the other hand, it appears the majority of Stoller's cases were not similarly flawed.

There is some disarray in the house Stoller has built with his intellectual property rights. And in some cases the house Stoller envisioned may not have been the empire he perceived it to be. However, the fact Stoller's house is not an empire does not make it a house of cards that should be swept away with a mere breath of air. Moreover, the disarray is the result of Stoller not always recognizing the subtle points of trademark law rather than overt acts in bad faith. Stoller acknowledges that he should have heeded the court's admonishments and has retained counsel with a more conservative and reasoned approach to protecting rights. In fashioning any reasonable restraints the Committee should

13

try to view the cases individually.  Viewed separately, some cases are well-intentioned efforts to protect legitimate trademark rights. Those cases that went off track have already subjected Stoller to penalties for his and his former attorney's actions.  As such, any restraint would be directed to keeping Stoller on a proper course rather than one intended to bar the door.


Respectfully submitted,

Dated: February 27, 2006

By:_____
                Robert W. Fioretti

By:_____
          John B. Lower

**Fioretti & Lower, Ltd.**
39 South LaSalle Street
Suite 1400
Chicago, Illinois 60603
Phone: (312) 332-7374
Facsimile: (312) 332-0104

*Attorneys for:*
*Central Mfg Inc.*
*Central Mfg Co.*
*Stealth Industries, Inc.*
*Sentra Industries, Inc.*
*S. Industries, Inc.*
*USA Sports Co. Inc.*

**Appendix I**
**Northern District of Illinois Cases Involving Leo Stoller and the "Stealth" Mark**

| Case Number | Case Name | Subject Matter |
|---|---|---|
| 88-C-3722 | Slazengers Ltd. v. Stoller et al. | Trademark Infringement |
| 88-C-7215 | Skierkewiecz, et al. v. Gonzalez, et al. | Non-Trademark Infringement |
| 92-C-5622 | Stoller v. Carbaugh et al. | Trademark Infringement |
| 95-C-1634 | Stealth Indus. Inc. v. Victor Stanzel Co., et al. | Trademark Infringement |
| 95-C-2650 | Stealth Indus. Inc. v. Grace Childrens Prods. et al. | Trademark Infringement |
| 95-C-2651 | Stealth Indus. Inc. v. Zebco Inc., et al. | Trademark Infringement |
| 95-C-4509 | Stealth Indus. Inc. v. All Amer. Prod. Inc., et al. | Trademark Infringement |
| 95-C-5788 | Stealth Indus. Inc. v. Oceanic USA | Trademark Infringement |
| 96-C-1035 | S Indus. Inc. v. Amer Soccer Co., Inc. | Trademark Infringement |
| 96-C-1138 | S Indus. Inc. v. Netti Export Corp., et al. | Trademark Infringement |
| 96-C-1218 | S Indus. Inc. v. Bard Wyers Sports, et al. | Trademark Infringement |
| 96-C-1264 | S Indus. Inc. v. HHA Sports, et al. | Trademark Infringement |
| 96-C-1325 | S Indus. Inc. v. ERO Indus. Inc., et al. | Trademark Infringement |
| 96-C-1776 | S Indus. Inc. v. Fit Bearings, et al. | Trademark Infringement |
| 96-C-2037 | S Indus. Inc. v. World of Weapons, et al. | Trademark Infringement |
| 96-C-2038 | S Indus. Inc. v. Pelican Pro Inc., et al. | Trademark Infringement |
| 96-C-2166 | S Indus. Inc. v. Wonderwand, et al. | Trademark Infringement |
| 96-C-2231 | S Indus. Inc. v. Lane, et al. | Trademark Infringement |
| 96-C-2232 | S Indus. Inc. v. GMI Prof. Access Syst., et al. | Trademark Infringement |
| 96-C-3389 | S Indus. Inc. v. Diamond Multimedia, et al. | Trademark Infringement |
| 96-C-3524 | S Indus. Inc. v. Centra 2000 Inc., et al. | Trademark Infringement |

12/29/2005 14:24 FAX  512 536   18     FULBRIGHT @ JAWORSKI                    ☑ 051/052

| Case Number | Case Name | Subject Matter |
|---|---|---|
| 96-C-3525 | S Indus. Inc. v. NAAN Irrigation Syst., et al. | Trademark Infringement |
| 96-C-3592 | S Indus. Inc. v. Nat'l Baseball Hall of Fame | Trademark Infringement |
| 96-C-3593 | S Indus. Inc. v. Funline Mdse Co., Inc., et al. | Trademark Infringement |
| 96-C-3916 | S Indus. Inc. v. Kimberly-Clark Corp., et al. | Trademark Infringement |
| 96-C-4140 | S Indus. Inc. v. Ecolab Inc. | Trademark Infringement |
| 96-C-4141 | S Indus. Inc. v. Tru-Fit Mkg. Corp. | Trademark Infringement |
| 96-C-4149 | S Indus. Inc. v. Mitsushiba Int'l Inc., et al. | Trademark Infringement |
| 96-C-4434 | S Indus. Inc. v. Brodix Inc., et al. | Trademark Infringement |
| 96-C-4659 | S Indus. Inc. v. JL Audio Inc., et al. | Trademark Infringement |
| 96-C-4951 | S Indus. Inc. v. Stone Age Equip. Inc., et al. | Trademark Infringement |
| 96-C-6047 | S Indus. Inc. v. Tournament Grade, et al. | Trademark Infringement |
| 96-C-6507 | S Indus. Inc. v. Photostealth Fabric | Trademark Infringement |
| 96-C-6509 | S Indus. Inc. v. Hobbico Inc., et al. | Trademark Infringement |
| 96-C-6538 | S Indus. Inc. v. E-Force Sports, et al. | Trademark Infringement |
| 97-C-1817 | S Indus. Inc. v. Hobbico Inc., et al. | Trademark Infringement |
| 97-C-2787 | S Indus. Inc. v. Space-Age Tech, et al. | Trademark Infringement |
| 97-C-3702 | S Indus. Inc. v. Sunshine Golf | Trademark Infringement |
| 97-C-3703 | S Indus. Inc. v. Tour Advanced Int'l | Trademark Infringement |
| 97-C-3704 | S Indus. Inc. v. NGA Disc Golf | Trademark Infringement |
| 97-C-3705 | S Indus. Inc. v. S E Golf | Trademark Infringement |
| 97-C-3706 | S Indus. Inc. v. Proclub Golfing Co. | Trademark Infringement |
| 97-C-3707 | S Indus. Inc. v. M & M Golf Inc. | Trademark Infringement |
| 99-C-1401 | Hartford Ins. Co. v. Diamond Computer, et al. | Non-Trademark Infringement |

12/29/2005 14:24 FAX  512 536  )8      FULBRIGHT @ JAWORSKI                          ☒ 052/052

| 00-C-6586 | Stealth Indus. Inc. v. Stealth Sec. Syst., Inc., et al. | Trademark Infringement |
| Case Number | Case Name | Subject Matter |
| 00-C-7867 | Centra Software Inc. v. Stoller, et al. | Trademark Infringement |
| 04-C-3049 | Stealth Indus. Inc. v. George Brett & Brett Bros. Sports Int'l, Inc. | Trademark Infringement |
| 05-C-725 | Central Mfg. Co., et al. v. Pure Fishing, Inc., et al. | Trademark Infringement |
| 05-C-2052 | Columbia Pictures Indus., Inc. v. Stoller et al. | Trademark Infringement |

**Total Number of Cases:    49**

# ORDER

This case is before the court on the defendants' motions for attorneys fees and costs. Defendants bring this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and request that the court amend its order of January 28, 1998, granting the defendants' motion for summary judgment, to include an award of costs and attorneys fees. For the reasons set forth below, the court denies the motions for attorneys fees. As the prevailing parties, the defendants are entitled to their costs. As such, the court will amend its order of January 28, 1998 to include an award of costs.

Section 1117(a) of the Lanham Act authorizes the court to grant an award of reasonable attorneys fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The Seventh Circuit has defined the phrase "exceptional cases" as cases that are "malicious, fraudulent, deliberate or willful." FASA Corp. v. Playmates Toys, Inc., 108 F.3d 140, 143 (7ᵗʰ Cir. 1997). A finding of bad faith on the part of the plaintiff is not necessary for a prevailing defendant to prove that the case is "exceptional." Id. Instead, a case may be deemed "exceptional" where it lacks merit and evidentiary support or was brought to extract a settlement based on the suit's nuisance value. Door Systems, Inc. v. Pro-Line Door Systems, Inc., 126 F.3d 1028, 1032 (7ᵗʰ Cir. 1997). The decision to award attorneys fees under the Lanham Act is firmly committed to the discretion of the district court. BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1099 (7ᵗʰ Cir. 1994).

The gist of the defendants' argument is that the plaintiff's suit lacked merit and evidentiary support and was brought by the plaintiff to extract a settlement from the defendants. Defendants point out that plaintiff has filed countless lawsuits against entities, such as the defendants, that attempt to use the "Stealth" name on products that are unrelated to the products listed in the plaintiff's trademark registrations. Upon review of the record and our opinion granting the defendants' motion for summary judgment, the court finds that an award of attorneys fees is not warranted in this case. Plaintiff has secured registrations for use of the "Stealth" name on a wide range of products since 1985. These products range from bicycles and comic strips to window locks and lawn sprinklers. Because of such a wide range of products, the plaintiff has more opportunities to sue for trademark infringement when another entity uses the "Stealth" name. The court, however, cannot base its decision to award fees on the plaintiff's conduct in other cases with other defendants. In this case, there was some evidence indicating that plaintiff used the "Stealth" name on garage door locks that could have been infringed upon by defendants' use of the "Stealth" name on garage door openers. We granted summary judgment for the defendants because S Industries did not provide any credible evidence to establish that consumers were confused by the defendants' use of the name on their garage door openers. While we agree with the defendants that the plaintiff's claims lacked evidentiary support, the court will not award attorneys fees because there is no evidence that the plaintiff's suit was fraudulent or malicious. Accordingly, we deny the defendants' motions for fees.

Nevertheless, the defendants, as the prevailing parties, are entitled to their costs. The court will amend its order of January 28, 1998 to include an award of costs to the defendants. Defendants are directed to file their bill of costs within ten days of this order. Plaintiff will have two weeks to respond to the defendants' petitions.

Dated: APR 3 0 1998

CHARLES P. KOCORAS
U.S. District Court Judge



**Michael Dobbins**
CLERK

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

312 435 5670

March 20, 2006

Leo Stoller
c/o Fioretti & Lower, Ltd.
39 South LaSalle Street
Suite 1400
Chicago, IL 60603

Dear Mr. Stoller,

The Executive Committee for the Northern District of Illinois has considered your response to the citation issued to you on December 15, 2005. After discussion, the Committee will take no further action in this matter.

Sincerely,

Michael W. Dobbins

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In Re:                  )
                         )
LEO STOLLER,         )     Case No: 05-B-64075
                      )     Honorable Jack B. Schmetterer
          Debtor.    )
                      )

## NOTICE OF MOTION

TO:    William J. Factor, Seyfarth & Shaw, LLP.
        55 E. Monroe Street, Suite 4200, Chicago, Illinois 60603

        Michael T. Zeller, Quinn, Emanuel, et al.
        865 S. Figueroa Street, 3rd Floor
        Los Angeles, California 90017

        Richard Fogel, Shaw, Gussis, Fishman, Glantx,
        Wolfson & Towbin LLC., 321 N. Clark Street, Suite 800
        Chicago, Illinois 60610

PLEASE TAKE NOTICE that on the ___15___ day of ___Feb___, 2007 at ___10:00___ a.m., Debtor shall appear before the Honorable Judge Schmetterer in the courtroom usually occupied by him, 219 S. Dearborn, Chicago, Illinois, 60603, and then and there present the attached motion.

_Leo Stoller_

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

FEB 0 7 2007

KENNETH S. GARDNER, CLERK
PS REP. - AI

Date: February 7, 2007

C:\MARKS\216075.NOM

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | Chapter 7 |
|  | ) |  |
| LEO STOLLER, | ) | Case No:  05 B 64075 |
|  | ) |  |
| Debtor. | ) | Hon. Jack B. Schmetterer |
|  | ) |  |

**F I L E D**

UNITED STATES BANKRUPTCY COUR
NORTHERN DISTRICT OF ILLINOIS

FEB 0 7 2007

KENNETH S. GARDNER, CL
PS REP. - AI

## MOTION FOR PERMISSION TO RETAIN COUNSEL

NOW  COMES Leo Stoller and requests permission to retain counsel to represent Stoller's corporations, CENTRAL MFG. CO. and STEALTH INDUSTRIES, INC. in Case No: 07-cv-385 filed by Google, Inc.

This Court lifted the automatic stay on January 18, 2007, allowing Google, Inc. to sue Leo Stoller and his companies for civil RICO in the District Court.  See attached true and correct copy of the Court's order.

The Trustee, Richard Fogel, stated in open court, that Google was not seeking any monetary damages against Stoller's corporations.  The Court was led to belief that Google was not seeking monetary damages against Stoller's corporations prior to lifting the stay.   The Trustee has refused to defend this RICO action against Stoller's corporations.  The Trustee has refused to allow Stoller the right to retain counsel to defend his corporations in this and other matters, notwithstanding the fact that no funds from Stoller's Estate would be used to finance the attorneys who are required to represent Stoller's corporations for the benefit of Stoller's Estate and its legitimate creditors.

The Court on numerous occasions, on the record, has admonished the Trustee for his conduct, evidencing an abandonment of the Debtor's intellectual property and corporate assets by the Trustee's failure to defend those assets in litigation.  For example, Leo Stoller, prior to the appointment of the Trustee, had only $69,000 in claims against his Estate.  Since the appointment of Richard Fogel, the Trustee, in September of 2006, the Debtor now has over $2,300,000.00 in claims against the Debtor's Estate, as a direct result of the Trustee's failure

to defend Stoller's corporations. The Trustee has abused his fiduciary duty to the Estate of Leo Stoller by entering into a consent judgment of $950,000.00 with Pure Fishing, Inc. rather than defend the action that Pure Fishing had pending against Leo Stoller and his corporations. In addition, the Trustee has acknowledged to the Debtor that Pure Fishing had a "duplicative claim" of over $750,000.00 against the Debtor. The Trustee has taken no action to remove that duplicative claim from the claims registry of the Debtor.

The only conclusion that can be drawn which this Court has already acknowledged is that the Trustee has abandoned the intellectual property and the corporate assets of the Debtor. The Debtor is asking this Court here and now to declare that the Trustee has abandoned the Debtor's corporations and any intellectual property owned by them.

The Debtor is asking this Court permission for Leo Stoller to retain counsel to represent and defend his corporations in the civil RICO action filed by Google, Inc. Google cleverly sought to lift the stay in order to sue Leo Stoller and his corporations. However, Google did not sue *Leo Stoller*, only his corporations. Google knowingly and willfully avoided suing Leo Stoller in Google's civil RICO action because Google knows that the Trustee, Richard Fogel, will not represent Leo Stoller's corporations and Google will obtain a default judgment in a civil RICO action which is the most severe judgment that can be granted against an entity other than a criminal charge. The Court should not allow this abuse of the bankruptcy court system to go uncorrected. Leo Stoller should have a right to defend himself and/or his corporations against Google, Inc. in view of the fact that the Trustee has abandoned all rights in and to Stoller's corporations and their assets.

Prior to bringing this motion, Stoller has made a good faith to obtain permission from Richard Fogel for Stoller to retain counsel to represent Stoller's corporations. Mr. Fogel stated in an email dated February 6, 2007, "... I will not give you any carte blanche authority to do anything in connection with the pending litigation." Mr. Fogel has said that under certain limited conditions, he may allow an attorney to represent my companies in the case at bar if they restrict their representation to not upsetting any agreements that the Trustee has reached with Google, Inc.

Leo Stoller has attempted to talk with counsel regarding representing his corporations against Google's civil RICO action and there is no attorney that is willing to take Stoller's case with the prospective lawyers' hands tied behind their backs and restricted.

## SUMMARY

It is obvious from the record that this Trustee has abandoned Stoller's corporations and corporate assets because he has failed and/or refused to defend them. In addition, as a direct result of the Trustee's conduct in this case, the Trustee has increased the Debtor's claims to over $2,000,000.00. Claims which did not exist prior to the appointment of Richard Fogel. The Trustee has refused to investigate the claims and has objected to the Debtor's written discovery which was sent to the claimants in order to justify the claims in order to settle this case amicably. The Debtor has offered the Trustee over $100,000.00 to settle the bankruptcy estate with the legitimate creditors and to pay the administrative costs of the Debtor's Estate. As a result of the Trustee's failure to verify the legitimate claims from the illegitimate claims, the Trustee has made it impossible for the Debtor to ascertain its legitimate creditors from its illegitimate creditors. It is obvious that the Trustee has abandoned the corporations and the corporate assets of the Debtor.

The Debtor is requesting that this Court declare that the Trustee has abandoned the Debtor's corporations and allow those assets to be defaulted back to the Debtor. In the alternative, the Debtor is requesting permission from this Court to obtain counsel to represent Stoller's corporations in the Google Inc. v. Central Co., et al. in the civil RICO action.

WHEREFORE, the Debtor prays that this Court grant permission to the Debtor to retain counsel to represent the Debtor's corporations in the Google civil RICO action, Case No. 07-cv-385. Further, the Debtor is requesting that this Court declare that the Trustee has abandoned the corporations of the Debtor and that those said corporations should be defaulted back to the Debtor as a result of the abandonment.

*Leo Stoller*

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: February 7, 2007

### Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 N. Dearborn
Chicago, IL 60607

*Leo Stoller*

Leo Stoller
Date: February 7, 2007


### Certificate of Service

I hereby certify that the foregoing is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
Shaw, Gussis, Fishman, Glantx,
 Wolfson & Tow
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

William J. Factor
Seyfarth & Shaw, LLP.
55 E. Monroe Street, Suite 4200
Chicago, Illinois 60603

Michael T. Zeller
Quinn, Emanuel, et al.
865 S. Figueroa Street, 3rd Floor
Los Angeles, California 90017

*Leo Stoller*

Leo Stoller
Date: 2 - 7 - 0 7

C:\MARKS\2\64075.MOT

**From :**   Rick Fogel <rfogel@shawgussis.com>
**Sent :**   Tuesday, February 6, 2007 9:46 AM
**To :**   "L Lee" <ldms4@hotmail.com>
**CC :**   "Janice Alwin" <jalwin@shawgussis.com>
**Subject :** RE: Attorney to Represent Central Mfg. Co. in Google Rico Case

Mr. Stoller:

Based on the information you have been posting on your
blog, it does not appear as if you are making any effort
to resolve your issues with Google in an amicable way.
If you have an attorney that is willing to represent
your companies, I will discuss the matter with him or
her.  I will not give you any carte blanche authority to
do anything in  connection with the pending litigation.


Richard M. Fogel
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL  60610
Direct dial: (312) 276-1334
Direct fax:  (312) 275-0578

-----Original Message-----

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In Re:                               )
                                     )
                                     )        Hon. Jack B. Schmetterer
LEO STOLLER,                         )
                                     )
            Debtor.                  )        Appeal from the U.S. District
                                     )        Court for the Northern District,
                                     )        Eastern Division
                                     )        Case No. 05-B-64075
                                     )
                                     )

**<u>NOTICE OF FILING</u>**

TO:    William J. Factor                     Lance G. Johnson
       Sara E. Lorber                        Roylance, Abrams, et al.
       Seyfath & Shaw LLP.                   1300 19th Street, N.W., #600
       131 S. Dearborn Street, Suite 2400    Washington, DC  20036
       Chicago Illinois  60603

       Richard M. Fogel                      Stephen G. Wolfe
       Janice A. Alwin                       Assistance United States Trustee
       Shaw, Gussis, Fishman, Glantx,        Office of the United States Trustee
        Wolfson & Tow                        227 W. Monroe Street, Suite 3350
       321 N. Clark Street, Suite 800        Chicago, Illinois  60606
       Chicago, Illinois  60610

       Michael T. Zeller
       Quinn, Emanuel, Urquart,
        Oliver & Hedges, LLP.
       865 S. Figueroa Street, 10th floor
       Los Angeles, CA  90017

     PLEASE TAKE NOTICE that on the **16th day of February, 2007,** there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Notice of Appeal Of An Interlocutory Order Issued By Judge Jack Schmetterer From The Bend On February 15, 2007**, a copy of which is attached hereto.

     I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this _____ day of February, 2007, with proper postage prepaid.

                                        _Leo Stoller_
                                        _____
                                        Leo Stoller
                                        7115 W. North Avenue
                                        Oak Park, Illinois  60302
                                        (773) 551-4827
                                        Email:  ldms4@hotmail.com

C:\MARKS43\STOLLER.FIL

### UNITED STATES BANKRUPTCY COURT
### FOR NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| LEO STOLLER, | ) | |
| | ) | |
| Debtor. | ) | Appeal from the U.S. District |
| | ) | Court for the Northern District, |
| | ) | Eastern Division |
| | ) | Case No. 05-B-64075 |
| | ) | |
| | ) | |

### NOTICE OF APPEAL OF AN INTERLOCUTORY ORDER ISSUED BY
### JUDGE JACK SCHMETTERER FROM THE BENCH ON FEBRUARY 15, 2007

NOW COMES the Appellant/Debtor and files its Notice of Appeal of an interlocutory

Order by Judge Jack Schmetterer from the bench, Docket No. 270, denying Appellant's

request and application to employ counsel, and states as follows:

Judge Schmetterer issued the order denying the Appellant's request to employ counsel

to represent its corporations in a civil RICO action filed by Google, Inc., Case No. 07-cv-385.

Without counsel representing the Debtor's corporations, a default civil RICO judgment will be

issued against the Debtor's corporations. The Trustee, Richard Fogel[1], has refused to defend

the Appellant's corporations. If the default judgment agreed to by the Trustee Richard Fogel is

allowed to stand, the Appellant's corporate entities will be permanently discredited and

tarnished without being able to present a valid defense to a frivolous civil RICO action brought

by Google, Inc. in retaliation for Appellant's filing of a petition for cancellation proceeding

- - - - - - - - - - - - - - - - - - - -

1. It is the position of the Appellant that the Trustee Richard Fogel has abandoned the corpora-
tions and the assets of the corporations. Currently, the Appellant has a pending appeal, Case
No. 06-c-06599. Prior to September 5, 2006, the appointment of Richard Fogel, the Appellant
had only $65,000 in bankruptcy claims filed in his Estate. As a result of Richard Fogel being
appointed Trustee on September 5th, Leo Stoller's bankruptcy estate is now over $2,300,000
in claims as a result of the Trustee's failure to defend the corporations of Leo Stoller. As of
this date, the Trustee has failed and/or refused to investigate any of the bankruptcy claims.
The Trustee has also moved to quash the Appellant's attempt at submitting written discovery to
the claimants. Currently, an appeal is pending by the Appellant on a decision denying the
replacement of the Trustee Richard Fogel.

before the Trademark Trial and Appeal Board.

## This Court Has Jurisdiction Over This Interlocutory Appeal

The general rule is that a court of appeals has jurisdiction over a bankruptcy appeal only if the bankruptcy court's original order and the district court's order reviewing the bankruptcy court's original order are both final. 28 U.S.C. sec. 158(d); *In re Devlieg, Inc.,* 56 F.3d 32, 33 (7th Cir. 1995) (per curiam); *In re Morse Elec. Co.,* 805 F.2d 262, 264 (7th Cir. 1986); 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Rules and Procedure* sec. 3926.2, at 273 (2d ed. 1996). In the bankruptcy context, however, finality does not require a final order concluding the entire bankruptcy proceeding; certain orders entered prior to the conclusion of the bankruptcy proceeding will be deemed final. *In re Forty-Eight Insulations, Inc.,* 115F.3d 1294, 1298-99 (9th Cir. 1977); In re *Official Committee of Unsecured Creditors of White Farm Equip. Co.,* 943 F.2d 752, 754-755 (7th Cir. 1991). Where an order terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit by or against the trustee, the order will be considered final and appealable. *In re Szekely,* 936 F.2d 897, 899-900 (7th Cir. 1991); [*9] Wright, Miller & Cooper, *supra,* sec. 3926.2 at 272-73.

The February 15, 2007 decision of Judge Schmetterer from the bench that the Appellant is requesting this Court review, qualifies as a stand-alone suit by or against the Trustee. This order should be considered final and appealable. *In re Szekely,* 936 F.2d 897, 899-900 (7th Cir. 1991); [*9] Wright, Miller & Cooper, *supra,* sec. 3926.2 at 272-73, *id.*

The Appellant has ordered the transcript of the hearing of February 15, 2007 and will submit it to this Court upon receipt. The transcript was ordered on February 16, 2007 from the bankruptcy court reporting service.

Leo Stoller, *pro se*
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: February 16, 2007

## Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 S. Dearborn
Chicago, IL 60607

*Leo Stoller*

Leo Stoller
Date: February 16, 2007

## Certificate of Service

I hereby certify that the foregoing is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

Michael Zeller
*Quinn, Emanuel, Urquhart,*
 *Oliver & Hedges, LLP.*
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

*Leo Stoller*

Leo Stoller
Date: 3-16-07

C:\MARKS43\STOLLER.MOT