## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GOOGLE, INC.                          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )
                                      )    Case No: 07-CV-385
CENTRAL MFG. INC. a/k/a               )
CENTRAL MFG. CO., a/k/a               )    Judge Kendall
CENTRAL MFG. CO.(INC).,               )
a/k/a CENTRAL MANUFACTURING           )    Magistrate Judge Cole
COMPANY, INC. and a/k/a               )
CENTRAL MFG. CO. OF ILLINOIS;         )
and STEALTH INDUSTRIES, INC.          )
a/k/a RENTAMARK and a/k/a             )
RENTAMARK.COM,                        )
                                      )
        Defendants.                   )

### NOTICE OF FILING

TO:   Michael T. Zeller                      Richard M. Fogel, Trustee
      Quinn, Emanuel, Urquhart,              Janice A. Alwin
        Oliver & Hedges, LLP.                Shaw, Gussis, Fishman, Glantz,
      865 S. Figueroa Street, 10th Floor     Wolfson & Towbin LLC.
      Los Angeles, California 90017          321 N. Clark Street, Suite 800
                                             Chicago, Illinois 60610
      William J. Barrett
      Barack, Ferrazzano, Kirschbaum,
        Perlman & Nagelberg, LLP.
      333 W. Wacker Drive, Suite 2700
      Chicago, Illinois 60606

      PLEASE TAKE NOTICE that on the **2nd day of March, 2007**, there was filed with
the Clerk of the United States District Court for the Northern District of Illinois, Eastern
Division, **Reply to Google's Opposition To Debtor Leo Stoller's Motion To Suspend
Pending The Trademark Trial And Appeal Board's Decision On Defendant's Motion For
Summary Judgment**, a copy of which is attached hereto.

      I certify that I served this Notice mailing a copy to each person to whom it is directed
at the address above indicated by depositing it in the U.S. Mail on this _____ day of
March, 2007, with proper postage prepaid.

                                      Leo Stoller, *pro se*
                                      7115 W. North Avenue
                                      Oak Park, Illinois 60302
                                      (773) 551-4827
                                      Email: ldms4@hotmail.com

C:\MARKS43\GOOGLE2.FIL

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GOOGLE, INC.                        )
                                    )
           Plaintiff,               )
                                    )
vs.                                 )
                                    )    Case No: 07-CV-385
CENTRAL MFG. INC. a/k/a             )
CENTRAL MFG. CO., a/k/a             )    Hon. Virginia M. Kendall
CENTRAL MFG. CO.(INC).,             )
a/k/a CENTRAL MANUFACTURING         )    Magistrate Judge Cole
COMPANY, INC. and a/k/a             )
CENTRAL MFG. CO. OF ILLINOIS;       )
and STEALTH INDUSTRIES, INC.        )
a/k/a RENTAMARK and a/k/a           )
RENTAMARK.COM,                      )
                                    )
           Defendants.              )

**REPLY TO GOOGLE INC.'S OPPOSITION TO
DEBTOR LEO STOLLER'S MOTION TO SUSPEND PENDING THE
TRADEMARK TRIAL AND APPEAL BOARD'S DECISION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Leo Stoller in reply to Google, Inc.'s Opposition To Debtor Leo Stoller's Motion To Suspend Pending The Trademark Trial And Appeal Board's Decision On Defendant's Motion For Summary Judgment, and states as follows:

Google, Inc. argues that Trademark Trial and Appeal Board should suspend Stoller's petition for cancellation proceeding and allow this District Court proceeding to go first. Google misses the point for the following reason:

As the U.S. Supreme Court has said:

> The declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review .... Responsibility for effective functioning of the administrative process cannot be thus

transferred from the bodies in which Congress has placed it to the courts[1].

The distinction between all of the case law presented by Google in support of the Trademark Trial & Appeal Board suspending action before the TTAB and allowing a District Court proceeding to go forward does not apply in the case at bar. For Google, Inc. is attempting to preempt and prejudge issues that are committed for an initial decision to the TTAB. In other words, Google, Inc. is facing a motion for summary judgment in a petition for cancellation filed by Leo Stoller, President of Central Mfg. Inc. When a party is in a proceeding before the TTAB and facing a motion for summary judgment, a District Court proceeding cannot be used to short-circuit the TTAB from being able to rule on Stoller's motion for summary judgment.

WHEREFORE, Leo Stoller prays that this Court suspend this proceeding pending resolution of Stoller's Motion for Summary Judgment before the Trademark Trial & Appeal Board.

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois 60302
312/ 545-4554
Email: ldms4@hotmail.com

Date: March 2, 2007

- - - - - - - - - - - - - - - - - - - -

1. Public Service Comm'n v. Wycoff Co., 344 U.S > 237, 97 L. Ed. 291, 73 S. Ct. 236 (1952). See Englishtown Sportswear Ltd. v. Tuttle, 547 F. Supp. 700, 216 USPQ 488 (S.D.N.Y. 1982) (a court that bypasses the administrative system of the PTO impairs expeditious resolution and forfeits administrative expertise.) See §32:53 Declaratory judgment cannot short-circuit administrative remedies - exhausting administrative remedies before the Trademark Board - McCarthy on Trademarks.

## Certificate of Mailing

I hereby certify that this motion is being hand-delivered in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_____
Leo Stoller
Date:  March 2, 2007


## Certificate of Service

I hereby certify that the foregoing is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

_____
Leo Stoller
Date:  3-2-07

C:\MARKS43\GOOGLE5.MOT

§ 32:52

achieved jurisdiction over the issues.[5]

### § 32:53 Declaratory judgment cannot short-circuit administrative remedies—exhausting administrative remedies before the Trademark Board

*West Key No. Digests References*

Declaratory Judgment ☞ 66 to 68, 237, 274.1
Trade Regulation ☞ 334.1, 345.1

**KeyCite**[TM]: Cases and other legal materials listed in KeyCite Scope can be researched through West Group's KeyCite service on WESTLAW[R]. Use KeyCite to check citations for form, parallel references, prior and later history, and comprehensive citator information, including citations to other decisions and secondary materials.

The declaratory judgment procedure cannot be used to short-circuit established administrative procedures, such as those set up in the Patent and Trademark Office to determine the validity of federal trademark registration.[1] As the U.S. Supreme Court has stated:

> [T]he declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. . . . Responsibility for effective functioning of the administrative process cannot be thus transferred from the bodies in which Congress has placed it to the courts.[2]

Since Congress has granted the power to register trademarks to the United States Patent and Trademark Office (PTO), federal courts

---

[5] Circuit City Stores v. Speedy Car-X, 35 U.S.P.Q.2d 1703, 1995 WL 568818 (E.D. Va. 1995)(quoting this sentence from treatise with approval; Kosmeo Cosmetics Inc. v. Lancome Parfums et Beaute & Cie., 44 U.S.P.Q.2d 1472, 1996 WL 929600 (E.D. Tex. 1996)(citing treatise with approval).

[Section 32:53]

[1] See ch. 20.

[2] Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 97 L. Ed. 291, 73 S. Ct. 236 (1952). See Englishtown Sportswear, Ltd. v. Tuttle, 547 F. Supp. 700, 216 U.S.P.Q. 486 (S.D.N.Y. 1982) (a court that bypasses the administrative system of the PTO impairs expeditious resolution and forfeits administrative expertise).

§ 32:53

have no jurisdiction over administrative registration proceedings except the appellate jurisdiction expressly granted by statute.[3] So an applicant whose mark is opposed before the Trademark Board, or a registrant whose mark is attacked for cancellation before the Trademark Board, cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts.[4] Where an administrative proceeding is already under way, the courts should not short-cut the proceeding by way of entertaining a suit for declaratory judgment. As the Second Circuit said, "The Declaratory Judgment Act may not be used simply to remove a controversy from a forum where it properly belongs."[5] Under this rule, it has been said: "The Court will not, by declaratory judgment, intercede gratuitously in the unfinished and pending administrative proceedings."[6]

[3] Merrick v. Sharp & Dohme, Inc., 185 F.2d 713, 88 U.S.P.Q. 145 (7th Cir. 1950), cert. denied, 340 U.S. 954, 95 L. Ed. 687, 71 S. Ct. 573, 88 U.S.P.Q. 569 (1951). See § 21:20, 21:25. See; Johnny Blastoff, Inc. v. Los Angeles Rams Football Co., 48 U.S.P.Q.2d 1385, 1998 WL 766703 (N.D. Ill. 1998), aff'd on other grounds, 188 F.3d 427, 51 U.S.P.Q.2d 1920 (7th Cir. 1999) (Merrick is still controlling authority).

[4] Merrick v. Sharp & Dohme, Inc., 185 F.2d 713, 88 U.S.P.Q. 145 (7th Cir. 1950), cert. denied, 340 U.S. 954, 95 L. Ed. 687, 71 S. Ct. 573, 88 U.S.P.Q. 569 (1951) (opposition proceeding against plaintiff); Homemakers, Inc. v. Chicago Home for the Friendless, 169 U.S.P.Q. 262, 1971 WL 16689 (7th Cir. 1971), cert. denied, 404 U.S. 831, 30 L. Ed. 2d 60, 92 S. Ct. 70, 171 U.S.P.Q. 321 (1971) (cancellation proceeding against plaintiff); Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124, 136 U.S.P.Q. 610 (2d Cir. 1963) (opposition proceeding against plaintiff in Puerto Rico); Gillette Co. v. "42" Products, Ltd., 435 F.2d 1114, 168 U.S.P.Q. 197 (9th Cir. 1970) (opposition proceeding; dicta as no decision rendered on this point). Contra Sam S. Goldstein Industries, Inc. v. Botany Industries, Inc., 301 F. Supp. 728, 163 U.S.P.Q. 442 (S.D.N.Y. 1969) (registrant allowed to maintain declaratory judgment action, even though defendant had pending petition to cancel proceeding in the Trademark Office).

[5] Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124, 136 U.S.P.Q. 610 (2d Cir. 1963). Applied in: American Pioneer Tours, Inc. v. Suntrek Tours, Ltd., 16 U.S.P.Q.2d 1779, 1998 WL 60944 (S.D.N.Y. 1998) (Once an inter partes case is proceeding before the Trademark Board, the parties should not deflect that proceeding. "The Declaratory Judgements Act may not be used simply to remove a controversy from a forum where it properly belongs.").

[6] Goya Foods, Inc. v. Tropicana Products, Inc., 666 F. Supp. 585, 4 U.S.P.Q.2d 1893 (S.D.N.Y. 1987), modified, LEXIS slip op. (S.D.N.Y. 1987), rev'd on other grounds, 846 F.2d 848, 6 U.S.P.Q.2d 1950 (2d Cir. 1988) (Applicant defendant in previously-filed T.T.A.B. opposition proceeding in the PTO filed a declaratory judgment suit in federal court seeking a declaration of non infringement. Suit must be dismissed or stayed pending resolution of the PTO opposition. Citing treatise, held that: (1) the filing of