IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOGLE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07 C 385 |
| ) | |
| CENTRAL MFG. INC. a/k/a CENTRAL MFG. ) | Judge Virginia M. Kendall |
| CO., a/k/a CENTRAL MFG. CO.(INC).,a/k/a ) | |
| CENTRAL MANUFACTURING COMPANY ) | |
| INC. and a/k/a CENTRAL MFG. CO. OF ) | |
| ILLINOIS; and STEALTH INDUSTRIES, INC. ) | |
| a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Google Inc. ("Google") has filed this civil RICO action against Defendants Central Mfg. Inc. ("Central") a/k/a Central Mfg. Co. a/k/a Central Mfg. Co.(Inc.) a/k/a Central Manufacturing Company Inc. a/k/a Central Mfg. Co. of Illinois and Stealth Industries, Inc. ("Rentamark") a/k/a Rentamark a/k/a Rentamark.com (collectively, "Defendants") alleging, among other things, that Defendants and their purported principal, Leo Stoller ("Stoller"), are engaged in a scheme of falsely claiming trademark rights for the purpose of attempting to extort money out of legitimate commercial actors. More specifically, Google alleges that Defendants aimed their continuing scheme in its direction by first seeking to oppose Google's application for registration of the "Google" trademark based upon a fraudulent claim of common law rights in or to that mark and then sending settlement communications to Google that offered to resolve the "registerability controversy" if Google would, among other things, agree to: (1) abandon its trademark application;

(2) pay a 5% royalty for use of the "Google" mark; and (3) pay $100,000.00 to Rentamark.com and acknowledge Rentamark.com's exclusive ownership of the "Google" mark.

On December 20, 2005, Stoller filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). On motion of one of Stoller's creditors, Stoller's bankruptcy case, styled *In re Stoller*, No. 05-64075 in the United States Bankruptcy Court for the Northern District of Illinois, was converted to a case under Chapter 7 of the Code on September 1, 2006. The property of Stoller's estate in bankruptcy includes, among other things, the stock and interests of incorporated and unincorporated businesses, including Stoller's wholly-owned interest in the Defendants. On September 6, 2006, the United States Trustee for Region 11 appointed Richard M. Fogel ("Trustee") as trustee to administer Stoller's estate in bankruptcy. Stoller's bankruptcy case remains pending before Bankruptcy Judge Jack B. Schmetterer.

Now before this Court is Stoller's motion to intervene in this action pursuant to Fed. R. Civ. P. 24. In addition to the motion to intervene, Stoller, who is not (and never has been) a party to this action, has also filed motions: (1) to interplead; (2) to suspend these proceedings for sixty days to retain counsel for defendants; (3) to suspend these proceedings pending an appeal of the decision of the bankruptcy court to permit Google to initiate this action; and (4) to suspend these proceedings pending the Trademark Trial and Appeal Board's decision on Defendants' motion for summary judgment in the proceedings related to the "Google" mark. For the reasons set forth below, each of Stoller's motions is denied.

## DISCUSSION

I.    **Intervention as of Right Under Rule 24(a).**

Under Rule 24, intervention may be as of right or it may be permissive. *Heartwood v. U.S. Forest Service, Inc.*, 316 F.3d 694, 7000 (7th Cir. 2003). A party seeking to intervene as of right

must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the property or transaction which is the subject of the action; (3) the party seeking to intervene must be so situated that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the applicant's interest. Fed. R. Civ. P. 24(a); *see also Skokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000). Failure to satisfy any one of the four requirements for intervention as of right is sufficient grounds to deny a motion to intervene. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003).

A party seeking to intervene in a case must assert an interest in the action that is a "direct, significant legally protectible" one. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995) (quoting *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)). In the Seventh Circuit, this inquiry focuses "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Id.* (citing *Am. Nat'l Bank*, 865 F.2d at 147).

In this case, Stoller has not identified any direct, significant legally protectible interests in these proceedings that would provide him with a right to intervene. Stoller argues that he has such an interest in this action because: (1) he was the sole shareholder of Defendants; (2) he was the party that filed a petition for cancellation of the Google trademark registration; (3) he was the party that communicated with Google's counsel regarding the registerability controversy; (4) he was the party that claimed rights in and to the Google trademark; and (5) absent his involvement in this case, the corporate defendants will not be adequately represented. Each of these arguments fails.

First, Stoller's concern that the corporate defendants will not receive adequate representation without his involvement does not suffice to provide him with a right to intervene because it is based upon the *Defendants'* rights, not upon his own. *Reich*, 64 F.3d at 322. True, Stoller asserts that he

3

was once the sole shareholder of the corporate defendants, but that is no longer the case.[1] The Defendants are now part of Stoller's Chapter 7 bankruptcy estate. Accordingly, Stoller no longer holds any interest in the Defendants. *See Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001) ("The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case."). At this juncture, it is the Trustee, and not Stoller, that has the authority to administer all aspects of Defendants' business, including this lawsuit. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (in Chapter 7 bankruptcy proceedings, "*only* the trustee has standing to prosecute or defend a claim belonging to the estate.") (emphasis in original) (citing *In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) for the proposition that "Chapter 7 trustee has exclusive right to represent debtor in court").

Stoller also argues that he has an interest in this action because: he was the party that filed a petition for cancellation of the Google trademark registration; he was the party that communicated with Google's counsel regarding the registerability controversy; and he was the party that claimed rights in and to the Google trademark. Each of these assertions is contradicted by the record. The record demonstrates that it was defendant Central, and not Stoller, that filed a petition for cancellation of the Google trademark registration and that claimed rights in and to the Google trademark. (Zeller Declaration, Exhs. 8-10.) Nor did Stoller communicate in his individual capacity

---

[1] Indeed, it may never have been the case. On October 20, 2006, during proceedings before the Chapter 7 Trustee, Stoller asserted Fifth Amendment rights and refused to answer the question whether he had any proof of ownership of Defendants. Stoller's refusal to answer that question may give rise to an inference that no such proof exists. *See Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) (citing *LaSalle Bank Lake View v. Sequban*, 54 F.3d 387, 389-91 (7th Cir. 1995) for the proposition that "[t]he rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own..").

with Google regarding the purported registerability controversy - he did so in his capacity as president of one or both of the defendants. *See* Cplt., Exhs. O, R & S.

Stoller's failure to assert a significant, legally protectible interest in these proceedings is fatal to his motion to intervene as of right under Rule 24(a). *BDO Seidman*, 337 F.3d at 808. Accordingly, there is no need for this Court to consider whether Stoller can satisfy the other requirements for intervention as of right.

## II. Permissive Intervention Under Rule 24(b).

Permissive intervention is allowed under Rule 24(b) upon a timely application demonstrating that the "applicant's claim or defense and the main action have a question of law or fact in common." *Skokaogon Chippewa Community*, 214 F.3d at 949. "Permissive intervention under Rule 24(b) is wholly discretionary." *Id.* (citing *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985)). In exercising its discretion to grant or deny permissive intervention, a district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b); *Heartwood*, 316 F.3d at 701.

As a party to or participant in various lawsuits in this district, Stoller "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005) (citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005) (Coar, J.) ("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998) (Castillo, J.) (Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)

(Shadur, J.) (Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

Stoller has given this Court no reason to believe that he would behave differently than he has in the past were he to be granted permission to intervene in this action. To the contrary, as noted above, several of the bases for Stoller's motion to intervene – including that Stoller "was the party that filed a petition for cancellation of the said Google registration" and that "Leo Stoller is the party who claimed rights in and to the Google trademark" – are squarely contradicted by the record, including pleadings filed by Stoller on Central's behalf with the Trademark Trial and Appeal Board. Moreover, in his reply brief in support of his several pending motions, Stoller claims – without providing any evidence – that the Trustee and counsel for Google have conspired to defraud this Court and Stoller. Stoller further claims – also without providing any evidentiary support – that the Trustee has engaged in a scheme to defraud Stoller's estate in bankruptcy, Stoller himself, this Court, and the "U.S. Bankruptcy System."[2] This behavior is also, unfortunately, not unprecedented for Stoller. *See Pure Fishing, Inc.*, 2005 U.S. Dist. LEXIS 28280 at *18 ("Mr. Stoller accused this Court and opposing counsel of participating in a scheme to defraud the federal courts and others and of engaging in unprofessional and unethical conduct.").

The parties to this action have negotiated a settlement agreement that contemplates a release of Google's monetary claims against Defendants and against Stoller's estate in bankruptcy.[3] (Zeller Declaration, Exh. 7.) That release is contingent upon the entry, in this case, of a stipulated

---

[2] In an apparent attempt to intimidate Google and the Trustee, Stoller sent a copy of his reply brief and the unsupported allegations contained therein to the office of the United States Attorney for the Northern District of Illinois. Mr. Stoller would do well to recall that *pro se* litigants are subject to Fed. R. Civ. P. 11 and that making claims not warranted by existing law or making allegations without evidentiary support may subject him to sanctions.

[3] The settlement agreement has been approved by the bankruptcy court. (Zeller Declaration, Exh. 6.)

6

permanent injunction and final judgment. *Id.* Working toward that end, the parties filed, on February 12, 2007, a joint motion for entry of stipulated permanent injunction and final judgment. The Court has no doubt that permitting Stoller to intervene in this action would frustrate the parties' efforts to resolve this matter by settlement. Accordingly, Stoller's motion to intervene under Rule 24(b) is denied.

### III. Stoller's Motions to Interplead and to Suspend these Proceedings.

Stoller has not identified - and this Court is not aware of - any procedural mechanism by which a non-party may file a motion to suspend ongoing proceedings without intervening therein. Accordingly, Stoller's motions to suspend these proceedings are denied. The Court finds that Stoller's motion to "interplead as a necessary party" amounts to nothing more than a motion to intervene. As such, it is duplicative of Stoller's Rule 24 motion and, for the reasons stated above, that motion is also denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  March 12, 2007