## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GOOGLE, INC. ) | **F I L E D** |
| ) | |
| Plaintiff, ) | MAR 1 3 2007 |
| ) | |
| vs. ) | **MICHAEL W. DOBBINS** |
| ) | **CLERK, U.S. DISTRICT COURT.** |
| CENTRAL MFG. INC. a/k/a ) | Case No: 07-CV-385 |
| CENTRAL MFG. CO., a/k/a ) | |
| CENTRAL MFG. CO.(INC)., ) | Hon. Virginia M. Kendall |
| a/k/a CENTRAL MANUFACTURING ) | |
| COMPANY, INC. and a/k/a ) | Magistrate Judge Cole |
| CENTRAL MFG. CO. OF ILLINOIS; ) | |
| and STEALTH INDUSTRIES, INC. ) | Appeal from the U.S. District |
| a/k/a RENTAMARK and a/k/a ) | Court for the Northern District |
| RENTAMARK.COM, ) | Eastern Division |
| ) | Order by Virginia M. Kendall |
| ) | Dated March 12, 2007 |
| Defendants. ) | |

## NOTICE OF APPEAL OF ORDER ISSUED BY
## JUDGE VIRGINIA M. KENDALL ON MARCH 12, 2007

   NOW COMES Leo Stoller and files its Notice of Appeal of the Order by Virginia M.

Kendall, denying Leo Stoller's Motion To Intervene; Motion To Interplead; and

Motions To Suspend, and states as follows:

_____
Leo Stoller, *pro se*
7115 W. North Avenue
Oak Park, Illinois  60302
(312) 545-4554
Email:  ldms4@hotmail.com

Date:  March 13, 2007

## Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 S. Dearborn
Chicago, IL  60607

_____
Leo Stoller
Date:  March 13, 2007


## Certificate of Service

I hereby certify that the foregoing is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:


Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

_____
Leo Stoller
Date:     3-13-07

C:\MARKS43\GOOGLE.NOA

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 0385 | DATE | 3/12/2007 |
| CASE TITLE | Google, Inc. Vs. Central Mfg. Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out in the Memorandum Opinion and Order, Motion to intervene [16] is denied; Motion to interplead [8] is denied; and Motions to suspend [9][10][11] are denied.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | CR |
|---|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GOOGLE, INC.                ) | |

GOOGLE, INC.       )
             )
     Plaintiff,     )
             )
   vs.            )
             )     Case No:  07-CV-385
CENTRAL MFG. INC. a/k/a   )
CENTRAL MFG. CO., a/k/a   )     Judge Kendall
CENTRAL MFG. CO.(INC).,   )
a/k/a CENTRAL MANUFACTURING  )   Magistrate Judge Cole
COMPANY, INC. and a/k/a   )
CENTRAL MFG. CO. OF ILLINOIS;  )
and STEALTH INDUSTRIES, INC.  )
a/k/a RENTAMARK and a/k/a   )
RENTAMARK.COM,     )
             )
    Defendants.    )

**F I L E D**

MAR 1 3 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

**NOTICE OF FILING**

TO:   Michael T. Zeller
      Quinn, Emanuel, Urquhart,
       Oliver & Hedges, LLP.
      865 S. Figueroa Street, 10th Floor
      Los Angeles, California  90017

      William J. Barrett
      Barack, Ferrazzano, Kirschbaum,
       Perlman & Nagelberg, LLP.
      333 W. Wacker Drive, Suite 2700
      Chicago, Illinois  60606

Richard M. Fogel, Trustee
Janice A. Alwin
Shaw, Gussis, Fishman, Glantz,
Wolfson & Towbin LLC.
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

PLEASE TAKE NOTICE that on the __13__ day of **March, 2007**, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Notice of Appeal**, a copy of which is attached hereto.

I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this __13__ day of March, 2007, with proper postage prepaid.

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois  60302
(773) 551-4827
Email: ldms4@hotmail.com

C:\MARKS43\GOOGLE.NOF

### SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:   07 cv 385

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Google/appellee | | Stroller/appellant |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | William J. Barrett | Name | Leo stroller |
| Firm | Barack Ferrazzano, Kirschbaum, Perlman | Firm | pro-se |
| Address | 333 W. Wacker dr. Suite 2700 Chgo.Il. 60606 | Address | 7115 W. North Ave. Oak park, Il. 60302 |
| Phone | 312)984-3100 | Phone | 312)545-4554 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Kendall | Date Filed in District Court | 1/19/07 |
| Court Reporter | C. Young   X-5885 | Date of Judgment | 3/13/07 |
| Nature of Suit Code | 470 | Date of Notice of Appeal | 3/13/07 |

COUNSEL:      Appointed [ ]      Retained [ ]      Pro Se [X]

FEE STATUS:      Paid [ ]      Due [X]      IFP [ ]

IFP Pending [ ]      U.S. [ ]      Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?      Yes [ ]      No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]      Denied [ ]      Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0385 | **DATE** | 3/12/2007 |
| **CASE TITLE** | Google, Inc. Vs. Central Mfg. Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out in the Memorandum Opinion and Order, Motion to intervene [16] is denied; Motion to interplead [8] is denied; and Motions to suspend [9][10][11] are denied.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | GR |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOOGLE, INC.,                                    )
                                                 )
                    Plaintiff,                   )
       v.                                        )        Case No: 07 C 385
                                                 )
CENTRAL MFG. INC. a/k/a CENTRAL MFG.             )        Judge Virginia M. Kendall
CO., a/k/a CENTRAL MFG. CO.(INC).,a/k/a          )
CENTRAL MANUFACTURING COMPANY                    )
INC. and a/k/a CENTRAL MFG. CO. OF               )
ILLINOIS; and STEALTH INDUSTRIES, INC.           )
a/k/a RENTAMARK and a/k/a                        )
RENTAMARK.COM,                                   )
                                                 )
                    Defendants.                  )
                                                 )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Google Inc. ("Google") has filed this civil RICO action against Defendants Central

Mfg. Inc. ("Central") a/k/a Central Mfg. Co. a/k/a Central Mfg. Co.(Inc.) a/k/a Central

Manufacturing Company Inc. a/k/a Central Mfg. Co. of Illinois and Stealth Industries, Inc.

("Rentamark") a/k/a Rentamark a/k/a Rentamark.com (collectively, "Defendants") alleging, among

other things, that Defendants and their purported principal, Leo Stoller ("Stoller"), are engaged in

a scheme of falsely claiming trademark rights for the purpose of attempting to extort money out of

legitimate commercial actors.  More specifically, Google alleges that Defendants aimed their

continuing scheme in its direction by first seeking to oppose Google's application for registration

of the "Google" trademark based upon a fraudulent claim of common law rights in or to that mark

and then sending settlement communications to Google that offered to resolve the "registerability

controversy" if Google would, among other things, agree to: (1) abandon its trademark application;

(2) pay a 5% royalty for use of the "Google" mark; and (3) pay $100,000.00 to Rentamark.com and acknowledge Rentamark.com's exclusive ownership of the "Google" mark.

On December 20, 2005, Stoller filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). On motion of one of Stoller's creditors, Stoller's bankruptcy case, styled *In re Stoller*, No. 05-64075 in the United States Bankruptcy Court for the Northern District of Illinois, was converted to a case under Chapter 7 of the Code on September 1, 2006. The property of Stoller's estate in bankruptcy includes, among other things, the stock and interests of incorporated and unincorporated businesses, including Stoller's wholly-owned interest in the Defendants. On September 6, 2006, the United States Trustee for Region 11 appointed Richard M. Fogel ("Trustee") as trustee to administer Stoller's estate in bankruptcy. Stoller's bankruptcy case remains pending before Bankruptcy Judge Jack B. Schmetterer.

Now before this Court is Stoller's motion to intervene in this action pursuant to Fed. R. Civ. P. 24. In addition to the motion to intervene, Stoller, who is not (and never has been) a party to this action, has also filed motions: (1) to interplead; (2) to suspend these proceedings for sixty days to retain counsel for defendants; (3) to suspend these proceedings pending an appeal of the decision of the bankruptcy court to permit Google to initiate this action; and (4) to suspend these proceedings pending the Trademark Trial and Appeal Board's decision on Defendants' motion for summary judgment in the proceedings related to the "Google" mark. For the reasons set forth below, each of Stoller's motions is denied.

## DISCUSSION

### I.   Intervention as of Right Under Rule 24(a).

Under Rule 24, intervention may be as of right or it may be permissive. *Heartwood v. U.S. Forest Service, Inc.*, 316 F.3d 694, 7000 (7th Cir. 2003). A party seeking to intervene as of right

must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the property or transaction which is the subject of the action; (3) the party seeking to intervene must be so situated that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the applicant's interest. Fed. R. Civ. P. 24(a); *see also Skokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000). Failure to satisfy any one of the four requirements for intervention as of right is sufficient grounds to deny a motion to intervene. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003).

A party seeking to intervene in a case must assert an interest in the action that is a "direct, significant legally protectible" one. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995) (quoting *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)). In the Seventh Circuit, this inquiry focuses "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Id.* (citing *Am. Nat'l Bank*, 865 F.2d at 147).

In this case, Stoller has not identified any direct, significant legally protectible interests in these proceedings that would provide him with a right to intervene. Stoller argues that he has such an interest in this action because: (1) he was the sole shareholder of Defendants; (2) he was the party that filed a petition for cancellation of the Google trademark registration; (3) he was the party that communicated with Google's counsel regarding the registerability controversy; (4) he was the party that claimed rights in and to the Google trademark; and (5) absent his involvement in this case, the corporate defendants will not be adequately represented. Each of these arguments fails.

First, Stoller's concern that the corporate defendants will not receive adequate representation without his involvement does not suffice to provide him with a right to intervene because it is based upon the *Defendants'* rights, not upon his own. *Reich*, 64 F.3d at 322. True, Stoller asserts that he

3

was once the sole shareholder of the corporate defendants, but that is no longer the case.[1]   The

Defendants are now part of Stoller's Chapter 7 bankruptcy estate.  Accordingly, Stoller no longer

holds any interest in the Defendants.  *See Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir.

2001) ("The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the

chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the

commencement of the case.").  At this juncture, it is the Trustee, and not Stoller, that has the

authority to administer all aspects of Defendants' business, including this lawsuit.  *See Cable v. Ivy*

*Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (in Chapter 7 bankruptcy proceedings, "*only*

the trustee has standing to prosecute or defend a claim belonging to the estate.") (emphasis in

original) (citing *In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) for the proposition that

"Chapter 7 trustee has exclusive right to represent debtor in court").

Stoller also argues that he has an interest in this action because: he was the party that filed

a petition for cancellation of the Google trademark registration; he was the party that communicated

with Google's counsel regarding the registerability controversy; and he was the party that claimed

rights in and to the Google trademark.  Each of these assertions is contradicted by the record.  The

record demonstrates that it was defendant Central, and not Stoller, that filed a petition for

cancellation of the Google trademark registration and that claimed rights in and to the Google

trademark. (Zeller Declaration, Exhs. 8-10.)  Nor did Stoller communicate in his individual capacity

---

[1]Indeed, it may never have been the case.  On October 20, 2006, during proceedings before the Chapter 7 Trustee, Stoller asserted Fifth Amendment rights and refused to answer the question whether he had any proof of ownership of Defendants.  Stoller's refusal to answer that question may give rise to an inference that no such proof exists. *See Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) (citing *LaSalle Bank Lake View v. Sequban*, 54 F.3d 387, 389-91 (7th Cir. 1995) for the proposition that "[t]he rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own..").

with Google regarding the purported registerability controversy - he did so in his capacity as president of one or both of the defendants. *See* Cplt., Exhs. O, R & S.

Stoller's failure to assert a significant, legally protectible interest in these proceedings is fatal to his motion to intervene as of right under Rule 24(a). *BDO Seidman*, 337 F.3d at 808. Accordingly, there is no need for this Court to consider whether Stoller can satisfy the other requirements for intervention as of right.

## II.  Permissive Intervention Under Rule 24(b).

Permissive intervention is allowed under Rule 24(b) upon a timely application demonstrating that the "applicant's claim or defense and the main action have a question of law or fact in common." *Skokaogon Chippewa Community*, 214 F.3d at 949. "Permissive intervention under Rule 24(b) is wholly discretionary." *Id.* (citing *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985)). In exercising its discretion to grant or deny permissive intervention, a district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b);  *Heartwood*, 316 F.3d at 701.

As a party to or participant in various lawsuits in this district, Stoller "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005) (citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005) (Coar, J.) ("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998) (Castillo, J.) (Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)

(Shadur, J.) (Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

Stoller has given this Court no reason to believe that he would behave differently than he has in the past were he to be granted permission to intervene in this action. To the contrary, as noted above, several of the bases for Stoller's motion to intervene – including that Stoller "was the party that filed a petition for cancellation of the said Google registration" and that "Leo Stoller is the party who claimed rights in and to the Google trademark" – are squarely contradicted by the record, including pleadings filed by Stoller on Central's behalf with the Trademark Trial and Appeal Board. Moreover, in his reply brief in support of his several pending motions, Stoller claims – without providing any evidence – that the Trustee and counsel for Google have conspired to defraud this Court and Stoller. Stoller further claims – also without providing any evidentiary support – that the Trustee has engaged in a scheme to defraud Stoller's estate in bankruptcy, Stoller himself, this Court, and the "U.S. Bankruptcy System."[2] This behavior is also, unfortunately, not unprecedented for Stoller. *See Pure Fishing, Inc.*, 2005 U.S. Dist. LEXIS 28280 at *18 ("Mr. Stoller accused this Court and opposing counsel of participating in a scheme to defraud the federal courts and others and of engaging in unprofessional and unethical conduct.").

The parties to this action have negotiated a settlement agreement that contemplates a release of Google's monetary claims against Defendants and against Stoller's estate in bankruptcy.[3] (Zeller Declaration, Exh. 7.) That release is contingent upon the entry, in this case, of a stipulated

---

[2]In an apparent attempt to intimidate Google and the Trustee, Stoller sent a copy of his reply brief and the unsupported allegations contained therein to the office of the United States Attorney for the Northern District of Illinois. Mr. Stoller would do well to recall that *pro se* litigants are subject to Fed. R. Civ. P. 11 and that making claims not warranted by existing law or making allegations without evidentiary support may subject him to sanctions.

[3]The settlement agreement has been approved by the bankruptcy court. (Zeller Declaration, Exh. 6.)

permanent injunction and final judgment. *Id.* Working toward that end, the parties filed, on February 12, 2007, a joint motion for entry of stipulated permanent injunction and final judgment. The Court has no doubt that permitting Stoller to intervene in this action would frustrate the parties' efforts to resolve this matter by settlement. Accordingly, Stoller's motion to intervene under Rule 24(b) is denied.

**III.  Stoller's Motions to Interplead and to Suspend these Proceedings.**

Stoller has not identified - and this Court is not aware of - any procedural mechanism by which a non-party may file a motion to suspend ongoing proceedings without intervening therein. Accordingly, Stoller's motions to suspend these proceedings are denied. The Court finds that Stoller's motion to "interplead as a necessary party" amounts to nothing more than a motion to intervene. As such, it is duplicative of Stoller's Rule 24 motion and, for the reasons stated above, that motion is also denied.

So ordered.

Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  March 12, 2007

7

APPEAL, COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00385
## Internal Use Only

Google Inc v. Central Mfg. Inc. et al
Assigned to: Honorable Virginia M. Kendall
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 01/19/2007
Jury Demand: None
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**Google Inc**                           represented by **Michael Thomas Zeller**
Quinn Emanuel Urquhart & Oliver,
LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William John Barrett**
Barack, Ferrazzano, Kirschbaum,
Perlman & Nagelberg
333 West Wacker Drive
Suite 2700
Chicago, IL 60606
(312) 984-3100
Email: william.barrett@bfkpn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Central Mfg. Inc.**
*also known as*
Central Mfg Co
*also known as*

Central Mfg Co. (Inc.)
*also known as*
Central Manufacturing Company, Inc.
*also known as*
Central Mfg. Co. of Illinois

**Defendant**

**Stealth Industries, Inc.**
*also known as*
Rentamark
*also known as*
Rentamark.Com

**Defendant**

**Central Mfg. Inc. and Stealth
Industries, by and through Richard
M. Fogel, not individually but as
Chapter 7 Trustee**

**Movant**

**Leo Stoller**                                          represented by **Leo Stoller**
7115 W. North Avenue
Oak Park, IL 60302
PRO SE

V.

**Trustee**

**Richard M. Fogel, not individually,
but as chapter 7 trustee of the
bankruptcy estate of Leo Stoller**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2007 | **1** | COMPLAINT filed by Google Inc; (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **2** | CIVIL Cover Sheet (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **3** | ATTORNEY Appearance for Plaintiff Google Inc by Michael Thomas Zeller (eav, ) (Entered: 01/22/2007) |

| 01/19/2007 | **4** | ATTORNEY Appearance for Plaintiff Google Inc by William John Barrett (eav, ) (Entered: 01/22/2007) |
|---|---|---|
| 01/19/2007 | **5** | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Google Inc (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **6** | (Court only) RECEIPT regarding payment of filing fee paid on 1/19/2007 in the amount of $350.00, receipt number 10337772 (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **7** | SUMMONS Issued as to Defendant Central Mfg. Inc. (eav, ) (Entered: 01/22/2007) |
| 01/30/2007 | **8** | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to interplead (Exhibits) (eav, ) Additional attachment(s) added on 1/31/2007 (eav, ). (Entered: 01/31/2007) |
| 01/30/2007 | **9** | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller (Exhibits) (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | **10** | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | **11** | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | **12** | NOTICE of Motion by Stealth Industries, Inc., Central Mfg. Inc. for presentment of motion to Interplead **9**, motion to Suspend **10**, motion to Suspend pending Appeal to lift automatic stay for Google to sue the Debtor, Leo Stoller, and **11**, motion to suspend pending the Trademark Trial and Appeal Board's Decision on the defendant's motion for summary judgment **8** before Honorable Virginia M. Kendall on 2/5/2007 at 9:00 AM. (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | **13** | PRO SE Appearance by Leo Stolla (eav, ) (Entered: 02/01/2007) |
| 02/05/2007 | **15** | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. Motion to interplead **8**; Motion to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller **9**; Motion to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment **10**; and Motion to suspend **11** are entered and continued to 2/20/2007 at 9:00 AM. Responses due by 2/12/2007. No replies are necessary.Mailed notice (gmr, ) (Entered: 02/06/2007) |
| 02/06/2007 | **14** | SUMMONS Returned Executed by Google Inc as to Stealth Industries, Inc. on 1/23/2007, answer due 2/12/2007; Central Mfg. Inc. on 1/23/2007, answer due 2/12/2007. (Barrett, William) (Entered: 02/06/2007) |

| 02/06/2007 | **16** | MOTION by Leo Stolla to intervene (eav, ) (Entered: 02/07/2007) |
|---|---|---|
| 02/06/2007 | **17** | NOTICE of Motion by Leo Stolla for motion to intervene **16** before Honorable Virginia M. Kendall on 2/12/2007 at 9:00 AM. (eav, ) (Entered: 02/07/2007) |
| 02/07/2007 | **18** | MINUTE entry before Judge Virginia M. Kendall :Motion to intervene **16** is entered and continued to 2/20/2007 at 09:00 AM. Any response shall be filed by 2/12/2007. No reply is necessary. The presentment date of 2/12/2007 for said motion is hereby stricken.Mailed notice (gmr, ) (Entered: 02/07/2007) |
| 02/12/2007 | **19** | RESPONSE by Richard M. Fogel, not individually, but as chapter 7 trustee of the bankruptcy estate of Leo Stollerin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend**10**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead**8**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**9**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**11**, MOTION by Plaintiff Leo Stolla to intervene**16** *and Joinder to Responses of Google Inc.* (Alwin, Janice) (Entered: 02/12/2007) |
| 02/12/2007 | **20** | RESPONSE by Google Incin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead**8**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**9**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**11**, MOTION by Plaintiff Leo Stolla to intervene**16** (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **21** | RESPONSE by Google Incin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend**10** (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **22** | DECLARATION of Michael T. Zeller regarding response in opposition to motion**21**, response in opposition to motion, **20** by Google Inc (Attachments: # **1** Exhibit 1# **2** Exhibit 2# **3** Exhibit 3# **4** Exhibit 4# **5** Exhibit 5# **6** Exhibit 6# **7** Exhibit 7# **8** Exhibit 8# **9** Exhibit 9# **10** Exhibit 10# **11** Exhibit 11# **12** Exhibit 12# **13** Exhibit 13# **14** Exhibit 14# **15** Exhibit 15# **16** Exhibit 16# **17** Exhibit 17# **18** Exhibit 18# **19** Exhibit 19# **20** Exhibit 20# **21** Exhibit 21# **22** Exhibit 22# **23** Exhibit 23# **24** Exhibit 24# **25** Exhibit 25# **26** Exhibit 26# **27** Exhibit 27# **28** Exhibit 28# **29** Exhibit 29# **30** Exhibit 30)(Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **23** | MOTION by Plaintiff Google Inc for permanent injunction *(Stipulated)*, MOTION by Plaintiff Google Inc for judgment *(Final)* (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **24** | NOTICE of Motion by William John Barrett for presentment of motion for permanent injunction, motion for judgment**23** before Honorable Virginia M. Kendall on 2/20/2007 at 09:00 AM. (Barrett, William) |

| | | |
|---|---|---|
| | | (Entered: 02/12/2007) |
| 02/13/2007 | **25** | SUPPLEMENT by Google Inc to declaration,, **22** *Supplemental Declaration of Michael T. Zeller* (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | **26** | CERTIFICATE by Google Inc of Service of the Permanent Injunction and Final Judgment as to Defendants Central Mfg. Inc. and Stealth Industries, Inc.(Proposed Order) (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | **27** | MEMORANDUM by Google Inc in support of motion for permanent injunction, motion for judgment **23** *Google Inc.'s Separate Memorandum in Support of Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment* (Barrett, William) (Entered: 02/13/2007) |
| 02/15/2007 | **28** | Notice of Filing Supplemental Authority by Leo Stolla ; Notice of filing (eav, ) (Entered: 02/20/2007) |
| 02/16/2007 | **30** | OBJECTION by Leo Stoller to Joint Moiton for Entry of Stipulated Permanent Inj8unction and Final Judgment; Notice of filing (Exhibits) (eav, ) (Entered: 02/21/2007) |
| 02/20/2007 | **29** | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. All pending motions are taken under advisement, with a ruling by mail. Status hearing set for 3/13/2007 at 09:00 AM.Mailed notice (gmr, ) (Entered: 02/20/2007) |
| 02/22/2007 | **31** | REPLY by Defendant Leo Stolla to Trustee's Ominibus response in opposition to motions of debtor Leo Stoller to: (1) Intevene; (II) Interplead; (III) Suspend proceeding for sixty days to retain counsel, for defendants; (IV) Suspend pending appeal to lift automactic stay for Google to sue the debtor; and (V) Suspend pending trademark trial and appeal Board's decision for defendants' motion for summary judgment and joinder of responses by Google, Inc.; Notice of filing (eav, ) (Entered: 02/26/2007) |
| 03/02/2007 | **32** | MOTION by Defendant Leo Stolla to dismiss for failure to join a party under Rule F.R.C.P. 19 (eav, ) (Entered: 03/05/2007) |
| 03/02/2007 | **33** | NOTICE of Motion by Leo Stolla for presentment of motion to dismiss**32** before Honorable Virginia M. Kendall on 3/7/2007 at 09:00 AM. (eav, ) (Entered: 03/05/2007) |
| 03/02/2007 | **35** | REPLY by Defendant Leo Stolla to Google Inc.'s combined opposition to debtor Leo Stoller's motions (1) to intervene, (2) to interplead, (3) to suspend for sixty days to retain counsel for defendants and (4) to suspend pending appeal to lift automatic stay for Google to sue the debtor ; Notice of filing (eav, ) (Entered: 03/06/2007) |
| 03/02/2007 | **36** | REPLY by Movant Leo Stoller to Google Inc.'s opposition to debtor Leo Stoller's motion to suspend pending the trademark trial and appeal |

| | | |
|---|---|---|
| | | board's decision on defendant's motion for summary judgment **21** (Exhibits); Notice. (smm) (Entered: 03/08/2007) |
| 03/05/2007 | **34** | MINUTE entry before Judge Virginia M. Kendall :On March 2, 2007, Leo Stoller ("Stoller") filed a Motion to Dismiss for failure to join a party -- himself -- pursuant to Fed. R. Civ. P. 19. Stoller previously filed a motion to intervene in this action on February 6, 2007. The Court has not yet ruled upon that motion. As such, Stoller remains a non-party and lacks standing to file a motion pursuant to Rule 19. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may make a Rule 19 motion") (citing Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (noting lack of any precedent for granting a non-party's motion for joinder)). Accordingly, Stoller's Motion to Dismiss **32** is stricken and the parties need not appear on March 7, 2007.Mailed notice (gmr, ) (Entered: 03/05/2007) |
| 03/12/2007 | **37** | MINUTE entry before Judge Virginia M. Kendall :For the reasons set out in the Memorandum Opinion and Order, Motion to intervene **16** is denied; Motion to interplead **8** is denied; and Motions to suspend **9**, **10**, **11** are denied.Mailed notice (eav, ) (Entered: 03/13/2007) |
| 03/12/2007 | **38** | MEMORANDUM Opinion and Order Signed by Judge Virginia M. Kendall on 3/12/2007:Mailed notice(eav, ) (Entered: 03/13/2007) |
| 03/13/2007 | **39** | NOTICE of appeal by Leo Stoller regarding orders **37**, **38** ; Notice of Filing (Fee Due) (dj, ) (Entered: 03/15/2007) |