IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOULE INC., ) | |
| ) | Civil Action No. 07 CV 385 |
| Plaintiff, ) | |
| ) | Hon. Virginia M. Kendall |
| vs. ) | |
| ) | Date:   March 19, 2007 |
| CENTRAL MFG. INC. a/k/a CENTRAL ) | Time:   9 a.m. |
| MFG. CO., a/k/a CENTRAL MFG. CO. ) | |
| (INC.), a/k/a CENTRAL ) | |
| MANUFACTURING COMPANY, INC. ) | |
| and a/k/a CENTRAL MFG. CO.  OF ) | |
| ILLINOIS; and STEALTH INDUSTRIES, ) | |
| INC. a/k/a RENTAMARK and a/k/a ) | |
| RENTAMARK.COM, ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO MOTION OF NON-PARTY LEO STOLLER FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

Plaintiff Google Inc. ("Google"), by its attorneys, respectfully submits this Opposition to the Motion of Non-Party Leo Stoller for Permission to Appeal in Forma Pauperis.

Mr. Stoller's motion fails to meet the requirements for permission to appeal in forma pauperis.  Indeed, his alleged (un-notarized) "affidavit" here is virtually identical to the "affidavit" he submitted in the *Pure Fishing* litigation and that Judge Lindberg found was legally insufficient.  In denying Mr. Stoller's in forma pauperis motion in that case, Judge Lindberg ruled:

> Mr. Stoller failed to file the required "affidavit accompanying motion for permission to appeal in forma pauperis," copies of which are available in the clerk's office for the Seventh Circuit Court of Appeals.  Mr. Stoller did attach an affidavit in support of his motion.  However, the affidavit Mr. Stoller created does not answer many of the questions contained in the appellate court's form affidavit.  In his affidavit, Mr. Stoller states that he "has no assets which have not been made part of the Chapter 7 bankruptcy," but fails to specifically identify any of his assets.  Mr. Stoller also fails to address whether he has any current sources of money and/or income.  The information Mr. Stoller provided to the court is incomplete at best, and quite possibly misleading and/or false.  In light of the incomplete nature of Mr. Stoller's affidavit and his history of attempting to

mislead the court in this case and the bankruptcy court in *In re Leo Stoller*, 05 B 64075 (Schmetterer, J.), the motion for permission to appeal in forma pauperis is denied.[1]

The same defects are present in Mr. Stoller's virtually identical "affidavit" in the present action. As in *Pure Fishing*, his "affidavit" here fails to specifically identify any of his assets. It also, again, fails to state whether he has any current sources of money and/or income. Because his "affidavit" is deficient for the reasons found in *Pure Fishing*, his motion here likewise should be denied.

Although this alone warrants rejection of Mr. Stoller's motion, there is ample reason to believe the omissions in his "affidavit" are intentional and that it is materially false. First, only recently, Mr. Stoller represented to the Bankruptcy Court that he had assets enough that were not part of the bankruptcy estate to pay for a lawyer.[2] Second, in a recent case before the Seventh Circuit, Mr. Stoller in fact retained a lawyer to represent him.[3] Indeed, in the *Pure Fishing* case, *after* Judge Lindberg denied Mr. Stoller's in forma pauperis motion as noted above, Mr. Stoller suddenly found the wherewithal to pay the required filing fee for his appeal.[4] Third, the Bankruptcy Court found in connection with its decision to convert Mr. Stoller's bankruptcy from Chapter 13 to Chapter 7 that there were in excess of $150,000 in monies that had gone to Mr. Stoller that were not accounted for.[5] As this Court is aware, Mr. Stoller also has refused in his bankruptcy on Fifth Amendment grounds to answer questions about his current income and finances,[6] which gives rise to an inference that he in fact has undisclosed assets.[7] In short, while

---

[1] Judge Lindberg's December 8, 2006 Order in *Pure Fishing* is attached hereto as Exhibit A to the Declaration of Michael T. Zeller, dated March 16, 2007 and filed concurrently herewith ("Zeller Dec."). Mr. Stoller's denied in forma pauperis motion in *Pure Fishing* -- with his supporting "affidavit" that is substantively identical to his affidavit in the present case -- is attached as Exhibit B to the Zeller Dec. Judge Lindberg's denials of Mr. Stoller's two subsequent, repetitive in forma pauperis motions in *Pure Fishing*, are attached as Exhibits C and D to the Zeller Dec.
[2] Zeller Dec., Exh. E at page 1.
[3] Zeller Dec., Exh. F, at Docket Entry for 2/7/07.
[4] Zeller Dec., Exh. F at Docket Entry for 1/10/07.
[5] E.g., Zeller Dec., Exh. G at Findings of Fact Nos. 11, 13-19, 20-22, 23-24, 38, 42-43, 53, 61, 74-80, 109-110, 117.
[6] Zeller Dec., Exh. H at p. 9 (refusing to answer question about receipt of $20,000 in connection with payment of legal fees), p. 10 (refusing to answer question about income) & p. 11 (same); see also id., Exh. G, at pages 24-25 (Bankruptcy Court's determinations that Leo Stoller's financial disclosures to the Court "are replete with false statements, misleading information, and omissions of material facts.").

2

claiming in this Court with an insufficient "affidavit" that he is too impoverished to pay even the required filing fee for an appeal, he has refused to disclose his assets or even answer questions about those assets in the Bankruptcy Court. Such gaming of the system should not be allowed.

Finally, the parties note that Mr. Stoller's motion here violates the Court's notice requirements under Local Rule 5.3, since it was allegedly served by mail on March 15, 2007 and noticed for presentment on less than the required five Court days' notice for mail service. Mr. Stoller is plainly aware of the notice requirements, given that Judge Lindberg previously denied motions by him in *Pure Fishing* for violating this very rule.[8] Nor is this the first of Mr. Stoller's procedural irregularities. The parties, for example, were not served prior to the February 20, 2007 hearing with Mr. Stoller's two filings dated February 15, 2007 and February 16, 2007, and in fact have not been served with those pleadings even as of today. Moreover, because Mr. Stoller did not file them electronically with the Court, they did not show up on PACER until after the February 20, 2007 hearing, and the parties were unaware that Mr. Stoller had made these filing until after the February 20, 2007 hearing. Other Courts have found in the past as well that Mr. Stoller engaged in irregular practices that are apparently designed to take unfair advantage.[9]

---

[7] See Court's Memorandum Opinion and Order, dated March 12, 2007, at page 4 n.1 (citing authorities).
[8] Zeller Dec., Exh. I.
[9] See, e.g., S. Indus. Inc. v. Lamb-Weston Inc., 45 U.S.P.Q.2d 1293, 1295 (T.T.A.B. 1997) (finding Stoller had used "fraudulent and incorrect" dates on certificates of service in Trademark Trial and Appeal Board proceedings); Central Mfg. Co. v. Premium Prods., Inc., No. 91159950, Order of Sept. 29, 2004, at 4-7 (T.T.A.B.) (finding Stoller had engaged in "bad faith" conduct in service of papers and noting "several" other TTAB Orders to the same effect) (copy attached as Exh. J to Zeller Dec.).

Google respectfully requests that Mr. Stoller's motion be denied.

DATED: March 16, 2007

Respectfully submitted,

GOOGLE INC.

By: s/ William J. Barrett
   One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000/(213) 443-3100 (fax)

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
 PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 629 5170/(312) 984-3150 (fax)