IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 1 9 2007
03-19-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Appeal No: 07-1569

| | | |
|---|---|---|
| GOOGLE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 07-CV-385 |
| vs. | ) | |
| | ) | Hon. Virginia M. Kendall |
| CENTRAL MFG. INC. a/k/a | ) | |
| CENTRAL MFG. CO., a/k/a | ) | Magistrate Judge Cole |
| CENTRAL MFG. CO.(INC)., | ) | |
| a/k/a CENTRAL MANUFACTURING | ) | Appeal from the U.S. District |
| COMPANY, INC. and a/k/a | ) | Court for the Northern District |
| CENTRAL MFG. CO. OF ILLINOIS; | ) | Eastern Division |
| and STEALTH INDUSTRIES, INC. | ) | |
| a/k/a RENTAMARK and a/k/a | ) | Orders by Virginia M. Kendall |
| RENTAMARK.COM, | ) | dated March 5, 2007 & March 16, 2007 |
| | ) | |
| Defendants. | ) | ) |

### SUPPLEMENTAL NOTICE OF APPEAL OF ORDERS ISSUED BY
### JUDGE VIRGINIA M. KENDALL ON MARCH 5, 2007 AND MARCH 16, 2007

Leo Stoller, Appellant, filed a Notice of Appeal on March 15, 2007 of Judge Kendall's

order dated March 12, 2007 denying Leo Stoller's Motion to Intervene, Motion To Interplead

and Motions to Suspend.

Stoller is moving to supplement its Notice of Appeal with the order by Virginia M.

Kendall dated March 5, 2007 denying Leo Stoller's Motion To Dismiss; and Judge Kendall's

order dated March 16, 2007 denying Leo Stoller's Motion Under FRCP 59 And/Or 60.

_Leo Stoller_

Leo Stoller, *pro se*
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: March 19, 2007

Dockets.Justia.com

## Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 S. Dearborn
Chicago, IL 60607

Leo Stoller
Date:  March 19, 2007

## Certificate of Service

I hereby certify that the foregoing is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:


Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
*Shaw, Gussis, Fishman, Glantx,
 Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

Leo Stoller
Date:

C:\MARKS43\GOOGLE2.NOA

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0**
**Eastern Division**

Google Inc

      Plaintiff,

v.            Case No.: 1:07–cv–00385
              Honorable Virginia M. Kendall

Central Mfg. Inc., et al.

      Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, March 5, 2007:

   MINUTE entry before Judge Virginia M. Kendall :On March 2, 2007, Leo Stoller ("Stoller") filed a Motion to Dismiss for failure to join a party — himself — pursuant to Fed. R. Civ. P. 19. Stoller previously filed a motion to intervene in this action on February 6, 2007. The Court has not yet ruled upon that motion. As such, Stoller remains a non–party and lacks standing to file a motion pursuant to Rule 19. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may make a Rule 19 motion") (citing Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (noting lack of any precedent for granting a non–party's motion for joinder)). Accordingly, Stoller's Motion to Dismiss [32] is stricken and the parties need not appear on March 7, 2007.Mailed notice(gmr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov.**

Order Form (01 2005)    Case 1:07-cv-00385    Document 46-2    Filed 03/16/2007    Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 385 | **DATE** | 3 16 2007 |
| **CASE TITLE** | Google, Inc. vs. Central Mfg. Inc., et al. | | |

### DOCKET ENTRY TEXT

For the reasons stated below, Movant Stoller's motion to reconsider [43] is denied. The presentment date of 3/19/2007 for said motion is hereby stricken.

■[ For further details see text below.]                              Notices mailed by Judicial staff.

---

### STATEMENT

On March 12, 2007, this Court issued a Memorandum Opinion and Order denying Leo Stoller's ("Stoller") motions to: (1) intervene; (2) interplead; (3) suspend the proceedings for sixty days to retain counsel for defendants; (4) suspend the proceedings pending an appeal of the decision of the bankruptcy court to permit plaintiff Google Inc. ("Google") to initiate this action; and (5) to suspend the proceedings pending the Trademark Trial and Appeal Board's decision on a motion for summary judgment in the proceedings related to the Google trademark.

On March 15, 2007, Stoller filed a motion asking this Court to reconsider its decision to deny Stoller's motion to intervene. Stoller's motion to reconsider reads, in its entirety:

NOW COMES Leo Stoller and submits to the Court transcripts of proceedings before Judge Schmetterer dated December 12, 2006 and February 15, 2007.
Leo Stoller requests that the Court reconsider its decision denying Stoller the right to intervene based upon the attached transcripts.

"Motions to reconsider are rarely granted -- they serve a narrow function and must be supported by a showing of extraordinary circumstances." *Trading Techs. Int'l, Inc. v. eSpeed Inc.*, No. 04 C 5312, 2007 U.S. Dist. LEXIS 12965, *10 (N.D. Ill. Feb. 21, 2007) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). In order to succeed on a motion to reconsider, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Stoller's motion presents no newly discovered evidence, nor does he attempt to identify any manifest error of law or fact. Instead he has simply submitted nearly 60 pages of transcripts from bankruptcy proceedings before Judge Schmetterer without making any effort whatsoever to direct the Court to the portions thereof that he deems relevant to his motion to reconsider.

Having reviewed the aforementioned transcripts in search of potential bases for Stoller's motion to

---

## STATEMENT

reconsider, this Court has identified only one potential area  and assumes that Stoller relies primarily upon the following passage:

> MR. STOLLER: The problem is not that they withdraw their monetary claims.  It's a civil RICO action where I'm mentioned 15 times in a complaint in which I am deprived of defending myself.  I'm not even listed in it.

> THE COURT: You have a right, I suppose, to seek to intervene in that case and to defend any interest of yours personally, but I see no reason why I should authorize you to hire lawyers on behalf of the companies.

> MR. STOLLER: Because if - -

> THE COURT: If you feel that the action indirectly impinges on your rights, nothing stops you from doing that.

(Transcript of Proceedings before the Honorable Jack B. Schmetterer, Feb. 15, 2007 at p. 10:12-20).

Setting to one side the fact that Stoller's motion to intervene was before this Court and not before Judge Schmetterer, this Court does not read Judge Schmetterer's comments above as any indication that Stoller has a right to intervene in this case.  Judge Schmetterer correctly advised Stoller that he had a right to *seek* to intervene in this action.  Stoller did seek intervention as of right in this action but, because he was not able to identify any significant, legally protectible interest in these proceedings, that motion was denied.  Stoller also sought permissive intervention but, because the Court found that permitting Stoller to intervene in this action would frustrate the parties' efforts to resolve this matter by settlement, that request was denied as well.

Stoller's Motion to Reconsider does not establish any manifest error of law or fact associated with this Court's denial of his motion to intervene.  Accordingly, Stoller's motion to reconsider is denied.