

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Appeal No: 07-1569**

GOOGLE, INC.                 )
                              )
           Plaintiff,           )
                              )
     vs.                            )     Case No: 07-CV-385
                              )
CENTRAL MFG. INC. a/k/a        )     Hon. Virginia M. Kendall
CENTRAL MFG. CO., a/k/a        )
CENTRAL MFG. CO.(INC).,        )
a/k/a CENTRAL MANUFACTURING    )     Magistrate Judge Cole
COMPANY, INC. and a/k/a        )
CENTRAL MFG. CO. OF ILLINOIS;    )     Appeal from the U.S. District
and STEALTH INDUSTRIES, INC.     )     Court for the Northern District
a/k/a RENTAMARK and a/k/a       )     Eastern Division
RENTAMARK.COM,             )     Orders by Virginia M. Kendall
                              )     Dated 3/5/2007, 3/12/2007,
          Defendants.        )     and 3/16/2007

## DESIGNATION OF THE CONTENT OF THE RECORD ON APPEAL

     NOW COMES Leo Stoller and identifies the record for appeal which consists of the

transcript of the hearing on March 12, 2007. The transcript was ordered on March 9, 2007.

The record for appeal also consists of the following motions, docket report and transcript:

     1)      Motion To Suspend (Docket No. 11).

     2)      Motion To Intervene (Docket No. 16).

     3)      Motion To Interplead (Docket No. 8).

     4)      Motion To Suspend Pending The Appeal To Lift The Automatic Stay For
            Google Inc. To Sue The Debtor Leo Stoller (Docket No. 9).

     5)      Motion To Suspend Pending The Trademark Trial And Appeal Board's
            Decision On The Defendant's Motion For Summary Judgment (Docket No. 10).

     6)      All documents listed on the attached U.S. District Court Docket Report

     7)      Transcript of Proceedings Before Judge Virginia Kendall
            Dated February 20, 2007

Dockets.Justia.com

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: March 19, 2007


### Certificate of Mailing

I hereby certify that the foregoing is being hand-delivered
to the following address:

Clerk of the Court
United States Bankruptcy Court
219 South Dearborn
Chicago, IL 60607

Leo Stoller
Date: March 19, 2007


### Certificate of Service

I hereby certify that the foregoing is being deposited with the
U.S. Postal Service as First Class mail in an envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois 60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

Leo Stoller
Date: 3-19-07

C:\MARKS43\GOOGLE.DOA

2

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Google Inc

                             Plaintiff,

v.                                              Case No.: 1:07–cv–00385
                                                Honorable Virginia M. Kendall

Central Mfg. Inc., et al.

                             Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, March 5, 2007:

      MINUTE entry before Judge Virginia M. Kendall :On March 2, 2007, Leo Stoller ("Stoller") filed a Motion to Dismiss for failure to join a party — himself — pursuant to Fed. R. Civ. P. 19. Stoller previously filed a motion to intervene in this action on February 6, 2007. The Court has not yet ruled upon that motion. As such, Stoller remains a non–party and lacks standing to file a motion pursuant to Rule 19. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may make a Rule 19 motion") (citing Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (noting lack of any precedent for granting a non–party's motion for joinder)). Accordingly, Stoller's Motion to Dismiss [32] is stricken and the parties need not appear on March 7, 2007.Mailed notice(gmr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 385 | **DATE** | 3/16/2007 |
| **CASE TITLE** | Google, Inc. vs. Central Mfg. Inc., et al. | | |

#### DOCKET ENTRY TEXT

For the reasons stated below, Movant Stoller's motion to reconsider [43] is denied. The presentment date of 3/19/2007 for said motion is hereby stricken.

■[ For further details see text below.]

Notices mailed by Judicial ...

---

### STATEMENT

On March 12, 2007, this Court issued a Memorandum Opinion and Order denying Leo Stoller ("Stoller") motions to: (1) intervene; (2) interplead; (3) suspend the proceedings for sixty days to retain counsel for defendants; (4) suspend the proceedings pending an appeal of the decision of the bankruptcy court to permit plaintiff Google Inc. ("Google") to initiate this action; and (5) to suspend the proceedings pending the Trademark Trial and Appeal Board's decision on a motion for summary judgment in the proceedings related to the Google trademark.

On March 15, 2007, Stoller filed a motion asking this Court to reconsider its decision to deny Stoller motion to intervene. Stoller's motion to reconsider reads, in its entirety:

NOW COMES Leo Stoller and submits to the Court transcripts of proceedings before Judge Schmetterer dated December 12, 2006 and February 15, 2007.
Leo Stoller requests that the Court reconsider its decision denying Stoller the right to intervene based upon the attached transcripts.

"Motions to reconsider are rarely granted -- they serve a narrow function and must be supported by showing of extraordinary circumstances." *Trading Techs. Int'l, Inc. v. eSpeed Inc.*, No. 04 C 5312, 2007 U.S. Dist. LEXIS 12965, *10 (N.D. Ill. Feb. 21, 2007) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). In order to succeed on a motion to reconsider, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Stoller's motion presents no newly discovered evidence, nor does he attempt to identify any manifest error of law or fact. Instead he has simply submitted nearly 60 pages of transcripts from bankruptcy proceedings before Judge Schmetterer without making any effort whatsoever to direct the Court to the portions thereof he deems relevant to his motion to reconsider.

Having reviewed the aforementioned transcripts in search of potential bases for Stoller's motion to

## STATEMENT

reconsider, this Court has identified only one potential area  and assumes that Stoller relies primarily upon following passage:

> MR. STOLLER: The problem is not that they withdraw their monetary claims. It's a civil RICO action where I'm mentioned 15 times in a complaint in which I am deprived of defending myself. I'm not even listed in it.

> THE COURT: You have a right, I suppose, to seek to intervene in that case and to defend any interest of yours personally, but I see no reason why I should authorize you to hire lawyers on behalf of the companies.

> MR. STOLLER: Because if - -

> THE COURT: If you feel that the action indirectly impinges on your rights, nothing stops you from doing that.

(Transcript of Proceedings before the Honorable Jack B. Schmetterer, Feb. 15, 2007 at p. 10:12-20).

Setting to one side the fact that Stoller's motion to intervene was before this Court and not before Judge Schmetterer, this Court does not read Judge Schmetterer's comments above as any indication that Stoller has right to intervene in this case. Judge Schmetterer correctly advised Stoller that he had a right to *seek* to intervene in this action. Stoller did seek intervention as of right in this action but, because he was not able to identify any significant, legally protectible interest in these proceedings, that motion was denied.  Stoller also sought permissive intervention but, because the Court found that permitting Stoller to intervene in this action would frustrate the parties' efforts to resolve this matter by settlement, that request was denied as well.

Stoller's Motion to Reconsider does not establish any manifest error of law or fact associated with the Court's denial of his motion to intervene.  Accordingly, Stoller's motion to reconsider is denied.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 0385 | **DATE** | 3/12/2007 |
| **CASE TITLE** | Google, Inc. Vs. Central Mfg. Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out in the Memorandum Opinion and Order, Motion to intervene [16] is denied; Motion to interplead [8] is denied; and Motions to suspend [9][10][11] are denied.

■ [ For further detail see separate order(s).]

Docketing to mail notices

| | Courtroom Deputy Initials: | GR |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOOGLE, INC.,                                )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )      Case No: 07 C 385
                                             )
CENTRAL MFG. INC. a/k/a CENTRAL MFG.         )      Judge Virginia M. Kendall
CO., a/k/a CENTRAL MFG. CO.(INC).,a/k/a      )
CENTRAL MANUFACTURING COMPANY                )
INC. and a/k/a CENTRAL MFG. CO. OF           )
ILLINOIS; and STEALTH INDUSTRIES, INC.       )
a/k/a RENTAMARK and a/k/a                     )
RENTAMARK.COM,                               )
                                             )
                    Defendants.              )
                                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Google Inc. ("Google") has filed this civil RICO action against Defendants Central

Mfg. Inc. ("Central") a/k/a Central Mfg. Co. a/k/a Central Mfg. Co.(Inc.) a/k/a Central

Manufacturing Company Inc. a/k/a Central Mfg. Co. of Illinois and Stealth Industries, Inc.

("Rentamark") a/k/a Rentamark a/k/a Rentamark.com (collectively, "Defendants") alleging, among

other things, that Defendants and their purported principal, Leo Stoller ("Stoller"), are engaged in

a scheme of falsely claiming trademark rights for the purpose of attempting to extort money out of

legitimate commercial actors.    More specifically, Google alleges that Defendants aimed their

continuing scheme in its direction by first seeking to oppose Google's application for registration

of the "Google" trademark based upon a fraudulent claim of common law rights in or to that mark

and then sending settlement communications to Google that offered to resolve the "registrability

controversy" if Google would, among other things, agree to: (1) abandon its trademark application;

(2) pay a 5% royalty for use of the "Google" mark; and (3) pay $100,000.00 to Rentamark.com and acknowledge Rentamark.com's exclusive ownership of the "Google" mark.

On December 20, 2005, Stoller filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). On motion of one of Stoller's creditors, Stoller's bankruptcy case, styled *In re Stoller*, No. 05-64075 in the United States Bankruptcy Court for the Northern District of Illinois, was converted to a case under Chapter 7 of the Code on September 1, 2006. The property of Stoller's estate in bankruptcy includes, among other things, the stock and interests of incorporated and unincorporated businesses, including Stoller's wholly-owned interest in the Defendants. On September 6, 2006, the United States Trustee for Region 11 appointed Richard M. Fogel ("Trustee") as trustee to administer Stoller's estate in bankruptcy. Stoller's bankruptcy case remains pending before Bankruptcy Judge Jack B. Schmetterer.

Now before this Court is Stoller's motion to intervene in this action pursuant to Fed. R. Civ. P. 24. In addition to the motion to intervene, Stoller, who is not (and never has been) a party to this action, has also filed motions: (1) to interplead; (2) to suspend these proceedings for sixty days to retain counsel for defendants; (3) to suspend these proceedings pending an appeal of the decision of the bankruptcy court to permit Google to initiate this action; and (4) to suspend these proceedings pending the Trademark Trial and Appeal Board's decision on Defendants' motion for summary judgment in the proceedings related to the "Google" mark. For the reasons set forth below, each of Stoller's motions is denied.

## DISCUSSION

## I.     Intervention as of Right Under Rule 24(a).

Under Rule 24, intervention may be as of right or it may be permissive. *Heartwood v. U.S. Forest Service, Inc.*, 316 F.3d 694, 7000 (7th Cir. 2003). A party seeking to intervene as of right

2

must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the property or transaction which is the subject of the action; (3) the party seeking to intervene must be so situated that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the applicant's interest. Fed. R. Civ. P. 24(a); *see also Skokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000). Failure to satisfy any one of the four requirements for intervention as of right is sufficient grounds to deny a motion to intervene. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003).

A party seeking to intervene in a case must assert an interest in the action that is a "direct, significant legally protectible" one. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995) (quoting *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)). In the Seventh Circuit, this inquiry focuses "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Id.* (citing *Am. Nat'l Bank*, 865 F.2d at 147).

In this case, Stoller has not identified any direct, significant legally protectible interests in these proceedings that would provide him with a right to intervene. Stoller argues that he has such an interest in this action because: (1) he was the sole shareholder of Defendants; (2) he was the party that filed a petition for cancellation of the Google trademark registration; (3) he was the party that communicated with Google's counsel regarding the registerability controversy; (4) he was the party that claimed rights in and to the Google trademark; and (5) absent his involvement in this case, the corporate defendants will not be adequately represented. Each of these arguments fails.

First, Stoller's concern that the corporate defendants will not receive adequate representation without his involvement does not suffice to provide him with a right to intervene because it is based upon the *Defendants'* rights, not upon his own. *Reich*, 64 F.3d at 322. True, Stoller asserts that he

3

was once the sole shareholder of the corporate defendants, but that is no longer the case.[1]   The

Defendants are now part of Stoller's Chapter 7 bankruptcy estate.  Accordingly, Stoller no longer

holds any interest in the Defendants.  *See Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir.

2001) ("The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the

chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the

commencement of the case.").  At this juncture, it is the Trustee, and not Stoller, that has the

authority to administer all aspects of Defendants' business, including this lawsuit.  *See Cable v. Ivy*

*Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (in Chapter 7 bankruptcy proceedings, "*only*

the trustee has standing to prosecute or defend a claim belonging to the estate.") (emphasis in

original) (citing *In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) for the proposition that

"Chapter 7 trustee has exclusive right to represent debtor in court").

Stoller also argues that he has an interest in this action because: he was the party that filed

a petition for cancellation of the Google trademark registration; he was the party that communicated

with Google's counsel regarding the registerability controversy; and he was the party that claimed

rights in and to the Google trademark.  Each of these assertions is contradicted by the record.  The

record demonstrates that it was defendant Central, and not Stoller, that filed a petition for

cancellation of the Google trademark registration and that claimed rights in and to the Google

trademark.  (Zeller Declaration, Exhs. 8-10.)  Nor did Stoller communicate in his individual capacity

---

[1]Indeed, it may never have been the case.  On October 20, 2006, during proceedings before the Chapter 7 Trustee, Stoller asserted Fifth Amendment rights and refused to answer the question whether he had any proof of ownership of Defendants. Stoller's refusal to answer that question may give rise to an inference that no such proof exists. *See Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) (citing *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389-91 (7th Cir. 1995) for the proposition that "[t]he rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own..").

4

with Google regarding the purported registerability controversy - he did so in his capacity as president of one or both of the defendants. *See* Cplt., Exhs. O, R & S.

Stoller's failure to assert a significant, legally protectible interest in these proceedings is fatal to his motion to intervene as of right under Rule 24(a). *BDO Seidman*, 337 F.3d at 808. Accordingly, there is no need for this Court to consider whether Stoller can satisfy the other requirements for intervention as of right.

## II. Permissive Intervention Under Rule 24(b).

Permissive intervention is allowed under Rule 24(b) upon a timely application demonstrating that the "applicant's claim or defense and the main action have a question of law or fact in common." *Skokaogon Chippewa Community*, 214 F.3d at 949. "Permissive intervention under Rule 24(b) is wholly discretionary." *Id.* (citing *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985)). In exercising its discretion to grant or deny permissive intervention, a district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b); *Heartwood*, 316 F.3d at 701.

As a party to or participant in various lawsuits in this district, Stoller "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005) (citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005) (Coar, J.) ("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998) (Castillo, J.) (Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)

5

(Shadur, J.) (Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

Stoller has given this Court no reason to believe that he would behave differently than he has in the past were he to be granted permission to intervene in this action. To the contrary, as noted above, several of the bases for Stoller's motion to intervene – including that Stoller "was the party that filed a petition for cancellation of the said Google registration" and that "Leo Stoller is the party who claimed rights in and to the Google trademark" – are squarely contradicted by the record, including pleadings filed by Stoller on Central's behalf with the Trademark Trial and Appeal Board. Moreover, in his reply brief in support of his several pending motions, Stoller claims -- without providing any evidence -- that the Trustee and counsel for Google have conspired to defraud this Court and Stoller. Stoller further claims – also without providing any evidentiary support – that the Trustee has engaged in a scheme to defraud Stoller's estate in bankruptcy, Stoller himself, this Court, and the "U.S. Bankruptcy System."[2] This behavior is also, unfortunately, not unprecedented for Stoller. *See Pure Fishing, Inc.*, 2005 U.S. Dist. LEXIS 28280 at *18 ("Mr. Stoller accused this Court and opposing counsel of participating in a scheme to defraud the federal courts and others and of engaging in unprofessional and unethical conduct.").

The parties to this action have negotiated a settlement agreement that contemplates a release of Google's monetary claims against Defendants and against Stoller's estate in bankruptcy.[3] (Zeller Declaration, Exh. 7.) That release is contingent upon the entry, in this case, of a stipulated

---

[2] In an apparent attempt to intimidate Google and the Trustee, Stoller sent a copy of his reply brief and the unsupported allegations contained therein to the office of the United States Attorney for the Northern District of Illinois. Mr. Stoller would do well to recall that *pro se* litigants are subject to Fed. R. Civ. P. 11 and that making claims not warranted by existing law or making allegations without evidentiary support may subject him to sanctions.

[3] The settlement agreement has been approved by the bankruptcy court. (Zeller Declaration, Exh. 6.)

permanent injunction and final judgment. *Id.* Working toward that end, the parties filed, on February 12, 2007, a joint motion for entry of stipulated permanent injunction and final judgment. The Court has no doubt that permitting Stoller to intervene in this action would frustrate the parties' efforts to resolve this matter by settlement. Accordingly, Stoller's motion to intervene under Rule 24(b) is denied.

## III. Stoller's Motions to Interplead and to Suspend these Proceedings.

Stoller has not identified - and this Court is not aware of - any procedural mechanism by which a non-party may file a motion to suspend ongoing proceedings without intervening therein. Accordingly, Stoller's motions to suspend these proceedings are denied. The Court finds that Stoller's motion to "interplead as a necessary party" amounts to nothing more than a motion to intervene. As such, it is duplicative of Stoller's Rule 24 motion and, for the reasons stated above, that motion is also denied.

So ordered.

Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  March 12, 2007

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

**JAN 30 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| GOOGLE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No:  07-cv-385 |
| | ) | |
| CENTRAL MFG. INC. a/k/a | ) | |
| CENTRAL MFG. CO., a/k/a | ) | Judge Kendall |
| CENTRAL MFG. CO.(INC)., | ) | |
| a/k/a CENTRAL MANUFACTURING | ) | Magistrate Judge Cole |
| COMPANY, INC. and a/k/a | ) | |
| CENTRAL MFG. CO. OF ILLINOIS; | ) | |
| and STEALTH INDUSTRIES, INC. | ) | |
| a/k/a RENTAMARK and a/k/a | ) | |
| RENTAMARK.COM, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO SUSPEND

NOW COMES Leo Stoller and requests that this Court suspend this proceeding for sixty (60) days to give Stoller the opportunity to retain counsel to represent the corporations.

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  January 30, 2007

## Certificate of Mailing

I hereby certify that this motion is being
deposited with the U.S. Postal Service as First Class Mail
in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois  60607

Leo Stoller
Date:  January 30, 2007


## Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

Leo Stoller
Date:  1/30/07

C:\MARKS12\GOOGLE3.MOT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GOOGLE, INC.               )
                           )
          Plaintiff,       )
                           )
     vs.                   )
                           )     Case No:  07-cv-385
CENTRAL MFG. INC. a/k/a    )
CENTRAL MFG. CO., a/k/a    )     Judge Kendall
CENTRAL MFG. CO.(INC).,    )
a/k/a CENTRAL MANUFACTURING)     Magistrate Judge Cole
COMPANY, INC. and a/k/a    )
CENTRAL MFG. CO. OF ILLINOIS; )
and STEALTH INDUSTRIES, INC. )
a/k/a RENTAMARK and a/k/a  )
RENTAMARK.COM,             )
                           )
          Defendants.      )

## MOTION TO INTERVENE

NOW COMES Leo Stoller and moves this Court for intervention as of right pursuant to Rule 24(a)(2), Fed. R. Civ. P and/or pursuant to Rule 24(b), Fed. R. Civ. P.  See Rule 24, Fed. R. Civ. P.; *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997).

## BACKGROUND

Leo Stoller was the sole shareholder and sole employee of Central Mfg. Co., Inc., a Delaware corporation, and Stealth Industries, Inc., a Delaware corporation.  The two named defendants in this case.  Leo Stoller, on behalf of Central Mfg. Co., brought a petition to cancel Google Inc.'s Federal Trademark Registration, Google, on the grounds that it has become generic and/or descriptive of the services that are covered under Google, Inc.'s Federal Trademark Registration.

Leo Stoller engaged Google, Inc., pursuant to Federal Rules of Evidence 408, in an attempt to settle the registerability controversy that existed as between the parties.  The email correspondence that was submitted to Google, Inc. in settlement negotiations, which was

clearly marked non-discoverable, submitted under Federal Rules of Evidence 408, is being used by the Plaintiffs as the predicate act for the civil RICO violations alleged in Google, Inc.'s Complaint.

In December of 2005, Leo Stoller filed a Chapter 13 bankruptcy which was converted to a Chapter 7 on August 31, 2006. Leo Stoller's corporations, Central Mfg. Co., Inc. and Stealth Industries, Inc.; the shares of which became part of Stoller's bankruptcy when the said bankruptcy was converted to a Chapter 7.

Google, Inc. had petitioned the Bankruptcy Court Judge Jack Schmetterer to Lift the Automatic Stay in order to sue Leo Stoller and Central Mfg. Co., Inc. and Stealth Industries, Inc. Judge Schmetterer issued an Order releasing the stay so that Google, Inc. could sue Leo Stoller. See attached true and correct copy of Judge Schmetterer's January 18, 2007 Order.

Google, Inc. considered Stoller an indispensable party[1], however, when Google filed its District Court action, it only sued Central Mfg. Co., Inc. and Stealth Industries, Inc.

Judge Schmetterer found in his September 1, 2006, converting Leo Stoller Chapter 13 to a Chapter 7 that Leo Stoller's corporate entities were so intertwined with Stoller as to be indistinguishable.

Movant, Leo Stoller, seeks to intervene pursuant to Rule 24, Fed. R. Civ. P.


## ARGUMENT

Rule 24(a)(2), Fed. R. Civ. P. provides that upon timely application, anyone shall be permitted to intervene in an action as of right when the applicant claims as interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

------------------------------

1. In the following hearings that took place in Case No. 05-6047 before Judge Schmetterer on August 23, 2006, August 31, 2006, September 14, 2006, October 5, 2006, October 19, 2006, November 9, 2006, December 5, 2006, December 12, 2006, December 19, 2006, and January 4, 2007, et al., Google, Inc.'s lawyers argued that Stoller was an indispensable party and that the stay of his bankruptcy had to be lifted in order to sue Stoller and his corporate entities.

Persons seeking to intervene as a matter of right under Rule 24(a)(2) must establish the following four elements: (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Movants here can meet each of those four elements.

## TIMELINESS

The Movant has met the timely standard, in that he moved for intervention within a few days after the filing of the Complaint. There has been no prejudice to the other parties.

## SUBSTANTIAL INTEREST

Leo Stoller was the sole shareholder and was the party that Google, Inc. has alleged is responsible for all of the acts committed in Google's federal lawsuit. Stoller was the party that filed a petition for cancellation of the said Google registration. Leo Stoller was the party that communicated with Michael Zeller, lead counsel for Google, Inc. in an attempt to negotiate the settlement of the registerability issue. Leo Stoller is the party who claimed rights in and to the Google trademark.

There is no question that Leo Stoller has a specific legal or equitable interest, or the interest needed to establish standing in federal court. See generally, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

## IMPAIRMENT

To satisfy the "impairment" element, a would-be intervenor must show only that it is possible that his interest will be impaired if intervention is denied. *Grutter*, 188 F.3d at 399. This element is easily met here because without Leo Stoller as a party defendant, the corporate defendants will be unable to properly make their defense because Leo Stoller, who is the sole employee, is the corporate defendant's only witness. Judge Schmetterer stated that Leo Stoller and his two corporate entities are so intertwined as to be one.

## ADEQUATE REPRESENTATION

To satisfy the element of inadequate representation, proposed intervenors need not show that the representation of their interests will be inadequate, only that there is a potential

for inadequate representation and/or that the existing parties will not make the same arguments as the proposed interveners. *Grutter*, 188 F.3d at 400. The showing required is minimal. *Id.*. Again, this element is easily met here. The corporate defendants, Central Mfg. Co., Inc. and Stealth Industries, Inc., cannot receive any adequate representation without Leo Stoller, the prime actor in this case. Again, Judge Schmetterer found that Leo Stoller and his corporations are intertwined.

## ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION UNDER RULE 24(b)

Rule 24(b) states that upon timely application, anyone may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." As shown above, this motion is timely. Moreover, Movant's defense is that it does not violate any provision of the United States Constitution or federal law.

In a motion pursuant to Rule 24(b), the court may consider other equitable factors like undue delay, prejudice to the original parties, and other relevant factors. *Miller*, 103 F.3d at 1248. Here, this litigation is in an early stage, and the inclusion of those whose interests are in the law being upheld to its fullest extent will only sharpen and clarify the issues for the court. Accordingly, permissive intervention should be granted.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene should be granted.

*[signature: Leo Stoller]*

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois 60302
312/ 545-4554
Email: ldms4@hotmail.com

Date: February 6, 2007

### Certificate of Mailing

I hereby certify that this motion is being
deposited with the U.S. Postal Service as First Class Mail
in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_____
Leo Stoller
Date: February 6, 2007

### Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

_____
Leo Stoller
Date: _____02-06-07_____

C:\MARKS02\GOOGLE16.MOT

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GOOGLE, INC. )
)
     Plaintiff, )
)
vs. )
)    **Case No: 07-cv-385**
CENTRAL MFG. INC. a/k/a )
CENTRAL MFG. CO., a/k/a )    **Judge Kendall**
CENTRAL MFG. CO.(INC)., )
a/k/a CENTRAL MANUFACTURING )    **Magistrate Judge Cole**
COMPANY, INC. and a/k/a )
CENTRAL MFG. CO. OF ILLINOIS; )
and STEALTH INDUSTRIES, INC. )
a/k/a RENTAMARK and a/k/a )
RENTAMARK.COM, )
)
     Defendants. )

RECEIVED

JAN 30 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO INTERPLEAD

     NOW COMES Leo Stoller, the President of the Defendants in this case, and moves to interplead as a necessary party. The Defendants and Leo Stoller are intertwined and it is necessary that Leo Stoller become a party as a defendant in this case. See Plaintiff's Complaint, paragraph numbers 1, 2, 10, 14, 15, 16, 18, 20, 21, 22, 30, 39, 44, 52, 54, including sub-parts. Leo Stoller is an integral party and should be given an opportunity to interplead and to defend himself in this proceeding. Leo Stoller is the sole employee of the Defendant business entities.

     The Plaintiff has moved before Judge Jack Schmetterer in Stoller's Chapter 7 bankruptcy, Case No. 05-64075, to lift the automatic stay and allow Stoller and his entities to be sued. Plaintiff has acknowledged that Stoller is a necessary party. See attached true and correct copy of Judge Schmetterer's order dated January 18, 2007.

     WHEREFORE, Leo Stoller prays that this Court grant Stoller's motion to interplead in this case as a necessary party Defendant.

Leo Stoller
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  January 30, 2007

## Certificate of Mailing

I hereby certify that this motion is being
deposited with the U.S. Postal Service as First Class Mail
in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois  60607

Leo Stoller
Date:  January 30, 2007

## Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

Leo Stoller
Date:  1/30/07

C: MARKS\PLEOORE3-MOT

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re

LEO STOLLER,

            Debtor.

Chapter 7

Case No. 05-64075

Hon. Jack B. Schmetterer

Hearing Date: January 18, 2007
Hearing Time: 11:00 a.m.

## ORDER GRANTING MOTION FOR ORDER DECLARING PROPOSED SUIT TO BE OUTSIDE SCOPE OF STAY OR, IN THE ALTERNATIVE, MODIFYING STAY
## [DOCKET NO. 113]

Google Inc. ("Google") having filed its Motion for Order Declaring Proposed Suit to be Outside Scope of Stay or, In the Alternative, Modifying Stay (the "Motion") on August 18, 2006, and hearings having been held on the Motion on August 23, 2006, August 31, 2006, September 14, 2006, October 5, 2006, October 19, 2006, November 9, 2006, December 5, 2006, December 12, 2006, December 19, 2006, and January 4, 2007 and Google having entered into a compromise with the Chapter 7 trustee appointed in this case concerning the relief sought in the Motion as to the estate and entities owned or controlled by the estate, which compromise has been approved by a separate Order of this Court entered on December 5, 2006 (such Order and the Settlement Agreement it approved being the "Settlement Order"), and the Debtor having objected to the Motion which objection the Court overruled in open court on January 4, 2007, and the Court having made, on the record at the January 4, 2007 hearing, findings of fact and conclusions of law, and the Court having found that there is cause to grant Google relief from the automatic stay,

IT IS HEREBY ORDERED that Google is granted relief from the automatic stay so that it may take the actions, including filing an action against the Debtor in the United States District

Court, described in the Motion and any ancillary, necessary, or appropriate actions in connection

therewith. *[handwritten annotation]*

IT IS FURTHER ORDERED that Google shall take no action to collect a monetary

judgment against Leo Stoller personally without obtaining prior leave of this Court; provided

however that if this case is dismissed or if Leo Stoller has been denied a discharge under 11

U.S.C. §727 then Google shall not have to obtain leave before collecting any judgment it obtains

against Leo Stoller.

IT IS FURTHER ORDERED that the relief granted herein pertains only to Leo Stoller

personally and nothing herein amends or supersedes the provisions of the Settlement Order.

_____
United States Bankruptcy Judge

JAN 18 2007

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re:            )    Chapter 7

LEO STOLLER,       )    Case No: 05-64075

         Debtor.    )    Hon. Jack B. Schmetterer

) 
)

### NOTICE OF APPEAL

NOW COMES the Debtor and files a Notice of Appeal of the attached orders:

1)    Motion to Dismiss A Case Under Chapter 7 $(246)$

2)    Motion to Stay Court's Order Lifting Stay for Google, Inc. to Sue The Debtor $(245)$

3)    Motion for Leave to Object to Claims $(237)$

*denied*

_____
Leo Stoller
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: January 5, 2007

## Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 S. Dearborn
Chicago, IL 60607

_Leo Stoller_
Leo Stoller
Date: January 5, 2007


## Certificate of Service

I hereby certify that the foreging is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
Shaw, Gussis, Fishman, Glantx,
 Wolfson & Tow
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Timothy C. Meece
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago Illinois  60606

_Leo Stoller_
Leo Stoller
Date: January 5, 2007


C:\MARKS42\STOLLER2.NOA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

GOOGLE, INC.                                )
                                            )
          Plaintiff,                        )
                                            )
     vs.                                    )
                                            )          Case No:  07-cv-385
CENTRAL MFG. INC. a/k/a                      )
CENTRAL MFG. CO., a/k/a                      )          Judge Kendall
CENTRAL MFG. CO.(INC).,                      )
a/k/a CENTRAL MANUFACTURING                  )          Magistrate Judge Cole
COMPANY, INC. and a/k/a                      )
CENTRAL MFG. CO. OF ILLINOIS;               )
and STEALTH INDUSTRIES, INC.                )
a/k/a RENTAMARK and a/k/a                    )
RENTAMARK.COM,                              )
                                            )
          Defendants.                       )

**JAN 3 0 2007**

MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO SUSPEND PENDING THE APPEAL
## TO LIFT THE AUTOMATIC STAY FOR GOOGLE TO
## SUE THE DEBTOR, LEO STOLLER

NOW COMES Leo Stoller and requests that this Court stay this proceeding pending Stoller's Appeal of Judge Schmetterer's order lifting the automatic stay in Stoller's Chapter 7 bankruptcy, Case No. 05-64075, for Google to sue the Debtor, Leo Stoller, and his companies.

See attached true and correct copies of Judge Schmetterer's order dated January 18, 2007 and Stoller's Notice of Appeal dated January 5, 2007.

WHEREFORE, Leo Stoller prays that this Court stay this proceeding pending the final outcome of Stoller's Appeal of Judge Schmetterer's order lifting the automatic stay of Stoller's bankruptcy, allowing the Debtor and his businesses to be sued by Google.

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  January 30, 2007

## Certificate of Mailing

I hereby certify that this motion is being
deposited with the U.S. Postal Service as First Class Mail
in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois  60607

_____
Leo Stoller
Date:  January 30, 2007

## Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

_____
Leo Stoller
Date:  1/30/07

C:MARKS\GOOGLE2.MOT

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| In Re: | Chapter 7 |
| LEO STOLLER, | Case No: 05-64075 |
| Debtor. | Hon. Jack B. Schmetterer |

## NOTICE OF APPEAL

NOW COMES the Debtor and files a Notice of Appeal of the attached orders:

1) Motion to Dismiss A Case Under Chapter 7 $(246)$

2) Motion to Stay Court's Order Lifting Stay for Google, Inc. to Sue The Debtor $(245)$

3) Motion for Leave to Object to Claims $(237)$

*denied*

_____
Leo Stoller
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: January 5, 2007

## Certificate of Mailing

I hereby certify that the foregoing is being
hand-delivered to the following address:

Clerk of the Court
United States Bankruptcy Court
219 S. Dearborn
Chicago, IL  60607

_Leo Stoller_

Leo Stoller
Date:  January 5, 2007


## Certificate of Service

I hereby certify that the foreging is being deposited
with the U.S. Postal Service as First Class mail in an
envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
Shaw, Gussis, Fishman, Glantx,
 Wolfson & Tow
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Timothy C. Meece
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago Illinois  60606

_Leo Stoller_

Leo Stoller
Date:  January 5, 2007


C:\MARKS42\STOLLER2.NOA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

| | |
|---|---|
| GOOGLE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTRAL MFG. INC. a/k/a | ) |
| CENTRAL MFG. CO., a/k/a | ) |
| CENTRAL MFG. CO.(INC)., | ) |
| a/k/a CENTRAL MANUFACTURING | ) |
| COMPANY, INC. and a/k/a | ) |
| CENTRAL MFG. CO. OF ILLINOIS; | ) |
| and STEALTH INDUSTRIES, INC. | ) |
| a/k/a RENTAMARK and a/k/a | ) |
| RENTAMARK.COM, | ) |
| | ) |
| Defendants. | ) |

JAN 3 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No:  07-cv-385

Judge Kendall

Magistrate Judge Cole

## MOTION TO SUSPEND PENDING THE TRADEMARK
## TRIAL AND APPEAL BOARD'S DECISION ON THE
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Leo Stoller and requests that this Court suspend this proceeding pending the resolution of the Defendant's Motion for Summary Judgment which has been filed in the Trademark Trial & Appeal Board and has been pending for over a year and a half.  The Plaintiff's entire case is predicated on its alleged rights in a Federal Trademark Registration for the trademark Google.

The District Court proceeding (Complaint) currently filed by the Plaintiff cannot be used to short-circuit established administrative procedures, such as those set up in the Patent and Trademark Office to determine the validity of federal trademark registrations.  As the U.S. Supreme Court has stated:

> [T]he declaratory judgment procedure will not be used to preempt
> and prejudge issues that are committed for initial decision to an
> administrative body or special tribunal any more than it will be
> used as a substitute for statutory methods of review . . .
> Responsibility for effective functioning of the administrative process
> cannot be thus transferred from the bodies in which Congress has

placed it to the courts[1].

Since Congress has granted the power to register trademarks to the United States Patent and Trademark Office (PTO), federal courts have no jurisdiction over administrative registration proceedings except the appellate jurisdiction expressly granted by statute. So an applicant whose mark is opposed before the Trademark Board, or a registrant who mark is attacked for cancellation before the Trademark Board, cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts. Where an administrative proceeding is already under way, the courts should not short-cut the proceeding by way of entertaining a suit for declaratory judgment. As the Second Circuit said, "The Declaratory Judgment Act may not be used simply to remove a controversy from a forum where it properly belongs." Under this rule, it has been said: "The Court will not, by declaratory judgment, intercede gratuitously in the unfinished and pending administrative proceedings[2]."

Judge Schmetterer in the last hearing provided that Google must answer Stoller's motion for summary judgment at the Trademark Trial & Appeal Board by including in the order, attached hereto, the following language upon the request of Leo Stoller in open court,

------- -------------

1. Public Service Comm'n v. Wycoff Co., 344 U.S> 237, 97 L. Ed. 291, 73 W. Ct. 236 (1952). See Englishtown Sportswear Ltd. v. Tuttle, 547 F. Supp. 700, 216 U.S.P.Q. 486 (S.D.N.Y. 1982)(a court that bypasses the administrative system of the PTO impairs expeditious resolution and forfeits administrative expertise.)

2. Goya Foods, Inc. v. Tropicana Products, Inc., 666 F. Supp. 585, 4 U.S.P.Q.2d 1893 (S.D.N.Y. 1987), modified, LEXIS slip op. (S.D.N.Y. 1987), rev'd on other grounds, 846 F.2d 848, 6 U.S.P.Q.2d 1950 (2d cir. 1988) (Applicant-defendant in previously-filed TTAB opposition proceeding in the PTO filed a declaratory judgment suit in federal court seeking a declaratory of non-infringement. Suit must be dismissed or stayed pending resolution of the PTO opposition. Citing treatise, held that: (1) filing of an opposition does not per se create a reasonable apprehension of being sued for trademark infringement; (2) the Declaratory Judgment Act cannot be used to unnecessarily disrupt administrative proceedings pending in the PTO. The court of appeals reversed the denial of a motion to amend the complaint to state other acts giving rise to a reasonable apprehension of suit. The court of appeals held that if the amended complaint was sufficient, the suit should go forward and not be automatically dismissed because of deference to the pending opposition in the PTO.).

"that Google must take the necessary and appropriate action in the Trademark Trial and Appeal Board" referring to Google having to respond to Stoller's motion for summary judgment.

Google's entire District Court case is predicated on its trademark rights in and to the mark Google. When the TTAB cancels Google's trademark, this case before this Court collapses. It is for that reason that the Supreme Court has provided that District Court proceedings cannot short-circuit pending administrative remedies.

WHEREFORE, Leo Stoller prays that this Court suspend this case pending the resolution of Stoller's Motion for Summary Judgment pending at the Trademark Trial & Appeal Board.

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois 60302
312/ 545-4554
Email: ldms4@hotmail.com

Date: January 30, 2007

3

## Certificate of Mailing

I hereby certify that this motion is being
deposited with the U.S. Postal Service as First Class Mail
in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

Leo Stoller
Date: January 30, 2007

## Certificate of Service

I hereby certify that the foregoing is being
deposited with the U.S. Postal Service as First
Class Mail in an envelope addressed to:

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois 60606

Leo Stoller
Date: 1/30/07

C:\MARKS1\GOOGLE4.MOT

4

*also known as*
Rentamark
*also known as*
Rentamark.Com

**Defendant**

**Central Mfg. Inc. and Stealth Industries, by and through Richard M. Fogel, not individually but as Chapter 7 Trustee**

**Movant**

**Leo Stoller**                                        represented by **Leo Stoller**
7115 W. North Avenue
Oak Park, IL 60302
PRO SE


V.

**Trustee**

**Richard M. Fogel, not individually, but as chapter 7 trustee of the bankruptcy estate of Leo Stoller**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2007 | 38 | MEMORANDUM Opinion and Order Signed by Judge Virginia M. Kendall on 3/12/2007:Mailed notice(eav, ) (Entered: 03/13/2007) |
| 03/12/2007 | 37 | MINUTE entry before Judge Virginia M. Kendall :For the reasons set out in the Memorandum Opinion and Order, Motion to intervene 16 is denied; Motion to interplead 8 is denied; and Motions to suspend 9, 10, 11 are denied.Mailed notice (eav, ) (Entered: 03/13/2007) |
| 03/05/2007 | 34 | MINUTE entry before Judge Virginia M. Kendall :On March 2, 2007, Leo Stoller ("Stoller") filed a Motion to Dismiss for failure to join a party -- himself -- pursuant to Fed. R. Civ. P. 19. Stoller previously filed a motion to intervene in this action on February 6, 2007. The Court has not yet ruled upon that motion. As such, Stoller remains a non-party and lacks standing to file a motion pursuant to Rule 19. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may make a Rule 19 motion") (citing Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (noting lack of any precedent for granting a non-party's motion for joinder)). Accordingly, Stoller's Motion to Dismiss 32 is stricken and the parties need not appear on March 7, 2007.Mailed notice (gmr, ) (Entered: 03/05/2007) |
| 03/02/2007 | 36 | REPLY by Movant Leo Stoller to Google Inc.'s opposition to debtor Leo Stoller's motion to suspend pending the trademark trial and appeal board's decision on defendant's motion for summary judgment 21 |

| | | (Exhibits); Notice. (smm) (Entered: 03/08/2007) |
|---|---|---|
| 03/02/2007 | 35 | REPLY by Defendant Leo Stolla to Google Inc.'s combined opposition to debtor Leo Stoller's motions (1) to intervene, (2) to interplead, (3) to suspend for sixty days to retain counsel for defendants and (4) to suspend pending appeal to lift automatic stay for Google to sue the debtor : Notice of filing (eav, ) (Entered: 03/06/2007) |
| 03/02/2007 | 33 | NOTICE of Motion by Leo Stolla for presentment of motion to dismiss32 before Honorable Virginia M. Kendall on 3/7/2007 at 09:00 AM. (eav, ) (Entered: 03/05/2007) |
| 03/02/2007 | 32 | MOTION by Defendant Leo Stolla to dismiss for failure to join a party under Rule F.R.C.P. 19 (eav, ) (Entered: 03/05/2007) |
| 02/22/2007 | 31 | REPLY by Defendant Leo Stolla to Trustee's Ominibus response in opposition to motions of debtor Leo Stoller to: (1) Intevene; (II) Interplead; (III) Suspend proceeding for sixty days to retain counsel, for defendants; (IV) Suspend pending appeal to lift automactic stay for Google to sue the debtor; and (V) Suspend pending trademark trial and appeal Board's decision for defendants' motion for summary judgment and joinder of responses by Google, Inc.; Notice of filing (eav, ) (Entered: 02/26/2007) |
| 02/20/2007 | 29 | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. All pending motions are taken under advisement, with a ruling by mail. Status hearing set for 3/13/2007 at 09:00 AM.Mailed notice (gmr, ) (Entered: 02/20/2007) |
| 02/16/2007 | 30 | OBJECTION by Leo Stoller to Joint Moiton for Entry of Stipulated Permanent Inj8unction and Final Judgment; Notice of filing (Exhibits) (eav, ) (Entered: 02/21/2007) |
| 02/15/2007 | 28 | Notice of Filing Supplemental Authority by Leo Stolla ; Notice of filing (eav, ) (Entered: 02/20/2007) |
| 02/13/2007 | 27 | MEMORANDUM by Google Inc in support of motion for permanent injunction, motion for judgment23 *Google Inc.'s Separate Memorandum in Support of Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment* (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | 26 | CERTIFICATE by Google Inc of Service of the Permanent Injunction and Final Judgment as to Defendants Central Mfg. Inc. and Stealth Industries, Inc.(Proposed Order) (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | 25 | SUPPLEMENT by Google Inc to declaration,, 22 *Supplemental Declaration of Michael T. Zeller* (Barrett, William) (Entered: 02/13/2007) |
| 02/12/2007 | 24 | NOTICE of Motion by William John Barrett for presentment of motion for permanent injunction, motion for judgment23 before Honorable Virginia M. Kendall on 2/20/2007 at 09:00 AM. (Barrett, William) (Entered: 02/12/2007) |

| 02/12/2007 | 23 | MOTION by Plaintiff Google Inc for permanent injunction *(Stipulated)*, MOTION by Plaintiff Google Inc for judgment *(Final)* (Barrett, William) (Entered: 02/12/2007) |
|---|---|---|
| 02/12/2007 | 22 | DECLARATION of Michael T. Zeller regarding response in opposition to motion21, response in opposition to motion, 20 by Google Inc (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24# 25 Exhibit 25# 26 Exhibit 26# 27 Exhibit 27# 28 Exhibit 28# 29 Exhibit 29# 30 Exhibit 30)(Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | 21 | RESPONSE by Google Incin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend10 (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | 20 | RESPONSE by Google Incin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead8, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend9, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend11, MOTION by Plaintiff Leo Stolla to intervene16 (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | 19 | RESPONSE by Richard M. Fogel, not individually, but as chapter 7 trustee of the bankruptcy estate of Leo Stollerin Opposition to MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend10, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead8, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend9, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend11, MOTION by Plaintiff Leo Stolla to intervene16 *and Joinder to Responses of Google Inc.* (Alwin, Janice) (Entered: 02/12/2007) |
| 02/07/2007 | 18 | MINUTE entry before Judge Virginia M. Kendall :Motion to intervene 16 is entered and continued to 2/20/2007 at 09:00 AM. Any response shall be filed by 2/12/2007. No reply is necessary. The presentment date of 2/12/2007 for said motion is hereby stricken.Mailed notice (gmr. ) (Entered: 02/07/2007) |
| 02/06/2007 | 17 | NOTICE of Motion by Leo Stolla for motion to intervene 16 before Honorable Virginia M. Kendall on 2/12/2007 at 9:00 AM. (eav, ) (Entered: 02/07/2007) |
| 02/06/2007 | 16 | MOTION by Leo Stolla to intervene (eav, ) (Entered: 02/07/2007) |
| 02/06/2007 | 14 | SUMMONS Returned Executed by Google Inc as to Stealth Industries, Inc. on 1/23/2007, answer due 2/12/2007; Central Mfg. Inc. on 1/23/2007, answer due 2/12/2007. (Barrett, William) (Entered: 02/06/2007) |
| 02/05/2007 | 15 | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. |

| | | |
|---|---|---|
| | | Motion to interplead 8; Motion to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller 9; Motion to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment 10; and Motion to suspend 11 are entered and continued to 2/20/2007 at 9:00 AM. Responses due by 2/12/2007. No replies are necessary.Mailed notice (gmr, ) (Entered: 02/06/2007) |
| 01/30/2007 | 13 | PRO SE Appearance by Leo Stolla (eav, ) (Entered: 02/01/2007) |
| 01/30/2007 | 12 | NOTICE of Motion by Stealth Industries, Inc., Central Mfg. Inc. for presentment of motion to Interplead 9, motion to Suspend 10, motion to Suspend pending Appeal to lift automatic stay for Google to sue the Debtor, Leo Stoller, and 11, motion to suspend pending the Trademark Trial and Appeal Board's Decision on the defendant's motion for summary judgment 8 before Honorable Virginia M. Kendall on 2/5/2007 at 9:00 AM. (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 11 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 10 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 9 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller (Exhibits) (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 8 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to interplead (Exhibits) (eav, ) Additional attachment(s) added on 1/31/2007 (eav, ). (Entered: 01/31/2007) |
| 01/19/2007 | 7 | SUMMONS Issued as to Defendant Central Mfg. Inc. (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 5 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Google Inc (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 4 | ATTORNEY Appearance for Plaintiff Google Inc by William John Barrett (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 3 | ATTORNEY Appearance for Plaintiff Google Inc by Michael Thomas Zeller (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 2 | CIVIL Cover Sheet (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 1 | COMPLAINT filed by Google Inc; (eav, ) (Entered: 01/22/2007) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| |

| 03/14/2007 16:05:41 | | | |
|---|---|---|---|
| **PACER Login:** | ls2729 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00385 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
2                            EASTERN DIVISION

3   GOOGLE, INC.,                    )   Docket No. 07 C 385
                                     )
4                   Plaintiff,       )
                                     )
5            v.                      )   Chicago, Illinois
                                     )   February 20, 2007
6   CENTRAL MFG. INC., et al.,       )   9:00 o'clock a.m.
                                     )
7                   Defendants.      )

8                 TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE VIRGINIA M. KENDALL
9
    APPEARANCES:
10
    For the Plaintiff:           QUINN EMANUEL URQUHARDT &
11                               OLIVER, by
                                 MR. MICHAEL THOMAS ZELLER
12                               865 South Figueroa Street
                                 10th Floor
13                               Los Angeles, California 90017

14  For the Defendant:           MR. LEO STOLLER, pro se
                                 7115 West North Avenue
15                               Oak Park, Illinois 60604

16  For the Bankruptcy Trustee:  SHAW, GUSSIS, FISHMAN, GLANTZ
                                 WOLFSON & TOWBIN, BY
17                               MS. JANICE A. ALWIN
                                 321 North Clark Street
18                               Suite 800
                                 Chicago, Illinois 60610
19

20

21

22              ALEXANDRA ROTH, CSR, RPR
                  Official Court Reporter
23              219 South Dearborn Street
                        Room 1224
24              Chicago, Illinois 60604
                    (312) 294-0134
25

EXH 5

2

1          (Proceedings had in open court:)

2          THE CLERK:  07 C 385, Google versus Central

3    Manufacturing.  Motion hearing.

4          MR. STOLLER:  Good morning, your Honor.  Leo Stoll

5    S-t-o-l-l-e-r.

6          THE COURT:  Good morning.

7          MS. ALWIN:  Good morning, your Honor.  Janice Alwin

8    A-l-w-i-n, on behalf of Richard Fogel, Chapter 7 trustee for

9    the bankruptcy estate of Leo Stoller.

10          THE COURT:  Good morning.

11          MR. ZELLER:  Good morning, your Honor.  Mike Zeller

12    behalf of Google, Inc.  That's Z-e-l-l-e-r.

13          THE COURT:  Good morning.

14          Well, we have a number of motions that have hit the

15    Court regarding Mr. Stoller's attempt to interplead or

16    intervene in this matter and to suspend the appeal in order

17    become a part of this particular action.  And of course, we

18    have a stipulated judgment with everybody else without Mr.

19    Stoller.

20          Now, have I completed all the briefing on the

21    intervention?  You were going to respond to that, correct?

22          MS. ALWIN:  Both the trustee and Google responded

23    respect to jurisdiction and standing.  I believe that Google

24    thoroughly briefed the issues, the substantive issues, of a

25    motions, and the trustee joined in that --

1           THE COURT:  Okay.

2           MS. ALWIN:  -- response.

3           THE COURT:  And the ball is really in my court to

4 finish up those motions and make a determination as to whet'

5 Mr. Stoller has any standing here.  It was my initial

6 understanding that you would not have standing based upon t'

7 trustee's role.  But I did give everyone a chance to brief   t

8 issue.

9           MR. STOLLER:  Judge Schmetterer said on our last

10 hearing -- asked me if I intervened on the record and indic   d'

11 that I have standing in his mind.  Furthermore, the motion    t

12 was filed on behalf of Google to set aside the stay, which

13 have here and you may not have seen yet, they plead in ther   r'

14 at least 20 different spots to lift the stay, move against

15 Stoller in this particular action.  This is the primary mot

16         In the order lifting the stay, Judge Schmetterer

17 which you have -- indicates that they can move against Leo

18 Stoller as a necessary party.  They are judicially estopped

19 from now arguing that Leo Stoller is not a necessary party

20 that their primary motion indicates in about 15 different

21 paragraphs that I am a necessary party.

22         Furthermore, it's important for the Court to know    .t

23 the trustee has made numerous arguments in front of Judge

24 Schmetterer because the corporations that they are moving

25 against are my corporations.  I am the only person in those

4

1    corporations.  That's it.  Just Leo Stoller.  They have made

2    numerous representations that these corporations are merely e

3    alter ego of Leo Stoller, that they don't exist.

4           When it's convenient for the trustee to argue that

5    corporations aren't valid corporations, they make that argu    t

6    before Judge Schmetterer.  Now when it's convenient for the

7    trustee to say, oh, no, these are valid corporations and,

8    therefore, we are going to enter an agreement which will

9    irreparably damage my corporations because having a civil

10   RICO -- and there is no Judge that I know of more qualified

11   than your Honor that knows something about RICO in this

12   building -- and have a civil RICO default judgment entered

13   against my corporations permanently tainting my ability to

14   police my trademarks for the rest of my life by default, is    t

15   in the best interest of my corporations.

16          I have moved to replace the trustee.  There is a

17   pending -- there is a pending appeal to replace the trustee

18   front of Judge Hibbler.  And if that for any reason is deni

19   I'll take it up to the Seventh Circuit.  And it should furt'

20   be noted that when I came into this Chapter 13 -- this is

21   important for the Court to recognize -- back in August of

22   I only owed $65,000 worth of claims, which I consider for

23   purposes of the record valid claims.

24          The reason why I brought the 13, because I had six

25   trademark infringement actions against me.  I am a very sma

1    businessman.  I couldn't handle all the litigation.  Pure

2    Fishing moved to convert to a 7.  Okay.  I am converted to

3    I moved to appeal that.

4          Now directly because of the trustee's actions, the

5    have added $2.3 million in debt to my corporations by makin

6    these frivolous settlements, which are not in the best inte

7    of my creditors, not in the best interest of my estate.  I'

8    offered them to pay $100,000 to pay my legitimate creditors

9    to pay my administrative costs of the estate.  But because

10   actions --

11         THE COURT:  You have offered that to whom?

12         MR. STOLLER:  The trustee, so I could settle.  I

13   was -- I am not looking for a discharge.  This is not a

14   bankrupt individual.  I filed to get a break and a breathe

15   from all this Seventh District Court proceedings that I cou

16   not handle simultaneously as a small entity.

17         Now, because of the irresponsible breaches of thei

18   fiduciary duties to my estate and to my business entities,

19   have -- they have accrued debt in excess of $2.3 million by

20   these kinds of frivolous settlements.

21         This Google action that you're looking at is nothi

22   more than a frivolous action constructed to deter the Trade

23   Trial and Appeal Board from ruling on a petition to cancel

24   proceeding, which they're pending a motion for summary

25   judgment.  They can't touch that, so they come to you and t

6.

1    say, let's charge Stoller with civil RICO.  Let's distract t
2    Court.  Let's suspend the action to avoid a motion for summ
3    judgment, which is now pending before the Trademark Trial an
4    Appeal Board, in which their mark will be canceled if it go
5    forward because it's now in the dictionary.  It's a generic
6    term, Google.  Everyone thinks of Google no matter what sea
7    engine you use.

8         They want to prevent that.  They have constructed    s
9    scheme to bring this action before you and have me held
10   responsible for civil RICO.  I don't know if you know who I  ,
11   but for 30 years I have been in this building.  And I have
12   more than 60 trademark infringement actions, more than anybo .
13   They have made allegations before you, and I'll just finish
14   speech in a minute, that I am a vexatious litigator.  Judge
15   Kocoras has issued an executive order from the Executive
16   Judicial Committee in this building a year ago, having a ru
17   to show cause why I shouldn't be suspended from initiating
18   litigation.

19        After an extensive review by the Executive Judicia
20   Committee of this court in this building, they issued a
21   decision saying Stoller's -- after reviewing all of my hist
22   25 years, I'm okay.  You can continue policing your marks.

23        They on the other hand have made the argument that
24   am unworthy because I am a vexatious litigator, because I h
25   150 trademarks.  I need to police those brands all over the

1    country and I have to.  I am unworthy to be before you.

2         The important consideration for the Court is first

3    all, and I'll conclude now, is that they are judicially

4    estopped from arguing that I am not a necessary party in th

5    the motion here that they presented before Judge Schmetterer

6    order to lift the stay in 20 different paragraphs mentioned

7    Stoller and mentions the two entities as necessary parties

8    their motion.

9         Now, Mr. Zeller comes from California today, and he

10   filed an affidavit where I am not a necessary party.  What

11   are attempting to do, they are attempting to get a default

12   judgment against my corporations, possibly sue me later, and

13   permanently destroy my ability to police marks after this

14   proceeding has been over, and thirdly, to avoid the

15   consequences of a petition to cancel proceedings before the

16   Trademark Trial and Appeal Board.  They argue that --

17        THE COURT:  I understand your position.  Okay.

18        Since you came all the way from California, sir, d

19   you want to put something on the record today?

20        MR. ZELLER:  Yes, thank you, your Honor.  I won't

21   course, respond to most of those because it's not here nor

22   there.

23        Mr. Stoller makes the representation that we took

24   position that he was a necessary party and that's not corre

25   He doesn't point to anything specific, doesn't put anything

8

1  from our statements in front of the bankruptcy court, becau

2  we did not say he was a necessary party to this action.

3       Moreover, based on the authorities that we've cite

4  our brief, even if we had said that, it would be of no

5  consequence because standing is subject matter jurisdiction

6  It can't be waived, can't be stipulated to.  So there is si   y

7  no basis for him to be asserting standing in order to inter   e

8  in this case.

9       THE COURT:  Is there anything going on in the

10  bankruptcy court that would divest me of jurisdiction over

11  handling your joint motion for entry of stipulated agreemen

12       MR. ZELLER:  No, your Honor, and to the contrary.

13  Judge Schmetterer specifically approved this settlement as

14  being in the best interest of the estate, which includes th

15  defendants, the corporate entities who are the defendants h

16  So this was done -- and I believe we submitted all the pape

17  to your Honor, which shows quite clearly that Judge Schmett

18  saw this, made that determination.  And that is in fact why

19  are here today.

20       And in particular, the reason why we are here is

21  because, of course, the kind of permanent injunction that w

22  looking for, to bring a complete resolution to this and put

23  end to the effects to Google, can only be entered by the

24  district court.  Obviously the bankruptcy court is not a pl

25  where that can be done.

1          MR. STOLLER:  That's on appeal.  Just so --

2          THE COURT:  I understand.

3          MR. STOLLER:  -- appealed that decision, and my

4    argument is the Court doesn't have jurisdiction.

5          I would like to submit for your -- I don't think

6    have a copy of their motion to -- that they submitted to Ju

7    Schmetterer.  You don't have this.

8          THE COURT:  Okay.  I understand.

9          MR. STOLLER:  I think you should have a copy of th

10   which refutes exactly what Mr. Zeller has said, that I am n

11   necessary party.  And if you read that, I am the prime move

12   this particular RICO action, Leo Stoller.

13         THE COURT:  Okay.  Just for the record, Mr. Stoll

14   has provided the Court with a 15-page motion of Google, Inc

15   for order declaring proposed suit to be outside the scope c

16   stay or in the alternative modifying stay.  And it is a Mic

17   Zeller document, just so you know which one it is when you

18   looking on the record.

19         Okay.  Thank you, and I understand.

20         Now, I cannot enter the motion for entry of judgme

21   until I resolve the other matter regarding his intervention

22   And so I will deal with that first and then deal with your

23   motion second.  And I will rule by mail.  I will put you on

24   status call for three weeks out just so that something does

25   slip through the cracks.

10

1        So if you can get a new date for this?

2        THE CLERK:  March 13 at 9:00 a.m.

3        MR. STOLLER:  March 13?

4        THE COURT:  Anything else, counsel or Mr. Stoller?

5        MR. STOLLER:  I appreciate your --

6        THE COURT:  Thank you very much.

7        MR. STOLLER:  Thank you, Judge.

8        MR. ZELLER:  Thank you, your Honor.

9        MS. ALWIN:  Thank you, your Honor.

10       (Which were all the proceedings had at the hearing of t

11       within cause on the day and date hereof.)

12                          CERTIFICATE

13       I HEREBY CERTIFY that the foregoing is a true, cor

14   and complete transcript of the proceedings had at the heari

15   of the aforementioned cause on the day and date hereof.

16

17   _____          2-23-07
     Official Court Reporter                      Date
18   U.S. District Court
     Northern District of Illinois
19   Eastern Division

20

21

22

23

24

25