

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOOGLE INC., | ) | |
| | ) | Civil Action No. 07 CV 385 |
| Plaintiff, | ) | |
| | ) | Hon. Virginia M. Kendall |
| vs. | ) | |
| | ) | Hearing Date: February 20, 2007 |
| CENTRAL MFG. INC. a/k/a CENTRAL | ) | Hearing Time: 9 a.m. |
| MFG. CO., a/k/a CENTRAL MFG. CO. | ) | |
| (INC.), a/k/a CENTRAL | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| and a/k/a CENTRAL MFG. CO. OF | ) | |
| ILLINOIS; and STEALTH INDUSTRIES, | ) | |
| INC. a/k/a RENTAMARK and a/k/a | ) | |
| RENTAMARK.COM, | ) | |
| | ) | |
| Defendants. | ) | |

## PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS CENTRAL MFG. INC. AND STEALTH INDUSTRIES, INC.

This Permanent Injunction and Final Judgment is entered into, on the one hand, by Plaintiff Google Inc. ("Google") and, on the other hand, by Defendant Central Mfg. Inc., also known without limitation as Central Mfg. Co., Central Mfg. Co. (Inc.), Central Manufacturing Company, Inc. and/or Central Mfg. Co. of Illinois (collectively, "Central Mfg."), and Defendant Stealth Industries, Inc., also known without limitation as Rentamark and/or Rentamark.com ("Stealth") (collectively, Central Mfg. and Stealth are the "Entity Defendants"). The parties, by and through their undersigned counsel of record having stipulated to the entry of the following Stipulated Permanent Injunction and Final Judgment, and good cause appearing for the entry thereof:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 18 U.S.C. § 1964(c) and principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), as well as personal jurisdiction over the Entity Defendants.

2. The Entity Defendants have been duly served with the summons and Complaint in this matter.

3. By Order dated October 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, duly granted Richard M. Fogel, not individually but as Chapter 7 Trustee of the bankruptcy estate of Leo Stoller (the "Trustee"), all right and authority to act on behalf of the Entity Defendants in connection with the matters that are the subject of this Stipulated Permanent Injunction and Final Judgment. By Order dated December 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, granted the Trustee's motion modifying the automatic stay and approving a Settlement Agreement by and between Google and the Entity Defendants, through the Trustee in his capacity as sole shareholder of the Entity Defendants, that included the terms of this Permanent Injunction and Final Judgment.

4. Judgment is hereby entered in favor of Plaintiff Google, and against each of the Entity Defendants, on Plaintiff Google's claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* and for unfair competition.

5. The Entity Defendants admit each and every fact alleged in the Complaint. Without limiting the generality of the foregoing, each of the Entity Defendants admits and represents:

1

(a) None of the Entity Defendants has any right, title or interest of any kind in the GOOGLE mark or in any mark, trade name or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b) None of the Entity Defendants has any right or lawful ability to license, or offer for licensing, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with any goods, services or commercial activities; and

(c) None of the Entity Defendants has any right or lawful ability to hold themselves out as or to identify themselves as any business entity of any kind using, in whole or in part and regardless of what other terms may be included, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes, the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES."

6. Each of the Entity Defendants, as well as their officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries and affiliates and all those acting on their behalf or in concert or participation with them, shall be and hereby is, effective immediately, permanently enjoined from engaging in any of the following acts:

(a) claiming in any advertising, promotion or other materials, including without limitation on any web site, any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b) instituting, filing or maintaining, or threatening to institute, file or maintain, any application, registration, suit, action, proceeding or any other matter with any Court, with the United States Trademark Office, with the United States Trademark Trial and Appeal Board or with any other judicial or administrative body that asserts any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(c) holding themselves out as or identifying themselves in any manner as any business entity of any kind using, whether in whole or in part and regardless of what other terms

2

may be included, the GOOGLE mark or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES";

(d) licensing, offering to license, assigning or offering to assign or claiming the ability to license or assign any mark, term, word or designation that embodies, incorporates or uses, in whole or in part and regardless of what other terms may be included, the GOOGLE mark or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark;

(e) interfering with, including without limitation by demanding in any manner any payment or other consideration of any kind for, Plaintiff's use, whether past, current or future, of any mark, name or designation embodying, incorporating or using GOOGLE, whether in whole or in part and regardless of what other terms may be included;

(f) using the GOOGLE mark, whether in whole or in part and regardless of what other terms may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with the sale, offering for sale, licensing, offering for license, importation, transfer, distribution, display, marketing, advertisement or promotion of any goods, services or commercial activity of any Defendant;

(g) engaging in acts of unfair competition or passing off with respect to Plaintiff Google;

(h) assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

7. Each party to this Permanent Injunction and Final Judgment shall bear its respective attorney's fees, costs and expenses incurred in this action; provided, however, that in any proceeding or on any motion to interpret and/or enforce this Permanent Injunction and Final Judgment the prevailing party shall be entitled to an award of reasonable attorney's fees and expenses, including any expert fees.

8. The Entity Defendants hereby waive any further findings of fact and conclusions of law in connection with this Permanent Injunction and Final Judgment and all right to appeal therefrom. It is the intention of the parties hereto that this Permanent Injunction and Final Judgment be afforded full collateral estoppel and res judicata effect as against the Entity Defendants and shall be enforceable as such. The Entity Defendants further hereby waive in this

proceeding, including without limitation in any proceedings brought to enforce and/or interpret this Permanent Injunction and Final Judgment, and in any future proceedings between the parties any and all defenses and/or claims that could have been asserted by the Entity Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's GOOGLE mark is invalid and/or unenforceable and/or that any person or entity other than Plaintiff has superior rights to the GOOGLE mark. Without limiting the generality of the foregoing, in the event that Plaintiff brings any proceeding to enforce this Permanent Injunction and Final Judgment, no Entity Defendant shall be entitled to assert, and each Entity Defendant hereby waives any right to assert, any defense or contention other than that he or it has complied or substantially complied in good faith with the terms of this Permanent Injunction and Final Judgment.

9. Nothing in this Judgment is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Google's claims, rights or remedies against Leo Stoller, including without limitation for his acts and/or omissions as an officer, director, shareholder, representative or agent of Defendants, or other person or entity other than Central Mfg. and Stealth in connection with this action or otherwise.

\
\
\
\
\
\
\
\
\
\
\
\
\
\

10. This Court shall retain jurisdiction for the purposes of enforcing and/or interpreting this Permanent Injunction and Final Judgment to determine any issues which may arise concerning this Permanent Injunction and Final Judgment.

**IT IS SO STIPULATED.**

DATED: Feb. 13, 2007

GOOGLE INC.

By: _____
One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000/Fax: (213) 443-3100

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
 PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 629-5170/Fax: (312) 984-3150

DATED: 2/13, 2007

CENTRAL MFG. INC. and STEALTH INDUSTRIES, INC., by and through Richard M. Fogel, not individually but as Chapter 7 Trustee acting as their Sole Shareholder

By: _____
One of The Trustee's Attorneys

Janice Alwin (ARDC No. 6277043)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
 & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1323/Fax: (312) 275-0571

**IT IS SO ORDERED.**

DATED: 3-15, 2007

_____
Hon. Virginia M. Kendall
United States District Judge

5