

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

### Appeal No: 07-1569

**FILED**

MAR. 2 1 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

|  |  |  |
|---|---|---|
| GOOGLE, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 07-CV-385 |
| | ) | |
| CENTRAL MFG. INC. a/k/a | ) | Judge Kendall |
| CENTRAL MFG. CO., a/k/a | ) | |
| CENTRAL MFG. CO.(INC)., | ) | Magistrate Judge Cole |
| a/k/a CENTRAL MANUFACTURING | ) | |
| COMPANY, INC. and a/k/a | ) | |
| CENTRAL MFG. CO. OF ILLINOIS; | ) | |
| and STEALTH INDUSTRIES, INC. | ) | |
| a/k/a RENTAMARK and a/k/a | ) | |
| RENTAMARK.COM, | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:     Michael T. Zeller                          Richard M. Fogel, Trustee
        Quinn, Emanuel, Urquhart,                  Janice A. Alwin
          Oliver & Hedges, LLP.                    Shaw, Gussis, Fishman, Glantz,
        865 S. Figueroa Street, 10th Floor         Wolfson & Towbin LLC.
        Los Angeles, California  90017             321 N. Clark Street, Suite 800
                                                   Chicago, Illinois  60610
        William J. Barrett
        Barack, Ferrazzano, Kirschbaum,
          Perlman & Nagelberg, LLP.
        333 W. Wacker Drive, Suite 2700
        Chicago, Illinois  60606

PLEASE TAKE NOTICE that on the **21st day of March, 2007**, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Supplemental Notice of Appeal Of Order Issued By Judge Virginia M. Kendall On March 15, 2007**, a copy of which is attached hereto.

I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this _____ day of March, 2007, with proper postage prepaid.

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois  60302
(773) 551-4827
Email:  ldms4@hotmail.com

C:\MARKS43\GOOGLE.NOF

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Appeal No: 07-1569**

**FILED**

MAR 2 1 2007 *rg*

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| GOOGLE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No: 07-CV-385 |
| CENTRAL MFG. INC. a/k/a | ) | |
| CENTRAL MFG. CO., a/k/a | ) | Hon. Virginia M. Kendall |
| CENTRAL MFG. CO.(INC)., | ) | |
| a/k/a CENTRAL MANUFACTURING | ) | Magistrate Judge Cole |
| COMPANY, INC. and a/k/a | ) | |
| CENTRAL MFG. CO. OF ILLINOIS; | ) | Appeal from the U.S. District |
| and STEALTH INDUSTRIES, INC. | ) | Court for the Northern District |
| a/k/a RENTAMARK and a/k/a | ) | Eastern Division |
| RENTAMARK.COM, | ) | Orders by Virginia M. Kendall |
| | ) | Dated 3/5/2007, 3/12/2007, |
| Defendants. | ) | and 3/16/2007 |

**SUPPLEMENTAL NOTICE OF APPEAL OF ORDER ISSUED BY
JUDGE VIRGINIA M. KENDALL ON MARCH 15, 2007**

Leo Stoller, Appellant, filed a Notice of Appeal on March 15, 2007 of Judge Kendall's

order dated March 12, 2007 denying Leo Stoller's Motion to Intervene, Motion To Interplead

and Motions to Suspend.

Stoller is moving to supplement its Notice of Appeal with the Permanent Injunction

And Final Judgment As To Defendants Central Mfg. Inc. and Stealth Industries, Inc. issued by

Virginia M. Kendall on March 15, 2007, attached hereto.

_Leo Stoller_

Leo Stoller, *pro se*
7115 W. North Avenue #272
Oak Park, Illinois  60302
312/ 545-4554
Email:  ldms4@hotmail.com

Date:  March 21, 2007

## Certificate of Mailing

I hereby certify that this motion is being hand-delivered in an envelope addressed to:

Clerk of the Court
United States District Court
219 S. Dearborn
Chicago, Illinois 60607

_Leo Stoller_

Leo Stoller
Date:  March 21, 2007

## Certificate of Service

I hereby certify that the foregoing is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:

Richard M. Fogel, Trustee
Janice A. Alwin, Esq.
Counsel for Trustee
*Shaw, Gussis, Fishman, Glantx,*
 *Wolfson & Towbin LLC.*
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

_Leo Stoller_

Leo Stoller
Date:  _3-21-07_

C:\MARKS43\GOOGLEH.MOT

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOOGLE INC.,                              )
                                         )        Civil Action No. 07 CV 385
          Plaintiff,                      )
                                         )        Hon. Virginia M. Kendall
     vs.                                  )
                                         )        Hearing Date:  February 20, 2007
CENTRAL MFG. INC. a/k/a CENTRAL           )        Hearing Time: 9 a.m.
MFG. CO., a/k/a CENTRAL MFG. CO.          )
(INC.), a/k/a CENTRAL                     )
MANUFACTURING COMPANY, INC.               )
and a/k/a CENTRAL MFG. CO.  OF            )
ILLINOIS; and STEALTH INDUSTRIES,         )
INC. a/k/a RENTAMARK and a/k/a            )
RENTAMARK.COM,                            )
                                         )
          Defendants.                     )

## PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO
## DEFENDANTS CENTRAL MFG. INC. AND STEALTH INDUSTRIES, INC.

This Permanent Injunction and Final Judgment is entered into, on the one hand, by Plaintiff Google Inc. ("Google") and, on the other hand, by Defendant Central Mfg. Inc., also known without limitation as Central Mfg. Co., Central Mfg. Co. (Inc.), Central Manufacturing Company, Inc. and/or Central Mfg. Co. of Illinois (collectively, "Central Mfg."), and Defendant Stealth Industries, Inc., also known without limitation as Rentamark and/or Rentamark.com ("Stealth") (collectively, Central Mfg. and Stealth are the "Entity Defendants"). The parties, by and through their undersigned counsel of record having stipulated to the entry of the following Stipulated Permanent Injunction and Final Judgment, and good cause appearing for the entry thereof:

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 18 U.S.C. § 1964(c) and principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), as well as personal jurisdiction over the Entity Defendants.

2.      The Entity Defendants have been duly served with the summons and Complaint in this matter.

3.      By Order dated October 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, duly granted Richard M. Fogel, not individually but as Chapter 7 Trustee of the bankruptcy estate of Leo Stoller (the "Trustee"), all right and authority to act on behalf of the Entity Defendants in connection with the matters that are the subject of this Stipulated Permanent Injunction and Final Judgment. By Order dated December 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, granted the Trustee's motion modifying the automatic stay and approving a Settlement Agreement by and between Google and the Entity Defendants, through the Trustee in his capacity as sole shareholder of the Entity Defendants, that included the terms of this Permanent Injunction and Final Judgment.

4.      Judgment is hereby entered in favor of Plaintiff Google, and against each of the Entity Defendants, on Plaintiff Google's claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. and for unfair competition.

5.      The Entity Defendants admit each and every fact alleged in the Complaint. Without limiting the generality of the foregoing, each of the Entity Defendants admits and represents:

(a)    None of the Entity Defendants has any right, title or interest of any kind in the GOOGLE mark or in any mark, trade name or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b)    None of the Entity Defendants has any right or lawful ability to license, or offer for licensing, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with any goods, services or commercial activities; and

(c)    None of the Entity Defendants has any right or lawful ability to hold themselves out as or to identify themselves as any business entity of any kind using, in whole or in part and regardless of what other terms may be included, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES."

6.    Each of the Entity Defendants, as well as their officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries and affiliates and all those acting on their behalf or in concert or participation with them, shall be and hereby is, effective immediately, permanently enjoined from engaging in any of the following acts:

(a)    claiming in any advertising, promotion or other materials, including without limitation on any web site, any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b)    instituting, filing or maintaining, or threatening to institute, file or maintain, any application, registration, suit, action, proceeding or any other matter with any Court, with the United States Trademark Office, with the United States Trademark Trial and Appeal Board or with any other judicial or administrative body that asserts any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(c)    holding themselves out as or identifying themselves in any manner as any business entity of any kind using, whether in whole or in part and regardless of what other terms

2

may be included, the GOOGLE mark or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES";

(d)     licensing, offering to license, assigning or offering to assign or claiming the ability to license or assign any mark, term, word or designation that embodies, incorporates or uses, in whole or in part and regardless of what other terms may be included, the GOOGLE mark or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark;

(e)     interfering with, including without limitation by demanding in any manner any payment or other consideration of any kind for, Plaintiff's use, whether past, current or future, of any mark, name or designation embodying, incorporating or using GOOGLE, whether in whole or in part and regardless of what other terms may be included;

(f)     using the GOOGLE mark, whether in whole or in part and regardless of what other terms may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with the sale, offering for sale, licensing, offering for license, importation, transfer, distribution, display, marketing, advertisement or promotion of any goods, services or commercial activity of any Defendant;

(g)     engaging in acts of unfair competition or passing off with respect to Plaintiff Google;

(h)     assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

7.     Each party to this Permanent Injunction and Final Judgment shall bear its respective attorney's fees, costs and expenses incurred in this action; provided, however, that in any proceeding or on any motion to interpret and/or enforce this Permanent Injunction and Final Judgment the prevailing party shall be entitled to an award of reasonable attorney's fees and expenses, including any expert fees.

8.     The Entity Defendants hereby waive any further findings of fact and conclusions of law in connection with this Permanent Injunction and Final Judgment and all right to appeal therefrom. It is the intention of the parties hereto that this Permanent Injunction and Final Judgment be afforded full collateral estoppel and res judicata effect as against the Entity Defendants and shall be enforceable as such. The Entity Defendants further hereby waive in this

3

proceeding, including without limitation in any proceedings brought to enforce and/or interpret this Permanent Injunction and Final Judgment, and in any future proceedings between the parties any and all defenses and/or claims that could have been asserted by the Entity Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's GOOGLE mark is invalid and/or unenforceable and/or that any person or entity other than Plaintiff has superior rights to the GOOGLE mark. Without limiting the generality of the foregoing, in the event that Plaintiff brings any proceeding to enforce this Permanent Injunction and Final Judgment, no Entity Defendant shall be entitled to assert, and each Entity Defendant hereby waives any right to assert, any defense or contention other than that he or it has complied or substantially complied in good faith with the terms of this Permanent Injunction and Final Judgment.

       9.     Nothing in this Judgment is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Google's claims, rights or remedies against Leo Stoller, including without limitation for his acts and/or omissions as an officer, director, shareholder, representative or agent of Defendants, or other person or entity other than Central Mfg. and Stealth in connection with this action or otherwise.

\
\
\
\
\
\
\
\
\
\
\
\
\
\

4

10. This Court shall retain jurisdiction for the purposes of enforcing and/or interpreting this Permanent Injunction and Final Judgment to determine any issues which may arise concerning this Permanent Injunction and Final Judgment.

## IT IS SO STIPULATED.

DATED: _Feb. 13_____, 2007

GOOGLE INC.

By: _____
One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000/Fax: (213) 443-3100

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 629-5170/Fax: (312) 984-3150

DATED: _2/13____, 2007

CENTRAL MFG. INC. and STEALTH
INDUSTRIES, INC., by and through Richard M.
Fogel, not individually but as Chapter 7 Trustee
acting as their Sole Shareholder

By: _____
One of The Trustee's Attorneys

Janice Alwin (ARDC No. 6277043)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
& TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1323/Fax: (312) 275-0571

## IT IS SO ORDERED.

DATED: _3-15____, 2007

_____
Hon. Virginia M. Kendall
United States District Judge

5

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:    07 cv 385

|  PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
| --- | --- | --- |
| Google/appellee | | Stroller/appellant |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
| --- | --- | --- | --- |
| Name | William J. Barrett | Name | Leo Stroller |
| Firm | Barack, Ferrazzano, Kirschbaum,Perlman& | Firm | pro-se |
| Address | 333 W. Wacker Drive Suite 2700 Chgo.Il.60606 | Address | 7115 W. Northe Ave. Oak Park, Il. 60302 |
| Phone | 312)984-3100 | Phone | |

| Other Information | | | |
| --- | --- | --- | --- |
| District Judge | Kendall | Date Filed in District Court | 1/19/07 |
| Court Reporter | C. Young   X-5885 | Date of Judgment | 3/20/07 |
| Nature of Suit Code | 470 | Date of Notice of Appeal | 3/21/07 |

COUNSEL:          Appointed ☐          Retained ☐          Pro Se ☒

FEE STATUS:          Paid ☐          Due ☒          IFP ☐

IFP Pending ☐          U.S. ☐          Waived ☐

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes ☐          No ☒

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted ☐          Denied ☐          Pending ☐

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Order Form (01/2005)

Case 1:07-cv-00385   Document 64   Filed 03/23/2007   Page 11 of 25
Case 1:07-cv-00385   Document 57   Filed 03/15/2007   Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 385 | **DATE** | 3/15/2007 |
| **CASE TITLE** | Google Inc. Vs. Central Mfg. Inc., et al. | | |

**DOCKET ENTRY TEXT**

Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment [23] is granted. Enter Permanent Injunction and Final Judgment as to Defendants Central Mfg. Inc. and Stealth Industries, Inc.

■ [ For further detail see separate order(s).]

Docketing to mail notices.



| | Courtroom Deputy Initials: | GR |
|---|---|---|

07C385 Google Inc. Vs. Central Mfg. Inc., et al.                                        Page 1 of 1



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOOGLE INC.,                                )
                                            )
                Plaintiff,                  )       Civil Action No. 07 CV 385
                                            )
        vs.                                 )       Hon. Virginia M. Kendall
                                            )
CENTRAL MFG. INC. a/k/a CENTRAL             )       Hearing Date: February 20, 2007
MFG. CO., a/k/a CENTRAL MFG. CO.            )       Hearing Time: 9 a.m.
(INC.), a/k/a CENTRAL                       )
MANUFACTURING COMPANY, INC.                 )
and a/k/a CENTRAL MFG. CO. OF               )
ILLINOIS; and STEALTH INDUSTRIES,           )
INC. a/k/a RENTAMARK and a/k/a              )
RENTAMARK.COM,                              )
                                            )
                Defendants.                 )


## PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO
## DEFENDANTS CENTRAL MFG. INC. AND STEALTH INDUSTRIES, INC.

This Permanent Injunction and Final Judgment is entered into, on the one hand, by Plaintiff Google Inc. ("Google") and, on the other hand, by Defendant Central Mfg. Inc., also known without limitation as Central Mfg. Co., Central Mfg. Co. (Inc.), Central Manufacturing Company, Inc. and/or Central Mfg. Co. of Illinois (collectively, "Central Mfg."), and Defendant Stealth Industries, Inc., also known without limitation as Rentamark and/or Rentamark.com ("Stealth") (collectively, Central Mfg. and Stealth are the "Entity Defendants"). The parties, by and through their undersigned counsel of record having stipulated to the entry of the following Stipulated Permanent Injunction and Final Judgment, and good cause appearing for the entry thereof:

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 18 U.S.C. § 1964(c) and principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), as well as personal jurisdiction over the Entity Defendants.

2.      The Entity Defendants have been duly served with the summons and Complaint in this matter.

3.      By Order dated October 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, duly granted Richard M. Fogel, not individually but as Chapter 7 Trustee of the bankruptcy estate of Leo Stoller (the "Trustee"), all right and authority to act on behalf of the Entity Defendants in connection with the matters that are the subject of this Stipulated Permanent Injunction and Final Judgment. By Order dated December 5, 2006, the United States Bankruptcy Court for the Northern District of Illinois, the Honorable Jack B. Schmetterer presiding, granted the Trustee's motion modifying the automatic stay and approving a Settlement Agreement by and between Google and the Entity Defendants, through the Trustee in his capacity as sole shareholder of the Entity Defendants, that included the terms of this Permanent Injunction and Final Judgment.

4.      Judgment is hereby entered in favor of Plaintiff Google, and against each of the Entity Defendants, on Plaintiff Google's claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* and for unfair competition.

5.      The Entity Defendants admit each and every fact alleged in the Complaint. Without limiting the generality of the foregoing, each of the Entity Defendants admits and represents:

1

(a)    None of the Entity Defendants has any right, title or interest of any kind in the GOOGLE mark or in any mark, trade name or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b)    None of the Entity Defendants has any right or lawful ability to license, or offer for licensing, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with any goods, services or commercial activities; and

(c)    None of the Entity Defendants has any right or lawful ability to hold themselves out as or to identify themselves as any business entity of any kind using, in whole or in part and regardless of what other terms may be included, the GOOGLE mark, or any mark or designation that is confusingly similar to or dilutes, the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES."

6.    Each of the Entity Defendants, as well as their officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries and affiliates and all those acting on their behalf or in concert or participation with them, shall be and hereby is, effective immediately, permanently enjoined from engaging in any of the following acts:

(a)    claiming in any advertising, promotion or other materials, including without limitation on any web site, any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(b)    instituting, filing or maintaining, or threatening to institute, file or maintain, any application, registration, suit, action, proceeding or any other matter with any Court, with the United States Trademark Office, with the United States Trademark Trial and Appeal Board or with any other judicial or administrative body that asserts any right, title or interest in GOOGLE, whether in whole or in part and regardless of what other terms may be included, or in any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark;

(c)    holding themselves out as or identifying themselves in any manner as any business entity of any kind using, whether in whole or in part and regardless of what other terms

2

may be included, the GOOGLE mark or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, including without limitation any of the following: "GOOGLE," "GOOGLE™ BRAND TRADEMARK LICENSING," "GOOGLE LICENSING" and/or "GOOGLE BRAND PRODUCTS & SERVICES";

(d)    licensing, offering to license, assigning or offering to assign or claiming the ability to license or assign any mark, term, word or designation that embodies, incorporates or uses, in whole or in part and regardless of what other terms may be included, the GOOGLE mark or any mark or designation that is confusingly similar to or dilutes the GOOGLE mark;

(e)    interfering with, including without limitation by demanding in any manner any payment or other consideration of any kind for, Plaintiff's use, whether past, current or future, of any mark, name or designation embodying, incorporating or using GOOGLE, whether in whole or in part and regardless of what other terms may be included;

(f)    using the GOOGLE mark, whether in whole or in part and regardless of what other terms may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the GOOGLE mark, in connection with the sale, offering for sale, licensing, offering for license, importation, transfer, distribution, display, marketing, advertisement or promotion of any goods, services or commercial activity of any Defendant;

(g)    engaging in acts of unfair competition or passing off with respect to Plaintiff Google;

(h)    assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

7.    Each party to this Permanent Injunction and Final Judgment shall bear its respective attorney's fees, costs and expenses incurred in this action; provided, however, that in any proceeding or on any motion to interpret and/or enforce this Permanent Injunction and Final Judgment the prevailing party shall be entitled to an award of reasonable attorney's fees and expenses, including any expert fees.

8.    The Entity Defendants hereby waive any further findings of fact and conclusions of law in connection with this Permanent Injunction and Final Judgment and all right to appeal therefrom.    It is the intention of the parties hereto that this Permanent Injunction and Final Judgment be afforded full collateral estoppel and res judicata effect as against the Entity Defendants and shall be enforceable as such. The Entity Defendants further hereby waive in this

proceeding, including without limitation in any proceedings brought to enforce and/or interpret this Permanent Injunction and Final Judgment, and in any future proceedings between the parties any and all defenses and/or claims that could have been asserted by the Entity Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's GOOGLE mark is invalid and/or unenforceable and/or that any person or entity other than Plaintiff has superior rights to the GOOGLE mark. Without limiting the generality of the foregoing, in the event that Plaintiff brings any proceeding to enforce this Permanent Injunction and Final Judgment, no Entity Defendant shall be entitled to assert, and each Entity Defendant hereby waives any right to assert, any defense or contention other than that he or it has complied or substantially complied in good faith with the terms of this Permanent Injunction and Final Judgment.

9.      Nothing in this Judgment is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Google's claims, rights or remedies against Leo Stoller, including without limitation for his acts and/or omissions as an officer, director, shareholder, representative or agent of Defendants, or other person or entity other than Central Mfg. and Stealth in connection with this action or otherwise.

\
\
\
\
\
\
\
\
\
\
\
\
\
\

10.    This Court shall retain jurisdiction for the purposes of enforcing and/or interpreting this Permanent Injunction and Final Judgment to determine any issues which may arise concerning this Permanent Injunction and Final Judgment.

## IT IS SO STIPULATED.

DATED: _Feb. 13_____, 2007

GOOGLE INC.

By: _____
One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
    & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000/Fax: (213) 443-3100

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
    PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 629-5170/Fax: (312) 984-3150

DATED: _2/13_____, 2007

CENTRAL MFG. INC. and STEALTH
INDUSTRIES, INC., by and through Richard M.
Fogel, not individually but as Chapter 7 Trustee
acting as their Sole Shareholder

By: _____
One of The Trustee's Attorneys

Janice Alwin (ARDC No. 6277043)
SHAW GUSSIS FISHMAN GLANTZ WOLFSON
    & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel.: (312) 276-1323/Fax: (312) 275-0571

## IT IS SO ORDERED.

DATED: _3-15_____, 2007

_____
Hon. Virginia M. Kendall
United States District Judge

5

APPEAL, COLE, TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:07-cv-00385
# Internal Use Only

Google Inc v. Central Mfg. Inc. et al
Assigned to: Honorable Virginia M. Kendall

Case in other court:
         07-01612

Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 01/19/2007
Date Terminated: 03/15/2007
Jury Demand: None
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**Google Inc**           represented by **Michael Thomas Zeller**
Quinn Emanuel Urquhart & Oliver,
LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William John Barrett**
Barack, Ferrazzano, Kirschbaum,
Perlman & Nagelberg
333 West Wacker Drive
Suite 2700
Chicago, IL 60606
(312) 984-3100
Email: william.barrett@bfkpn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Central Mfg. Inc.**
*also known as*

Central Mfg Co
*also known as*
Central Mfg Co. (Inc.)
*also known as*
Central Manufacturing Company, Inc.
*also known as*
Central Mfg. Co. of Illinois

**Defendant**

**Stealth Industries, Inc.**
*also known as*
Rentamark
*also known as*
Rentamark.Com

**Defendant**

**Central Mfg. Inc. and Stealth
Industries, by and through Richard
M. Fogel, not individually but as
Chapter 7 Trustee**

**Movant**

**Leo Stoller**                              represented by **Leo Stoller**
                                             7115 W. North Avenue
                                             Oak Park, IL 60302
                                             PRO SE

V.

**Trustee**

**Richard M. Fogel, not individually,
but as chapter 7 trustee of the
bankruptcy estate of Leo Stoller**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2007 | **1** | COMPLAINT filed by Google Inc; (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **2** | CIVIL Cover Sheet (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | **3** | ATTORNEY Appearance for Plaintiff Google Inc by Michael Thomas |

| | | |
|---|---|---|
| | | Zeller (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 4 | ATTORNEY Appearance for Plaintiff Google Inc by William John Barrett (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 5 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Google Inc (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 6 | (Court only) RECEIPT regarding payment of filing fee paid on 1/19/2007 in the amount of $350.00, receipt number 10337772 (eav, ) (Entered: 01/22/2007) |
| 01/19/2007 | 7 | SUMMONS Issued as to Defendant Central Mfg. Inc. (eav, ) (Entered: 01/22/2007) |
| 01/30/2007 | 8 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to interplead (Exhibits) (eav, ) Additional attachment(s) added on 1/31/2007 (eav, ). (Entered: 01/31/2007) |
| 01/30/2007 | 9 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller (Exhibits) (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 10 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 11 | MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc. to suspend (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 12 | NOTICE of Motion by Stealth Industries, Inc., Central Mfg. Inc. for presentment of motion to Interplead **9**, motion to Suspend **10**, motion to Suspend pending Appeal to lift automatic stay for Google to sue the Debtor, Leo Stoller, and **11**, motion to suspend pending the Trademark Trial and Appeal Board's Decision on the defendant's motion for summary judgment **8** before Honorable Virginia M. Kendall on 2/5/2007 at 9:00 AM. (eav, ) (Entered: 01/31/2007) |
| 01/30/2007 | 13 | PRO SE Appearance by Leo Stolla (eav, ) (Entered: 02/01/2007) |
| 02/05/2007 | 15 | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. Motion to interplead **8**; Motion to suspend pending the Appeal to lift the automatic stay for Google to sue the debtor Leo Stoller **9**; Motion to suspend pending the Trademark trial and Appeal Board's decision on the defendant's motion for summary judgment **10**; and Motion to suspend **11** are entered and continued to 2/20/2007 at 9:00 AM. Responses due by 2/12/2007. No replies are necessary.Mailed notice (gmr, ) (Entered: 02/06/2007) |
| 02/06/2007 | 14 | SUMMONS Returned Executed by Google Inc as to Stealth Industries, Inc. on 1/23/2007, answer due 2/12/2007; Central Mfg. Inc. on 1/23/2007, answer due 2/12/2007. (Barrett, William) (Entered: |

| | | |
|---|---|---|
| | | 02/06/2007) |
| 02/06/2007 | **16** | MOTION by Leo Stolla to intervene (eav, ) (Entered: 02/07/2007) |
| 02/06/2007 | **17** | NOTICE of Motion by Leo Stolla for motion to intervene **16** before Honorable Virginia M. Kendall on 2/12/2007 at 9:00 AM. (eav, ) (Entered: 02/07/2007) |
| 02/07/2007 | **18** | MINUTE entry before Judge Virginia M. Kendall :Motion to intervene **16** is entered and continued to 2/20/2007 at 09:00 AM. Any response shall be filed by 2/12/2007. No reply is necessary. The presentment date of 2/12/2007 for said motion is hereby stricken.Mailed notice (gmr, ) (Entered: 02/07/2007) |
| 02/12/2007 | **19** | RESPONSE by Richard M. Fogel, not individually, but as chapter 7 trustee of the bankruptcy estate of Leo Stoller*in Opposition to* MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend**10**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead**8**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**9**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**11**, MOTION by Plaintiff Leo Stolla to intervene**16** *and Joinder to Responses of Google Inc.* (Alwin, Janice) (Entered: 02/12/2007) |
| 02/12/2007 | **20** | RESPONSE by Google Inc*in Opposition to* MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.interplead**8**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**9**, MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.to suspend**11**, MOTION by Plaintiff Leo Stolla to intervene**16** (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **21** | RESPONSE by Google Inc*in Opposition to* MOTION by Defendants Stealth Industries, Inc., Central Mfg. Inc.suspend**10** (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **22** | DECLARATION of Michael T. Zeller regarding response in opposition to motion**21**, response in opposition to motion, **20** by Google Inc (Attachments: # **1** Exhibit 1# **2** Exhibit 2# **3** Exhibit 3# **4** Exhibit 4# **5** Exhibit 5# **6** Exhibit 6# **7** Exhibit 7# **8** Exhibit 8# **9** Exhibit 9# **10** Exhibit 10# **11** Exhibit 11# **12** Exhibit 12# **13** Exhibit 13# **14** Exhibit 14# **15** Exhibit 15# **16** Exhibit 16# **17** Exhibit 17# **18** Exhibit 18# **19** Exhibit 19# **20** Exhibit 20# **21** Exhibit 21# **22** Exhibit 22# **23** Exhibit 23# **24** Exhibit 24# **25** Exhibit 25# **26** Exhibit 26# **27** Exhibit 27# **28** Exhibit 28# **29** Exhibit 29# **30** Exhibit 30)(Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **23** | MOTION by Plaintiff Google Inc for permanent injunction *(Stipulated)*, MOTION by Plaintiff Google Inc for judgment *(Final)* (Barrett, William) (Entered: 02/12/2007) |
| 02/12/2007 | **24** | NOTICE of Motion by William John Barrett for presentment of motion |

| | | |
|---|---|---|
| | | for permanent injunction, motion for judgment**23** before Honorable Virginia M. Kendall on 2/20/2007 at 09:00 AM. (Barrett, William) (Entered: 02/12/2007) |
| 02/13/2007 | **25** | SUPPLEMENT by Google Inc to declaration,, **22** *Supplemental Declaration of Michael T. Zeller* (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | **26** | CERTIFICATE by Google Inc of Service of the Permanent Injunction and Final Judgment as to Defendants Central Mfg. Inc. and Stealth Industries, Inc.(Proposed Order) (Barrett, William) (Entered: 02/13/2007) |
| 02/13/2007 | **27** | MEMORANDUM by Google Inc in support of motion for permanent injunction, motion for judgment**23** *Google Inc.'s Separate Memorandum in Support of Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment* (Barrett, William) (Entered: 02/13/2007) |
| 02/15/2007 | **28** | Notice of Filing Supplemental Authority by Leo Stolla ; Notice of filing (eav, ) (Entered: 02/20/2007) |
| 02/16/2007 | **30** | OBJECTION by Leo Stoller to Joint Moiton for Entry of Stipulated Permanent Inj8unction and Final Judgment; Notice of filing (Exhibits) (eav, ) (Entered: 02/21/2007) |
| 02/20/2007 | **29** | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held. All pending motions are taken under advisement, with a ruling by mail. Status hearing set for 3/13/2007 at 09:00 AM.Mailed notice (gmr, ) (Entered: 02/20/2007) |
| 02/22/2007 | **31** | REPLY by Defendant Leo Stolla to Trustee's Ominibus response in opposition to motions of debtor Leo Stoller to: (1) Intevene; (II) Interplead; (III) Suspend proceeding for sixty days to retain counsel, for defendants; (IV) Suspend pending appeal to lift automactic stay for Google to sue the debtor; and (V) Suspend pending trademark trial and appeal Board's decision for defendants' motion for summary judgment and joinder of responses by Google, Inc.; Notice of filing (eav, ) (Entered: 02/26/2007) |
| 03/02/2007 | **32** | MOTION by Defendant Leo Stolla to dismiss for failure to join a party under Rule F.R.C.P. 19 (eav, ) (Entered: 03/05/2007) |
| 03/02/2007 | **33** | NOTICE of Motion by Leo Stolla for presentment of motion to dismiss**32** before Honorable Virginia M. Kendall on 3/7/2007 at 09:00 AM. (eav, ) (Entered: 03/05/2007) |
| 03/02/2007 | **35** | REPLY by Defendant Leo Stolla to Google Inc.'s combined opposition to debtor Leo Stoller's motions (1) to intervene, (2) to interplead, (3) to suspend for sixty days to retain counsel for defendants and (4) to suspend pending appeal to lift automatic stay for Google to sue the debtor ; Notice of filing (eav, ) (Entered: 03/06/2007) |

| | | |
|---|---|---|
| 03/02/2007 | **36** | REPLY by Movant Leo Stoller to Google Inc.'s opposition to debtor Leo Stoller's motion to suspend pending the trademark trial and appeal board's decision on defendant's motion for summary judgment **21** (Exhibits); Notice. (smm) (Entered: 03/08/2007) |
| 03/05/2007 | **34** | MINUTE entry before Judge Virginia M. Kendall :On March 2, 2007, Leo Stoller ("Stoller") filed a Motion to Dismiss for failure to join a party -- himself -- pursuant to Fed. R. Civ. P. 19. Stoller previously filed a motion to intervene in this action on February 6, 2007. The Court has not yet ruled upon that motion. As such, Stoller remains a non-party and lacks standing to file a motion pursuant to Rule 19. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may make a Rule 19 motion") (citing Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir. 1994) (noting lack of any precedent for granting a non-party's motion for joinder)). Accordingly, Stoller's Motion to Dismiss **32** is stricken and the parties need not appear on March 7, 2007.Mailed notice (gmr, ) (Entered: 03/05/2007) |
| 03/12/2007 | **37** | MINUTE entry before Judge Virginia M. Kendall :For the reasons set out in the Memorandum Opinion and Order, Motion to intervene **16** is denied; Motion to interplead **8** is denied; and Motions to suspend **9**, **10**, **11** are denied.Mailed notice (eav, ) (Entered: 03/13/2007) |
| 03/12/2007 | **38** | MEMORANDUM Opinion and Order Signed by Judge Virginia M. Kendall on 3/12/2007:Mailed notice(eav, ) (Entered: 03/13/2007) |
| 03/13/2007 | **39** | NOTICE of appeal by Leo Stoller regarding orders **37**, **38** ; Notice of Filing (Fee Due) (dj, ) (Entered: 03/15/2007) |
| 03/15/2007 | **40** | TRANSMITTED to the 7th Circuit the short record on 3/15/07 notice of appeal**39**. Notified counsel (dj, ) (Entered: 03/15/2007) |
| 03/15/2007 | **41** | MOTION by Movant Leo Stoller for leave to appeal in forma pauperis (eav, ) (Entered: 03/16/2007) |
| 03/15/2007 | **42** | NOTICE of Motion by Leo Stoller for presentment of motion for leave to appeal in forma pauperis**41** before Honorable Virginia M. Kendall on 3/19/2007 at 09:00 AM. (eav, ) (Entered: 03/16/2007) |
| 03/15/2007 | **43** | MOTION by Movant Leo Stoller under FRCP 59 and/or 60 (Exhibits) (eav, ) (Entered: 03/16/2007) |
| 03/15/2007 | **44** | NOTICE of Motion by Leo Stoller for presentment of under FRCP 59 and/or 60 **43** before Honorable Virginia M. Kendall on 3/19/2007 at 09:00 AM. (eav, ) (Entered: 03/16/2007) |
| 03/15/2007 | **45** | NOTICE by Leo Stoller of filing motion for leave to appeal in forma pauperis**41** (eav, ) (Entered: 03/16/2007) |
| 03/15/2007 | **54** | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal **39**; USCA Case No. 07-1569. (smm) (Entered: 03/20/2007) |

| | | |
|---|---|---|
| 03/15/2007 | **55** | CIRCUIT Rule 3(b) Notice. (smm) (Entered: 03/20/2007) |
| 03/15/2007 | **57** | MINUTE entry before Judge Virginia M. Kendall :Joint motion for entry of stipulated permanent injunction and final judgment **23** is granted. Enter permanent injunction and final judgment as to defendants Central Mfg., Inc. and Stealth Industries, Inc.Mailed notice Civil case terminated (eav, ) (Entered: 03/20/2007) |
| 03/15/2007 | **58** | PERMANENT INJUNCTION and Final Judgment as to defendants Central Mfg., Inc. and Stealth Industries, Inc. Signed by Judge Virginia M. Kendall on 3/15/2007:Mailed notice(eav, ) (Entered: 03/20/2007) |
| 03/16/2007 | **46** | MINUTE entry before Judge Virginia M. Kendall :For the reasons stated below, Movant Stoller's motion to reconsider **43** is denied. The presentment date of 3/19/2007 for said motion is hereby stricken.Mailed notice (gmr, ) Additional attachment(s) added on 3/16/2007 (gmr, ). (Entered: 03/16/2007) |
| 03/16/2007 | **47** | RESPONSE by Google Incin Opposition to MOTION by Movant Leo Stoller for leave to appeal in forma pauperis**41** (Barrett, William) (Entered: 03/16/2007) |
| 03/16/2007 | **48** | NOTICE by Google Inc re response in opposition to motion**47** *Notice of Filing* (Barrett, William) (Entered: 03/16/2007) |
| 03/16/2007 | **49** | DECLARATION of Michael T. Zeller regarding response in opposition to motion**47** by Google Inc (Attachments: # **1** Exhibit A-G# **2** Exhibit H-J)(Barrett, William) (Entered: 03/16/2007) |
| 03/16/2007 | **50** | NOTICE by Google Inc re declaration**49** *Notice of Filing* (Barrett, William) (Entered: 03/16/2007) |
| 03/19/2007 | **51** | SUPPLEMENTAL NOTICE of appeal by Leo Stoller regarding orders **46**, **34** ;(Fee Due) (dj, ) (Entered: 03/20/2007) |
| 03/19/2007 | **52** | DESIGNATION by Leo Stoller of the content of the record on appeal : USCA Case No. 07-1569 (dj, ) (Entered: 03/20/2007) |
| 03/19/2007 | **56** | MINUTE entry before Judge Virginia M. Kendall :Motion hearing held on 3/19/2007. For the reasons stated on the record in open court, movant Stoller's motion for permission to appeal in forma pauperis **41** is granted.Mailed notice (eav, ) (Entered: 03/20/2007) |
| 03/19/2007 | **60** | REPLY by Movant Leo Stoller to Google's opposition to motion for permission to appeal in forma pauperis (eav, ) (Entered: 03/22/2007) |
| 03/20/2007 | **53** | TRANSMITTED to the 7th Circuit the short record on 3/20/07 notice of appeal**51**. Notified counsel (dj, ) (Entered: 03/20/2007) |
| 03/20/2007 | **61** | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal**39** ; USCA Case No. 07-1612. (rp, ) (Entered: 03/23/2007) |
| 03/20/2007 | **62** | CIRCUIT Rule 3(b) Notice. (rp, ) (Entered: 03/23/2007) |

| 03/21/2007 | **59** | TRANSCRIPT of proceedings for the following dates: 2/5/07, 3/13/07 and 3/19/07; Before the Honorable Virginia M. Kendall (3 volumes) (eav, ) (Entered: 03/22/2007) |
|---|---|---|
| 03/21/2007 | **63** | NOTICE of appeal by Leo Stoller regarding orders **58**, **57** ; (Fee Due) (dj, ) (Entered: 03/23/2007) |