IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOOGLE INC., | ) | |
| | ) | Civil Action No. 07 CV 385 |
| Plaintiff, | ) | |
| | ) | Hon. Virginia M. Kendall |
| vs. | ) | |
| | ) | Hearing Date: May 14, 2007 |
| CENTRAL MFG. INC. a/k/a CENTRAL | ) | Hearing Time: 9 a.m. |
| MFG. CO., a/k/a CENTRAL MFG. CO. | ) | |
| (INC.), a/k/a CENTRAL | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| and a/k/a CENTRAL MFG. CO. OF | ) | |
| ILLINOIS; and STEALTH INDUSTRIES, | ) | |
| INC. a/k/a RENTAMARK and a/k/a | ) | |
| RENTAMARK.COM, | ) | |
| | ) | |
| Defendants. | ) | |

### GOOGLE INC.'S RESPONSE TO NON-PARTY LEO STOLLER'S MOTION FOR LEAVE TO FILE DESIGNATION OF SUPPLEMENTAL CONTENT OF RECORD ON APPEAL

Non-party Leo Stoller has filed, but not served, a motion styled as a request for "leave to file designation of supplemental content of record on appeal." Without any explanation or citation to authority, the motion itself states that Stoller "moves to supplement" the appeal record and then lists three documents.

Although far from clear, Stoller's motion appears to be potentially making two starkly different requests. To the extent that Stoller is merely asking that he be permitted to designate these three documents pursuant to Circuit Rule 10(a) beyond the deadline so that they can be transmitted to the Court of Appeals if they have not already been transmitted,[1] then Google does

---

[1] Circuit Rule 10(a), entitled "Record Preparation Duties," provides in material part: "The clerk of the district court shall prepare within 14 days of filing the notice of appeal the original papers, transcripts filed in the district court, and exhibits received or offered in evidence (with the exceptions listed below). The transcript of a deposition is "filed" within the meaning of this rule, and an exhibit is "received or offered," to the extent that it is tendered to the district court in support of a brief or motion, whether or not the rules of the district court treat deposition transcripts or exhibits as part of the record. These materials may be designated as part of the record on appeal without the need for a motion under Fed. R. App. P. 10(e). Counsel must ensure that exhibits and transcripts to be included in the record which are not in the possession of the district court clerk are furnished to the clerk within ten days after the filing of the notice of appeal. The following items will not be included in a record unless specifically requested by

not necessarily oppose that request (subject to further clarification at the hearing as to what Stoller contends the issue is).

On the other hand, if Stoller is asking to *alter* the state of the record by "supplementing" it with the documents so that they may be considered in connection with the Court's March 12, 2007 Order denying his motion to intervene (the "Order"), the request is inappropriate and should be denied. It is important to note that two of the documents that are the subject of Stoller's request here -- the December 12, 2006 and February 15, 2007 transcripts of hearing before the Bankruptcy Court -- were submitted by Stoller for the first time on, and only in connection with, his motion for reconsideration of this Court's Order.[2] Thus, those transcripts may *not* properly be considered on appellate review of the Court's Order, since appellate review of that Order is limited to the record that was presented to the District Court as of the time it issued the Order. E.g., Snodgrass v. Lanphere Enterprises, Inc., 62 Fed.Appx. 148, 149 n.2 (9th Cir. 2003) ("The plaintiffs base their October 1999 argument on an excerpt from a deposition that was first presented to the district court in plaintiffs' motion for reconsideration. Appellate review, however, 'is limited to the record presented to the district court at the time of summary judgment.'" (quoting Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 500 (9th Cir. 1997)); see also Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1078 (7th Cir. 1988) ("Papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal." (emphasis in original)); Martin v. U.S., 833 F.2d 655, 662 (7th Cir. 1987) ("Generally, we should not consider facts that the district court did not have an opportunity to consider.").

Stoller may not evade this rule through a request to "supplement" the record to the extent that he is seeking to have these transcripts -- submitted only after-the-fact on reconsideration -- deemed part of the record for purposes of appellate review of the Court's Order or any other Order entered prior to his submission of those transcripts. Federal Rule of Appellate Procedure 10, which governs supplementation of the appellate record, allows a district court to *correct* the record "if anything material to either party is omitted from or misstated in the record by error or accident...." F.R.A.P. (e)(2). Its purpose is "to ensure that the court on appeal has a complete

---

a party by item and date of filing within ten days after the notice of appeal is filed or unless specifically ordered by this court: briefs and memoranda, notices of filings, subpoenas, summonses, motions to extend time, affidavits and admissions of service and mailing, notices of settings, depositions and notices, and jury lists."

[2]   See Stoller Motion for Reconsideration, filed March 15, 2007 [Docket No. 43].

record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict" (United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987)), and it does not allow a litigant to expand on the record as it existed in the District Court. Shasteen v. Saver, 252 F.3d 929 (7th Cir. 2001).[3]  As this also makes clear, supplementation cannot be used to alter the record that existed as of the time of the ruling appealed from:

> [A] district court is correct in denying a motion under Rule 10(e) when an appellant simply wishes to add further support for his theories on appeal by *adding material which was not before the district court when the district court reached its substantive ruling*. United States v. Elizalde-Adame, 262 F.3d 637 (7th Cir. 2001).  The job of an appellate court is to evaluate the soundness of the trial court's decision based on the evidence that was considered by the trial court. Id. at 641.  An accurate record of the evidence that was before the trial court, and only the evidence which was before the trial court, is critical to enable the appellate court to make this evaluation. Id.

Little v. Mitsubishi Motor Mfg. of America, Inc., 2007 WL 1232097, at *1 (C.D. Ill. 2007) (emphasis added).

Stoller's motion here discloses no argument or evidence that there was any error or inaccuracy in record keeping with respect to any of the three documents he identifies.  He therefore is not entitled to any supplementation of the record. Id. at *2 ("Since Plaintiff has not pointed to any error in record keeping or other error from mistakenly relying upon a document which was not in the record, Plaintiff's numerous motions seeking to supplement the record on appeal are denied."); see also Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003) (denying Rule 10(e) motion to supplement the record because the motion was "not aimed towards correcting some misstatement or omission in the district court's record"); Wegner v. Barnhart, 2004 WL 1490414, at * 1 (W.D. Wis. 2004) ("Rule 10(e) exists to allow a party to correct differences that might exist between the record that is forwarded to the court of appeals and the actual record in the district court"; denying motion to supplement where movant "does not contend that the record as submitted to the court of appeals does not truly disclose

---

[3]   Accord U.S. v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002) ("A 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court.  It is not a procedure for putting additional evidence, no matter how relevant, before the court of appeals that was not before the district court." (quotation marks and citation omitted)); Wright, Miller & Cooper, 16A Federal Practice and Procedure § 3956.4 ("Rule 10(e)'s purpose is not to provide a means for the court of appeals to consider evidence that was not submitted to the district court.  Rather, Rule 10(e)'s purpose is to provide a means to ensure that the record before the court of appeals accurately reflects what occurred before the district court.").

what occurred in this court"); Jones v. Berge, 2003 WL 23208957, at *1 (W.D. Wis. 2003) ("The record on appeal should include only those matters that were before the trial court. Supplementing the record to add something that was not before the trial court would be a misstatement of the record."); Taylor v. Dube, 2003 WL 23162307, at *2 (W.D. Wis. 2003) (denying motion to supplement appellate record where document at issue had "not been omitted from the appeal record erroneously.").

      Accordingly, Google respectfully submits that, at a minimum, Stoller's motion must be denied to the extent it is seeking to supplement the appellate record in this case.

DATED:  May 11, 2007            Respectfully submitted,

                                         GOOGLE INC.

                                         By:  _s/William J. Barrett_____
                                              One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

William J. Barrett (ARDC No. 6206424)
BARACK, FERRAZZANO, KIRSCHBAUM,
 PERLMAN & NAGELBERG, LLP
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 629 5170
(312) 984-3150 (fax)

## CERTIFICATE OF SERVICE

  I, William J. Barrett, certify that on May 11, 2007, I caused to be served on the parties on the following Service List, via email transmission, a copy of the foregoing **GOOGLE INC.'S RESPONSE TO NON-PARTY LEO STOLLER'S MOTION FOR LEAVE TO FILE DESIGNATION OF SUPPLEMENTAL CONTENT OF RECORD ON APPEAL.**

             /s/ William J. Barrett
             William J. Barrett

## SERVICE LIST

Mr. Leo Stoller
7115 W. North Ave., #272
Oak Park, IL 6030
*Via email to ldms4@hotmail.com*


Richard M. Fogel
Janice Alwin
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
*Via email to jalwin@shawgussis.com and rfogel@shawgussis.com, rfogel@ecf.epiqsystems.com*