# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Consolidated Appeal Nos: 07-1569, 07-1612 and 07-1651**



F I L E D

MAY 1 6 2007

MAY 16, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GOOGLE, INC. ) | |
| Plaintiff, ) | |
| vs. ) | Case No: 07-CV-385 |
| CENTRAL MFG. INC. a/k/a ) | Hon. Virginia M. Kendall |
| CENTRAL MFG. CO., a/k/a ) | |
| CENTRAL MFG. CO.(INC)., ) | Magistrate Judge Cole |
| a/k/a CENTRAL MANUFACTURING ) | |
| COMPANY, INC. and a/k/a ) | Appeal from the U.S. District |
| CENTRAL MFG. CO. OF ILLINOIS; ) | Court for the Northern District |
| and STEALTH INDUSTRIES, INC. ) | Eastern Division |
| a/k/a RENTAMARK and a/k/a ) | Orders by Virginia M. Kendall |
| RENTAMARK.COM, ) | Dated 3/5/2007, 3/12/2007, |
| Defendants. ) | and 3/16/2007 |

## NOTICE OF FILING

TO:    Michael T. Zeller                     Richard M. Fogel, Trustee
       Quinn, Emanuel, Urquhart,             Shaw, Gussis, Fishman, Glantz,
       Oliver & Hedges, LLP.                   Wolfson & Towbin, LLC.
       865 S. Figueroa Street, 10th Floor    321 N. Clark Street, Suite 800
       Los Angeles, California  90017        Chicago, Illinois  60610

       William J. Barrett
       Barack, Ferrazzano, Kirschbaum,
         Perlman & Nagelberg, LLP.
       333 W. Wacker Drive, Suite 2700
       Chicago, Illinois  60606

       PLEASE TAKE NOTICE that on the **16th day of May, 2007**, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **1) Designation of Additional Content of Record on Appeal**; a copy of which is attached hereto.

       I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this ____ day of May, 2007, with proper postage prepaid.

                                             _____
                                             Leo Stoller, *pro se*
                                             7115 W. North Avenue
                                             Oak Park, Illinois  60302
                                             (773) 551-4827
                                             Email:  ldms4@hotmail.com

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

Consolidated Appeal Nos: 07-1569, 07-1612 and 07-1651

MAY **1 6** 2007

| | | |
|---|---|---|
| GOOGLE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 07-CV-385  **MICHAEL W. DOBBINS** |
| | ) | **CLERK, U.S. DISTRICT COURT.** |
| vs. | ) | Hon. Virginia M. Kendall |
| | ) | |
| CENTRAL MFG. INC. a/k/a | ) | Magistrate Judge Cole |
| CENTRAL MFG. CO., a/k/a | ) | |
| CENTRAL MFG. CO.(INC)., | ) | Appeal from the U.S. District |
| a/k/a CENTRAL MANUFACTURING | ) | Court for the Northern District |
| COMPANY, INC. and a/k/a | ) | Eastern Division |
| CENTRAL MFG. CO. OF ILLINOIS; | ) | |
| and STEALTH INDUSTRIES, INC. | ) | Orders by Virginia M. Kendall |
| a/k/a RENTAMARK and a/k/a | ) | Dated 3/5/2007, 3/12/2007 |
| RENTAMARK.COM, | ) | and 3/16/2007 |
| | ) | |
| Defendants. | ) | |

## DESIGNATION OF ADDITIONAL CONTENT OF THE RECORD ON APPEAL

NOW COMES Leo Stoller and identifies additional content of the record on appeal which consists of the transcript of the hearing on March 1, 2007, a copy of which is attached hereto.

Leo Stoller
7115 W. North Avenue
Oak Park, Illinois  60302
(312) 545-4554
Email:  ldms4@hotmail.com

Date:  May 16, 2007

## Certificate of Mailing

I hereby certify that the foregoing is being
mailed via First Class Mail with the U.S. Postal
Service in an envelope to the following address:

Clerk of the Court
United States District Court
219 South Dearborn
Chicago, IL  60607

Leo Stoller
Date:  May 16, 2007

## Certificate of Service

I hereby certify that the foreging is being deposited with the U.S.
Postal Service as First Class mail in an envelope addressed to:

Richard M. Fogel, Trustee
Shaw, Gussis, Fishman, Glantx,
 Wolfson & Towbin LLC.
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

Michael T. Zeller
Quinn, Emanuel, Urquhart,
 Oliver & Hedges, LLP.
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017

William J. Barrett
Barack, Ferrazzano, Kirschbaum,
 Perlman & Nagelberg, LLP.
333 W. Wacker Drive, Suite 2700
Chicago, Illinois  60606

Leo Stoller
Date:  _5-16-07_

C:\MARKS43\GOOGLE6.DOA

1

1      IN THE UNITED STATES BANKRUPTCY COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
2                 EASTERN DIVISION

3

4    In re:                          )
                                     ) No. 05 B 64075
5    LEO STOLLER,                    )
                                     ) Chicago, Illinois
6                                    ) March 1, 2007
                         Debtor.     ) 10:30 a.m.
7

8         TRANSCRIPT OF PROCEEDINGS BEFORE THE
             HONORABLE JACK B. SCHMETTERER
9

10   APPEARANCES:

11
     MR. RICHARD FOGEL
12   trustee;

13   MR. RICHARD SALDINGER
     on behalf of the trustee;
14
     MR. WILLIAM FACTOR
15   on behalf of Pure Fishing;

16
     ALSO PRESENT:
17
     MR. LEO STOLLER
18   debtor.

19

20

21

22

23

24

25

2

```
1              THE CLERK:  Stoller, 05 B 64075.
2              THE COURT:  Someone is on the line?
3              THE CLERK:  Yes.
4              MR. FOGEL:  Good morning, Your Honor.
5    Richard Fogel, trustee.
6              THE COURT:  Just a moment.  Hang on a
7    second, please.
8              MR. FOGEL:  I'm sorry.
9              THE COURT:  Is someone on the phone?
10   Hello?  Anyone on the phone?
11             THE CLERK:  I'll go check.
12             THE COURT:  What should we do?
13             THE CLERK:  I see it blinking.
14             THE COURT:  Well, it doesn't matter.
15                  Hello?  Anyone on the phone?
16                  What should I do?  Should I push this
17   again?
18             THE CLERK:  Yes, push this because it's
19   blinking.
20             THE COURT:  Anyone on the phone?  Hello?
21   Hello?
22             THE CLERK:  No, it's off.  It's gone.
23             THE COURT:  Are we able to get these folks
24   back, do you think?
25             THE CLERK:  Yes, um-hmm.
```

3

1           THE COURT:   Should I try again?

2           THE CLERK:   Hold on, wait, wait, wait.

3   It's not blinking here, but it's blinking in there.

4               Okay.   It's still not blinking.

5           THE COURT:   Okay.   Is there a service

6   operator that we're in touch with?

7           THE CLERK:   Yes, there is.

8           THE COURT:   Would you tell the service

9   operator that we'll give him five minutes to make

10  contact with us.   After that, we won't be able to.

11  Do we have phone numbers for these people?

12          THE CLERK:   It's not working.

13          THE COURT:   Is our equipment not working?

14          THE CLERK:   It's our equipment.   It's not

15  working.

16          THE COURT:   Our equipment is not working?

17  This phone is not working?   Do we have phone numbers

18  for anybody?

19          MS. CLAY:   There are two attorneys.   Do

20  you want to get both of them on?

21          THE COURT:   Yeah.   We have here a system

22  that's supposed to put them on.

23          MS. CLAY:   Right.   They're on my line.

24          THE COURT:   You can't transfer?   Our phone

25  isn't working?

4

1            THE CLERK:  That's right.

2            MS. CLAY:  Hello?

3            UNIDENTIFIED SPEAKER:  Yes.

4            MS. CLAY:  Okay.

5            THE COURT:  Okay.  This is the judge in

6    the Stoller case.  Who is on the phone, please?

7            MR. LAFEBER:  Judge, Michael Lafeber on

8    behalf of the Northern Star Counsel, Boy Scouts of

9    America.

10           MR. LACORTE:  Good morning, Your Honor.

11   Brian Lacorte of Gallagher & Kennedy on behalf of Go

12   Daddy.

13           THE COURT:  Go Daddy, hmm?

14               All right, folks.

15           MR. FOGEL:  Your Honor, if I might?

16           THE COURT:  We have here first the motion

17   of the trustee to vacate an order scheduling the

18   debtor's deposition.  Do you have an order for that?

19           MR. FOGEL:  Yes, I do, Your Honor.

20           THE COURT:  May I have the order for that?

21           MR. FOGEL:  It should be attached to the

22   motion.

23           THE COURT:  Do you have any objection to

24   the order, sir?

25           MR. STOLLER:  Yes, I do, Your Honor.

5

1    THE COURT:  Do you have an objection to my

2  vacating the order?

3    MR. STOLLER:  I have no objection to your

4  vacating the order.

5    THE COURT:  Do you have any objection to

6  this order draft --

7    MR. STOLLER:  Can I take a look at it?

8    THE COURT:  -- that you just said you have

9  an objection to?

10    MR. STOLLER:  Can I take one quick look at

11  it?

12    THE COURT:  I expect you to look at it and

13  then tell me whether you object to it.

14    MR. STOLLER:  Thank you, Judge.

15    I don't have an objection.

16    THE COURT:  What?

17    MR. STOLLER:  I don't have an objection,

18  Your Honor.

19    (Document tendered.)

20    THE COURT:  Is there anybody that has an

21  objection?  I can't imagine anybody has any standing

22  to object to it.  But at any rate, I hear none.

23  That order is vacated without objection.

24    MR. FOGEL:  Thank you, Judge.

25    THE COURT:  Now --

6

 1                  MR. STOLLER:   Thank you, Judge.

 2                  THE COURT:   -- do you wish to take his

 3      deposition?

 4                  MR. FOGEL:   Your Honor, if I may, I wish

 5      to address the court with a brief status report on

 6      some developments in the case that have taken place

 7      that may affect and resolve other matters both on

 8      the call today and in general in the case, if you

 9      could bear with me for a moment.

10                  First let me tell Your Honor that I

11      missed the last couple of hearings in this matter

12      because my father died last week.

13                  THE COURT:   I'm so sorry to hear that.

14                  MR. FOGEL:   And I spent time with my

15      family rather than appear in court at these

16      hearings.   But I was --

17                  THE COURT:   That's where you should have

18      been.

19                  MR. FOGEL:   -- represented by counsel.

20      And I --

21                  THE COURT:   Your counsel did very well.

22                  MR. FOGEL:   -- take the defamatory

23      aspersions that Mr. Stoller has placed on his

24      website about my presence or absence very

25      personally.

7

1          While I was away and since I've been
2     back --
3          THE COURT:  Are you -- you put some
4     comments about his absence on your website, sir?
5          MR. STOLLER:  All I said was he was
6     conspicuous by his absence.  I didn't --
7          THE COURT:  Do you wish to apologize to
8     him for --
9          MR. STOLLER:  Under the circumstances --
10          THE COURT:  -- your extraordinarily rude
11     remarks?
12          MR. STOLLER:  I do apologize to him for
13     his -- for those remarks.
14          THE COURT:  Let's go ahead.
15          MR. FOGEL:  Your Honor, I received
16     yesterday an offer to purchase the intellectual
17     property of the bankruptcy estate from a corporation
18     that has been formed by some of Mr. Stoller's
19     creditors.  The offer has some conditions to it.
20     One of the conditions is the entry of an order
21     substantively consolidating the nondebtor corporate
22     shells that Mr. Stoller owns with the individual
23     bankruptcy estate.  Based on findings of fact that
24     Your Honor has made in this case, and based on
25     pleadings that Mr. Stoller has subsequently filed in

8

1  other cases, I believe that there may very well be a

2  basis for you to do so.

3           THE COURT:   What are they offering?

4           MR. FOGEL:   They've offered $10,000 in

5  cash.   Now, it is not a significant amount of money,

6  but it is a starting point.   And the creditors and

7  Mr. Stoller in my opinion are the only parties that

8  have or would place value on the portfolio.   The

9  creditors have nuance value attached to it,

10 Mr. Stoller would have intrinsic value to attach to

11 it.

12          If I were to get in a position to sell

13 the intellectual property portfolio at a sale in

14 this courtroom to which Mr. Stoller or his brother

15 or his daughter or his friends or whoever and he

16 want to pony up some money and participate --

17          THE COURT:   At an auction?

18          MR. FOGEL:   -- we'll have an auction sale.

19 I would have the auction sale in this courtroom.

20 And if Mr. Stoller thinks that might be a good idea,

21 perhaps he might not oppose substantive

22 consolidation so that we can get to a sale more

23 quickly rather than less quickly.   If there is a

24 sale, the perpetual motions to compel me to abandon

25 or for a declaration that I've abandoned will all be

9

1   unnecessary because, as I've been telling you all

2   along, I'm administering the assets.  Now, that's

3   one development.

4              Another development is I've had

5   discussions with Go Daddy.  And I understand at the

6   most recent hearing Go Daddy was a big issue as to

7   whether or not I should be abandoning my interest in

8   various things or what value there is, what value

9   there isn't.

10             THE COURT:  Because there may be some

11  deadline that's going to be based --

12             MR. FOGEL:  Yes, sir.  And here is where

13  we're at:  In that matter, the evidence on both

14  sides, Mr. Stoller's evidence and Go Daddy's

15  evidence, has already been submitted.  There is a

16  motion for summary judgment pending by Go Daddy.

17             THE COURT:  I thought there was a briefing

18  schedule.

19             MR. FOGEL:  Go Daddy is willing and I am

20  willing, subject to Your Honor's approval and

21  Mr. Stoller's willingness to do so, we're all

22  willing to give him an opportunity to file a

23  response to the motion for summary judgment and a

24  brief in support of it.

25             THE COURT:  Who file?

10

1             MR. FOGEL:  Mr. Stoller.

2             THE COURT:  On your behalf?

3             MR. FOGEL:  On behalf of Central

4    Manufacturing Company, the opposer.

5             THE COURT:  And the opposer is a

6    corporation?

7             MR. FOGEL:  The opposer is not a

8    corporation.  The opposer is an entity that you

9    found to be a sole proprietorship of Mr. Stoller.

10            THE COURT:  Yes.  And you want --

11            MR. FOGEL:  And the thinking --

12            THE COURT:  You would -- you're saying you

13   would give him special leave to actually file a

14   brief.

15            MR. FOGEL:  He could file a brief.

16            THE COURT:  Is that something you're bound

17   by?

18            MR. FOGEL:  That is something that I would

19   be bound by.

20            THE COURT:  And would not have to approve?

21            MR. FOGEL:  I would ask him to let me read

22   it before it's filed.  Then we would ask TTAB to

23   rule on the papers.  And we also would suggest that

24   Mr. Stoller would have the right to file any

25   additional papers that TTAB might request in

11

1  connection with this matter in order to rule.  Stay

2  with me, please.

3            THE COURT:  I'm staying.

4            MR. FOGEL:  That way --

5            THE COURT:  TTAB?  Who is TTAB?

6            MR. FOGEL:  That's the Trademark Trial and

7  Appeal Board --

8            THE COURT:  Oh, yes.

9            MR. FOGEL:  -- before whom --

10           THE COURT:  Right, right.

11           MR. FOGEL:  -- the Go Daddy matter is

12  pending.

13           THE COURT:  Thank you.

14           MR. FOGEL:  No one would agree to allow

15  him to appeal in the event of an adverse ruling, but

16  I will have sold the mark that is underlying this

17  matter, and the new owner of the mark, be it the

18  entity, be it Mr. Stoller or someone --

19           THE COURT:  The mark involving the Go

20  Daddy matter?

21           MR. FOGEL:  The mark involving the Go

22  Daddy matter.

23           THE COURT:  Why don't you offer it for

24  sale now?

25           MR. FOGEL:  Independently one mark doesn't

12

1    mean anything.  I have to put the portfolio up for

2    sale.

3                THE COURT:  Well, I don't know.

4                MR. FOGEL:  Yes, sir, I do.  And --

5                THE COURT:  Portfolio?  You mean the Go

6    Daddy portfolio?

7                MR. FOGEL:  No, no, no.  The --

8                THE COURT:  His own portfolio?

9                MR. FOGEL:  Mr. Stoller and his entities'

10   portfolio of marks.  That's what someone wants to

11   buy.  That's what Mr. Stoller wants me to abandon

12   back to him.  It needs to be put for sale before

13   Your Honor.  And if it's sold by allowing

14   Mr. Stoller to file his response to Go Daddy's

15   motion for summary judgment, we'll preserve the

16   interests.  There will be no harm to him by me

17   denying him the right to speak, and it will be dealt

18   with in that fashion.

19                Similarly, the Boy Scouts counsel, who

20   have this motion up today for leave to proceed with

21   an action that they filed pre-petition seeking

22   certain declaratory relief, they and I have had a

23   discussion, and they've agreed to put their motion

24   over for a period of time and give me some time to

25   respond because they ultimately want to fight with

13

1   the owner of the mark.  They don't want to fight

2   with me, they don't want to fight with the estate.

3   Again, either the entity or, for lack of a better

4   term, I'll say Mr. Stoller, will own the mark at the

5   end of the sale process and they'll deal with him.

6           THE COURT:  Appearance.

7           MR. FACTOR:  Good morning, Your Honor.

8   Bill Factor for Pure Fishing.  Sorry I'm late.

9           MR. FOGEL:  Last but not least --

10          THE COURT:  Have you given any briefing to

11  counsel who just appeared of what you have just told

12  me?

13          MR. FOGEL:  Yes, sir.

14          THE COURT:  Go ahead.

15          MR. FOGEL:  Last but not least, I was not

16  here on Monday, but I do want to address the motion

17  to vacate the order that you granted.  And in my

18  opinion, Mr. Stoller has made much ado about

19  nothing.  We took steps -- upon knowing after hours

20  that Mr. Stoller did not like the order, therefore

21  we took steps -- I contacted chambers to try to

22  prevent the entry of it.  When it --

23          THE COURT:  It had already been entered.

24          MR. FOGEL:  -- was entered, we moved to

25  vacate it.  I want --

14

1           THE COURT:  Counsel, I started off --

2           MR. FOGEL:  -- to answer your question.

3   You said do I want to depose Mr. Stoller.

4           THE COURT:  I asked you whether you want

5   to depose him.

6           MR. FOGEL:  Yes.  And I wanted to give you

7   this narrative to explain why I probably do, but I

8   don't necessarily need to do it on Wednesday under

9   rush circumstances.

10          THE COURT:  I understand.

11          MR. FOGEL:  I also don't need to do it if

12  Mr. Stoller is going to try to limit it, as his

13  proposed order says, to one narrow matter where he

14  gets to reserve the right to assert the Fifth.

15          THE COURT:  You're entitled --

16          MR. FOGEL:  I don't want him to do that.

17          THE COURT:  You're entitled to depose him

18  and I am entitled to order him to come --

19          MR. FOGEL:  Sure.

20          THE COURT:  -- and be sworn.  And what

21  happens after that, I do not know.

22          MR. FOGEL:  I understand.

23          THE COURT:  Do you want me to order him to

24  appear on some date, whatever that date might be?

25          MR. FOGEL:  Not today I don't want you to

15

1   because I think it would be in the best interest,

2   and maybe even Mr. Stoller will agree that it be in

3   the best interest, to proceed to sale of assets.

4   And I'm not sure that I need his deposition in order

5   to properly set up an asset sale.  And regardless of

6   what he says about any of these items, the causes of

7   action, the claims, the counterclaims, the licenses,

8   the marks --

9           THE COURT:  Or the value.

10          MR. FOGEL:  -- the market will speak.  Two

11  people will be in a room bidding for it, and whoever

12  bids the most money tells me what it's worth.

13          THE COURT:  Okay.

14          Mr. Stoller, what is your view on all

15  of this?

16          MR. STOLLER:  My view is I have appealed

17  your decision to convert me to a 7, to a 13, from a

18  13 to a 7.  That's up now in front of Judge Hibler.

19  I have appealed seven or eight other of your

20  decisions.  I don't feel it is appropriate to rule

21  based on what the trustee is requesting to have an

22  asset sale.  To suggest that after 37 years of my

23  business career in acquiring trademarks that they

24  would be sold for $10,000, all of them, when this --

25  Mr. Factor represents Pure Fishing, and they

16

1    invested 950,000, which he consented to in what I

2    feel is an unlawful settlement, but be that as it

3    may, contesting one mark, $950,000.  I offered them

4    the mark for $5,000.

5            THE COURT:  Can I you cut --

6            MR. STOLLER:  The point is --

7            THE COURT:  -- you short?  I think you

8    just indicated that you don't like the idea.

9            MR. STOLLER:  The point is the marks are

10   worth millions of dollars.

11           MR. FOGEL:  So let him buy them for

12   $11,000 and make a bundle.

13           THE COURT:  I understand.

14               Now, unless you have some new point to

15   make --

16           MR. STOLLER:  I have --

17           THE COURT:  -- I take it you're against

18   what the trustee has said.

19           MR. STOLLER:  Absolutely.  I've offered

20   100,000 to pay my debts and to get out of this.

21           MR. FOGEL:  That's not how it's going to

22   work.

23           THE COURT:  Would you take this form, each

24   of you, please.  It's a possible order for

25   deposition.  Will you pass it out, please.

17

1          Now, I have authority over the debtor.

2    I can order him to appear for a deposition.  I can

3    order him to be sworn.  We can do it in a couple of

4    phases.  Phase one might be for some earlier subject

5    matter, and phase two might be for some later

6    subject matter, or we could do it at any time as it

7    might be convenient to you folks.  Do you wish me to

8    do it today or not?

9          MR. FOGEL:  No, sir, I do not.

10          THE COURT:  Okay.  What do you wish me to

11    do today?

12          MR. FOGEL:  Today I would like you to

13    continue the Northern Star, Boy Scouts counsel's

14    motion until April 2nd, 30 days from today.  I'd

15    like 28 days to respond to it.

16          THE COURT:  What date do you want me to

17    set it?

18          MR. FOGEL:  April 2.  And pursuant to

19    conversation with counsel, Mr. Lafeber, who is on

20    the phone, I believe that date is acceptable to him.

21          THE CLERK:  Judge, can we get it to 11:30

22    instead of 10:30?

23          THE COURT:  Yeah.

24          MR. FOGEL:  That's all I want you to do

25    today.

18

1        THE COURT:  And what --

2        MR. LACORTE:  Your Honor, this is Brian

3   Lacorte.  If I may be heard for a moment?

4        THE COURT:  What's that date, please?

5        THE CLERK:  April 2nd at 11:30.

6        THE COURT:  Yes, counsel?

7        MR. LACORTE:  Yes, thank you.  Go Daddy

8   would request that the court entertain an order

9   stipulated with the trustee to allow Mr. Stoller to

10  make a -- and have a limited participation in the

11  pending opposition with Go Daddy and the Trademark

12  Trial and Appeal Board to respond to the summary

13  judgment motion.  That proceeding has been pending

14  for four years.  And as the trustee indicated to the

15  court, the evidence stage and trial is closed and

16  has been for several months.  And the only remaining

17  issue for the Trademark Trial and Appeal Board to

18  rule or decide the case is the pending summary

19  judgment motion.  While there is no briefing

20  schedule, the Trademark Trial and Appeal Board judge

21  is awaiting, I believe, the outcome of the

22  development in the bankruptcy court to determine who

23  will respond to the motion, whether it's the

24  trustee, an attorney, Mr. Stoller, somebody.  And

25  our hope is that with this proceeding today, we

19

1   could at least have an opportunity to present the

2   court an order that would permit Mr. Stoller this

3   limited participation that has been discussed.

4           THE COURT:  Mr. Stoller, is there anything

5   you wish to say on that subject?

6           MR. STOLLER:  Yes.  I'm not in a

7   position -- I want to file my response.  But because

8   of --

9           THE COURT:  Nothing has been filed for you

10  to respond to.  But I just want --

11          MR. STOLLER:  They filed a motion for

12  summary judgment.

13          THE COURT:  Oh, that's a different

14  subject.

15          MR. STOLLER:  Okay.  What is it that

16  you're referring to?

17          THE COURT:  You're not listening to what

18  he suggested?

19          MR. STOLLER:  I think --

20          THE COURT:  All right.

21              In that case, are you going to be

22  filing some motion, Mr. Trustee?  And Mr. Stoller

23  will focus on it when it's filed.

24          MR. FOGEL:  Yes, yes.  We will bring

25  pleadings before the court to deal with the matters

20

1    that are now presently up on today's call, yes, sir.

2            THE COURT:  And when are you going to file

3    a motion for him to have permission to file what you

4    call a brief?

5            MR. FOGEL:  I believe I will try to get

6    that filed next week.  I'm going to be out of town

7    for two days from --

8            THE COURT:  What day do you want to set

9    it?

10           MR. FOGEL:  I don't know yet, Judge.

11   There are some other matters coming up between now

12   and April 2nd, I believe.  I would attempt to notice

13   it for a matter that something else is already up

14   for.

15           THE COURT:  All right.

16           Mr. Stoller, will you promise me to

17   read the proposed order he sends you so that you can

18   tell me whether or not you oppose when you come into

19   court that day, whatever that day is?

20           MR. STOLLER:  I will read whatever order

21   he sends to me.  But in terms of the Go Daddy

22   matter, I think that that should be --

23           THE COURT:  They apparently want to give

24   you a chance to file a brief.

25           MR. STOLLER:  But I can't file a brief --

21

1   I can file a brief, but I need -- because of all of

2   these pending other cases which are interwound, I

3   need additional time to resolve some of these

4   matters because we're in a disadvantaged situation

5   right now.

6           THE COURT:  Now, with regard to this

7   matter where they want to propose that you be given

8   a chance to file a brief, will you be opposing being

9   given a chance to file a brief?

10          MR. STOLLER:  No.  I want to file a brief.

11  I will file a brief.  But basically I need more time

12  because there are appeals pending.  There are a lot

13  of interwound actions that are taking place that I

14  can't --

15          THE COURT:  Perhaps you can talk to these

16  folks and to the agency as to how much time you can

17  get before we come up.  At any rate, there is no

18  motion before me.  Nothing is requested.  I'm

19  setting the matter of deposition for status on

20  April 2 at 11:30 to see what happens.

21          MR. FOGEL:  Thank you, sir.

22          THE COURT:  I do believe that the Boy

23  Scouts' motion --

24              Is Boy Scout counsel on the phone?

25          MR. LAFEBER:  I am, Your Honor.

22

1     THE COURT:  Yes.  According to this
2  complaint which I have read, many events on which it
3  is based occurred pre-bankruptcy, and therefore it
4  seems to me we'd have to consider this under the
5  stay.  So you'll have to pursue your alternative
6  motion to -- alternative motion to modify stay.  Do
7  you hear what I said?
8     MR. LAFEBER:  I did, Your Honor.
9     THE COURT:  But you've not paid the fee
10  for modifying stay.  Somewhere along here I got
11  something -- yes.  The clerk tells me you haven't
12  paid that fee.  If you want me to consider that
13  alternative motion, you'll have to pay your 150
14  bucks to the clerk's office like everybody else.
15     MR. LAFEBER:  We will definitely do that,
16  Your Honor.
17     THE COURT:  And you do not notice the
18  Chapter 7 trustee.
19     I gather, however, you've received a
20  copy of this?
21     MR. FOGEL:  Yes, sir.  I don't want to say
22  how, but I definitely was served.
23     THE COURT:  Okay.  Now, who is James Long
24  of Briggs & Morgan?
25     MR. LAFEBER:  Mr. Long is my partner, Your

23

1   Honor.  We're kind of in the middle of a big snow

2   storm here in Minneapolis, and he's stuck at home

3   today.

4           THE COURT:  All right.  If you file any

5   more motions, you should serve copies in this

6   bankruptcy on all persons who are on the notice list

7   and certainly upon the Chapter 7 trustee.

8           Are you folks here representing other

9   parties?

10          MR. SALDINGER:  Richard Saldinger on

11  behalf of Mr. Fogle, Your Honor.

12          THE COURT:  Yes.

13          MR. FACTOR:  Pure Fishing, Your Honor.

14  Bill Factor.

15          THE COURT:  Pure Fishing, I don't know

16  whether you have an interest in this, but you're

17  entitled to get notice of it.  I want you to

18  communicate with counsel if you want a copy.  I

19  suppose you could also pull it off the web.

20          MR. FACTOR:  I will, Your Honor.  Thank

21  you.

22          THE COURT:  And how much time does the

23  trustee want to respond to this?

24          MR. FOGEL:  We've agreed to 28 days, which

25  would be two days before the status hearing on

24

1   April 2.

2          THE COURT:  Okay.  Mr. Stoller has already

3   filed something, but I'll give you the same 28 days.

4          MR. STOLLER:  Thank you very much.

5          THE COURT:  Trustee and Stoller may

6   respond to this motion treated as motion to modify

7   stay within 28 days hereof.

8              How much time to respond -- to reply,

9   counsel on the phone?

10         MR. LAFEBER:  Well, obviously, I would

11  like to have at least a week, Your Honor.

12         THE COURT:  Seven days to reply.  Set for

13  status --

14         MR. FOGEL:  April 2, 11:30.

15         THE COURT:  -- and argument what date?

16         MR. FOGEL:  April 2, 11:30.

17         THE COURT:  Status and argument, not

18  evidence.  Now, is that five weeks out?  March --

19         MR. LAFEBER:  I don't think that gives us

20  enough -- I don't think that gives us any time to

21  reply, Your Honor.  I'm doing the math here, and

22  it's the --

23         THE COURT:  Trustee, can I give you 21

24  days?

25         MR. FOGEL:  Yes, sir.

25

1            THE COURT:  Is that enough time?

2            MR. FOGEL:  Yes, sir.

3            THE COURT:  Twenty-one and seven.  That

4    gives us enough time.

5                Anything else, folks?

6            MR. FOGEL:  Not today.  Thank you very

7    much for your time, Judge.

8            MR. STOLLER:  Thank you, Judge.

9            MR. FACTOR:  Thank you.

10           THE COURT:  Thank you.

11

12                   (Which were all the proceedings
                     had in the above-entitled cause,
13                   March 1, 2007.)

14

15   I, GARY SCHNEIDER, CSR, RPR, DO HEREBY CERTIFY THAT
     THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
16   PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.

17

18

19

20

21

22

23

24

25